its front page.[161] The story also was front-page news in newspapers from

Los Angeles to Fort Worth to Orlando.[162]

---

[Footnote continued from previous page]
*Suffers Major Setback; 1st Verdict Awards User $23.4 Million*, FORT LAUDERDALE SUN-SENTINEL, Aug. 7, 1999, at 1A; *East Texas Woman Wins $23 Million Award in Fen-Phen Case*, ST. AUGUSTINE RECORD, Aug. 7, 1999; *Jury Awards $23 Million in Fen-Phen Case*, TIMES (Gainesville, Fla.), Aug. 7, 1999; *Jury Awards Texas Woman $23 Million in Diet Pill Case*, FLORIDA TODAY (Melbourne, Fla.), Aug. 7, 19993; Mike Finger, *Woman Wins $23 Million Award for Fen-Phen*, NAPLES DAILY NEWS (Naples, Fla.), Aug. 7, 1999; *Fen-Phen Patient Wins $23 Million in First Case to Go to a Jury*, MIAMI HERALD, Aug. 7, 1999, at 5A; *Fen-Phen User Wins $23 Million in Lawsuit*, NEWS-PRESS (Fort Myers, Fla.), Aug. 7, 1999; *Diet Pill User Gets Big Jury Award*, ST. PETERSBURG TIMES, Aug. 7, 1999, at 1A; *Woman Wins Diet Drug Lawsuit*, TAMPA TRIBUNE, Aug. 7, 1999; *Woman Nets $23 Million in Fen-Phen Suit*, NEWS-JOURNAL (Daytona Beach, Fla.), Aug. 7, 1999; *East Texas Woman Awarded $23 Million in Fen-Phen Case*, BRADENTON HERALD, Aug. 7, 1999; *Woman Wins Fen-Phen Case; $23 Million Awarded in Diet Drug Judgment*, SUN HERALD (Charlotte Harbor, Fla.), Aug. 7, 1999, at 1; Mike Finger, *$23 Million Paid in Fen-Phen Proceeding*, NEWS CHIEF (Winter Haven, Fla.), Aug. 7, 1999, at 1A,; *$23 Million Awarded in Fen-Phen Case*, SARASOTA HERALD-TRIBUNE, Aug. 7, 1999; Mike Finger, *Jury Awards Woman $23 Million in Diet Drug Trial*, TALLAHASSEE DEMOCRAT, Aug. 7, 1999; *Woman Awarded $23 Million in Court Ruling on Fen-Phen*, PENSACOLA NEWS JOURNAL, Aug. 7, 1999; *Woman Wins $23 Million Award in Fen-Phen Trial*, BOCA RATON NEWS, Aug. 7, 1999; *Jury Pinches Fen-Phen Maker for $23 Million in Liability Case*, FLA. TIMES-UNION, Aug. 7, 1999, at A6; Kate Perrotta, *Fat City for Fen-Phen Victim: Diet-Drug Jury Gives Texas Woman $23M*, N.Y. POST, Aug. 7, 1999, at 7; *$23 Million Awarded in Diet Drug Case*, BLADE (Toledo, Ohio), Aug. 7, 19999; Mike Finger, *Jury Orders Drug Maker to Pay Woman $23 Million*, DAYTON DAILY NEWS, Aug. 7, 1999; *Diet Drug Company Loses Suit in Texas*, AKRON BEACON JOURNAL, Aug. 7, 1999; *Woman Wins $23 Million Over Fen-Phen*, MORNING JOURNAL (Lorain, Ohio), Aug. 7, 1999; *Firm Found Liable in Fen-Phen Court Case*, RECORD-COURIER (Ravenna, Ohio), Aug. 7, 1999; Mike Finger, *East Texas Woman Wins $23 Million in Diet Drug Lawsuit*, GALION INQUIRER (Galion, Ohio), Aug. 7, 1999; Mike Finger, *Attorney Predicts More Suits After Fen-Phen Verdict*, SENTINEL-TRIBUNE (Bowling Green, Ohio), Aug. 7, 1999; Mike Finger, *Fen-Phen User Awarded $23 Million*, REPOSITORY (Canton, Ohio), Aug. 7, 1999; Mike Finger, *Woman Awarded in Fen-Phen Case*, NEWS-HERALD (Willoughby, Ohio), Aug. 7, 1999; *Women Wins $23 Million in Fen-Phen Case*, HOUSTON CHRON., Aug. 7, 1999, at 1; *Woman Wins Diet Drug Case*, GREENSBORO NEWS & REC. (N.C.), Aug. 7, 1999, at A4; *Woman Wins Diet-Drug Lawsuit*, TAMPA TRIB., Aug. 7, 1999, at 11; Jim Yardley, *$23 Million Awarded in Diet-Pill Suit; Courts: A Texas Woman Says She Has Heart Damage after Taking 'Fen-Phen' to Lose Weight*, ORANGE COUNTY REG. (Cal.), Aug. 7, 1999, at A01.

[161] *See* Mike Finger, *Fen-Phen User Wins $23 Million*, SALT LAKE TRIB., Aug. 7, 1999, at A1.

[162] *See* Sharon Bernstein, *Jury Awards $23.3 Million in Fen-Phen Case*, LOS ANGELES TIMES, Aug. 7, 1999, at A1; Mike Finger, *Woman Wins $23.36 Million in Fen-Phen Suit*, FORT WORTH STAR-TELEGRAM, Aug. 7, 1999, at 1; Mike Finger, *Woman Awarded $23 Million in Diet-Drug Case*, ORLANDO SENTINEL, Aug. 7, 1999, at A15.

## V.   **Publicity About the National Settlement**

65. Less than two months later, in October 1999, there was another massive wave of publicity in the national and local media, when a Memorandum of Understanding concerning a nationwide class action settlement (the "Settlement") between Wyeth and users of Pondimin and/or Redux was publicly announced. That Settlement was memorialized in a detailed settlement agreement, which was submitted in November 1999 for approval to the United States District Court for the Eastern District of Pennsylvania (the "MDL Court"). In the Settlement, Wyeth agreed to pay $3.75 billion – a virtually unprecedented sum. Not only was the Settlement highly publicized, but an "elaborate and excessive plan of notice" was employed to ensure that notice would reach all those affected by the settlement as practicably as possible, as Judge Bechtle explained in his subsequent opinion that approved the Settlement as fair, reasonable, and adequate.[163]

66. The Settlement agreement was widely reported in the national news.[164] The *New York Times* featured on its front page in a story entitled

---

[163] *See In re Diet Drugs Prod. Liab. Litig.*, Civ. A. No. 99-20593, 2000 WL 1222042, at *35 (E.D. Pa. Aug. 28, 2000). The Settlement was first announced when a Memorandum of Understanding was signed in October 1999. The final agreement was signed November 18, 1999 and tentatively approved by Judge Bechtle on November 23, 1999. *Id.* at *5.

[164] *See, e.g.*, David Segal, *Fen-Phen Firm to Pay $3.75 Billion; AHP Settlement Covers Current, Future Claims*, WASHINGTON POST, Oct. 8, 1999, at E01; *American Home Products Diet-Drug Pact Advances*, WALL ST. J., Nov. 24, 1999, at A10.

"Fen-Phen Maker to Pay Billions in Settlement of Diet-Injury Cases."[165]
The Settlement also received front-page attention in *The Wall Street
Journal*.[166]

    67. News of the Settlement also was reported in local media
throughout the country.  Television news reports in various regions carried
the story.[167]  In addition, newspapers in a wide variety of states, such as

---

[165] David J. Morrow, *Fen-Phen Maker to Pay Billions in Settlement of Diet-Injury Cases*,
N.Y. TIMES, Oct. 8, 1999, at A1.

[166] *What's News*, WALL ST. J., Oct. 8, 1999, at A1.

[167] *See, e.g., Newscenter 5 Eyeopener* (WCVB-TV Oct. 8, 1999); *22 News First Look*
(WWLP-TV Oct. 8, 1999); *News 40 This Morning* (WGGB-TV Oct. 8, 1999); *7 News at
Noon* (WHDH-TV Oct. 8, 1999); *7 News Today in New England* (WHDH-TV Oct. 8,
1999); *News 4 This Morning* (WBZ-TV Oct. 8, 1999); *22 News* (WWLP-TV Oct. 8,
1999); *Eyewitness News at 5:30* (WFSB-TV Oct. 7, 1999); *Newschannel 8 at 5:30*
(WTNH-TV Oct. 7, 1999) *The Evening Edition* (News 12 Connecticut Oct. 7, 1999);
*Eyewitness News This Morning* (WFSB-TV Oct. 8, 1999); *Connecticut News Today*
(WVIT-TV Oct. 8, 1999); *News Channel 8* (WTNH-TV Oct. 8, 1999); *12 News This
Morning* (WPRI-TV Oct. 8, 1999); *Channel 8 at 5:30* (WMTW-TV Oct. 7, 1999); *News
Center* (WCSH-TV Oct. 7, 1999); *News Center* (WCSH-TV Oct. 8, 1999); *NewsChannel
13 at Noon* (WGME-TV Oct. 8, 1999); *NewsChannel 13 Daybreak* (WGME-TV Oct. 8,
1999); *Channel 19 Ten O'Clock News* (WXIX-TV Oct. 7, 1999); *Channel 12 News at 5*
(WKRC-TV Oct. 7, 1999); *Five O'Clock News* (WCPO-TV Oct. 7, 1999); *Five O'Clock
News* (WLWT-TV Oct. 7, 1999); *Newchannel 5: Live on Five* (WEWS-TV Oct. 7, 1999);
*Eyewitness News at 5* (WBNS-TV Oct. 7, 1999); *Six News at Five* (WSYX-TV Oct. 7,
1999); *News 22* (WKEF-TV Oct. 7, 1999); *NewsCenter 7 at 5:00* (WHIO-TV Oct. 7,
1999); *2 News at 5:00* (WDTN-TV Oct. 7, 1999); *NewsCenter 7 Daybreak* (WHIO-TV
Oct. 7, 1999); *Channel 3 News Saturday* (WKYC-TV Oct. 9, 1999); *Eight is News at Ten*
(WJW-TV Oct. 9, 1999); *News 19 This Morning* (WOIO-TV Oct. 8, 1999); *6 News at
6:00* (WSYX-TV Oct. 8, 1999); *Eight is News This Morning* (WJW-TV Oct. 8, 1999);
*Channel 3 Morning News* (WKYC-TV Oct. 8, 1999); *Channel 3 News at Noon* (WKYC-
TV Oct. 8, 1999); *Newschannel 5 Midday* (WEWS-TV Oct. 8, 1999); *Good Morning
Cleveland* (WEWS-TV Oct. 8, 1999); *Eyewitness News at 5:00* (WBNS-TV Oct. 8,
1999); *Channel 9 Early Bird Special* (WCPO-TV Oct. 8, 1999); *News 5 Today* (WLWT-
TV Oct. 8, 1999); *13 Action News Good Morning* (WTVG-TV Oct. 8, 1999); *21 Action
News at Noon* (WFMJ-TV Oct. 8, 1999); *NewsCenter 7 Daybreak* (WHIO-TV Oct. 8,
1999); *News 4 at Noon* (WCMH-TV Oct. 8, 1999); *ABC 25 After* (WJXX-TV Oct. 7,
1999) *Good Morning Jacksonville* (WTLV-TV Oct. 7, 1999); *ABC 25 Nightcast* (WJXX-
TV Oct. 7, 1999); *4 Eyewitness News Live at 5:30* (WJXT-TV Oct. 7, 1999); *4
Eyewitness News Nightbeat* (WJXT-TV Oct. 7, 1999); *Eyewitness News at 5:30* (WFTV-
TV Oct. 7, 1999); *Newscenter 6 Nightbeat* (WKMG-TV Oct. 7, 1999); *The 10:00 News*
(WKCF-TV Oct. 7, 1999); *News 12 at 5:30* (WPEC-TV Oct. 7, 1999); *4 Eyewitness
News Daybreak* (WPLG-TV Oct. 8, 1999); *Today in Florida* (WSVN-TV Oct. 8, 1999),;

[Footnote continued on next page]

California, Florida, Texas, Ohio, North Carolina, Massachusetts, and

Louisiana, all reported that Wyeth would pay "billions" to settle diet-drug

lawsuits.[168]

---

[Footnote continued from previous page]

*Good Morning Jacksonville* (WTLV-TV Oct. 8, 1999); *4 Eyewitness News at Noon* (WJXT-TV Oct. 8, 1999),; *ABC 25 Today* (WJXX-TV Oct. 8, 1999); *News Channel 2 Early Sunrise* (WESH-TV Oct. 8, 1999); *CBS News 4 This Morning* (WFOR-TV Oct. 8, 1999); *3 in the Morning* (WEAR-TV Oct. 8, 1999); *Fox News at 10:00* (WOFL-TV Oct. 8, 1999); *Good Day Tampa Bay at 5:30* (WTVT-TV Oct. 8, 1999); *Today in South Florida* (WTVJ-TV Oct. 8, 1999).

[168] *See, e.g., AHP to Pay Up to $4.8B to Settle Fen-Phen Suits*, BOSTON GLOBE, Oct. 8, 1999, at C3; *Fen-Phen Marketer to Pay $3.75B to Settle Suits*, BOSTON HERALD, Oct. 8, 1999, at 7; Amy Westfeldt, *Fen-Phen Users Win $4.83B*, PATRIOT LEDGER (Quincy, Mass.), Oct. 8, 1999; *Fen-Phen Maker Agrees to Pay $4.83B*, TELEGRAM & GAZETTE (Worcester, Mass.), Oct. 8, 1999; Amy Westfeldt, *$4.83 Billion Settles Fen-Phen Lawsuits*, UNION-NEWS (Springfield, Mass.), Oct. 8, 1999, at A1; Amy Westfeldt, *$4.83 Billion Settlement Reached in Fen-Phen Suit*, HARTFORD COURANT, Oct. 8, 1999, at A10; Amy Westfeldt, *American Home Products Reaches $3.75B Diet Drug Settlement Over Fen-Phen*, ADVOCATE (Stamford, Conn.), Oct. 8, 1999; Amy Westfeldt, *Fen-Phen Maker Settled Product Liability Case*, BRISTOL PRESS (Bristol, Conn.), Oct. 8, 1999; Amy Westfeldt, *Fen-Phen Diet Drug Maker Agrees to $4.83B Settlement*, CONNECTICUT POST (Bridgeport, Conn.), Oct. 8, 1999; Amy Westfeldt, *Fen-Phen Maker Agrees to $4.83 Billion Settlement*, CALL (Woonsocket, R.I.), Oct. 8, 1999; *Fen-Phen Maker Agrees to Pay $4.8 Billion*, PROVIDENCE JOURNAL, Oct. 8, 1999; Amy Westfeldt, *Diet Drug Liability Deal Made*, BURLINGTON FREE PRESS; *Diet Drug Lawsuit Settled*, RUTLAND DAILY HERALD (Rutland, Vt.), Oct. 8, 1999; *Fen-Phen Maker to Pay $3.75 Billion Settlement*, BANGOR DAILY NEWS, Oct. 8, 1999; *Drug Firm Settles Fen-Phen Claims for $3.75 Billion*, PORTLAND (Me.) PRESS HERALD, Oct. 8, 1999; Amy Westfeldt, *American Home Products Pays Up*, TIMES RECORD (Brunswick, Me.), Oct. 8, 1999; *Fen-Phen Maker Agrees to $4.83 Billion Settlement*, BERLIN REPORTER (Berlin, N.H.), Oct. 8, 1999, *Drug Company Agrees to $4.83 Billion Settlement*, CONCORD MONITOR (Concord, N.H.), Oct. 8, 1999; Amy Westfeldt, *American Home Products Pays Up to $4.83B in Diet Drug Settlement*, CITIZEN (Laconia, N.H.), Oct. 8, 1999; *Fen-Phen Maker Set to Pay $4B*, PORTSMOUTH HERALD (Portsmouth, N.H.), Oct. 8, 1999; Phil Galewitz, *Diet Drug Maker Settles Lawsuits for $3.75B*, TELEGRAPH (Nashua, N.H.), Oct. 8, 1999; *Drug Company Offers to Pay $4.83 Billion in Fen-Phen Suits*, UNION LEADER (Manchester, N.H.), Oct. 8, 1999, at A10; Sharon Bernstein and Paul Jacobs, *Fen-Phen Claims Lead to Settlement*, VALLEY NEWS (West Lebanon, N.H.), Oct. 8, 1999; Sharon Bernstein & Paul Jacobs, *$4.83 Billion Offered to Settle Fen-Phen Claims; Pharmaceuticals: American Home Products Will Compensate Thousands of Patients Who May Have Suffered Heart Damage*, LOS ANGELES TIMES, Oct. 8, 1999, at C1; *Diet-Drug Maker Agrees to Pay Up to $4.83 Billion*, ORLANDO SENTINEL, Oct. 8, 1999, at A3,; *Fen-Phen Marketer to Pay $3.75B to Settle Suits*, BOSTON HERALD, Oct. 8, 1999, at 7; *Firm Agrees to Settle Fen-Phen Suits; $3.75 Billion is Set Aside For Claims*, NEW ORLEANS TIMES-PICAYUNE, Oct. 8, 1999, at C1; Andy Geller, *Diet-Drug Maker to Pay Fen-Phen Victims $4.8B*, N.Y. Post, Oct. 8, 1999, at 4; Ron Nissimov, *$4.83 Billion Offered in Fen-Phen Suit; Lawyers Say Deal Could Unravel*, HOUSTON CHRON., Oct. 8, 1999, at 3; Amy Westfeldt,

[Footnote continued on next page]

68. In addition to this widespread national and local publicity concerning the Settlement, the MDL Court approved an elaborate notice program—running from November 1999 to February 2000—that employed sophisticated media techniques designed to reach all diet drug users.[169] That campaign used television messages that were broadcast 106 times over a period of five weeks on network television, and were broadcast 781 times for six consecutive weeks on various cable networks.[170] The text of the television message warned viewers about possible heart valve problems from diet drugs:

---

[Footnote continued from previous page]
*Company to Pay $4.83 Billion in Fen-Phen Settlement*, SAN ANTONIO EXPRESS-NEWS, Oct. 8, 1999, at 01A; Ben L. Kaufman and Susan Vela, *$4.83B Fen-Phen Deal Proposed*, CINCINNATI ENQUIRER, Oct. 8, 1999, at A1; Amy Westfeldt, *Diet Drug Firm to Pay $4.83 Billion*, CLEVELAND PLAIN DEALER, Oct. 8, 1999, at 1A; *Settlement to Cost Diet-Drug Maker up to $4.83 Billion*, COLUMBUS DISPATCH, Oct. 8, 1999, at 1B; *Maker to Pay $4.8 Billion Over Use of Fen-Phen*, BLADE (Toledo, Ohio), Oct. 8, 1999; *Fen-Phen Maker Settles for $4.83B*, CINCINNATI POST, Oct. 8, 1999; Amy Westfeldt, *Diet Drug Maker to Pay $4.83 Billion to Settle Cases*, DAYTON DAILY NEWS, Oct. 8, 1999; Amy Westfeldt, *Company Settles Fen-Phen Lawsuit*, REPOSITORY (Canton, Ohio), Oct. 8, 1999; *Drug Maker OKs Settlement*, TIMES LEADER (Martins Ferry, Ohio), Oct. 8, 1999; Amy Westfeldt, *Fen-Phen Payout May Top $4 Billion*, ATLANTA CONST., Oct. 8, 1999, at 1A; Amy Westfeldt, *Fen-Phen Settlement is Largest Ever Offered in a Liability Case*, CHARLOTTE OBSERVER, at 4A, Oct. 8, 1999; *Makers of Diet Drug Agree to $3.75 Billion Settlement*, TAMPA TRIBUNE, Oct. 8, 1999, at 4BF; Amy Westfeldt, *Fen-Phen Settlement is $3.75B*, FORT LAUDERDALE SUN-SENTINEL, Oct. 8, 1999, at 1D; *Drugmaker Agrees to Settle Fen-Phen Suits for $4.8-Billion*, ST. PETERSBURG TIMES, Oct. 8, 1999, at 1A; *Diet-Drug Maker Agrees to Pay Up to $4.83 Billion*, ORLANDO SENTINEL, Oct. 8, 1999, at A3; *Fen-Phen Claims Produce $4.83 Billion Settlement*, PENSACOLA NEWS-JOURNAL, Oct. 8, 1999; *Fen-Phen Suit is Settled for $4.83 Billion*, PALM BEACH POST, Oct. 8, 1999; Phil Galewitz, *Diet-Drug Maker Settles for $3.75 Billion*, TALLAHASSEE DEMOCRAT, Oct. 8, 1999; *Fen-Phen Nearly Settled*, BOSTON HERALD, at 17, Nov. 20, 19996; *Judge Gives Initial OK to Fen-Phen Pact*, LOS ANGELES TIMES, at C4, Nov. 24, 1999; *Preliminary Approval For Fen-Phen Settlement*, SAN FRANCISCO CHRON., Nov. 24, 1999.

[169] *In re Diet Drugs*, 2000 WL 1222042, at *35.

[170] *See id.*

> If you took the diet drug combination known as
> FenPhen or the diet drugs Pondimin or Redux, you
> may have heart valve problems and not know it.
> As a result of the proposed class action settlement,
> you could be eligible for free medical testing and
> compensation. But you must act promptly. You
> must decide whether to participate in this
> settlement by March 30, 2000. If you do nothing,
> your legal rights will be affected. Call 1-800-386-
> 2070 today.[171]

69. A summary notice of the Settlement was also published in the

print media throughout the United States.[172] This notice appeared repeatedly

in numerous and varied magazines, including *Parade*, *People*, *Time*, *Ladies*

*Home Journal*, *Redbook*, and *Good Housekeeping*.[173] Banner ads also were

developed for use on the Internet.[174] The summary notice was further

published in several national and seventy-seven local newspapers, as well as

in a variety of publications targeted to healthcare providers and

pharmacists.[175] In addition, notice was mailed to all pharmacists and doctors

who were likely to have prescribed Pondimin or Redux or treated patients

for complications resulting from their use. That package included, among

other things, a "counter card" which pharmacists and physicians could

---

[171] *See id.* at *35 n.11.

[172] *See id.*; *see also* Official Court Notice: Attention Anyone Who Took "Fen-Phen," Pondimin and/or Redux.

[173] *See In re Diet Drugs*, 2000 WL 1222042, at *35 & n.12.

[174] *See id.* at *35.

[175] *Id.* at *35-36.

display to alert patients about the existence of the Settlement, with a toll-free number and website to contact for further information.[176]

70. As the MDL Court concluded, "[t]he media program . . . was highly successful," in part because it was "greatly enhanced by the enormous publicity that has surrounding the diet drugs involved in this litigation and the publicity of this Settlement."[177]  In fact, according to a media analysis, 97% of women between the ages of 25 and 54 viewed one or more forms of televised or printed notice an average of 10 times, and almost 80% of women in the same age group were exposed to the televised or printed notice a minimum of five times.[178]

*    *    *

I, the undersigned, declare under penalty of perjury that the facts set forth herein concerning the publicity with respect to the health risks associated with diet drugs are true and correct to the best of my knowledge, information and belief.

Sharon L. Taylor
Executed on April 29, 2004

---

[176] *Id.* at *36.

[177] *Id.* at *36.

[178] *Id.* at *36 n.16.

# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIET DRUGS (Phentermine/<br>Fenfluramine/Dexfenfluramine)<br>PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1203 |
| THIS DOCUMENT RELATES TO: | |
| JOYCE ANN ALLEN, et al.<br>v.<br>WYETH, et al. | CIVIL ACTION NO. 03-20310 |
| BRENDA BARNETT, et al.<br>v.<br>WYETH, et al. | CIVIL ACTION NO. 03-20239 |
| SARAH BROOKS, et al.<br>v.<br>WYETH, et al. | CIVIL ACTION NO. 03-20318 |
| LORETTA GRANT, et al.<br>v.<br>WYETH, et al. | CIVIL ACTION NO. 03-20330 |
| DAVID PICKERING, et al.<br>v.<br>WYETH, et al. | CIVIL ACTION NO. 03-20302 |
| BETTY RAMSHUR, et al.<br>v.<br>WYETH, et al. | CIVIL ACTION NO. 03-20333 |
| ROY SIMMONS, et al.<br>v.<br>WYETH, et al. | CIVIL ACTION NO. 03-20319 |
| TRINA WATERS, et al.<br>v.<br>WYETH, et al. | CIVIL ACTION NO. 03-20323 |
| ANTHONY WATSON, et al.<br>v.<br>WYETH, et al. | CIVIL ACTION NO. 03-20296 |
| DOROTHY WINTERS, et al.<br>v.<br>WYETH, et al. | CIVIL ACTION NO. 03-20170 |
| PAUL WOODCOCK, et al.<br>v.<br>WYETH, et al. | CIVIL ACTION NO. 03-20273 |

JAMIE WOODS, et al.            :
                    v.        :    CIVIL ACTION NO. 03-20272
WYETH, et al.                 :
_____:

## PRETRIAL ORDER NO. 3305

AND NOW, this 14th day of February, 2004, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)  the motion of plaintiffs in Joyce Allen, et al. v. Wyeth, et al., CIV.A. No. 03-20310 (E.D. Pa.) to remand to the Circuit Court of Copiah County, Mississippi is DENIED;

(2)  all claims in Allen against defendants John Long, M.D. and Fred J. McDonnel, M.D. are DISMISSED;

(3)  the motion of plaintiffs in Brenda Barnett, et al. v. Wyeth, et al., CIV.A. No. 03-20239 (E.D. Pa.) to remand to the Circuit Court of Sunflower County, Mississippi is DENIED;

(4)  all claims in Barnett against defendants Walter H. Rose, M.D., Joseph F. Roberts, M.D., Howard D. Clark, M.D., William A. Middleton, M.D., Ray A. Montalvo, M.D., Lloyd G. Hopkins, M.D., Alfred McNair, M.D., Charles J. Gruich, M.D., Magdi Wassef, M.D., Robert B. Townes, M.D., Charles D. Guess, M.D., Scott Jordan, M.D., Irvin H. Cronin, M.D., Michelle E. Rivlin, M.D., William Nichols, M.D., Richard H. Corson, M.D., Barry Gillespie, M.D., Terry Jackson, M.D., Jasper D. Moore, M.D., Paul Odom, M.D., W.M. Harris, M.D., and Patrick G. McLain, M.D. are DISMISSED;

-2-

(5)   the motion of plaintiffs in <u>Sarah Brooks, et al.</u>
<u>v. Wyeth, et al.</u>, CIV.A. No. 03-20318 (E.D. Pa.) to remand to the
Circuit Court of Sharkey County, Mississippi is DENIED;

(6)   all claims in <u>Brooks</u> against defendants Kurt
Kooyer, M.D., Virginia Joyce Vittor, M.D., Calvin Hull, M.D., Jim
Roberts, M.D., Dan W. Jackson, D.O., Glenn F. Morris, M.D., Randy
Easterling, M.D., Douglas L. Conner, M.D., Andrea Phillips, M.D.,
S.A. Kumah, M.D., Andrew Murphy, M.D., Charles F. Brock, M.D.,
Eric D. Harding, M.D., S.J. Creekmore, M.D., F. Lee Neal, M.D.,
Marcus L. Hogan, M.D., Terry Jackson, M.D., and Patrick G.
McLain, M.D. are DISMISSED;

(7)   the motion of plaintiffs in <u>Loretta Grant, et al.</u>
<u>v. Wyeth, et al.</u>, CIV.A. No. 03-20330 (E.D. Pa.) to remand to the
Circuit Court of Holmes County, Mississippi is DENIED;

(8)   all claims in <u>Grant</u> against defendants John G.
Downer, M.D., Michael Braden, M.D., Herbert Hicks, M.D., Stephen
A. Tramill, D.O., Daniel Edney, M.D., H. Wade Westbrook, M.D.,
Hilton E. O'Neal, M.D., Edward O'Brien, M.D., James Riser, M.D.,
Keith Rushing, M.D., Mark B. Stanley, M.D., Edsel F. Stewart,
M.D., Gerald A. Turner, M.D., Jasper D. McDuffie, M.D., Patrick
G. McClain, M.D., William Munn, M.D., David Richardson, M.D.,
Howard Clark, M.D., Don Gibson, M.D., Harold J. Wheeler, M.D.,
Joseph Roberts, M.D., and James Leak, M.D. are DISMISSED;

(9)   the motion of plaintiffs in <u>David Pickering, et al. v. Wyeth, et al.</u>, CIV.A. No. 03-20302 (E.D. Pa.) to remand to the Circuit Court of Jones County, Mississippi is DENIED;

(10)   all claims in <u>Pickering</u> against defendant Terry Pitts, M.D. are DISMISSED;

(11)   the motion of plaintiffs in <u>Betty Ramshur, et al. v. Wyeth, et al.</u>, CIV.A. No. 03-20333 (E.D. Pa.) to remand to the Circuit Court of Jones County, Mississippi is DENIED;

(12)   all claims in <u>Ramshur</u> against defendant Hugh Stancill, M.D. are DISMISSED;

(13)   the motion of plaintiffs in <u>Roy Simmons, et al. v. Wyeth, et al.</u>, CIV.A. No. 03-20319 (E.D. Pa.) to remand to the Circuit Court of Claiborne County, Mississippi is DENIED;

(14)   all claims in <u>Simmons</u> against defendants Mark B. Stanley, M.D. and David M. Headley, M.D. are DISMISSED;

(15)   the motion of plaintiffs in <u>Trina Waters, et al. v. Wyeth, et al.</u>, CIV.A. No. 03-20323 (E.D. Pa.) to remand to the Circuit Court of Holmes County, Mississippi is DENIED;

(16)   all claims in <u>Waters</u> against defendants John G. Downer, M.D., Anita Tribble, M.D., Jasper Moore, M.D., T.B. Parson, M.D., G.A. Carmichael, M.D., Calvin Hull, M.D., David L. Richardson, M.D., Edward Bryant, M.D., Dwilia South, M.D., Dorothy Gillespie, M.D., Edsel Stewart, M.D., Wayne Johnson, M.D., Patrick G. McLain, M.D., Howard Clark, M.D., Ronnye Purvis, M.D., Don Blackwood, M.D., and Charles Ozborn, M.D. are DISMISSED;

-4-

(17)  the motion of defendant Edward Bryant, M.D. in
Waters (E.D. Pa.) to dismiss Trina Waters' claims (Doc. #11) is
DENIED as moot;

(18)  the motion of plaintiffs in Anthony Watson, et
al. v. Wyeth, et al., CIV.A. No. 03-20296 (E.D. Pa.) to remand to
the Circuit Court of Hinds County, Mississippi is DENIED;

(19)  all claims in Watson against defendants Ron
Lewis, M.D., Andrea Phillips, M.D., and Jasper D. Moore, M.D. are
DISMISSED;

(20)  the motion of plaintiffs in Dorothy Winters, et
al. v. Wyeth, et al., CIV.A. No. 03-20170 (E.D. Pa.) to remand to
the Circuit Court of Holmes County, Mississippi is DENIED;

(21)  all claims in Winters against S. Rao Rayuda,
M.D., Jasper Moore, M.D., John Downer, M.D., Michael O'Neal,
M.D., Keith Stanford, M.D., and Elias Abboud, M.D. are DISMISSED;

(22)  the motion of plaintiffs in Paul Woodcock, et al.
v. Wyeth, et al., CIV.A. No. 03-20273 (E.D. Pa.) to remand to the
Circuit Court of Humphreys County, Mississippi is DENIED;

(23)  all claims in Woodcock against Karen Mullen,
M.D., Richard Carter, M.D., Edward Holmes, M.D., Douglas Conner,
M.D., David Richardson, M.D., Elmertha Burton, M.D., Jonn Mann,
M.D., Maria Soriano, M.D., Kent Darsey, M.D., Patrick G. McLain,
M.D., Mack Gorton, M.D., Robert Jordan, M.D., Dennis Simms, M.D.,
Edsel Stewart, M.D., Michael O'Neal, M.D., Keith Lay, M.D., David
Webber, M.D., Don Gibson, M.D., Sam Fillingame, M.D., Howard
Clark, M.D., David Richardson, M.D., Richard Warren, M.D., Robert

-5-

Cooper, M.D., Stephen A. Tramill, D.O., David Clippinger, M.D., and Buford Lambert, M.D. are DISMISSED;

 (24) the motion of plaintiffs in <u>Jamie Woods, et al v. Wyeth, et al.</u>, CIV.A. No. 03-20272 (E.D. Pa.) to remand to the Circuit Court of Sunflower County, Mississippi is DENIED; and

 (25) all claims in <u>Woods</u> against Howard Clark, M.D., Charles Borum, M.D., Patrick G. McLain, M.D., Bill Maddox, M.D., Obie McNair, M.D., Terry Lowe, M.D., Keith Stanford, M.D., Harold Wheeler, M.D., Edgar Donahoe, M.D., Rafe Armstrong, M.D., H. Todd Coulter, M.D., Keith R. Lay, M.D., Edmund Miller, M.D., Charles McClees, M.D., David Richardson, M.D., William Middleton, M.D., Gloria Butler, M.D., Frank Wade, M.D., Jasper Moore, M.D., W.L. Prichard, M.D., Virginia Vittor, M.D., F. Lee Neal, M.D., William B. Lucas, M.D., W. Paul Wilcox, M.D., Ben Sanford, M.D., and Margaret Powell, M.D. are DISMISSED.

       BY THE COURT:

        *Harvey Bartle*, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DIET DRUGS (Phentermine/ | : | |
| Fenfluramine/Dexfenfluramine) | : | MDL DOCKET NO. 1203 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | **FILED** FEB 2 4 2004 |

---

JOYCE ANN ALLEN, et al.               :
          v.                          :    CIVIL ACTION NO. 03-20310
WYETH, et al.                         :
                                      :


BRENDA BARNETT, et al.                :
          v.                          :    CIVIL ACTION NO. 03-20239
WYETH, et al.                         :


SARAH BROOKS, et al.                  :
          v.                          :    CIVIL ACTION NO. 03-20318
WYETH, et al.                         :


LORETTA GRANT, et al.                 :
          v.                          :    CIVIL ACTION NO. 03-20330
WYETH, et al.                         :


DAVID PICKERING, et al.               :
          v.                          :    CIVIL ACTION NO. 03-20302
WYETH, et al.                         :


BETTY RAMSHUR, et al.                 :
          v.                          :    CIVIL ACTION NO. 03-20333
WYETH, et al.                         :


ROY SIMMONS, et al.                   :
          v.                          :    CIVIL ACTION NO. 03-20319
WYETH, et al.                         :


TRINA WATERS, et al.                  :
          v.                          :    CIVIL ACTION NO. 03-20323
WYETH, et al.                         :


ANTHONY WATSON, et al.                :
          v.                          :    CIVIL ACTION NO. 03-20296
WYETH, et al.                         :


DOROTHY WINTERS, et al.               :
          v.                          :    CIVIL ACTION NO. 03-20170
WYETH, et al.                         :


PAUL WOODCOCK, et al.                 :          **ENTERED**
          v.                          :    CIVIL ACTION NO. 03-20273
WYETH, et al.                         :          FEB 2 5 2004

**CLERK OF COURT**

JAMIE WOODS, et al.              :
              v.                 :     CIVIL ACTION NO. 03-20272
WYETH, et al.                    :
_____:

## MEMORANDUM AND PRETRIAL ORDER NO. 3305

Bartle, J.                                    February 24, 2004

          Before the court are the motions of numerous class

members in twelve separate actions to remand to the appropriate

Mississippi state courts their actions against defendants Wyeth[1]

and the physicians who have prescribed Wyeth's diet drugs

Pondimin and/or Redux for them.  The state court actions were

captioned Joyce Ann Allen, et al. v. Wyeth, et al., (Miss. Cir.

Ct. Copiah County filed Nov. 1, 2002); Sarah Brooks, et al. v.

Wyeth, et al., (Miss. Cir. Ct. Sharkey County filed Nov. 6,

2002); Brenda Barnett, et al. v. Wyeth, et al., (Miss. Cir. Ct.

Sunflower County filed Nov. 6, 2002); Loretta Grant, et al. v.

Wyeth, et al., (Miss. Cir. Ct. Holmes County filed Nov. 5, 2002);

David Pickering, et al. v. Wyeth, et al., (Miss. Cir. Ct. Jones

County filed Nov. 6, 2002); Betty Ramshur, et al. v. Wyeth, et

al., (Miss. Cir. Ct. Jones County filed Nov. 6, 2002); Roy

Simmons, et al. v. Wyeth, et al., (Miss. Cir. Ct. Claiborne

County filed Nov. 1, 2002); Trina Waters, et al. v. Wyeth, et

al., (Miss. Cir. Ct. Holmes County filed Nov. 5, 2002); Anthony

Watson, et al. v. Wyeth, et al., (Miss. Cir. Ct. Hinds County

filed Nov. 15, 2002); Dorothy Winters, et al. v. Wyeth, et al.,

_____

1.  Wyeth was previously known as American Home Products
Corporation ("AHP").

-2-

(Miss. Cir. Ct. Holmes County filed June 21, 2002); <u>Paul</u> <u>Woodcock, et al. v. Wyeth, et al.</u>, (Miss. Cir. Ct. Humphreys County filed Nov. 5, 2002); and <u>Jamie Woods, et al. v. Wyeth, et al.</u>, (Miss. Cir. Ct. Sunflower County filed Nov. 5, 2002).

         According to Wyeth, the plaintiffs in these actions have exercised their right of intermediate opt-out under the Nationwide Class Action Settlement Agreement ("Settlement Agreement") in <u>Brown v. American Home Products Corporation</u>, CIV. A. No. 99-20593 (E.D. Pa. Aug. 28, 2000) ("Pretrial Order ("PTO") No. 1415"), which encompassed persons who ingested Wyeth's diet drugs Pondimin and Redux. <u>See e.g.</u>, Settlement Agreement at § IV(A), (B), and (D)(4). Under the Settlement Agreement, those who have exercised an intermediate or back-end opt-out may sue Wyeth for compensatory damages in the tort system rather than obtain benefits from the AHP Settlement Trust. Unlike initial opt-outs, these plaintiffs were class members at the time of the approval of the class action settlement and continue to be so even though they now have separate lawsuits pending.

         There are 256 plaintiffs in these twelve actions, and they are all represented by the same counsel.[2] Their motions for remand are before the undersigned as the transferee judge in MDL 1203, the mass tort litigation involving Wyeth's diet drugs commonly known as fen-phen. No federal claim for relief is

───────────────

2.  Some plaintiffs are derivative claimants suing for loss of consortium.

-3-

alleged.  Because these motions present nearly identical legal
and factual issues, we will address them together.

I.

In brief summary, plaintiffs, all citizens of the state
of Mississippi, filed suits for injuries sustained as a result of
their use of the diet drugs known as Pondimin and/or Redux.  The
defendant Wyeth, the manufacturer of Pondimin and Redux, is a
party of diverse citizenship from the plaintiffs.  The defendant
physicians who prescribed Pondimin and/or Redux to plaintiffs are
alleged to be citizens of Mississippi.

Plaintiffs originally filed their complaints in
Mississippi Circuit Courts in June or November, 2002, more than
five years after fen-phen was withdrawn from the market in
September, 1997.  Wyeth timely removed the actions to the United
States District Court for the Southern District of Mississippi.
The Mississippi federal court deferred ruling on plaintiffs'
motions, and the cases were then transferred to this court as
part of MDL 1203.

The plaintiffs maintain that remand is appropriate
because complete diversity does not exist as required under
28 U.S.C. § 1332(a).  Wyeth counters that the non-diverse
physicians were fraudulently joined because the applicable two-
year statute of limitations bars plaintiffs' claims against these
non-diverse defendants.[3]  See MISS. CODE ANN. § 15-1-36 (West

_____

3.  The statute of limitations is not an issue in plaintiffs'
claims against Wyeth, which has waived its right to assert the
(continued...)

-4-

2003).   Thus, Wyeth argues, plaintiffs' claims against these non-
diverse defendants should be disregarded for purposes of
determining diversity of citizenship of the parties.   Plaintiffs
respond that the statute of limitations has not expired because
they discovered their injuries less than two years prior to
filing their motions for judgment against the non-diverse
defendants.

II.

This court addressed the identical issues presented by
plaintiffs' remand motions in PTO No. 3281 in <u>French, et al. v.
Wyeth, et al.</u>, CIV. A. No. 03-20353 (E.D. Pa. Feb. 18, 2004), which
is also part of the nationwide diet drug litigation.   In <u>French</u>, we
laid out in detail the standards for removal based on diversity
jurisdiction and fraudulent joinder.   <u>See</u> PTO No. 3281 at 2-4.
Because we examined the same legal issues as they applied to nearly
identical facts in <u>French</u>, we need not revisit them here.

III.

The key issue in these cases, as in <u>French</u>, is whether
the prescribing physicians, all purportedly Mississippi citizens,
were fraudulently joined as defendants for the purpose of
destroying diversity of citizenship and preventing removal.

---

3.(...continued)
statute of limitations defense in return for the plaintiffs
giving up their right to sue Wyeth for "punitive, exemplary, or
multiple damages."   Settlement Agreement § IV.D.3.c; <u>see</u> PTO No.
2625 and PTO No. 2680.

-5-

Plaintiffs have brought claims for medical negligence against all of these non-diverse defendants.

Wyeth argues that plaintiffs' complaints do not state colorable claims against these defendants because plaintiffs' claims are barred by the Mississippi statute of limitations.  The statute provides in relevant part:

> For any claim accruing on or before June 30, 1998, and except as otherwise provided in this section, no claim in tort may be brought against a licensed physician, osteopath, dentist, hospital, institution for the aged or infirm, nurse, pharmacist, podiatrist, optometrist or chiropractor for injuries or wrongful death arising out of the course of medical, surgical or other professional services unless it is filed <u>within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered.</u>

MISS. CODE ANN. § 15-1-36(1) (emphasis added).  For any claim accruing on or after July 1, 1998, the statute of limitations is the same for all relevant purposes.[4]

In <u>French</u>, we set forth the standard for when an action "accrues" under Mississippi law.  <u>See</u> PTO No. 3281 at 6.  In short, an action accrues when a patient can reasonably be held to have knowledge of the injury itself, cause of injury, and the conduct of the medical practitioner.  <u>Fortenberry v. Mem'l Hosp. At Gulfport, Inc.</u>, 676 So.2d 252, 255 (Miss. 1996); <u>see also</u>

---

4.  The statute of limitations for claims accruing after July 1, 1998 adds tolling provisions for fraudulent concealment and instances when a foreign object is left in a patient's body.  <u>See</u> MISS. CODE. ANN. § 15-1-36(2)(a).(b).  Both provisions require a plaintiff to bring an action within two years of the time when the alleged injury or fraud should have been discovered, and no later than seven years after the alleged act of neglect.  <u>See id.</u>

-6-

First Trust Nat'l Ass'n v. First Nat'l Bank of Commerce, 220 F.3d

331, 336-37 (5th Cir. 2000); In re Catfish Antitrust Litig., 826

F. Supp. 1019, 1031 (N.D. Miss. 1993).

Plaintiffs contend that they brought their actions

within two years "from the date the alleged act ... with

reasonable diligence might have been first known or discovered."

MISS. CODE. ANN. § 15-1-36(1).  According to plaintiffs, they could

not have reasonably discovered their purported injuries until

their alleged heart problems were diagnosed after reviewing their

echocardiograms.  Plaintiffs assert that their diagnoses occurred

less than two years prior to filing their complaint.  Wyeth

counters that plaintiffs should have been on notice of their

stated injuries as a result of the widespread publicity

accompanying the withdrawal of the diet drugs from the market in

September, 1997.  Wyeth further contends that plaintiffs should

have known about their alleged injuries at the very latest in

March, 2000, after Wyeth's extensive publicity campaign.

This court also discussed in French supra, the massive

publicity in Mississippi and nationwide concerning the withdrawal

of the diet drugs from the market and their possible connection

to valvular heart disease.  See PTO No. 3281 at 7-12.  We find

that here, as in French, plaintiffs have not established that

they discovered their alleged injuries less than two years prior

to bringing their lawsuits.  In light of this publicity,

plaintiffs, through the exercise of reasonable diligence, should

have discovered their alleged injuries at the very latest by

-7-

March, 2000. However, their complaints were not filed until June
or November, 2002. Thus, plaintiffs' claims against the in-state
physicians are clearly time barred, and Wyeth has established
that these in-state physicians are fraudulently joined.

     In response to Wyeth's contention that the statute of
limitations has lapsed for claims against in-state physician
defendants, thus barring all tort claims against in-state
physicians, plaintiffs cite Robinson v. Singing River Hospital,
732 So.2d 204 (Miss. 1999). Plaintiffs rely on Robinson for the
proposition that the statute of limitations begins to run against
an in-state physician only when the plaintiff has knowledge of
his injury and the link between said injury and the in-state
physician's conduct. In Robinson, the plaintiff received second
degree burns when heating pads were placed on his skin. The
court determined that because the plaintiff was burned and
complained of his injury almost immediately, it was disingenuous
for him to assert that he was not aware of his injury until
another physician advised him that he was in fact injured. The
court in Robinson found that "where the symptoms are not
immediately manifested, the cause of action does not accrue until
the [plaintiff] is aware or should be aware of his condition."
732 So.2d at 208 (citations omitted) (emphasis added).

     Similar to Robinson, the plaintiffs here allege that
they could not have been aware of their injury until the link
between their alleged injuries and the conduct of the in-state
physician was revealed after reviewing their echocardiograms.

-8-

Here, as in <u>French</u>, we will not entertain plaintiffs' argument
that any alleged diet drug related heart problems were latent.
<u>See</u> PTO No. 3281 at 12-13.  We also reject the notion that
plaintiffs could not reasonably have been aware of their stated
injuries until their echocardiograms.  As in <u>French</u>, we find that
plaintiffs can reasonably be held to have knowledge of their
injuries, the cause of their injuries and the conduct of their
prescribing physicians as early as September, 1997 and at the
latest by March, 2000.  Thus, their actions accrued and the
statute of limitations began to elapse at that time.  <u>See</u>
<u>Fortenberry</u>, 676 So.2d at 255.

V.

For the same reasons set forth in <u>French</u>, <u>supra</u>, Wyeth
has met its heavy burden of showing that the in-state physician
defendants are fraudulently joined.  Accordingly, we will deny
the motions of the plaintiffs to remand these actions to the
several Mississippi state courts and will dismiss the complaints
as to these physician defendants.

-9-