UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| Mary Andrus; Eleanor Archambeau; Diane Bonneau; Lertis Caldwell; Priscilla Cote; Theresa DeJoy; Laural Fankhauser; Nancy Kennedy; Barbara Williams; Lucinda Youell,<br><br>Plaintiffs,<br><br>v.<br><br>Indevus Pharmaceuticals, Inc., F/K/A Interneuron Pharmaceuticals, Inc.; Wyeth, Inc., F/K/A American Home Products Corporation; Wyeth Pharmaceuticals, Inc. F/K/A Wyeth-Ayerst Pharmaceuticals, Inc., A Division of American Home Products Corporation; and Boehringer Ingelheim Pharmaceuticals, Inc.<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 04-10911-GAO |

**DEFENDANT WYETH'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO REFER DECISION OF REMAND MOTIONS IN
ALL DIET DRUG CASES TO A SINGLE JUDGE FOR DECISION**

**Preliminary Statement**

This case is part of a coordinated wave of what likely will become over 200 diet drug cases filed on behalf of approximately 4,500 plaintiffs in state court in Middlesex County, Massachusetts. A list of 180 cases filed as of April 27, 2004 is attached as Exhibit A. Most cases were filed on behalf of 10-15 plaintiffs and employ similar tactics to attempt to destroy federal diversity of citizenship jurisdiction. Wyeth plans to remove each case and anticipates that plaintiffs will file a motion to remand in each case. Wyeth further anticipates moving to stay decision of the motions for remand so that they can be decided by the diet drug MDL Court following transfer of the cases pursuant to 28 U.S.C. § 1407. Wyeth respectfully requests the

Court to enter an order referring the motions to remand and anticipated motions to stay to a single judge for decision. These motions will raise similar issues. Having them decided in a consistent manner by one judge will further the interests of justice and judicial economy.

## **Background**

All of these actions arise out of Wyeth's withdrawal in 1997 of its diet drug products Redux and Pondimin from the market in light of then-new information indicating an association between those drugs and valvular heart disease. Thousands of lawsuits were brought by persons who had used those drugs. On December 10, 1997, the Judicial Panel on Multidistrict Litigation ("JPML") transferred and consolidated the diet drug cases in federal court pursuant to 28 U.S.C. § 1407 by establishing an MDL proceeding in the United States District Court for the Eastern District of Pennsylvania. *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, 990 F. Supp. 834 (J.P.M.L. 1998). Thereafter, thousands of diet drug actions asserting claims of thousands of plaintiffs have been transferred to MDL 1203 as "tag-along" cases.

In 1999, the parties entered into a nationwide class action settlement agreement, which was approved by the Honorable Louis C. Bechtel on August 28, 2000. *In re Diet Drugs*, MDL No. 1203, 2000 WL 1222042 (E.D. Pa. Aug. 28, 2000). There are almost six million members of the diet drug class. The settlement agreement provided Class Members who had not previously opted out of the settlement class and who meet certain medical criteria the right subsequently to exercise what was referred to as either an "Intermediate Opt-Out" or a "Back-End Opt-Out" right and assert claims against Wyeth in the tort system, subject to certain

restrictions. Approximately 90,000 Class Members purportedly have exercised those rights and are pursuing litigation against Wyeth.

One of the trends in that litigation has been for the plaintiffs' bar to improperly attempt to prevent Wyeth from exercising its statutory right to remove diet drug cases to federal court. The plaintiffs' bar has done so by naming a variety of non-diverse parties as defendants even though plaintiffs have no viable claims against them and do not intend to pursue them to judgment. In some cases, plaintiffs also have misjoined the claims of numerous plaintiffs, only one of whom is non-diverse from a defendant, and then attempted to leverage the single plaintiff's non-diversity to destroy jurisdiction over the entire case. The MDL Court found that plaintiffs' efforts at forum manipulation are nothing more than a "sham." *Anderson v. Am. Home Prods. Corp.*, 220 F. Supp. 2d 414, 425 (E.D. Pa. 2002). It found that plaintiffs "are engaging in improper efforts to prevent [Wyeth] from exercising its statutory right ... to remove cases based on diversity of citizenship to the federal courts in Louisiana and Mississippi." *Id.*

Unfortunately, the sham that the MDL Court referred in *Anderson* has continued. For example, last summer, plaintiffs' attorneys — including several of the plaintiffs' attorneys involved in the Massachusetts cases[1] — filed 168 cases naming more than 14,000 plaintiffs in state court in Fulton County, Georgia, even though only five percent of the plaintiffs were Georgia residents. The complaints each named several resident Wyeth employee defendants and one or a small number of plaintiffs non-diverse from Wyeth. The Hon. Robert L. Vining of the

---

[1] Several of the law firms that have recently indicated that they were filing diet drug cases in Massachusetts also were involved in the plaintiffs' bar's unsuccessful efforts in Georgia to keep diet drug cases out of the MDL Court: Aylstock, Witkin & Sasser; Hackard & Holt; and Williams Bailey.

U.S. District Court for the Northern District of Georgia held that the resident defendants were fraudulently joined and that it was improper to join the claims of one or two plaintiffs non-diverse from Wyeth with the unrelated claims of plaintiffs from other states. Judge Vining denied plaintiffs' motions to remand, and the cases were transferred to the MDL Court for discovery. *See* Order, *In re Fen-Phen Litig.*, No. 1:03-MD-1-RLV (N.D. Ga. Oct. 14, 2003) (Exhibit B). Judge Vining's decision followed the rationale of a decision by the MDL Court denying motions to remand in six cases involving 126 plaintiffs removed from Georgia state court. *See Weaver v. Am. Home Prods. Corp.*, No. 03-20153, Pretrial Order No. 2946 (E.D. Pa. July 30, 2003) (Exhibit C).

With their efforts to funnel plaintiffs to Fulton County, Georgia, soundly rejected, the plaintiffs' bar is now attempting to funnel plaintiffs from around the country to Middlesex County, Massachusetts. The plaintiffs' bar has recently filed 180 cases on behalf of 2,385 plaintiffs, only 42 of whom are from Massachusetts, and has indicated its intent to file cases on behalf of a total of 4,598 plaintiffs. Most cases have been filed on behalf of approximately 10-15 plaintiffs. These plaintiffs come from virtually every state in the union — from New York to California and from Florida to Maine. Plaintiffs proffer no legitimate reason for why they would bring suit in a jurisdiction as distant as 3,000 miles from their homes.

The obvious reason is to attempt to defeat federal jurisdiction. Plaintiffs name Indevus, a citizen of Massachusetts, even though plaintiffs have no reasonable basis for a claim against this defendant due to the expiration of the statute of limitations. Moreover, plaintiffs have no good faith intent to pursue a claim against Indevus, a company with limited resources that has been

named in thousands of diet drug cases but has never been taken to trial or judgment. In certain cases, plaintiffs also attempt to defeat jurisdiction by naming a single plaintiff or a small number of plaintiffs who are non-diverse from Wyeth, the real defendant in this case, and then attempting to parlay the non-diversity of a single plaintiff to defeat federal jurisdiction as to all plaintiffs. These tactics are as improper as those rejected by the MDL Court in *Anderson* and *Weaver*, and by Judge Vining in *In re Diet Drugs*.

## Argument

Local Rule 40.1(c) provides that "in the interests of justice or to further the efficient performance of the court" a judge may transfer a case to another judge with the consent of the other judge, regardless of whether the cases are "related." The Court should exercise its power under this rule to refer all of the diet drug cases, or at least refer all remand motions that Wyeth anticipates will be filed in such cases (and Wyeth's corresponding stay motions), to one judge for decision.

Plaintiffs have filed 176 cases and more are expected. Wyeth is in the process of removing these cases and it is anticipated that plaintiffs will file motions for remand and that Wyeth will file motions to stay decision of those motions pending transfer to the MDL Court. The motions in all of these cases will present very similar issues. First, they will present the issue of whether this Court should stay decision pending transfer of the cases to the MDL. The considerations weighing in favor of that course of action (such as the MDL Court's substantial knowledge of diet drug issues and Indevus' role in the litigation, its substantial background with the plaintiff bar's fraudulent joinder tactics, and its experience with many of the issues raised)

will apply equally in all cases. Second, in the event the Court were to reach the merits of the remand motions, each motion will hinge on the question whether Indevus is fraudulently joined based on the expiration of the statute of limitations and plaintiffs' lack of intent to pursue a claim and, in certain cases, on whether plaintiffs can defeat jurisdiction by misjoining plaintiffs. The interests of judicial economy and consistency will be served by having these issues decided by one judge.

The Northern District of Georgia consolidated diet drug cases in analogous circumstances. *See* Order dated August 4, 2003 (attached as Exhibit D). This Court should do likewise.

### Conclusion

The Court should refer remand motions in all diet drug cases (and Wyeth's corresponding motions for a stay) to a single judge for decision.

/s/ Janice W. Howe
William A. McCormack  BBO #329580
Janice W. Howe BBO #242190
David Yamin BBO #562216
Bingham McCutchen LLP
150 Federal Street
Boston, MA  02110
(617) 951-8000

*Counsel for Defendants Wyeth and
Wyeth Pharmaceuticals, Inc.*

Dated: May 7, 2004

6LITDOCS:549641.1

## CERTIFICATE OF SERVICE

I certify that on May 7, 2004 I served a copy of the above document upon the following by first class U.S. Mail, postage prepaid:

*Counsel for Plaintiffs in Andrus et al v. Indevus Pharmaceuticals, Inc. et al*

Edward J. Barshak (BBO No. 032040)
Michael S. Appel (BBO No. 543898)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114

Samuel W. Lanham, Jr.
Cuddy & Lanham, P.A.
470 Evergreen Woods
Bangor, ME 04401

Neil D. Overholtz
Aylstock, Witkin & Sasser, P.L.C.
55 Baybridge Drive
PO Box 1147
Gulf Breeze, FL 32562-1147

*Counsel of record in other Massachusetts State Court Diet Drug Actions filed in Middlesex County*

Russell T. Abney
Watts Law Firm, LLP
The Mellie Esperson Building, 16th Floor
815 Walker Street
Houston, TX 77002
(713) 225-0500
(713) 225-0566 fax

Donald G. Beebe
William K. Grisham
Donald G. Beebe, P.C.
P.O. Drawer 85029
Mobile, AL 36685-0249

*Counsel for Defendants Indevus Pharmaceuticals, Inc. and Boehringer Ingelheim Pharmaceuticals, Inc. in Andrus et al v. Indevus Pharmaceuticals, Inc. et al*

Matthew J. Matule (BBO #632075)
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, Massachusetts 02108

T. Bryan Akin, III
Watts Law Firm, LLP
The Mellie Esperson Building, 16th Floor
815 Walker Street
Houston, TX 77002
(713) 225-0500
(713) 225-0566 fax

Robert J. Binstock (SBN 02328350)
Reich & Binstock, LLP
4265 San Felipe Street, Suite 1000
Houston, TX 77027
(713) 622-7271

LITDOCS:549641.1

Riley L. Burnett
Johnson, Burnett & Chang, L.L.P.
5005 Riverway, Suite 250
Houston, TX 77056

J. Robert Davis
Mignon Angelette Gill
Law Offices of J. Robert Davis, LLP
440 Louisiana, Suite 1930
Houston, TX 77002
(713) 425-5255


William R. Gray
John A. Purvis
Patrick T. Murphy
Purvis, Gray & Murphy, LLP
1050 Walnut Street, Suite 501
Boulder, CO 80302


J. Christopher Ide
Miller & Associates
105 North Alfred Street
Alexandria, VA 22314


Keith M. Jensen
Law Offices of Keith M. Jensen, P.C.
514 E. Belknap
Fort Worth, TX 76102
(817) 334-0762


David P. Matthews (Texas Bar No. 13206200)
Julie L. Rhoades (Texas Bar No. 16811710)
Abraham, Watkins, Nichols, Sorrels, Matthews & Friend
800 Commerce Street
Houston, TX 77002-1776

J. Michael Moore
Guerra & Moore, Ltd., LLP
440 Louisiana, Suite 1510
Houston, TX 77002
(713) 223-4311

Dante G. Mummolo (BBO No. 360980)
Iannella and Mummolo
One Boston Place, Suite 3615
Boston, MA 02108
(617) 742-1388
(617) 742-1424 fax

LITDOCS:549641.1

John R. Oldham
Faddis, Oldham & Smith, P.A.
2709 W. Fairbank Avenue, Suite 200
Winter Park, FL  32789

Adam Pulaski
Pulaski & Middleman, L.L.C.
1177 West Loop South, Suite 400
Houston, TX  77027

Edward A. Williamson
Fenton B. Deweese, II
Tashia R. Shannon
The Edward A. Williamson Law Firm
509 Church Avenue
Philadelphia, MS  39350
(601) 656-5634

Napoli Kaiser Bern & Associates, LLP
3500 Sunrise Highway
Suite T-207
Great River, NY  11739
(631) 224-1133

W. Paul Wilkins
LeBlanc & Waddell
Essen Centre, Suite 420
Baton Rouge, LA  70809

/s/ Janice W. Howe
Janice W. Howe
*Counsel for Defendants Wyeth
and Wyeth Pharmaceuticals, Inc.*