FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 15 2003

LUTHER D. THOMAS, Clerk
By: _____
     Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

In re Fen-Phen Litigation | CIVIL ACTION
NO. 1:03-MD-1-RLV

O R D E R

These are product liability cases arising from the plaintiffs's ingestion and use of the diet drugs fenfluramine, dexfenfluramine, and phentermine (commonly referred to as "Fen-Phen"). Each of the 168 cases[1] was originally filed in the Superior Court of Fulton County, Georgia, but were subsequently removed to this court. Pending before the court are the plaintiffs' motions to remand [Doc. Nos. 10, 15, 16, 17, 18, and 21], the motions of Wyeth, Inc., and Wyeth Pharmaceuticals, Inc., {hereinafter "Wyeth"] (1) to stay proceedings pending transfer to the United States District Court for the Eastern District of Pennsylvania, which is the transferee court in the Fen-Phen multidistrict litigation [Doc. No. 20], (2) to exceed page limitations [Doc. No. 25], and (3) to sever and transfer venue [Doc. No. 23].

---

[1] There are approximately 14,600 plaintiffs, and each is a member of the settlement class certified by the United States District Court for the Eastern District of Pennsylvania for purposes of approval of a $3.75 billion Nationwide Class Action Settlement Agreement. See Brown v. American Home Products Corp. (In re Diet Drugs), MDL 1203, 2000 WL 1222042 (E.D. Pa. August 28, 2000).

The motion to exceed page limitations is GRANTED. In its motion to stay, Wyeth asks this court to stay these proceedings so that the transferee court could rule on the pending motions to remand. Because this court has determined that the interests of judicial economy dictate that this court rule on the remand motions, the motion to stay is DENIED.

In seeking to have these cases remanded to the Superior Court of Fulton County, the plaintiffs contend that in each case there is not complete diversity of citizenship, as required by Strawbridge v. Curtiss, 7 U.S. 267 (1806). The plaintiffs accomplish this non-complete diversity feat by naming at least one plaintiff (among, in some cases, several hundred plaintiffs) who is not diverse from at least one defendant. In some cases, the plaintiffs include a New Jersey citizen, who would not be diverse from Wyeth, Inc., which has its principal place of business in that state; in other cases, the plaintiffs include a Pennsylvania citizen, who would not be diverse from Wyeth Pharmaceuticals, which has its principal place of business in that state; in still other cases, the plaintiffs include a Georgia citizen, who would not be diverse from certain employees of Wyeth, who are also Georgia citizens; additionally, there are some cases in which the plaintiff is a citizen of the same state as Celltech Pharmaceuticals, Inc., the successor in interest to Medeva Pharmaceuticals, Inc., which manufactured the drug phentermine.

In arguing that the cases should not be remanded, Wyeth contends that the plaintiffs have engaged in the practice of fraudulent joinder (of either a plaintiff or a defendant) in order to defeat diversity jurisdiction. Although mere misjoinder may provide a sufficient basis for defeating diversity jurisdiction, "improper and fraudulent joinder, bordering on a sham" will not. See Tapscott v. MS Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996).

The undersigned is aware that several judges of this court have remanded other Fen-Phen cases, having found that the parties were properly joined and that there was not complete diversity of citizenship. However, after carefully reviewing those decisions and after thoroughly considering the briefs of the parties, the undersigned is persuaded that the July 30, 2003, decision by Judge Bartle in MDL litigation is the better reasoned. In Pretrial Order No. 2946, Judge Bartle carefully considered the identical arguments made by the plaintiffs in the instant cases. In that Pretrial Order, Judge Bartle denied motions to remand in another group of cases that had been filed in the Superior Court of Fulton County and which had been removed to this court.

The undersigned adopts Judge Bartle's reasoning and analysis in that Pretrial Order and concludes that the plaintiffs in the instant cases have engaged in fraudulent joinder in an attempt to

3

defeat diversity jurisdiction. Consequently, the motions to remand are DENIED.

Those defendants who have not already filed answers or other responsive pleadings will be permitted to do so. Otherwise, proceedings in these cases are hereby STAYED pending a determination by the Panel on Multidistrict Litigation as to whether they will be transferred to the United States District Court for the Eastern District of Pennsylvania.

Wyeth's motion to sever and transfer venue is DENIED. This denial, however, is without prejudice to the right of Wyeth to renew the motion when the cases are transferred back from the MDL court or, if the cases are not transferred, when the Panel denies the transfer.

SO ORDERED, this 14th day of October, 2003.

_____
ROBERT L. VINING, JR.
Senior United States District Judge