IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DIET DRUGS (PHENTERMINE, FENFLURAMINE, DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | : : : : : | MDL DOCKET NO. 1203 |
| THIS DOCUMENT RELATES TO: | : | |
| KATIE WEAVER, et al. | : : | |
| v. | : : | |
| AMERICAN HOME PRODUCTS CORPORATION, NOW KNOWN AS WYETH CORPORATION, et al. | : : : | CIVIL ACTION NO. 03-20153 |
| WILLIETTE NEASON, et al. | : : | |
| v. | : : | |
| AMERICAN HOME PRODUCTS CORPORATION, NOW KNOWN AS WYETH CORPORATION, et al. | : : : | CIVIL ACTION NO. 03-20154 |
| CHARLESE CARTER, et al. | : : | |
| v. | : : | |
| AMERICAN HOME PRODUCTS CORPORATION, NOW KNOWN AS WYETH CORPORATION, et al. | : : : | CIVIL ACTION NO. 03-20158 |
| LYNDA PARKER, et al. | : : | |
| v. | : : | |
| AMERICAN HOME PRODUCTS CORPORATION, NOW KNOWN AS WYETH CORPORATION, et al. | : : : | CIVIL ACTION NO. 03-20165 |
| SHERRELL COLE, et al. | : : | |
| v. | : : | |
| AMERICAN HOME PRODUCTS CORPORATION, NOW KNOWN AS WYETH CORPORATION, et al. | : : : | CIVIL ACTION NO. 03-20171 |

09-08-2003   12:45pm   From-                                    T-336   P.003   F-699

ZAKARA ROSS, et al.                    :
                                       :
              v.                       :
                                       :
AMERICAN HOME PRODUCTS                 :
CORPORATION, NOW KNOWN AS              :
WYETH CORPORATION, et al.              :   CIVIL ACTION NO. 03-20173
                                       :
_____

MEMORANDUM AND PRETRIAL ORDER NO. $\underline{2946}$

Bartle, J.                                      July 30, 2003

            Before the court are the motions of plaintiffs in

Weaver, et al. v. American Home Products Corp., et al., Civ. A.

No. 03-20153, Neason, et al. v. American Home Products Corp., et

al., Civ. A. No. 03-20154, Carter, et al. v. American Home

Products Corp., et al., Civ. A. No. 03-20158, Parker, et al. v.

American Home Products Corp., et al., Civ. A. No. 03-20165, Cole,

et al. v. American Home Products Corp., et al., Civ. A. No. 03-

20171, and Ross, et al. v. American Home Products Corp., et al.,

Civ. A. No. 03-20173, to remand these actions to the Superior

Court of Fulton County, Georgia pursuant to 28 U.S.C. § 1446.

            Wyeth, previously known as American Home Products

Corporation, timely removed these six lawsuits to the United

States District Court for the Northern District of Georgia on the

ground of diversity of citizenship.[1]  It asks that we ignore the

_____

1.  Although plaintiff's complaint alleges that Wyeth was
negligent in violating sections of the Federal Food, Drug and
Cosmetic Act ("FDCA"), 21 U.S.C. § 301 et seq., these contentions
were apparently included to set forth a minimum standard of care
for the pharmaceutical industry towards its customers.  These
claims do not create federal question jurisdiction, because there
is no private right of action for FDCA violations. 21 U.S.C.
                                            (continued...)

-2-

09-08-2003  12:46pm  From-                                           T-336  P.004    F-699

citizenship of the non-diverse defendants as well as the non-diverse plaintiffs because they are fraudulently joined.  The pending motions are before the undersigned as the transferee judge in MDL 1203, the mass tort litigation involving the diet drugs Redux and Pondimin, commonly known as Fen-Phen, which were manufactured by Wyeth.  Plaintiffs all allege they sustained heart valve damage as a result of their use of the drugs.

The complaints name identical defendants:  (1) Wyeth, the manufacturer of Pondimin and Redux, and a citizen of New Jersey; (2) two phentermine manufacturers, Eon Labs Manufacturing ("Eon") and Rugby Laboratories, Inc. ("Rugby"), the latter purportedly being a citizen of Georgia; (3) three Georgia sales representatives of Wyeth, Anthony D. Adams, Robin W. Jones, and Avery T. Lanius, who plaintiffs allege marketed and promoted the diet drugs; and (4) two Wyeth government relations employees, Robert L. Scott and John A. Molnar, both citizens of Georgia who plaintiffs maintain provided incorrect information relating to the safety of the diet drugs to state regulatory entities.[2]  Each of the six actions names multiple plaintiffs.

_____

1.(...continued)
§ 337; <u>Merrell Dow Pharms. Inc. v. Thompson</u>, 478 U.S. 804, 811 (1986); <u>In re: Orthopedic Bone Screw</u>, 193 F.3d 781, 789 (3d Cir. 1999).

2.  The complaints also name "John Does No. 1-5" as defendants. However, since 28 U.S.C. § 1441(a) states "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded," we need not address these defendants in this memorandum.

-3-

There are twenty-two plaintiffs in <u>Weaver</u> who are citizens of four states.  One is from Georgia (Katie Weaver), and one is from New Jersey (Jesus Delgado), while the remaining twenty are citizens of either North Dakota or Utah.

In <u>Neason</u>, the seventeen plaintiffs are from six states.  Fifteen are from either Utah, Wisconsin, Wyoming, or North Dakota.  Of the remaining two, one plaintiff is from Georgia (Williette Neason), and the other from New Jersey (Iris Rodriguez).

The <u>Carter</u> action has twenty-three plaintiffs.  They hail from five states.  Again, one comes from Georgia (Charlese Carter), one from New Jersey (Mary Ann Panek), and twenty-one from North Dakota, Idaho or Utah.

Next, in <u>Parker</u>, there are twenty-two claimants from seven states, including one from Georgia (Linda Parker), one from New Jersey (Janet Crews), and the remaining twenty from Minnesota, Montana, Arizona, California, or Illinois.

In <u>Cole</u>, the twenty-five claimants are from five states.  Only one is a citizen of Georgia (Sherrell Cole).  There is one from New Jersey (Stefanie Bounassi) and the remaining twenty-three are listed as being North Dakota, Minnesota, or Utah citizens.

Finally, the <u>Ross</u> complaint names fifteen plaintiffs who are all citizens of either North Dakota, Minnesota or Utah, except for one plaintiff from Georgia (Zonora Ross) and one from New Jersey (Doris Towson).

-4-

Thus, in each of the six cases filed in the Georgia state court, there is only one Georgia plaintiff.  Each also names one New Jersey plaintiff.  Each case specifies as defendants three Georgia sales representatives, two Georgia government relations employees, one phentermine manufacturer which may be a Georgia citizen, and finally Wyeth, which is a New Jersey citizen.  The plaintiffs maintain that remand is appropriate because complete diversity does not exist as required under 28 U.S.C. § 1332(a), given that Georgia plaintiffs Neason, Weaver, Carter, Parker, Ross, and Cole, respectively, have the same citizenship as Rugby and the five Wyeth employees and given that the New Jersey plaintiffs Delgado (<u>Weaver</u>), Rodriguez (<u>Neason</u>), Panek (<u>Carter</u>), Crews (<u>Parker</u>), Towson (<u>Ross</u>), and Bounassi (<u>Cole</u>) have the same citizenship as defendant Wyeth.  As noted above, Wyeth counters that the Georgia defendants as well as the New Jersey plaintiffs are fraudulently joined and thus should be disregarded for purposes of determining diversity of citizenship of the parties.  Wyeth also claims that the remaining plaintiffs, other than the ones from Georgia, are misjoined under Rule 20(a) of the Federal Rules of Civil Procedure.

I.

Under the federal removal statute, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant or defendants, to the district court."  28 U.S.C. § 1441(a).  Federal district courts have original jurisdiction

-5-

over all civil actions between citizens of different states if
the amount in controversy exceeds $75,000, exclusive of interest
and costs.  28 U.S.C. § 1332(a)(1).  Complete diversity is
required.  Owen Equipment and Erection Co., 437 U.S. 365, 373-74
(1978).  If an action originally instituted in a state court
could have been brought in federal court pursuant to diversity
jurisdiction, the defendants may remove it to federal court
provided certain procedures are followed and certain conditions
met.  28 U.S.C. §§ 1441 and 1446.  Similarly, if the federal
court subsequently determines that it does not have subject
matter jurisdiction over a removed action, it must remand the
action to the state court where it originated.  28 U.S.C.
§ 1447(c).  A plaintiff or a defendant may seek to remand the
case, or the court may do so on its own motion.  American Fire &
Cas. Co. v. Finn, 341 U.S. 6, 16-19 (1951); 16 Moore's Federal
Practice, § 107.41[1][b][i] (Matthew Bender 3d ed.).  See also
Moses v. Ski Shawnee, Inc., 2000 WL 1053568 at *2 (E.D. Pa.
July 31, 2000).

        As an MDL court sitting within the Third Circuit,
defendant Wyeth is correct that we must apply the fraudulent
joinder standard of our Court of Appeals, not that of the
Eleventh Circuit.  See In re Korean Airlines Disaster, 829 F.2d
1171, 1174 (D.C. Cir. 1987); In re Ikon Office Solutions, Inc.
Secs. Litig., 86 F. Supp. 2d 481, 485 (E.D. Pa. 2000).

        Under our Court of Appeals decision in Boyer v. Snap-on
Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), joinder of a

defendant is fraudulent 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, <u>or</u> no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'  The presence of a party fraudulently joined cannot defeat removal. <u>Wilson v. Republic Iron & Steel Co.</u>, 257 U.S. 92, 97 (1921). Whether the claims against the joined defendants are viable is, of course, a matter of state law.

We recognize that the burden on Wyeth to establish fraudulent joinder is a heavy one.  <u>Wilson</u>, 257 U.S. at 111.  We "must resolve all contested issues of substantive fact in favor of plaintiff."  <u>Id.</u>  We are also cognizant that the removal statute must be construed narrowly, and "all doubts should be resolved in favor of remand."  <u>Steel Valley Auth. v. Union Switch and Signal Div.</u>, 809 F.2d 1006, 1010 (3d Cir. 1987) (citation omitted).  The Supreme Court made it clear in <u>Wilson</u> that if a plaintiff contests a defendant's assertion that joinder of another defendant was a sham to defeat removal, the District Court must determine the facts from the evidence.  <u>Wilson</u>, 257 U.S. at 98.  We are not to decide automatically in favor of remand simply because some facts may be said to be in dispute.

On matters of substantive law, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."  <u>Boyer</u>, 913 F.2d at 111

(citation omitted).  We are mindful that our inquiry into Wyeth's
claims of fraudulent joinder is less searching than that
permissible when a party seeks to dismiss a claim under Rule
12(b)(6) of the Federal Rules of Civil Procedure.  Batoff v.
State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir. 1992); see also
Gaul v. Neurocare Diagnostic, Inc., No. 02-CV-2135, 2003 WL
230800, at *2 (E.D. Pa. Jan. 3, 2003).  In other words, simply
because a claim against a party may ultimately be dismissed for
failure to state a claim does not necessarily mean that the party
was fraudulently joined.  In order for this court to remand,
plaintiffs in each case need only establish that there is a
"reasonable basis" for finding at least one claim to be colorable
against any of the Georgia defendants, that is, not "wholly
insubstantial and frivolous," Batoff, 977 F.2d at 852, or that
New Jersey plaintiffs, who are not diverse from Wyeth, are not
egregiously or fraudulently misjoined.  See In re Diet Drugs
(Chaney v. Gate Pharms.), No. Civ. A. 98-20487, 1999 WL 554584,
at *2 (E.D. Pa. July 16, 1999).

    We also conclude that the same principles of fraudulent
joinder apply where a plaintiff is improperly joined with another
plaintiff so as to defeat diversity jurisdiction.  Tapscott v.
M.S. Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996)
(overruled on other grounds); In re Benjamin Moore & Co., 309
F.3d 296, 298 (5th Cir. 2002); In re Diet Drugs, 1999 WL 554584.
Even if a non-diverse plaintiff may have a valid cause of action
against a defendant, that plaintiff may not prevent removal based

on diversity of citizenship if there is no reasonable basis for
the joinder of that non-diverse plaintiff with the other
plaintiffs. "Such 'procedural misjoinder' would be a plaintiff's
purposeful attempt to defeat removal by joining together claims
against two or more defendants where the presence of one would
defeat removal and where in reality there is no sufficient
factual nexus among the claims to satisfy the permissive joinder
standard." 14B Wright & Miller, Federal Practice & Procedure
§ 3723 at 656-57 (3d ed. 1998).

While plaintiffs and Wyeth agree that in this case the
federal and Georgia state rules of permissive joinder are
virtually identical, the parties dispute which standard should be
applied in ruling on the issue of fraudulent joinder of
plaintiffs. Here, plaintiffs urge the court to apply the
permissive joinder standard under Georgia law, while Wyeth
believes Rule 20(a) of the Federal Rules of Civil Procedure
governs.

In resolving whether a plaintiff is fraudulently joined
to defeat diversity, we will look to state joinder law. In doing
so, we are simply invoking the same principles as we would invoke
in the more common situation where a defendant is fraudulently
joined. In the single plaintiff case, for example, if there is a
reasonable basis for the state law claim against a non-diverse
defendant, the case may not be removed. Likewise, if the joinder
of multiple plaintiffs is not improper under state law, it cannot
be deemed a fraudulent or egregious effort to avoid federal

jurisdiction any more than the joinder of a defendant is
fraudulent where there is asserted a valid state law claim for
relief.  Federal law does not govern whether a plaintiff has
stated a viable claim against a non-diverse defendant for
purposes of fraudulent joinder.  Similarly, we do not see how
federal joinder rules should apply when the issue is fraudulent
misjoinder of non-diverse plaintiffs in a state court action so
as to defeat our diversity jurisdiction.  <u>Bridgestone v.
Firestone, Inc. v. Ford Motor Co.</u>, 260 F. Supp. 2d 722, 728-29
(S.D. Ind. 2003); <u>Conk v. Richards & O'Neil, LLP</u>, 77 F. Supp. 2d
956, 971 (S.D. Inc. 1999).

II.

We turn first to the issue of fraudulent joinder of the
phentermine defendant Rugby which, according to plaintiffs, is a
citizen of Georgia.[3]  Plaintiffs allege that Rugby failed in its
duty to promote the proper use of phentermine, and failed to warn
plaintiffs and their doctors about contra-indications if
phentermine was used in combination with fenfluramine and/or
dexfenfluramine.

---

3. Rugby's citizenship is in dispute.  While plaintiffs and
Wyeth agree that the company is incorporated in New York,
plaintiffs contend the presence of Rugby destroys diversity
jurisdiction because its principal place of business is in
Georgia.  Wyeth counters that although Rugby once had its primary
business center in Georgia, in 1998 it moved to California.  In
support of this contention, Wyeth attached <u>Johnson v. Wyeth</u>, No.
1:02-CV-1368-TWT (N.D. Ga., Jan. 3, 2003), in which based on the
admission by Rugby that its principal place of business is
California, Judge Thrash denied plaintiff's motion to remand.
For present purposes, we will assume it is a Georgia citizen.

-10-

This court extensively addressed the fraudulent joinder of phentermine defendants in <u>Anderson v. American Home Products Corp., et al.</u>, 220 F. Supp. 2d 414 (E.D. Pa. 2002) and again in <u>Stanger, et al. v. American Home Products Corp., et al.</u>, No. 03-20086 (May 29, 2002); <u>Haslam v. American Home Products Corp., et al.</u>, No. 03-20088 (May 29, 2002). In those cases, we found the phentermine defendants were added as parties to the litigation purely to prevent federal jurisdiction and no real cause of action existed against them. <u>Anderson</u>, 220 F. Supp. 2d at 422; <u>Stanger</u>, slip op. at 9; <u>Haslam</u>, slip op. at 9. As a result, we concluded the phentermine defendants were fraudulently joined, and therefore ignored their lack of consent in determining the propriety of removal. We reiterate the same today.

From 1989 through September, 1997 Wyeth marketed and sold two prescription drugs for weight loss in the United States under the brand names Pondimin (fenfluramine) and Redux (dexfenfluramine). Beginning in 1992, physicians commonly prescribed Pondimin alone or in combination with phentermine, another prescription diet drug. The ingestion of phentermine helped counteract some of the adverse effects of fenfluramine used by itself. Phentermine was, and still is, manufactured by various entities and is distributed and sold under several different brand names.

Following the withdrawal of Pondimin and Redux from the market in September, 1997, multiple class actions and other lawsuits were filed against Wyeth and the manufacturers of

-11-

phentermine alleging that ingestion of their products caused
valvular heart disease and primary pulmonary hypertension
("PPH").  As mentioned above, all federal cases were transferred
to this court for consolidated discovery proceedings.  Voluminous
discovery took place in both MDL 1203 and state court
proceedings, including depositions, document review, and the
development of expert testimony.  The evidence discovered pointed
to fenfluramine and dexfenfluramine as the culprits.

        Only two experts were ultimately proffered in MDL 1203
on phentermine causation.  After a Daubert[4] hearing, Judge
Louis C. Bechtle of this court[5] granted the motions of the
phentermine defendants to exclude this opinion testimony that
using phentermine in combination with fenfluramine "induces
greater cardiovascular toxicity than does fenfluramine alone."
Memorandum and Pretrial Order No. 1351 at 29 (June 28, 2000).
The court found that "at this time, no epidemiologic data support
the position that phentermine, when combined with fenfluramine,
increases the risk of PPH or VHD in humans."  Id. at 15.  It
concluded that the proffered experts lacked reliability and a
sufficient scientific basis for their opinions.  See Daubert, 526
U.S. at 589-90; Fed. R. Evid. 702.

-------------------------------

4.  In Daubert v. Merrell Dow Pharms., Inc., 526 U.S. 579, 589-90
(1999), the Supreme Court charged trial judges with the
responsibility of acting as gatekeepers to exclude unreliable
expert testimony.  The holding has now been incorporated into
Rule 702 of the Federal Rules of Evidence.

5.  Judge Bechtle retired on June 30, 2001.

                              -12-

Similar results were reached by other courts.  For example, Wyeth identified in <u>Anderson</u> over thirty cases where courts have granted the motions of phentermine defendants to exclude scientific evidence of phentermine causation under <u>Daubert</u> or its state law equivalents.  These courts have granted motions for summary judgment or other motions based on plaintiffs' failure to produce admissible scientific evidence demonstrating that phentermine causes valvular heart disease or PPH.  In fact, no case has been brought to our attention in which a court has found scientifically reliable evidence of phentermine causing valvular heart disease or PPH.

In our role as the MDL court, we necessarily have a broader perspective than is available to a court faced with an individual fen-phen case.  We conclude that as in <u>Anderson</u>, <u>Stanger</u> and <u>Haslam</u>, plaintiffs here "have no real intention in good faith to seek a judgment against the phentermine defendants and that as a result the phentermine defendants are fraudulently joined in these actions." <u>Anderson</u>, 220 F. Supp. 2d at 422; <u>Stanger</u>, slip op. at 9; <u>Haslam</u>, slip op. at 9.  Complicity between plaintiffs and the phentermine defendants will not be allowed to eviscerate federal diversity jurisdiction.

III.

We turn next to Wyeth's allegation that in each of the six cases before us, Wyeth's two government relations employees, Robert L. Scott and John A. Molnar, are fraudulently joined as defendants.  They are both Georgia citizens, and plaintiffs

-13-

assert claims for negligence and negligent/reckless
misrepresentation against them based on their allegedly false and
misleading statements about diet drugs.  Plaintiffs state Scott
and Molnar were part of a plan to keep the drugs on the market,
and knowing the dangers of the diet drugs, negligently made false
and misleading representations to state pharmaceutical boards and
regulators in the course of lobbying those bodies.  <u>Weaver</u> Compl.
at ¶ 50; <u>Neason</u> Compl. at ¶ 45; <u>Carter</u> Compl. at ¶ 51; <u>Parker</u>
Compl. at ¶ 50; <u>Cole</u> Compl. ¶ 53; <u>Ross</u> Compl. at ¶ 45.

    Plaintiffs have "no reasonable basis in fact or
colorable ground supporting the claims" against Scott or Molnar.
<u>Boyer</u>, 935 F.2d at 111.  First, plaintiffs have not alleged they
or their physicians relied on defendants' alleged misstatements.
Reliance by the plaintiff, either direct or indirect, is an
essential element of a pharmaceutical negligent misrepresentation
action.  <u>Johnson v. Wyeth</u>, No. 1:02-CV-1368, slip op. at 4 (N.D.
Ga. Jan. 3, 2002).  Instead, plaintiffs allege they were
indirectly harmed by their reliance upon regulatory bodies who
mistakenly believed the drugs were safe based on the alleged
misrepresentations.  However, despite Scott and Molnar's efforts
to have certain regulators "deschedule" the diet drugs, that is,
remove them from the state schedule of tightly controlled
substances, the sale of diet drugs in those states continued to
be subject to the same regulatory restrictions as they had been
before those activities.  Given that their attempts were

-14-

unsuccessful, nothing Scott or Molnar did could therefore have caused plaintiffs' alleged harm.

Even if plaintiffs could show misrepresentation followed by indirect harm, which plaintiffs assert is supported by Florida Rock & Tank Lines, Inc. v. Moore, 365 S.E. 2d 836 (Ga. 1998), plaintiffs fail to come forth with anything to support any allegation that Scott and Molnar *intended* to defraud them.  In Moore, the Georgia Supreme Court held the reliance requirement of a fraud claim is satisfied where "[the defendant], having as his objective to defraud [the plaintiff], and knowing that [the plaintiff] will rely upon [a third party], fraudulently induces [the third party] to act in some manner on which [the plaintiff] relies, and whereby [the defendant's] purpose of defrauding [the plaintiff] is accomplished." Moore, 365 S.E.2d at 837.  Although negligent misrepresentation is a lesser-included charge of fraud, plaintiffs cannot meet the requirements of Moore.  Smiley v. S & J Inves., Inc., 2003 WL 256970 at *7 (Ga. App. Feb. 7, 2003). As in Lawson v. Smith and Nephew Richards, Inc., plaintiffs offer no evidence from which the fact-finder could infer that the plaintiffs relied on any act of the government regulatory entity to which defendants allegedly supplied false information. Similarly, plaintiffs proffer nothing to establish that defendants knew the plaintiffs would rely on the acts of the government entity, No. Civ. 4:96-CV029, 1999 WL 1129677, at *7 (W.D. Ga. Sept. 30, 1999).

Further, even if plaintiffs had shown reliance, they
have not complied with Georgia statutory law.  See Hawks v.
Hinely, 556 S.E.2d 547, 551 (Ga. App. 2001).  O.C.G.A. 9-11-11.1
states in relevant part:

> For any claim asserted against a person or
> entity arising from an act ... which could
> reasonably be construed as an act in
> furtherance of the right of free speech or
> the right to petition government ... the
> party asserting the claim ... shall be
> required to file ... a written verification
> ....  If the claim is not verified as
> required by this subsection, it shall be
> stricken unless it is verified within ten
> days after the omission is called to the
> attention of the party asserting the claim.

O.C.G.A. 9-11-11.1(b) (emphasis added).  The speech referred to
by this provision is broadly defined as:

> [a]ny written or oral statement, writing or
> petition ... made ... to a legislative,
> executive proceeding ... or in connection
> with an issue under consideration or review
> by a legislative, executive or judicial body.

O.C.G.A. 9-11-11.1(c).  Defendants Scott and Molnar's lobbying
efforts to have the diet drugs "descheduled," and to discuss the
drugs with various government entities is clearly the type of
speech intended to be protected under the statute.  Wyeth
notified plaintiffs that their claims did not comply with the
statute in their removal petition filed on February 3, 2003, and
plaintiffs never responded with proper verification.  Where
plaintiffs are notified that they have failed to verify such a
claim in accordance with this statute and do not cure this
failure within ten days after the defect is called to their
attention, such claims "must be stricken."  Hawks, 556 S.E.2d at

-16-

551.  We therefore conclude that plaintiffs in all six cases have
no colorable claim against Scott and Molnar and that they are
fraudulently joined.

IV.

Wyeth also contends that the three sales
representatives - Anthony D. Adams, Robin W. Jones, and Avery T.
Lanius - are fraudulently joined.  All three are citizens of
Georgia, and thus non-diverse from plaintiffs Weaver, Neason,
Carter, Parker, Cole and Ross, respectively.  Plaintiffs have
brought claims against the sales representatives, along with
Wyeth, for their alleged negligence and negligent/reckless
misrepresentation by marketing the "unreasonably dangerous
subject drugs" as safe to the consuming public, "including, but
not limited to, plaintiffs and *plaintiff's physicians*."  Weaver
Compl. at ¶ 146, 56, 59, 62; Neason Compl. at ¶ 141, 51, 54, 57;
Carter Compl. at ¶ 147, 57, 60, 63; Parker Compl. at ¶ 146, 56,
59, 62; Cole Compl. at ¶ 149, 59, 62, 65; Ross Compl. at ¶ 141,
51, 54, 57 (emphasis added).

The plaintiffs' complaints do not allege that any of
these Wyeth representatives had contact with them or their
doctors, that they made any specific misrepresentations to the
doctors, or that the doctors relied on any of their
misrepresentations.  Further, it is undisputed that the duties of
the sales representatives' consisted solely of making visits to
physicians in Georgia to discuss Redux, not Pondimin.  A
spreadsheet produced by plaintiffs' counsel listing plaintiffs'

-17-

doctors and diet drugs ingested shows that five of the six
Georgia plaintiffs - all but Neason - ingested Pondimin, not
Redux.

Under Georgia law pleadings are generally liberally
construed in the light most favorable to plaintiffs with all
doubts resolved in their favor, Snooty Fox, Inc. v. First
American Inv. Corp., 241 S.E. 2d 47 (Ga. App. 1977).
Nonetheless, plaintiffs must still demonstrate by a "short and
plain statement of the claim [that they are] entitled to relief."
O.C.G.A. 9-11-8.  The pleadings simply do not allege colorable
claims against Adams, Jones, or Lanius, the Wyeth sales
representatives.  We therefore find that they too were
fraudulently joined.

V.

Plaintiffs additionally ask the court to remand this
action to state court because at least one of the plaintiffs in
each case is a citizen of New Jersey, the same state of which
defendant Wyeth is a citizen.[6]  Wyeth asserts that in each case,
the single New Jersey plaintiff was egregiously and fraudulently
misjoined to evade federal jurisdiction.  As discussed above, we
look to Georgia's joinder law to determine if there is any
reasonable basis for joining them as plaintiffs in these six
actions.

-----

6.  Wyeth is incorporated in New Jersey and maintains its
principal place of business in Pennsylvania.

-18-

The Georgia permissive joinder statute, which incidentally is virtually identical to Rule 20(a) of the Federal Rules of Civil Procedure, provides in relevant part:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action.

O.C.G.A. 911-20(a). Thus, if any New Jersey plaintiff makes at least one claim that arises out of the "same transaction [or] occurrence" as those of the Georgia co-plaintiffs in their individual cases, then joinder is proper, and diversity jurisdiction does not exist.

Plaintiffs argue that the New Jersey plaintiffs' allegations against Wyeth and its representatives are grounded on this same series of occurrences because all plaintiffs' claims arise out of the ingestion of either Pondimin or Redux and are against the same defendants under the same legal thesis. We are not persuaded. The Georgia Court of Appeals in Howard Motor Co., Inc. v. Swint, 448 S.E. 2d 713 (Ga. App., 1994) explained that

> O.C.G.A. § 9-11-20(a) authorizes joinder of separate plaintiffs' claims if they arise out of the *same* transaction, occurrence, or series of transactions or occurrences. It does not authorize joinder of claims arising out of "similar" transactions .... Even under a liberal construction, the statutory requirement that an occurrence or series of occurrences be the *same* is obviously not satisfied by the fact that there is a "logical relationship" between them.

Id. at 714.

-19-

The "claims of plaintiffs who have not purchased or received diet drugs from an identical source, such as a physician, hospital or diet center, do not satisfy the [same] transaction or occurrence requirement." In re Diet Drugs at *4; See also Simmons v. Wyeth Labs, 1996 WL 617492, at *4 (E.D. Pa. Oct. 24, 1996). Here, there are no allegations that a Georgia physician, much less the same physician, prescribed the diet drugs to New Jersey plaintiffs Delgado, Rodriguez, Panek, Crews, Bounassi or Towson. Instead, these six plaintiffs reside far from Georgia, and from what is before us were prescribed diet drugs by different doctors at different times. Further, plaintiffs allege only that they took Redux, Pondimin and/or phentermine - not necessarily the same combination of drugs or for the same amount of time. Different evidence surely will be required to litigate the claims of each of the New Jersey plaintiffs, such that judicial economy would not be served by trying them together. In sum, the claims of plaintiffs clearly do not arise out of the same transaction, occurrence, or series of occurrences. Accordingly, we conclude that the New Jersey plaintiffs are egregiously and fraudulently misjoined under Georgia law. See Howard, 448 S.E. 2d at 714. Thus, we will disregard their citizenship for purposes of determining this court's subject matter jurisdiction.

V.

Defendants Scott, Molnar, Adams, Jones, and Lanius, all Georgia citizens, as well as defendant Rugby, purportedly a

citizen of Georgia, are fraudulently joined.  Plaintiffs from New
Jersey are also fraudulently misjoined.  As a result, we have
diversity jurisdiction over these six actions.  We now turn to
the issue of possible misjoinder under Rule 20(a) of the Federal
Rules of Civil Procedure of remaining plaintiffs - that is, those
who are not citizens of Georgia or New Jersey.  "Once the court
properly exercises jurisdiction, the Federal Rules of Civil
Procedure may be applied to shape this civil action to one that
comports with those Rules."  In re Diet Drugs at *4.  The federal
rule of permissive joinder provides in relevant part:

> All persons may join in one action as
> plaintiffs if they assert any right to relief
> jointly, severally, or in the alternative in
> respect of or arising out of the same
> transaction, occurrence, or series of
> transactions or occurrences and if any
> question of law or fact common to all these
> persons will arise in the action.

Fed. R. Civ. P. 20(a).  Since the language of Rule 20(a) of the
Federal Rules of Civil Procedure is virtually identical to
O.C.G.A. 9-11-20(a), our analysis mirrors our analysis above.
Therefore, if the additional plaintiffs make at least one claim
that arises out of the "same transaction [or] occurrence" as
those of the Georgia plaintiffs, then joinder is proper.
However, as we discussed above in the context of O.C.G.A. 9-11-
20(a), we find that under Rule 20(a) of the Federal Rules of
Civil Procedure, the claims of the pharmaceutical plaintiffs who
had drugs prescribed by different doctors for different time
periods do not arise out of the same "transaction, occurrence, or
series of transactions or occurrences."

-21-

Again, plaintiffs point to no evidence that the non-Georgia plaintiffs purchased or received the drugs from an identical source, such as a physician, hospital or diet center. In re Diet Drugs, 1999 WL 554584 at *4. Instead, these plaintiffs reside in various states throughout the country, and were prescribed different diet drugs by different doctors at different times. Our decision comports with those of other courts, who have similarly found misjoinder where the only connection among plaintiffs is their use of certain pharmaceuticals or a pharmaceutical medical device. For example, in In re Rezulin Prods. Liabl. Litig., 2002 WL 548750, at *2 (S.D.N.Y. Apr. 12, 2002), the court held that "the joinder of plaintiffs who have no connection to each other aside from the fact that they ingested Rezulin is misjoinder."

Due to these variances, we find that the claims of the non-Georgia plaintiffs in each of the six cases did not arise out of the same transaction, occurrence, or series of occurrences as the Georgia plaintiffs. Accordingly, we conclude they are misjoined under Rule 20(a), and will exercise our discretion under Rule 21 to dismiss their claims without prejudice to their right to file individual actions against Wyeth.

VI.

In sum, we will deny the motions of plaintiffs to remand the six actions to the Superior Court of Fulton County, Georgia. We will dismiss the claims against defendants Scott, Molnar, Adams, Jones, Lanius and Rugby as fraudulently joined.

-22-

09-08-2003   12:50pm   From-                                              T-336  P.024/030  F-699

We will also dismiss the actions of the New Jersey plaintiffs
against Wyeth without prejudice because said plaintiffs are
fraudulently misjoined with the Georgia plaintiffs under O.C.G.A.
9-11-20(a).  Finally, pursuant to Rule 21 of the Federal Rules of
Civil Procedure, we will dismiss the claims of the remaining non-
Georgia plaintiffs because of misjoinder under Rule 20(a) of the
Federal Rules of Civil Procedure without prejudice to their right
to reinstitute suit against Wyeth.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS                    :     MDL DOCKET NO. 1203
(PHENTERMINE, FENFLURAMINE,          :
DEXFENFLURAMINE) PRODUCTS            :
LIABILITY LITIGATION                 :
                                     :
THIS DOCUMENT RELATES TO:            :
_____        :
KATIE WEAVER, et al.                 :
                                     :
          v.                         :
                                     :
AMERICAN HOME PRODUCTS               :
CORPORATION, NOW KNOWN AS            :
WYETH CORPORATION, et al.            :     CIVIL ACTION NO. 03-20153
_____        :
WILLIETTE NEASON, et al.             :
                                     :
          v.                         :
                                     :
AMERICAN HOME PRODUCTS               :
CORPORATION, NOW KNOWN AS            :
WYETH CORPORATION, et al.            :     CIVIL ACTION NO. 03-20154
_____        :
CHARLESE CARTER, et al.              :
                                     :
          v.                         :
                                     :
AMERICAN HOME PRODUCTS               :
CORPORATION, NOW KNOWN AS            :
WYETH CORPORATION, et al.            :     CIVIL ACTION NO. 03-20158
_____        :
LYNDA PARKER, et al.                 :
                                     :
          v.                         :
                                     :
AMERICAN HOME PRODUCTS               :
CORPORATION, NOW KNOWN AS            :
WYETH CORPORATION, et al.            :     CIVIL ACTION NO. 03-20165
_____        :
SHERRELL COLE, et al.                :
                                     :
          v.                         :
                                     :
AMERICAN HOME PRODUCTS               :
CORPORATION, NOW KNOWN AS            :
WYETH CORPORATION, et al.            :     CIVIL ACTION NO. 03-20171
_____        :

09-08-2003  12:51pm  From-                                    T-336  P.026/030  F-699

ZAKARA ROSS, et al.                    :
                                       :
            v.                         :
                                       :
AMERICAN HOME PRODUCTS                 :
CORPORATION, NOW KNOWN AS              :
WYETH CORPORATION, et al.              :    CIVIL ACTION NO. 03-20173
                                       :
_____           :

<u>PRETRIAL ORDER NO.</u>  <u>2946</u>

        AND NOW, this **30th** day of July, 2003, for the reasons
set forth in the accompanying Memorandum, it is hereby ORDERED
that:

        (1)   the motion of plaintiffs in <u>Weaver, et al. v.</u>
<u>American Home Products Corp., et al.</u>, Civ. A. No. 03-20153
("<u>Weaver</u>") to remand to the Superior Court of Fulton County,
Georgia is DENIED;

        (2)   all claims in <u>Weaver</u> against defendants Rugby
Laboratories, Inc., Anthony D. Adams, Robin W. Jones, Avery T.
Lanius, Robert L. Scott and John A. Molnar are DISMISSED;

        (3)   the claims of the New Jersey plaintiff, Jesus
Delgado, against Wyeth in <u>Weaver</u> are DISMISSED without prejudice;

        (4)   the claims of the remaining non-Georgia
plaintiffs, Marc Haug, Don Herrly, Paulette Neva, Deborah McCann,
Helen Lang, P. Susan Kollman, Cyndi Zueger, Debra Wold, Carol
McConnell, Edith Sailer, Jill Rarick, Arlene Huff, Merriann
Isaac, Sharlene McDearman, Suzanne Wilson, Ruth Samuels, Kathryn
Perkins, Patricia O'Neil, Jerry Chavez and Carol Galliett,
against Wyeth in <u>Weaver</u> are DISMISSED without prejudice;

-2-

(5)  the motion of plaintiffs in <u>Neason, et al. v.</u>
<u>American Home Products Corp., et al.</u>, Civ. A. No. 03-20154
("<u>Neason</u>") to remand to the Superior Court of Fulton County,
Georgia is DENIED;

(6)  all claims in <u>Neason</u> against defendants Rugby
Laboratories, Inc., Anthony D. Adams, Robin W. Jones, Avery T.
Lanius, Robert L. Scott and John A. Molnar are DISMISSED;

(7)  the claims of the New Jersey plaintiff, Iris
Rodriguez, against Wyeth in <u>Neason</u> are DISMISSED without
prejudice;

(8)  the claims of the remaining non-Georgia
plaintiffs, Candyce Jaramillo, Margaret Duncan, Robert Rohrer,
Kathryn Rasmussen, Leanna Mittleider, Rebecca Hoselton, Sheila
Braunberger, Evelyn Helmer, Teresa Potter, Julie Sailor,
Elizabeth Anderson, Sandra Sommers, Traci Bertsch, Trude
Hendrickson and Brenda Nygard against Wyeth in <u>Neason</u> are
DISMISSED without prejudice;

(9)  the motion of plaintiffs in <u>Carter, et al. v.</u>
<u>American Home Products Corp., et al.</u>, Civ. A. No. 03-20158
("<u>Carter</u>") to remand to the Superior Court of Fulton County,
Georgia is DENIED;

(10)  all claims in <u>Carter</u> against defendants Rugby
Laboratories, Inc., Anthony D. Adams, Robin W. Jones, Avery T.
Lanius, Robert L. Scott and John A. Molnar are DISMISSED;

(11)  the claims of the New Jersey plaintiff, Mary Ann
Panek, against Wyeth in <u>Carter</u> are DISMISSED without prejudice;

(12)   the claims of the remaining non-Georgia plaintiffs, Lisa Baumler, Deborah Lee, Annamarie Herrly, Pamela Fladeland, Norma Rudel, Ardis Bahr, Jody Nelson, Janet Meyer, Patricia Huff, Gayle Weatherston, Jeffery Huff, Ilene Allen, Daniel Jetty, Alicia Myer, Cheryl Smith, Mary Velasquez, Susan Duncan, Marita Rollins, Merlene Robertson, Brenda Jorgensen and Nanette Orton against Wyeth in <u>Carter</u> are DISMISSED without prejudice;

(13)   the motion of plaintiffs in <u>Parker, et al. v. American Home Products Corp., et al.</u>, Civ. A. No. 03-20165 ("<u>Parker</u>") to remand to the Superior Court of Fulton County, Georgia is DENIED;

(14)   all claims in <u>Parker</u> against defendants Rugby Laboratories, Inc., Anthony D. Adams, Robin W. Jones, Avery T. Lanius, Robert L. Scott and John A. Molnar are DISMISSED;

(15)   the claims of the New Jersey plaintiff, Janet Crews, against Wyeth in <u>Parker</u> are DISMISSED without prejudice;

(16)   the claims of the remaining non-Georgia plaintiffs, Tracy Lee, Lynda Scholin, Jeri Giefer, Mary Rutten, Penny Taylor, Deborah Figarelle, Leah Miller, John Jensen, Geraldine Cottrell, Wayne Stokka, June Hoffman, Paula Martin, Lisa Miller, Dana Stockert, Wendy Fultz, Susan Lindemoen, Luann Larson, Karen Jackson, Pamela Skogen and Mary Hall against Wyeth in <u>Parker</u> are DISMISSED without prejudice;

(17)   the motion of plaintiffs in <u>Cole, et al. v. American Home Products Corp., et al.</u>, Civ. A. No. 03-20171

("<u>Cole</u>") to remand to the Superior Court of Fulton County, Georgia is DENIED;

(18)  all claims in <u>Cole</u> against defendants Rugby Laboratories, Inc., Anthony D. Adams, Robin W. Jones, Avery T. Lanius, Robert L. Scott and John A. Molnar are DISMISSED;

(19)  the claims of the New Jersey plaintiff, Stefanie Bounassi, against Wyeth in <u>Cole</u> are DISMISSED without prejudice;

(20)  the claims of the remaining non-Georgia plaintiffs, Cheryl Hoban, Geraldine Lies, Olinda McCabe, Carrie Nelson-Hartman, Vicky Ortiz, Lisa Anderson, Mary Bergquist, Wendy Brovold, Gail Davidson, Cheryl Gumke, Chandace Woehlhaff, Kristy Kongslie, Karen Olson, Karen Ramsey, Bonnie Sandeen, Bonnie Simmons, Janice Strande, Dedriene Taylor, Terri Hams, Marilyn Aiken, Bettery J. Montgomery, Patricia Bailey-Stuhr and Diane Talbot against Wyeth in <u>Cole</u> are DISMISSED without prejudice;

(21)  the motion of plaintiffs in <u>Ross, et al. v. American Home Products Corp., et al.</u>, Civ. A. No. 03-20173 ("<u>Ross</u>") to remand to the Superior Court of Fulton County, Georgia is DENIED;

(22)  all claims in <u>Ross</u> against defendants Rugby Laboratories, Inc., Anthony D. Adams, Robin W. Jones, Avery T. Lanius, Robert L. Scott and John A. Molnar are DISMISSED;

(23)  the claims of the New Jersey plaintiff, Doris Towson, against Wyeth in <u>Ross</u> are DISMISSED without prejudice; and

-5-

(24)  the claims of the remaining non-Georgia plaintiffs, Mary Ehni, Delemma Greywater, Clinton Sauter, Margaret Schwab, Sue Nieland, Becky Meek, Richard Nicklos, Mary Tintes, Susan Olson-Edwardson, Doug Waters, Colleen Bergeron, Sheri Coleman, Holly Anderson, Enid Haslam and Kelly Hoss against Wyeth in <u>Ross</u> are DISMISSED without prejudice.

BY THE COURT:

_Harvey Bartle_  J.