# EXHIBIT 2

# COMMONWEALTH OF MASSACHUSETTS

**EASTERN COUNTIES, ss.**                                    **SUPERIOR COURT**

IN RE MASSACHUSETTS STATE
COURT DIET DRUG LITIGATION

## STIPULATED PRE-TRIAL ORDER NO. 2

As a result of conferences with counsel, and after hearing, the Court concludes that it would serve the interest of justice to enter this Pre-Trial Order to supersede Pre-Trial Order No. 1, dated April 2, 1999.

I.     PRESENT CASES

Except as otherwise directed by the Court, this Order will be applicable to all cases, including those pending and any further cases, alleging personal injury, illness, disease, death, or loss of consortium purportedly arising out of consumption of fenfluramine, phentermine and/or dexfenfluramine, individually or in combination (hereinafter, "diet drugs") that are commenced in Suffolk, Norfolk, Middlesex, Essex, Plymouth, Bristol, Barnstable or Worcester counties (hereinafter called the "Eastern Counties"). The Estate of Mary J. Linnen v. A.H. Robins, et al, Middlesex County Docket No. 97-2307, which has been pending since May of 1997 and is substantially advanced in pretrial discovery, is exempt from Pretrial Order No. 2.

II.     FUTURE CASES

In the event future cases are filed in this Court or transferred to this Court concerning similar factual bases and allegations, this order will apply to all after-filed cases except as otherwise directed by the Court or upon Motion, for good causes shown, by the party seeking to have this Order declared inapplicable.

LITDOCS:340844.1

2

Upon receipt of a complaint from an attorney representing a plaintiff, which attorney is not listed on the Diet Drug Service List attached hereto as Exhibit A (which Certificate of Service is to be amended from time-to-time as necessary), Defendants' Coordinating Counsel shall send a copy of this Order, along with Defendants' standard sets of interrogatories and document requests, to said new plaintiff's counsel.

III.    APPOINTMENT OF SUPERVISING JUDGE AND COORDINATION OF CASES

A.    These cases are consolidated for all pretrial proceedings, substantive or otherwise. The Honorable Raymond J. Brassard (the "Supervising Judge"), having conferred with the Chief Justice and with the agreement of all the current parties, has been assigned to these cases for all purposes (pretrial and trial) until further order of the Court.

B.    All cases governed by this Order, whether already pending or hereafter commenced, shall except as otherwise herein provided, be subject to the jurisdictional and venue provision of the applicable General Laws and Massachusetts Rules of Civil Procedure. The question of consolidation or transfer of some or all cases for trial is reserved.

C.    The rules of the Superior Court regarding motions and oppositions thereto shall apply to cases governed by this Order.

D.    If action by the Supervising Judge is requested by any party upon any pretrial matter and the Supervising Judge is sitting in a county other than Middlesex County, it shall be the responsibility of counsel requesting such action to furnish copies of all relevant documents on file to the Supervising Judge at least seven [7] days prior to the date requested for hearing. It shall also be the responsibility of counsel who requests or marks upon a motion to send any order of the Supervising Judge to the Clerk's Office in Middlesex County, East Cambridge, for appropriate filing.

- 2 -LITDOCS:340844.1

3

## IV.   COORDINATING COUNSEL

A.    Appointment of Coordinating Counsel to act on behalf of all plaintiffs' and defendants' counsel for the purpose of management of the consolidated cases, after appropriate consultation where necessary, will facilitate communications among the Court and counsel, minimize duplication of efforts, coordinate joint positions, and provide for the efficient progress and control of this litigation.

Coordinating Counsel shall perform the following duties and have the following powers:

1.    To receive on behalf of and distribute promptly to counsel notices and other documents from the Court;

2.    To call meetings of counsel for the purpose of agreeing upon responses to questions and suggestions of the Court, and for all purpose of initiating proposals, suggestions, proposed order, proposed schedule, joint briefs and joint schedules, and also for the purpose of initiating or opposing other pretrial proceedings when appropriate;

3.    To perform such other functions expressly authorized herein or by further Order of the Court.

Coordinating counsel shall perform these functions as necessary and appropriate for resolution of issues pertaining to the management of the consolidated cases. In no event shall any Coordinating Counsel have the authority to speak for other parties, receive notices for other parties, or perform any other Coordinating Counsel functions with respect to individual cases within the consolidated docket, except by express agreement of all parties.

B.    In order to facilitate communications with the Court and with counsel for the plaintiffs, to minimize duplication of effort, to coordinate joint positions and to provide for the efficient progress of the litigation, defendants, under the leadership of Defendants' Coordinating Counsel may meet and confer. Each member of the defense group, and its counsel, have acknowledged and agreed that these efforts are privileged and confidential, and the substance of

- 3 -LITDOCS:340844.1

**4**

any discussions, meetings, writings exchanged or other forms of joint defense effort is not to be revealed to anyone.  All such efforts made by plaintiffs are similarly privileged and confidential and are not to be revealed to anyone.

    C.    <u>Designation of Defendants' Coordinating Counsel</u>:  Coordinating Counsel shall function as a liaison among the defendants, for purposes set forth in Paragraph A above. Coordinating Counsel shall receive on behalf of and distribute promptly to all such defendants' counsel notices and other documents from Plaintiffs' Coordinating Counsel which concern issues pertaining to the management of the consolidated cases.  The Court designates the following firm to serve as coordinating counsel for all defendants:

> Bingham Dana LLP
> 150 Federal Street
> Boston, Massachusetts 02110
>
> Attn: Janice W. Howe, Esq., Paul M. Robertson, Esq., David Yamin, Esq.

    D.    <u>Designation of Plaintiffs' Coordinating Counsel</u>: The Court designates the following firm to serve as coordinating counsel for all plaintiffs:

> Thornton & Naumes LLP
> 100 Summer Street, 30th Floor
> Boston, Massachusetts 02110
>
> Attn: Edwin L. Wallace, Esq.

V.    <u>**PLEADINGS**</u>

    A. New actions shall be commenced and service accomplished in the usual manner prescribed by the Massachusetts Rules of Civil Procedure and the laws of the Commonwealth of Massachusetts.

5

Except as otherwise provided by the Massachusetts Rules of Civil Procedure, proof of service of all pleadings and other papers required to be served shall be sufficient if it contains a written statement of counsel that service was made on all parties to the individual case to which the papers refer.

B.     At the time a new action is commenced, plaintiffs' counsel shall serve upon Defendants' Coordinating Counsel a copy of the Complaint. In no event, however, shall any Coordinating Counsel be deemed to be an agent for service of process.

C.     Each defendant may, within thirty [30] days after service or such other time as may be agreed to between plaintiff and defendant, serve an Acknowledgement of Service in the form attached to this Order (See Exhibit B attached hereto). Upon the filing of such Acknowledgement of Service, the defendant will be deemed to have denied all material allegations contained in the plaintiffs' complaint and to have raised each of the affirmative defenses contained in the defendants standard set filed in the consolidation docket. The filing of the Acknowledgement of Service shall not constitute a waiver of a defendant's right to challenge any defect in process or service of process and by filing said Acknowledgement of Service the defendant shall be deemed to have fulfilled the Requirements of Massachusetts Rules of Civil Procedure, Rule 12.

Defendants are encouraged to file a standard set of affirmative defense in the consolidation docket. Nothing herein shall preclude defendants from filing individual answers, if they so choose. However, filing such individual answers is not encouraged. In light of the delays that frequently occur between service of process and the receipt of complaints by Massachusetts defense counsel, plaintiffs' counsel shall grant liberal extensions of time to file the Acknowledgement of Service or answer.

6

D.    Plaintiffs may, without leave of Court, amend complaints to add claims based on survivorship, loss of consortium or society.

E.    Plaintiffs may add or delete defendants from their Complaints without leave of Court within ninety [90] days of the entry of this Pre-Trial Order No. 2. Thereafter, all amendments to join defendants may be made pursuant to the Massachusetts Rules of Civil Procedures.

F.    Service of any amendment by mail on Massachusetts counsel for a defendant shall be considered service on that defendant, except if the amendment provides for the addition of parties defendant to a case or cases, in which event the requirements of Massachusetts Rules of Civil Procedure 4 and 15 shall apply.

When a complaint is amended so as to add new plaintiffs or new defendants, all previously named defendants shall be deemed to have answered as set forth in paragraph C. Other amendments to the pleadings shall be pursuant to Massachusetts Rule of Civil Procedure 15. A defendant which has previously answered as set forth in the preceding paragraph is not required to file any further responsive pleading to any amended complaint.

In the event that any plaintiff's claim is severed from a complaint, the resulting amended complaints shall relate back to the date of the filing of the original complaint as to such claim. All other issues concerning the relation back of amendments will be controlled by the governing law.

VI.    <u>PRODUCT IDENTIFICATION DUE DILIGENCE STATEMENT</u>

In all individual diet cases subject to these coordinated proceedings, plaintiffs are required within thirty [30] days from the time of service of their complaint, or within thirty [30] days of entry of this Pre-Trial Order No. 2 for cases in which service of the complaint has been

7

made prior to the entry of this Pre-Trial Order No. 2, to serve therewith a completed Product

Identification Due Diligence Statement, the form of which is attached hereto as Exhibit C.  In the

statement, each plaintiff shall identify the evidentiary support for the allegation that plaintiff or

decedent ingested a product manufactured and/or supplied by a specific defendant.  Plaintiff, or

counsel for plaintiff, shall verify that a reasonable inquiry and investigation has been made in

good faith to ascertain the specific identity, by trade name, of the product(s) plaintiff or decedent

allegedly ingested.

    The verification required above may include, by way of example, the following bases for

identification: a) the existence of pharmacy records which support product identification; b) the

existence and/or possession of other tangible evidence, e.g. prescription bottle, product

packaging, or package insert, which supports product identification; c) information supplied by a

health care provider or his/her staff which supports product identification; and/or d) statements,

signed under the pains and penalties of perjury, from an individual, including the plaintiff user,

which support product identification.

VII.    <u>INTERROGATORIES</u>

    Except as otherwise noted herein, the provisions of Massachusetts Rules of Civil

Procedure shall govern all Interrogatories and responses.  Counsel are directed to exercise the

utmost good faith in serving and answering interrogatories and in granting extensions of time to

respond to interrogatories.

    A.    <u>Defendants' Interrogatories To Plaintiffs</u>

        1.    Counsel for the defendants shall file a first standard set of interrogatories

within forty-five [45] days from the date of this order.  Objections to those interrogatories will be

8

filed by the plaintiffs within thirty [30] days of receipt thereof, and duly heard by me within

fourteen [14] days of filing. The defendants may file a further standard set of interrogatories to

elicit information concerning the plaintiffs' expert witnesses. After hearing upon the plaintiffs'

objections, I will attach to a copy of defendants' standard set of interrogatories, my rulings on the

objections.

For cases filed prior to the filing of defendants' standard interrogatories, responses will be

due ninety [90] days after my final rulings on the objections to those interrogatories. For all

other cases, answers to the standard interrogatories will be due ninety [90] days after the filing of

the complaint.

2.    Defendants' standard set of interrogatories shall not apply to physician,

weight loss center/clinic, hospital and/or pharmacy defendants. The Massachusetts Rules of

Civil Procedure shall be applicable to such defendants.

3.    The standard set of interrogatories shall not exceed forty-five [45] in

number without leave of court.

4.    After the standard set of interrogatories referred to above is answered, the

defendants may file one set of supplemental, non-repetitive interrogatories which are relevant to

the defendants' preparation of their defense in any cases as it deems appropriate. Each set of

supplemental interrogatories shall be limited to ten [10].

5.    Plaintiffs in cases filed prior to the entry of Pre-Trial Order No. 2 shall

answer the interrogatories attached hereto as Schedule A within 45 days of the entry of Pre-Trial

Order No. 2. The interrogatories set forth on Schedule A shall count toward the 45 standard

interrogatories to which defendants are entitled without leave of Court.

9

**B.**    <u>Plaintiffs' Interrogatories to Defendants</u>

1.    Some defendants herein are defendants in other diet drug litigation around the country (Phentermine/ Fenfluramine/ Dexfenfluramine) and have submitted responses to standard interrogatories in other proceedings. The defendants are first required to produce, and the Plaintiffs are first required to review such defendants' responses before serving any additional interrogatories in this docket. Defendants shall produce to Plaintiff's Coordinating Counsel such responses within twenty-one [21] days from the date of this order. Following such review, plaintiffs may serve a non-duplicative standard set of interrogatories no later than sixty [60] days from the date of receipt of such defendants' responses. Objections to those interrogatories will be filed by the defendants within thirty [30] days of receipt thereof, and duly heard by me within fourteen [14] days of filing. The plaintiffs may file a further standard set of interrogatories to elicit information concerning the defendants' expert witnesses. After hearing upon the defendants' objections, I will attach to a copy of plaintiffs' standard set of interrogatories, my rulings on the objections. Responses will be due ninety [90] days after my final rulings on the objections to those interrogatories. The standard sets of interrogatories and defendants' answers thereto shall apply to all pending and after-filed cases.

2.    Plaintiffs' standard set of interrogatories shall not apply to physician, weight loss center/clinic, hospital and/or pharmacy defendants. The Massachusetts Rules of Civil Procedure shall be applicable to such defendants.

3.    The standard set of interrogatories shall not exceed forty-five [45] in number without leave of court.

4.    After the standard set of interrogatories referred to above is answered, the plaintiffs may file one set of supplemental, non-repetitive interrogatories upon each defendant

which are relevant to the plaintiffs' preparation of their cases for trial as they deem

appropriate. Each set of supplemental interrogatories shall be limited to ten [10].

VIII.    DOCUMENT REQUESTS

    A.    General Guidelines

        1.    Except as provided herein, the provisions of Massachusetts Rules of Civil

Procedure 34 and 30(b)(5) will govern all requests for documents.

        2.    If objection is made to a request based on burdensomeness, the objecting

party is encouraged to describe the burden with reasonable particularity including the location

and nature of the documents and all other relevant information. If an objection is based on

privilege, the objecting party is encouraged to identify the privilege claimed and the basis upon

which the claim is founded, and provide a reasonably particular description of the nature of each

document. Any defendant who has produced a privilege log in other diet drug litigation shall

provide a copy of any such log or logs to Plaintiffs' Coordinating Counsel within thirty [30] days

of the date of this order. The objection, if directed to the time, place and manner of inspection,

shall state a counterproposal for such matters.

        3.    Counsel are directed to exercise the utmost good faith in making requests

for production and in responding to requests and in granting extensions of time to respond to

requests and produce documents.

    B.    Defendants' Requests for Documents to Plaintiffs

        1.    Counsel for the defendants are directed to consult among themselves and

develop standard document requests for the plaintiffs, taking due care to avoid duplicative

requests. Counsel shall file a standard document request within forty-five [45] days of the date

of this order. Objections to those requests shall be filed by the plaintiffs within thirty [30] days

11

of receipt thereof and duly heard by me on within fourteen [14] days of filing. After hearing

upon the plaintiffs' objections, I will attach to a copy of defendants' standard document requests,

my rulings on the objections. For cases filed prior to the filing of defendants' standard document

requests, responses will be due sixty [60] days after my final rulings on the objections to those

document requests. For all other cases, answers to the standard document requests will be due

ninety [90] days after the filing of the complaint. Responses to any other document requests for

the defendants shall be pursuant to Massachusetts Rule of Civil Procedure 34.

      2.    The provisions of this section shall not apply to physician, weight loss

center/clinic, hospital and/or pharmacy defendants. The Massachusetts Rules of Civil Procedure

shall be applicable to such defendants.

      3.    Each plaintiff shall serve one set of the requested documents on

Defendants' Coordinating Counsel who will permit other defendants' counsel to inspect and copy

such documents as they desire.

      4.    No further document requests may be served on any plaintiffs' counsel

without leave of court.

      5.    The documents produced by plaintiffs in response to defendant's standard

document requests shall include a copy of the request forwarded to medical providers for

plaintiff's or decedent's medical records.

      6.    Plaintiffs in cases filed prior to the entry of Pre-Trial Order No. 2 shall

respond to the document requests attached hereto as Schedule A within 45 days of the entry of

Pre-Trial Order No. 2.



C.   Plaintiffs' Requests for Documents to Defendants

1.    Some defendants herein are defendants in other diet drug litigation around the country (Phentermine/ Fenfluramine/ Dexfenfluramine) and have submitted responses to document requests in other proceedings. Defendants are first required to produce all documents from one representative diet drug case of plaintiffs' choice, which case will be inclusive of documents produced in all such litigation, to Plaintiffs' Coordinating Counsel within 30 days of the date of this order. The documents shall be produced in the same manner as they were produced in that litigation. By accepting the documents, plaintiffs agree to be bound by all relevant orders in the prior cases in which these documents have been produced, including orders governing confidentiality of documents and inadvertent disclosure of confidential and/or privileged documents, copies of which will be provided along with the document production. The documents may be produced in CD-ROM form to Plaintiffs' Coordinating Counsel, at plaintiffs' expense, who will permit inspection and copying by other plaintiffs' counsel on request. These defendants will also provide to Plaintiffs' Coordinating Counsel all indices to the document production in the representative diet drug case that have been supplied in that case, and will supplement both the production and the indices as they are supplemented in the representative diet drug case.

2.    The provisions of this section shall not apply to physician, weight loss center/clinic, hospital and/or pharmacy defendants. The Massachusetts Rules of Civil Procedure shall be applicable to such defendants.

3.    No further document requests of those defendants who have produced documents from a representative diet drug litigation will be served without leave of court.

13

IX.    REQUESTS FOR ADMISSION

Requests for Admission are permitted in the Diet Drug Cases covered by this Pre-Trial

Order and shall be governed by Massachusetts Rule of Civil Procedure 36.

X.    DEPOSITIONS

A.    Subject to the restrictions set forth herein and in Section XI of this Order,

depositions, including videotape depositions, may be taken by any party upon service of proper

notice of deposition, for any use permitted by the Massachusetts Rules of Civil Procedure.

B.    All counsel should avoid unnecessary and repetitive questioning of witnesses.

C.    All counsel may attend any deposition noticed in the consolidated docket.

Individual counsel are directed to limit their questions so as to avoid repetitive and unnecessary

interrogation in areas reasonably explored.

D.    Objections made by one defendant or Coordinating Counsel for any category of

defendant during a deposition shall be considered as objections made on behalf of all defendants.

Similarly, objections made by one plaintiff or Plaintiffs' Coordinating Counsel during a

deposition shall be considered as objections made on behalf of all plaintiffs.

E.    All depositions shall be conducted with due regard for physical and emotional

condition, health and disability of the deponent.

F.    Deposing counsel shall, no later than twenty four (24) hours prior to the taking of

any deposition, furnish deponent's counsel with a copy of all of the documents he or she, in good

faith, expects to question the deponent about during the deposition. Where the deponent is an

employee of a defendant, the deposing counsel may furnish the deponent's counsel with a list

designating the Bates numbers of all such documents in lieu of furnishing deponent's counsel

with the actual documents.

14

XI.    <u>VIDEOTAPE DEPOSITIONS</u>

A.    Videotape depositions of "terminally ill" or "in extremis" witnesses, as those terms are defined in Paragraph B below, may be taken no sooner than seven [7] days after the date of the taking of the witness' discovery deposition.

B.    An individual is "terminally ill" or "in extremis" for purposes of this order if reliance on the Rules of Civil Procedure for depositions and videotape depositions would create a substantial risk that the videotape deposition could never be had, because of the declining health of the individual and because of the lack of any reasonable likelihood of improvement in the individual's condition which would make a meaningful videotape deposition possible.

C.    Any plaintiff's counsel who wishes to take a deposition of a party plaintiff under Paragraph (B) of this section shall serve notice of the discovery deposition at least ten [10] working days prior to its proposed commencement.

D.    Any plaintiff's counsel who wishes to take a deposition of a party plaintiff under Paragraph (B) of this section shall serve together with the notice of deposition a detailed affidavit certifying that the deponent is "terminally ill" or "in extremis" as defined in this order.

E.    Any plaintiff's counsel who wishes to take a deposition of a party plaintiff under Paragraph (B) of this section prior to responding to standard interrogatories and document requests, the following information shall be provided along with the notice of deposition:

1.    A list of all medical providers who have treated the plaintiff for any condition alleged to have resulted from exposure to diet medications, any medical records from such providers in the possession of plaintiff or plaintiffs' counsel, and a copy of the signed release sent to the medical providers as evidence of the request for any such medical records;

15

2.    A list of all medical providers who have treated the plaintiff for any other condition, any medical records from such providers in the possession of plaintiff or plaintiffs' counsel, and a copy of the request forwarded to the medical providers to evidence the request for any such medical records;

3.    A list of all employers, dates of employment, and nature of employment, any records of such employment in the possession of plaintiff or plaintiffs' counsel; and

4.    The product identification certification required under Section VI, if such certification has not already been served.

XII.    USE OF DISCOVERY AND DEPOSITIONS FROM OTHER CASES

A.    Various employees of parties, former employees of parties, and other witnesses have been deposed in other cases involving alleged diet drug related injuries. To avoid undue expense and duplication, and unnecessary imposition upon witnesses, each defendant and third-party defendant who has not already done so shall file, within forty-five [45] days from the date of this order, a list of all depositions taken of its present or former officials and employees in any diet drug case in which the defendant was a party, the caption and docket number of the case, the jurisdiction where the case was pending, and the dates of each deposition. Prior to noticing the deposition of any previously-deposed witnesses, Plaintiffs' counsel shall request and Defendants' counsel shall provide, all transcripts of any such previously-deposed witnesses, provided that production of such transcripts does not constitute a violation of any court order in any other pending diet drug cases.

B.    Plaintiffs may not depose any previously deposed employee or former employee of a corporate defendant without leave of the Supervising Judge, except by agreement between the applicable parties.

- 15 -LITDOCS:340844.1

16

C.    Any party seeking to use any portion of a prior deposition as substantive evidence at trial shall provide to opposing counsel no later than thirty [30] days before a scheduled trial date a marked copy of the transcript showing the testimony sought to be used and a designation of which parties against whom each deposition is sought to be admitted in evidence, together with the specific issue on which the deposition will be offered as evidence. Each party will then review the deposition and advise opposing counsel whether there is any objection to use of the preferred portions of the deposition in lieu of a new deposition of the witness. If there is no objection, plaintiffs' counsel and defendants' counsel shall file a stipulation stating that the selected portions of the deposition can be used as if noticed and taken in any of the consolidated cases. If there is an objection, the Court will determine, on motion of the party seeking to use it, whether the deposition may be used in this litigation in lieu of a new deposition of the witness. In any portion of such prior deposition is introduced as evidence at trial, the party introducing such evidence shall not oppose a proper jury instruction that limits the applicability of such evidence to the party against whom it was introduced.

XIII.   ADMISSION OF ATTORNEYS

Any attorney admitted to practice before a court of general jurisdiction in one of the fifty states or the District of Columbia, but who is not a member of the bar of Massachusetts, and who has associated a Massachusetts attorney as co-counsel in any of the coordinated Diet Drug Cases, shall be deemed admitted *pro hac vice* to practice before this Court in connection with these actions only. No further procedures are required for such counsel to be admitted to practice before the Court for the purpose of these actions.

XIV.   CONTINUING JURISDICTION

- 16 -LITDOCS:340844.1

17

This Court reserves its jurisdiction to modify or amend this Order as it deems

necessary or appropriate under the developing circumstances of these coordinated proceedings.

It is the intent of this Order that future Orders of this Court will address such issues as master

pleadings,

service, coordination of discovery and other pretrial issues.

SO ORDERED:

_____

Hon. Raymond J. Brassard
Justice of the Superior Court

Dated: April 6, 2000

*Schedule A*

## INTERROGATORIES

1.    Please identify by name and address each health care professional or institution (excluding mental health professionals) by whom or at which plaintiff has been seen, examined, evaluated, treated or who has been consulted with regard to plaintiff's health since January 1, 1988, and for each please describe the dates of such examinations or consultations; the reason treatment was sought; and the treatment or course of action recommended or rendered.

2.    Please provide a complete chronological history of your employment (including any service in the United States Armed Forces), including each position held, the names and addresses of each employer, the dates of employment.

3.    Please state the name, address, dates of attendance, degrees and diplomas, and highest level completed of each high school, college, university, or training institution you have ever attended, and state any major or areas of specialization.

## DOCUMENT REQUESTS

1.    All of plaintiff's medical records (excluding mental health records) from birth to present that are currently in plaintiff's possession, including but not limited to medical reports and summaries; surgical reports and summaries; pathology reports and summaries; consultation records; treatment records; radiological reports; original x-rays; CT scans; MRI films; tissue blocks; specimens and slides; histories; prognoses; physician's notes; therapists' notes; nurses' notes; and diagnostic testing reports and results.

2.    All documents concerning any insurance coverage that are currently in plaintiff's possession which may be applicable to any illness, injury, or medical condition for which plaintiff seeks to recover in this action.

**EXHIBIT A**

**SERVICE LIST FOR MASSACHUSETTS DIET DRUG LITIGATION**

**PLAINTIFFS**

Marilyn T. McGoldrick, Esquire
Thornton, Early & Naumes LLP
100 Summer Street – 30th Floor
Boston, Massachusetts 02110

Samuel M. Pollack, Esquire
Law Offices of Hugo & Pollack
Four Faneuil Hall Marketplace
Boston, Massachusetts 02109

Merrill D. Goldfarb, Esquire
Katz & Goldfarb
100 State Street – 5th Floor
Boston, Massachusetts 02109

James E. Riley, Jr., Esquire
Karol & Riley, P.A.
11 Beacon Street – Suite 605
Boston, Massachusetts 02108

David P. Angueira, Esquire
Swartz & Swartz
10 Marshall Street
Boston, Massachusetts 02108

Alex H. MacDonald, Esquire
James D. Gotz, Esquire
Robinson & Cole, LLP
One Boston Place
Boston, Massachusetts 02108

Joseph Machera, Esquire
Machera Law Offices
220 Beach Street
Revere, Massachusetts 02151

LITDOCS:340845.1

Edward Manchur, Esq.
Gilman & Pastor
One Boston Place
Boston, MA 02108

Monica Jerome Maina, Esquire
Law Offices of Brian Cunha
904 Broadway
E. Providence, RI 02914

Albert P. Zabin, Esquire
Schneider Reilly LLP
Three Center Plaza
Boston, MA 02108

LITDOCS:340845.1

## DEFENDANTS

Peter L. Resnik, Esquire
Kevin E. Young, Esquire
McDermott, Will & Emery
28 State Street
Boston, Massachusetts 02109

Francis H. Fox, Esquire
Janice W. Howe, Esquire
Paul M. Robertson, Esquire
David Yamin, Esquire
Bingham Dana, LLP
150 Federal Street
Boston, Massachusetts 02110

Shaela McNulty Collins, Esquire
Campbell, Campbell & Edwards, P.C.
One Constitution Plaza
Boston, Massachusetts 02129

Ellen Epstein Cohen, Esquire
Anderson, Adler, Cohen & Harvey LLP
230 Congress Street
Boston, Massachusetts 02110

John A. Donovan, III, Esquire
Sloane and Walsh
Three Center Plaza
Boston, Massachusetts 02108

James L. Wilkinson, Esquire
McCarthy, Bouley & Barry, P.C.
One Main Street
Cambridge, Massachusetts 02142

James R .Carroll, Esquire
Skadden, Arps, Slate Meagher & Flom, LLP
One Beacon Street
Boston, MA 02108

David A. Barry, Esquire
Sugarman, Rogers, Barshak & Cohen
101 Merrimac Street, 9th Floor
Boston, MA 02114-4737

LITDOCS:340845.1

Mary E. Windham, Esquire
Goodwin, Proctor & Hoar
53 State Street
Exchange Place
Boston, MA 02109

Susan R. Grady, Esquire
13 South Main Street
Topsfield, MA 01983

John Egan, Esquire
Posternak, Blankstein & Lund
100 Charles River Place, 9th Floor
Boston, MA 02114

Seema Lynch, Esquire
Hunter & Associates PC
83 Atlantic Avenue
Boston, MA 02110

Exhibit B

## COMMONWEALTH OF MASSACHUSETTS

EASTERN COUNTIES, ss.                                    SUPERIOR COURT

IN RE MASSACHUSETTS STATE
COURT DIET DRUG LITIGATION

## ACKNOWLEDGEMENT OF SERVICE

      Defendant                               hereby acknowledges receipt of a summons and a

copy of plaintiffs' complaint in this action.

      Under Pre-Trial Order No. 2 ¶ V, C, Defendant is deemed to have denied all material

allegations contained in plaintiffs' complaint and have raised each of the affirmative defenses

contained in the Defendant's standard set filed in the consolidated docket.

      Defendant demands a trial by jury on all issues brought by or against defendants in this

action.

                                     Respectfully submitted,

                                     Defendant
                                     By its attorneys,

                                _____

Dated: _____
1109080

<u>Exhibit C</u>

<u>Product Identification Due Diligence Statement</u>

Pursuant to Pre-Trial Order No. 2, each plaintiff whose action is subject to In Re Massachusetts State Court Diet Drug Litigation is required to complete and serve a verified Product Identification Due Diligence Statement at the time of service of their complaint.

| I. PERSONAL INFORMATION: | |
|---|---|
| Name of Plaintiff or Decedent (Last, First, Initial): | |
| Jurisdiction: | |
| Case No.: | |
| | |
| Date of Birth: | |
| Social Security No.: | |

| II. EXPOSURE INFORMATION: | |
|---|---|
| A. General Anorectic Drugs to Which Plaintiff or Decedent Alleges Exposure: (check all appropriate boxes ☒) | |
| Anorectic Drug: | Dates of Exposure: |
| ☐ Dexfenfluramine alone | |
| ☐ Dexfenfluramine/Phentermine combined | |
| ☐ Fenfluramine alone | |
| ☐ Fenfluramine/Dexfenfluramine combined | |
| ☐ Fenfluramine/Phentermine combined | |
| ☐ Phentermine alone | |

**B.** Specific Anorectic Drug Products to Which Plaintiff or Decedent Alleges Exposure: (check all appropriate boxes ☒)

| Product trade name: | Proof of Exposure to the Specific Product:<br><br>(1)  Identify source of information by which product identification was made (i.e. "records of (name doctor, facility and/or business);" "product packaging;" "package insert;" and/or "statements from an individual" (provide name, title, address and phone number); etc.), and Attach copies of all documents identified in response to this section.<br><br>AND/OR<br><br>(2)  Check the box ☒ corresponding to "Unable to Identify," indicating that you have contacted your or decedent's physicians, pharmacists, clinics, and retailers, looked for an examined all available packaging, receipts and other documentation available to you, including your or decedent's relevant medical records, and cannot identify a specific product by trade name: | Dates of Exposure:<br>(Be as specific as possible.  If you discontinued and then resumed taking a drug, so indicate.) |
|---|---|---|
| **DEXFENFLURAMINE** | | |
| ☐    Adifax | | |
| ☐    Redux | | |
| ☐    Unable to Identify | ☐ | |
| **FENFLURAMINE** | | |
| ☐    Pondorax | | |
| ☐    Pondimin | | |
| ☐    Unable to Identify | ☐ | |

| PHENTERMINE | | | |
|---|---|---|---|
| ☐ Adipex P | | | |
| ☐ Banobese | | | |
| ☐ Duromine | | | |
| ☐ Fastin | | | |
| ☐ Ionamin | | | |
| ☐ Mirapont | | | |
| ☐ Obenix | | | |
| ☐ Oby-cap | | | |
| ☐ Panbesy | | | |
| ☐ Zantryl | | | |
| ☐ Generic Phentermine (provide descriptive characteristics and manufacturer and/or distributor if known) | | | |
| ☐ Unable to Identify | ☐ | | |

I, _____, am the attorney of record for the person identified in this Product Identification Due Diligence Statement. I have reviewed this form, as completed, with my client and certify under penalty of perjury of the laws of the State of Massachusetts that to the best of my knowledge a complete and thorough search has been conducted in good faith for the information called for in this form, and the information contained herein is true, complete and accurate.

Dated: _____    _____

(Print name) _____

I, _____, am the person or personal representative of the decedent identified in this Product Identification Due Diligence Statement. I have reviewed this form, as completed, and certify under penalty of perjury of the laws of the State of Massachusetts that a complete and thorough search has been conducted in good faith for the information called for in this form, and the information contained herein is true, complete and accurate.

Dated: _____        _____

(Print name) _____