# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION



CAROL DYKES

                                                      PLAINTIFF

VERSUS                                                  CIVIL ACTION NO. 2:03CV121PG

MARY ELIZABETH REEVES, et al                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand to the Circuit Court of Jones County, Mississippi. The Court conducted a status conference and hearing on the Motion to Remand on June 24, 2003. The Court having considered the briefs, the arguments of the parties, and the exhibits on file, finds as follows:

## FACTUAL BACKGROUND

Defendant Ernest P. Reeves, M.D., prescribed the diet drugs, Pondimin and/or Redux to Plaintiff Carol Dykes. Defendant Wyeth manufactured the drugs. They were removed from the market in September 1997. In January or February of 2000, Plaintiff received an Official Notice of the National Class Action Settlement for diet drug claims. The materials she received indicated that diet drugs, such as those she had been prescribed and had ingested, could cause valvular heart disease. In her affidavit and deposition testimony, Plaintiff states that she did not experience any noticeable symptoms that might have resulted from her use of diet drugs until December or January of 2001, when she began to experience shortness of breath. On May 5, 2001, Dykes consulted a cardiologist and had an echocardiogram performed. She received the results from the echocardiogram in July 2001. Dykes stated that she first leaned



that she an injury to her heart valves in May of 2001, when the echocardiogram was performed. On June 21, 2002, Plaintiff filed her complaint in the Circuit Court of Jones County, Mississippi.

In her complaint, Plaintiff asserted claims against Dr. Reeves' estate for medical negligence and fraud allegedly committed by Dr. Reeves. She also asserted claims against the manufacturers of Pondimin and Redux; Mississippi pharmaceutical representatives; and a Mississippi pharmacy. Defendants removed the action to this Court on March 4, 2003.

## STANDARD OF REVIEW

The removal statutes are to be strictly construed against removal. Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979). The Defendants, as the removing parties, bear the burden of establishing the Court's jurisdiction. See Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S. Ct. 35, 66 L.Ed. 144 (1921); De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995); Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir. 1993). Generally, where there are close questions whether to remand an action, the Court will resolve the issue in favor of remand. OPNAD Fund, Inc. v. Watson, 863 F. Supp. 328, 330 (S.D. Miss. 1994); citing Laughlin v. Prudential Ins. Co., 882 F.2d 187, 190 (5th Cir. 1989). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000).

Through decades of Supreme Court jurisprudence, it is axiomatic that federal courts are courts of limited jurisdiction. See generally B., Inc. v. Miller Brewing Co., 663

2

F.2d 545 (5th Cir. 1981). All federal district courts are well advised not to poach upon the territory of a coordinate judicial system. Id. at 548. "When a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." Marathon Oil Co. v. Ruhrgas, 145 F.3d 211, 216 (5th Cir. 1998) (en banc). Under our doctrine of "federalism" this Court should not usurp authority over cases that are properly in state court. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Butler, 592 F.2d at 1296.

The burden of establishing federal jurisdiction is on the removing party. Wilson v. Republic Iron and Steel Co., 257 U.S. 92 (1921). However, "[w]hen a federal court is properly appealed to in a case over which it has, by law, jurisdiction, it has a duty to take such jurisdiction." England v. Louisiana State Bd. of Medical Examiners, 375 U.S. 411, 11 L.Ed.2d 440, 445 (1964) (citations omitted). Chief Justice Marshall wrote in Cohens v. Virginia, 19 U.S. 264, 5 L.Ed. 257, 291 (1821), "[i]t is most true that this court will not take jurisdiction if it should not; but it is equally true, that it must take jurisdiction if it should."

When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity jurisdiction, courts may "pierce the pleadings" and consider "summary-judgment-type" evidence such as affidavits and deposition testimony. See Cavallini v. State Farms Auto Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995). Once the Court allows a "piercing" of the pleadings and a defendant has shown "no possibility" or "no reasonable basis" of recovery by specific evidence, a plaintiff cannot rely on conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant to prevent remand. Even though the heavy burden of persuasion remains

3

on the removing party, Fifth Circuit precedent establishes a shifting burden of persuasion. See Badon v. RJR Nabisco, Inc. 224 F.3d 382, 392-93 (5th Cir. 2000); Peters v. Metropolitan Life Ins. Co., 164 F.Supp.2d 830, 834 (S.D. Miss. 2001); Rainwater v. Lamar Life Ins., 246 F.Supp.2d 546, 550-51 (S.D. Miss. 2003). Removal is proper if the plaintiff's pleading is pierced, and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the in-state defendant. Badon, 224 F.3d at 390; see Travis v. Irby, 326 F.3d 644, 648 (5th Cir. 2003) ("[a]ny argument that a gap exists between the 'no possibility' and 'reasonable basis' of recovery language was recently narrowed, if not closed."). Whether to pierce the pleadings or not to pierce the pleadings is a matter of discretion for the trial court. See Burden, 60 F.3d at 217 ("in testing for fraudulent joinder the district court in its discretion may 'pierce the pleadings'"). Fifth Circuit precedent also warns trial courts not to "pre-try" cases. Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000).

PARTIES' POSITIONS

Defendants argue that Dr. Reeves, as well as the other Mississippi resident Defendants, have been fraudulently joined to defeat diversity jurisdiction and deprive them of a federal forum. With respect to Dr. Reeves, they argue that Plaintiff did not file her medical malpractice claim within two years of the claim's accrual. They assert that valvular heart disease, when caused by ingesting prescription diet drugs, is not a latent disease but occurs at the time the drug is taken or shortly thereafter. Because Plaintiff's valvular heart disease was not a latent condition, Defendants argue that

4

Mississippi's "discovery rule" does not apply in determining when the cause of action accrued for purposes of the statute of limitations. In this case, Plaintiff stopped taking prescription diet drugs no later than September 1997, when the drugs were removed from the market. Moreover, Plaintiff received notice in January or February of 2000, of a class action settlement that notified her that diet drugs may cause valvular heart defects. Plaintiff did not file her cause of action until June 21, 2002, which was beyond the two year statute of limitations.

Plaintiff counters that she did not know of the injury until after May 5, 2001, when an echocardiogram was performed. Thus, the injury did not accrue until after May 5, 2001, when she received the results of the echocardiogram and discovered that her heart valves were damaged. Plaintiff argues that her complaint, filed on June 21, 2002, was within two years of the cardiologist's diagnosis.

Defendants strenuously argue that Plaintiff is abusing resident Defendants. That may be true. But public policy is a matter for legislative bodies, not the courts. This Court is also bound by prior precedent.

## LAW AND ANALYSIS

The statute of limitations for medical negligence provides that the claim must be "filed within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered. . ." Miss. Code Ann. § 15-1-36(b). Mississippi recognizes a discovery rule for medical malpractice claims that involve a latent injury or disease. The operative time under the discovery rule for the statute of limitations is when the Plaintiff can reasonably be held to have knowledge of

5

(1) the injury itself, (2) the cause of the injury; and (3) the causative relationship between the injury and the conduct of the medical practitioner. See Sarris v. Smith, 782 So.2d 721, 723 (Miss. 2001); Smith v. Sanders, 485 So.2d 1051, 1052 (Miss. 1986).

In February 2000, Plaintiff knew that she might have an injury. At that time, she knew that she been prescribed diet drugs by Dr. Reeves and she became aware that diet drugs could cause valvular heart disease. However, Plaintiff did not have knowledge of the injury itself until some time after May 5, 2001, when Plaintiff had an echocardiogram performed, and was given the results of the echocardiogram. There is no indication in the record of any physical symptoms until January or February of 2001 that would suggest to Plaintiff that her injury was an injury in fact rather than an injury in theory. The parties may argue over whether she should have gone to a doctor for an echocardiogram earlier than May 5, 2001. The Court concludes that the reasonableness of Plaintiff's efforts to ascertain whether she had an injury is an issue for the state court to resolve. See Jackson v. Phillips Bldg. Supply of Laurel, 246 F.Supp.2d 538 (S.D. Miss. 2003). Defendants have not established that there is no possibility of recovery against the resident physician Defendant based on a statute of limitations defense.

Defendants argue that a valvular heart defect is not a latent injury; therefore, the "discovery rule" should not apply. The MDL Court overseeing diet drug litigation has concluded that valvular heart defects are not latent because they occur when the individual ingests the diet drug medication, or shortly thereafter, and are readily detectable by an echocardiogram. Plaintiff alleges that there were no discernible

6

physical symptoms that would have made the condition apparent to Plaintiff more than two years prior to filing her complaint in State court. The condition could only have been discovered by an echocardiogram.

Defendants strongly argue that the MDL litigation has determined that valvular heart disease is not a latent disease and as such the parties in this case are bound by such finding. The fallacy of Defendant's argument in this regard is that the issue is not whether or not the condition is latent, but whether or not under Miss. Code Ann. § 15-1-36(b) the condition should have been found with "reasonable diligence." That is the issue. The issue is not whether or not the condition is latent.

Whether Plaintiff should have discovered her condition prior to June 21, 2000, is a fact question. Defendants have not met their heavy burden to establish that there is no possibility of recovery against Dr. Reeves. Accordingly, there is no complete diversity of parties. Because Defendants have not demonstrated no possibility of recovery against Dr. Reeves, it is unnecessary for this Court to examine jurisdiction on the basis of the resident pharmaceutical representatives and resident pharmacy. This Court concludes that this case clearly is controlled by this Court's previous decision in the Jackson case, supra.

This Court makes no finding that Plaintiff will or will not, or even probably will or probably will not, recover against Dr. Reeves' estate. That issue is not before this Court and it is not appropriate for this Court to consider that question. The only question before this Court is whether or not Defendants have met their heavy burden of proving no possibility of recovery and this Court concludes that Defendants have not met that heavy burden of proof.

NOV-06-2003 THU 05:03 PM

11/06 '03 17:13 NO.857 01/02

P. 01

THEREFORE IT IS ORDERED AND ADJUDGED that the motion to remand is GRANTED.

IT IS FURTHER ORDERED AND ADJUDGED that the case is remanded to the Circuit Court of Jones County, Mississippi. The Clerk is directed to return the file to that Court with a certified copy of this Order.

SO ORDERED AND ADJUDGED, this the 6th day of November, 2003.

CHARLES W. PICKERING, SR.
UNITED STATES DISTRICT JUDGE

8