UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY ANDRUS; ELEANOR ARCHAMBEAU; DIANE BONNEAU; LERTIS CALDWELL; PRISCILLA COTE; THERESA DEJOY; LAURAL FANKHAUSER; NANCY KENNEDY; BARBARA WILLIAMS; LUCINDA YOUELL,<br><br>PLAINTIFFS,<br><br>v.<br><br>INDEVUS PHARMACEUTICALS, INC., F/K/A INTERNEURON PHARMACEUTICALS, INC.; WYETH, INC; F/K/A AMERICAN HOME PRODUCTS CORPORATION; WYETH PHARMACEUTICALS, INC F/K/A WYETH-AYERST PHARMACEUTICALS, INC.; A DIVISION OF AMERICAN HOME PRODUCTS CORPORATION; AND BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.,<br><br>DEFENDANTS. | CIVIL ACTION<br>NO. 04-10911-GAO |

**DEFENDANT WYETH'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO STAY THIS CASE AND ALL OTHER
DIET DRUG CASES REMOVED TO THIS COURT PENDING TRANSFER**

**Preliminary Statement**

Wyeth will complete imminently the process of removing to this Court 195 diet drug cases involving 2,624 plaintiffs, which were filed in state superior court in Middlesex County, Massachusetts. Plaintiffs have moved to remand the first-removed case—*Andrus, et al. v. Indevus Pharmaceuticals, Inc., et al.*—and will undoubtedly move to remand the other cases in the near future. Plaintiffs in each of the 195 cases employ similar improper tactics to attempt to defeat federal diversity jurisdiction. Each diet drug case removed by Wyeth is being designated as a "tag-along" action to be transferred to

MDL 1203, which is being administered by the Hon. Harvey Bartle III of the United States District Court for the Eastern District of Pennsylvania (the "MDL Court").

Wyeth respectfully requests that this Court stay proceedings in these cases, including consideration of motions for remand, pending transfer to the MDL Court. A stay is appropriate because, as signaled by the remand motion in *Andrus*, plaintiffs' motions for remand will raise issues concerning the proper interpretation of the Nationwide Class Action Settlement Agreement ("Settlement Agreement") and the MDL Court's prior rulings. The MDL Court has exclusive jurisdiction to interpret and enforce the Settlement Agreement and is best situated to interpret its own orders. Further, the MDL Court is the court most knowledgeable concerning many of the other issues on which the motions for remand will hinge and has decided motions to remand raising similar issues in other jurisdictions. It would further the interests of judicial economy, efficiency, and consistency for the MDL Court to decide the motions for remand in the Massachusetts cases as well.

## Background

These actions arise out of Wyeth's withdrawal in 1997 of its diet drug products Redux and Pondimin from the market in light of then-new information indicating an association between those drugs and valvular heart disease. Thousands of lawsuits were brought by persons who had used those drugs. On December 10, 1997, the Judicial Panel on Multidistrict Litigation ("JPML") transferred the diet drug cases in federal court and consolidated them pursuant to 28 U.S.C. § 1407 by establishing an MDL proceeding in the United States District Court for the Eastern District of Pennsylvania. *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, 990 F. Supp.

834 (J.P.M.L. 1998). Thereafter, thousands of diet drug actions asserting claims of thousands of plaintiffs have been transferred to MDL 1203 as "tag-along" cases.

In 1999, the parties entered into the Settlement Agreement, which was approved by the MDL Court on August 28, 2000. *See In re Diet Drugs*, MDL No. 1203, 2000 WL 1222042 (E.D. Pa. Aug. 28, 2000). There are almost six million members of the diet drug class. The Settlement Agreement provided Class Members who had not previously opted out of the settlement class and who meet certain medical criteria the right subsequently to exercise what was referred to as either an "Intermediate Opt-Out" or a "Back-End Opt-Out" right. Such persons can assert claims against Wyeth in the tort system, subject to certain restrictions. Approximately 50,000 Class Members purportedly have exercised those rights and are pursuing litigation against Wyeth.

One of the trends in that litigation has been for the plaintiffs' bar to attempt improperly to prevent Wyeth from exercising its statutory right to remove diet drug cases to federal court. The plaintiffs' bar has done so by naming a variety of non-diverse parties as defendants even though plaintiffs have no viable claims against them and do not intend to pursue them to judgment. In some cases, plaintiffs also have misjoined the claims of numerous plaintiffs, only one of whom is non-diverse from Wyeth, and then attempted to leverage the single plaintiff's non-diversity to destroy jurisdiction over the entire case. The MDL Court found that plaintiffs' bar's efforts at forum manipulation are nothing more than a "sham." *Anderson v. American Home Prods. Corp.*, 220 F. Supp. 2d 414, 425 (E.D. Pa. 2002). It explained in one case that plaintiffs "are engaging in improper efforts to prevent [Wyeth] from exercising its statutory right to remove cases based on diversity of citizenship to the federal courts in Louisiana and Mississippi." *Id*.

Unfortunately, the sham that the MDL Court referred to in *Anderson* has continued. For example, last summer, plaintiffs' attorneys — including some of the plaintiffs' attorneys involved in these Massachusetts cases[1]—filed 168 cases naming more than 14,000 plaintiffs in state court in Fulton County, Georgia, even though only five percent of the plaintiffs were Georgia residents. The complaints each named several resident Wyeth employee defendants and one or a small number of plaintiffs non-diverse from Wyeth. The Hon. Robert L. Vining of the U.S. District Court for the Northern District of Georgia held that the resident defendants were fraudulently joined and that it was improper to join the claims of one or two plaintiffs non-diverse from Wyeth with the unrelated claims of plaintiffs from other states. Judge Vining denied plaintiffs' motions to remand, and the cases were transferred to the MDL Court for discovery. *See* Order, *In re Fen-Phen Litig.*, No. 1:03-MD-1-RLV (N.D. Ga. Oct. 14, 2003) (Exhibit 1). Judge Vining's decision followed the rationale of a decision by the MDL Court denying motions to remand in six cases involving 126 plaintiffs removed from Georgia state court. *See Weaver v. Am. Home Prods. Corp.*, No. 03-20153, Pretrial Order No. 2946 (E.D. Pa. July 30, 2003) (Exhibit 2).

With its efforts to funnel plaintiffs to Fulton County, Georgia, soundly rejected, the plaintiffs' bar is now attempting to funnel plaintiffs from around the country to Middlesex County, Massachusetts. The plaintiffs' bar has recently filed 195 cases on behalf of 2,624 plaintiffs, only 43 of whom are from Massachusetts. Most cases have

---

[1] The law firms Aylstock, Witkin & Sasser and Napoli, Kaiser, Bern & Associates were involved in the plaintiffs' bar's unsuccessful efforts in Georgia to keep diet drug cases out of the MDL Court.

each been filed on behalf of approximately 10-15 plaintiffs. These plaintiffs come from virtually every state in the union—from New York to California and from Florida to Maine. Plaintiffs proffer no legitimate reason for why they would bring suit in a jurisdiction as distant as 3,000 miles from their homes.

The obvious reason is to attempt to defeat federal jurisdiction. Plaintiffs attempt to defeat jurisdiction by naming Indevus, a citizen of Massachusetts, even though plaintiffs have no reasonable basis for a claim against this defendant due to the expiration of the statute of limitations. As Wyeth will demonstrate in its papers opposing remand, the MDL Court has already held, and plaintiffs are barred by collateral and judicial estoppel from contesting, that any alleged diet drug-related heart valve injuries occurred, and were detectable, no later than the time diet drug users ceased using the drugs. That date was no later than September, 1997, when the drugs were withdrawn from the market. Wyeth will further demonstrate that an overwhelming mass of publicity that diet drugs may cause valvular heart disease put plaintiffs on inquiry notice of their claims long before the statute of limitations period.[2]

In certain cases, plaintiffs also attempt to defeat jurisdiction by joining Boehringer Ingelheim Pharmaceuticals, Inc., and/or misjoining the claims of numerous plaintiffs with the claims of a single plaintiff or a small number of non-diverse plaintiffs, and then attempting to parlay the non-diversity of those plaintiffs to defeat federal jurisdiction as to all plaintiffs. These tactics are as improper as those rejected by the MDL Court in

---

[2] In the Settlement Agreement, Wyeth waived the statute of limitations as a defense, with certain exceptions. Indevus, which is not a party to the Settlement Agreement, may assert the statute of limitations.

*Anderson* and *Weaver*, and by Judge Vining in *In re Diet Drugs*. In several cases, plaintiffs have named Wyeth sales representatives as defendants, a practice that has repeatedly been rejected as fraudulent joinder by the MDL Court as well as by other courts across the country.

## Argument

This Court should stay these cases pending transfer to the MDL Court. The motions to remand can then be decided by the MDL Court, which has exclusive jurisdiction to interpret the Settlement Agreement and is uniquely positioned to address the issues raised.

Plaintiffs' motion for remand in the *Andrus* action indicates that plaintiffs will be raising numerous arguments in support of the motions to remand that will require interpretation of the Settlement Agreement and the MDL Court's prior orders. For example, plaintiffs in *Andrus* argue that Wyeth is precluded from showing that any diet drug-related heart valve injuries occurred by September, 1997 because the Settlement Agreement supposedly prohibits Wyeth from citing the MDL Court's findings in that regard. Pl. Mem. at 11-12. The MDL Court is uniquely qualified to interpret the clause of the Settlement Agreement on which plaintiffs rely. Similarly, plaintiffs contend that they are not barred from relitigating the issue of latency because "plaintiffs here had no reason to litigate the issue of latency at the time of the settlement hearing." Pl. Mem. at 13-14. Plaintiffs thereby challenge directly the MDL Court's holding in approving the settlement that all class members were fully and fairly represented in the settlement process. The MDL Court has addressed this very point, namely the application of collateral estoppel to class members who seek to relitigate the issue of latency, on

numerous occasions. *See, e.g., Harkins, et al.*, MDL No. 1203, Civil Action No. 03-20588, Pretrial Order No. 3536 (E.D. Pa. May 18, 2004) slip op. at 8 (holding that the plaintiff is "collaterally estopped from re-litigating the issue of latency") (Exhibit 3); *Allen*, MDL 1203, Civil Action No. 03-20310, Pretrial Order No. 3305 (E.D. Pa. Feb. 24, 2004) slip op. at 8–9 (Exhibit 4); *Williams,* MDL No. 1203, Civil Action No. 03-20244, *et al.*, Pretrial Order No. 3304 (E.D. Pa. Feb. 24, 2004) slip op. at 7-8 (holding that "class members are collaterally estopped from relitigating the issue of latency because Judge Louis C. Bechtle, after a full hearing on the issue, concluded that any injury related to the ingestion of the diet drugs occurred at or near the time of last use") (Exhibit 5); *Alexander*, MDL No. 1203, Civil Action Nos. 03-20206, *et al.*, Pretrial Order No. 3230 (E.D. Pa. Jan. 29, 2004) slip op. at 14–15 (holding that plaintiffs are collaterally estopped from relitigating the issue of latency) (Exhibit 6). Relatedly, plaintiffs allege that barring them from relitigating such issues on the basis of collateral estoppel violates due process. Pl. Mem. at 14. The MDL Court is best positioned to assess the fairness of applying collateral estoppel under these circumstances. Finally, plaintiffs dispute whether publicity was sufficient to put plaintiffs on notice of their claims (Pl. Mem. at 14)– a question the MDL Court has addressed repeatedly in the diet drug litigation. *See, e.g., French, et al. v. Wyeth, et al.*, MDL 1203, Civil Action No. 03-20353, Pretrial Order No. 3281 (E.D. Pa. Feb. 18, 2004), slip op. at 7-12 (Exhibit 7); *Allen*, MDL 1203, Civil Action No. 03-20310, Pretrial Order No. 3305 (E.D. Pa. Feb. 24, 2004) slip op. at 8–9 (Exhibit 4); *Jamison v. Wyeth, et al.*, MDL 1203, Civil Action No. 03-20317, Pretrial Order No. 3339 (E.D. Pa. Mar. 5, 2004), slip op. at 6 (Exhibit 8). These issues and others

requiring application of the Settlement Agreement and the MDL Court's prior orders should be decided by the MDL Court.

Plaintiffs' arguments in support of remand (and Wyeth's arguments in opposition) relate directly to issues litigated at the fairness hearing and resolved by the MDL Court's order approving the Settlement Agreement. Such arguments are best addressed by the MDL Court, which has "exclusive jurisdiction" to "interpret and enforce the Settlement." *In re Diet Drugs*, 2000 WL 1222042, at *69 (E.D. Pa. Aug. 28, 2000); Settlement Agreement § VII.B.1 (Exhibit 9). The MDL Court is also uniquely positioned to interpret its own orders.

The MDL Court's years of experience with the medical, legal and practical issues presented in the diet drug cases also uniquely position the MDL Court to decide the remand motions. For instance, the MDL Court is intimately familiar with the evidence that diet drug heart valve injuries are not latent and the publicity Wyeth contends put plaintiffs on notice of their claims. The MDL Court's knowledge concerning the role of Indevus in the litigation and the plaintiffs' bar's history of attempted fraudulent joinder position that court to evaluate whether plaintiffs have a good faith intent to pursue a claim against Indevus. As the MDL Court has itself noted, "[i]n our role as the MDL Court, we necessarily have a broader perspective than is available to a court faced with an individual fen-phen case." *Weaver*, Pretrial Order 2946, slip op. at 13 (Exhibit 2). The Court explained in another pretrial order that deciding remand motions consistently is one of the purposes of the MDL:

> [W]e are continuing to address the fraudulent joinder of individual physicians and pharmacies as defendants as a means to prevent removal. *Many of these issues have common patterns as well as ramifications far beyond any specific case. Again, we believe these issues are best resolved in a uniform manner through the coordinated proceedings of MDL 1203*.

*In re Diet Drugs*, MDL 1203, Pretrial Order No. 2984, slip op. at 6-7 (E.D. Pa. Aug. 25, 2003) (Exhibit 10) (emphasis added).

The MDL Court has addressed issues similar to those raised in numerous other cases. Some of the same counsel representing plaintiffs here filed cases on behalf plaintiffs in Mississippi fraudulently joining doctors, against whom claims were time-barred. The MDL Court found that the doctors were fraudulently joined, rejecting many of the same arguments plaintiffs make in the Massachusetts cases. *See, e.g., Allen v. Wyeth*, Pretrial Order 3305, slip. op. at 9 (Exhibit 4) ("[W]e find that plaintiffs can reasonably be held to have knowledge of their injuries [and] the case of their injuries … *as early as September, 1997*, and at the latest by March, 2000") (emphasis added). The MDL Court has also extensively addressed the issue of whether plaintiffs can defeat federal jurisdiction by misjoining their claims with the claims of a single plaintiff non-diverse from Wyeth. *Weaver*, Pretrial Order No. 2946, slip op. at 18-20 (Exhibit 2).

The MDL Court should be given the opportunity to decide the motions in this case in a manner consistent with its other holdings on these issues. Numerous other courts have stayed proceedings on remand motions in the diet drug litigation, permitting the actions to be transferred to MDL 1203 for the resolution of such motions. Those courts have recognized the experience of the MDL Court in dealing with such matters, the judicial economy of permitting remand motions raising similar issues to be decided

by the MDL Court, and the desirability of avoiding inconsistent rulings. A small sample of such orders are attached as Exhibit 11.

In their memorandum in support of remand in *Andrus*, plaintiffs contend that a stay would be inconsistent with a letter sent by the Judicial Panel on Multi-District Litigation. However, plaintiffs blatantly mischaracterize the Panel's letter. The letter states that the transferor court is encouraged to rule on motions "*unless you conclude that the motion raises issues likely to arise in other actions* in the transferee court, should we order transfer, *and would best be decided there.*" See Pl. Ex. 11 (emphasis added). The issues presented in these cases are best decided by the MDL Court for all the reasons set forth above.

## Conclusion

The Court should stay these cases pending transfer to the MDL Court.

Respectfully submitted this 18th day of June, 2004.

/s/ Janice W. Howe
William A. McCormack  BBO #329580
Janice W. Howe BBO #242190
David Yamin BBO #562216
Bingham McCutchen LLP
150 Federal Street
Boston, MA  02110
(617) 951-8000
*Counsel for Defendants Wyeth and*
*Wyeth Pharmaceuticals, Inc.*

# CERTIFICATE OF SERVICE

This is to certify that I have this day served Defendant Wyeth's Motion to Stay This Case And All Other Diet Drug Cases Removed to this Court Pending Transfer, and Wyeth's Memorandum in Support thereof, upon all parties to the above-captioned action by hand, by United States First Class Mail, postage prepaid, or by Federal Express to the following:

*Counsel for Plaintiffs in Andrus et al v. Indevus Pharmaceuticals, Inc. et al*

Edward J. Barshak (BBO No. 032040)
Michael S. Appel (BBO No. 543898)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114

Samuel W. Lanham, Jr.
Cuddy & Lanham, P.A.
470 Evergreen Woods
Bangor, ME 04401

Neil D. Overholtz
Aylstock, Witkin & Sasser, P.L.C.
55 Baybridge Drive
PO Box 1147
Gulf Breeze, FL 32562-1147

*Counsel of Record in other Massachusetts State Court Diet Drug Actions filed in Middlesex County*

Russell T. Abney
Watts Law Firm, LLP
The Mellie Esperson Building, 16th Floor
815 Walker Street
Houston, TX  77002
(713) 225-0500
(713) 225-0566 fax

Donald G. Beebe
William K. Grisham
Donald G. Beebe, P.C.
P.O. Drawer 85029
Mobile, AL  36685-0249

*Counsel for Defendants Indevus Pharmaceuticals, Inc. and Boehringer Ingelheim Pharmaceuticals, Inc. in Andrus et al v. Indevus Pharmaceuticals, Inc. et al*

Matthew J. Matule (BBO #632075)
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, Massachusetts 02108

T. Bryan Akin, III
Watts Law Firm, LLP
The Mellie Esperson Building, 16th Floor
815 Walker Street
Houston, TX  77002
(713) 225-0500
(713) 225-0566 fax

Robert J. Binstock (SBN 02328350)
Reich & Binstock, LLP
4265 San Felipe Street, Suite 1000
Houston, TX  77027
(713) 622-7271

| | |
|---|---|
| Riley L. Burnett<br>Johnson, Burnett & Chang, L.L.P.<br>5005 Riverway, Suite 250<br>Houston, TX  77056 | J. Robert Davis<br>Mignon Angelette Gill<br>Law Offices of J. Robert Davis, LLP<br>440 Louisiana, Suite 1930<br>Houston, TX  77002<br>(713) 425-5255 |
| Michael P. Friedman (BBO No. 180200)<br>Brickley, Sears & Sorett, P.A.<br>75 Federal Street<br>Boston, MA  02110<br>(617) 542-0896 | William R. Gray<br>John A. Purvis<br>Patrick T. Murphy<br>Purvis, Gray & Murphy, LLP<br>1050 Walnut Street, Suite 501<br>Boulder, CO  80302 |
| Steven W. Harris<br>Harris Law Firm<br>4407 Parliament Drive<br>Alexandria, LA  71315-3701<br>(318) 487-1978 | J. Christopher Ide<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA  22314 |
| K. Stephen Jackson<br>Joseph L. Tucker<br>K. Stephen Jackson, P.C.<br>2229 First Avenue North<br>Birmingham, AL  35203<br>(205) 252-3535 | Keith M. Jensen<br>Law Offices of Keith M. Jensen, P.C.<br>514 E. Belknap<br>Fort Worth, TX 76102<br>(817) 334-0762 |
| Dana G. Kirk (SBN 11507500)<br>Kirk Law Firm<br>4265 San Felipe Street, Suite 1450<br>Houston, TX  77027<br>(713) 651-0050 | David P. Matthews (Texas Bar No. 13206200)<br>Julie L. Rhoades (Texas Bar No. 16811710)<br>Abraham, Watkins, Nichols,<br>   Sorrels, Matthews & Friend<br>800 Commerce Street<br>Houston, TX  77002-1776 |
| Michael A. Lee<br>Stuart V. Kusin<br>Susman Godfrey L.L.P.<br>1000 Louisiana, Suite 5100<br>Houston, TX  77002<br>(713) 651-9366 | J. Michael Moore<br>Guerra & Moore, Ltd., LLP<br>440 Louisiana, Suite 1510<br>Houston, TX  77002<br>(713) 223-4311 |
| Greg McEwen<br>McEwen Law Firm Ltd.<br>5850 Blackshire Path<br>Inver Grove Heights, MN  55076 | Dante G. Mummolo (BBO No. 360980)<br>Iannella and Mummolo<br>One Boston Place, Suite 3615<br>Boston, MA  02108<br>(617) 742-1388<br>(617) 742-1424 fax |

| | |
|---|---|
| John R. Oldham<br>Faddis, Oldham & Smith, P.A.<br>2709 W. Fairbank Avenue, Suite 200<br>Winter Park, FL  32789 | Napoli Kaiser Bern & Associates, LLP<br>3500 Sunrise Highway<br>Suite T-207<br>Great River, NY  11739<br>(631) 224-1133 |
| Adam Pulaski<br>Pulaski & Middleman, L.L.C.<br>1177 West Loop South, Suite 400<br>Houston, TX  77027 | W. Paul Wilkins<br>LeBlanc & Waddell<br>Essen Centre, Suite 420<br>Baton Rouge, LA  70809 |
| Edward A. Williamson<br>Fenton B. Deweese, II<br>Tashia R. Shannon<br>The Edward A. Williamson Law Firm<br>509 Church Avenue<br>Philadelphia, MS  39350<br>(601) 656-5634 | |

/s/ Janice W. Howe__
Janice W. Howe
*Counsel for Defendants Wyeth
and Wyeth Pharmaceuticals, Inc.*