ZAKARA ROSS, et al.                      :
                                         :
                  v.                     :
                                         :
AMERICAN HOME PRODUCTS                   :
CORPORATION, NOW KNOWN AS                :
WYETH CORPORATION, et al.                :    CIVIL ACTION NO. 03-20173
_____        :

<u>PRETRIAL ORDER NO.</u> 2946

AND NOW, this **30th** day of July, 2003, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)   the motion of plaintiffs in <u>Weaver, et al. v. American Home Products Corp., et al.</u>, Civ. A. No. 03-20153 ("<u>Weaver</u>") to remand to the Superior Court of Fulton County, Georgia is DENIED;

(2)   all claims in <u>Weaver</u> against defendants Rugby Laboratories, Inc., Anthony D. Adams, Robin W. Jones, Avery T. Lanius, Robert L. Scott and John A. Molnar are DISMISSED;

(3)   the claims of the New Jersey plaintiff, Jesus Delgado, against Wyeth in <u>Weaver</u> are DISMISSED without prejudice;

(4)   the claims of the remaining non-Georgia plaintiffs, Marc Haug, Don Herrly, Paulette Neva, Deborah McCann, Helen Lang, P. Susan Kollman, Cyndi Zueger, Debra Wold, Carol McConnell, Edith Sailer, Jill Rarick, Arlene Huff, Merriann Isaac, Sharlene McDearman, Suzanne Wilson, Ruth Samuels, Kathryn Perkins, Patricia O'Neil, Jerry Chavez and Carol Galliett, against Wyeth in <u>Weaver</u> are DISMISSED without prejudice;

-2-

(5)  the motion of plaintiffs in Neason, et al. v. American Home Products Corp., et al., Civ. A. No. 03-20154 ("Neason") to remand to the Superior Court of Fulton County, Georgia is DENIED;

(6)  all claims in Neason against defendants Rugby Laboratories, Inc., Anthony D. Adams, Robin W. Jones, Avery T. Lanius, Robert L. Scott and John A. Molnar are DISMISSED;

(7)  the claims of the New Jersey plaintiff, Iris Rodriguez, against Wyeth in Neason are DISMISSED without prejudice;

(8)  the claims of the remaining non-Georgia plaintiffs, Candyce Jaramillo, Margaret Duncan, Robert Rohrer, Kathryn Rasmussen, Leanna Mittleider, Rebecca Hoselton, Sheila Braunberger, Evelyn Helmer, Teresa Potter, Julie Sailor, Elizabeth Anderson, Sandra Sommers, Traci Bertsch, Trude Hendrickson and Brenda Nygard against Wyeth in Neason are DISMISSED without prejudice;

(9)  the motion of plaintiffs in Carter, et al. v. American Home Products Corp., et al., Civ. A. No. 03-20158 ("Carter") to remand to the Superior Court of Fulton County, Georgia is DENIED;

(10)  all claims in Carter against defendants Rugby Laboratories, Inc., Anthony D. Adams, Robin W. Jones, Avery T. Lanius, Robert L. Scott and John A. Molnar are DISMISSED;

(11)  the claims of the New Jersey plaintiff, Mary Ann Panek, against Wyeth in Carter are DISMISSED without prejudice;

-3-

(12)  the claims of the remaining non-Georgia
plaintiffs, Lisa Baumler, Deborah Lee, Annamarie Herrly, Pamela
Fladeland, Norma Rudel, Ardis Bahr, Jody Nelson, Janet Meyer,
Patricia Huff, Gayle Weatherston, Jeffery Huff, Ilene Allen,
Daniel Jetty, Alicia Myer, Cheryl Smith, Mary Velasquez, Susan
Duncan, Marita Rollins, Merlene Robertson, Brenda Jorgensen and
Nanette Orton against Wyeth in Carter are DISMISSED without
prejudice;

(13)  the motion of plaintiffs in Parker, et al. v.
American Home Products Corp., et al., Civ. A. No. 03-20165
("Parker") to remand to the Superior Court of Fulton County,
Georgia is DENIED;

(14)  all claims in Parker against defendants Rugby
Laboratories, Inc., Anthony D. Adams, Robin W. Jones, Avery T.
Lanius, Robert L. Scott and John A. Molnar are DISMISSED;

(15)  the claims of the New Jersey plaintiff, Janet
Crews, against Wyeth in Parker are DISMISSED without prejudice;

(16)  the claims of the remaining non-Georgia
plaintiffs, Tracy Lee, Lynda Scholin, Jeri Giefer, Mary Rutten,
Penny Taylor, Deborah Figarelle, Leah Miller, John Jensen,
Geraldine Cottrell, Wayne Stokka, June Hoffman, Paula Martin,
Lisa Miller, Dana Stockert, Wendy Fultz, Susan Lindemoen, Luann
Larson, Karen Jackson, Pamela Skogen and Mary Hall against Wyeth
in Parker are DISMISSED without prejudice;

(17)  the motion of plaintiffs in Cole, et al. v.
American Home Products Corp., et al., Civ. A. No. 03-20171

-4-

("<u>Cole</u>") to remand to the Superior Court of Fulton County,
Georgia is DENIED;

(18)  all claims in <u>Cole</u> against defendants Rugby
Laboratories, Inc., Anthony D. Adams, Robin W. Jones, Avery T.
Lanius, Robert L. Scott and John A. Molnar are DISMISSED;

(19)  the claims of the New Jersey plaintiff, Stefanie
Bounassi, against Wyeth in <u>Cole</u> are DISMISSED without prejudice;

(20)  the claims of the remaining non-Georgia
plaintiffs, Cheryl Hoban, Geraldine Lies, Olinda McCabe, Carrie
Nelson-Hartman, Vicky Ortiz, Lisa Anderson, Mary Bergquist, Wendy
Brovold, Gail Davidson, Cheryl Gumke, Chandace Woehlhaff, Kristy
Kongslie, Karen Olson, Karen Ramsey, Bonnie Sandeen, Bonnie
Simmons, Janice Strande, Dedriene Taylor, Terri Hams, Marilyn
Aiken, Bettery J. Montgomery, Patricia Bailey-Stuhr and Diane
Talbot against Wyeth in <u>Cole</u> are DISMISSED without prejudice;

(21)  the motion of plaintiffs in <u>Ross, et al. v.</u>
<u>American Home Products Corp., et al.</u>, Civ. A. No. 03-20173
("<u>Ross</u>") to remand to the Superior Court of Fulton County,
Georgia is DENIED;

(22)  all claims in <u>Ross</u> against defendants Rugby
Laboratories, Inc., Anthony D. Adams, Robin W. Jones, Avery T.
Lanius, Robert L. Scott and John A. Molnar are DISMISSED;

(23)  the claims of the New Jersey plaintiff, Doris
Towson, against Wyeth in <u>Ross</u> are DISMISSED without prejudice;
and

-5-

   (24) the claims of the remaining non-Georgia plaintiffs, Mary Ehni, Delemma Greywater, Clinton Sauter, Margaret Schwab, Sue Nieland, Becky Meek, Richard Nicklos, Mary Tintes, Susan Olson-Edwardson, Doug Waters, Colleen Bergeron, Sheri Coleman, Holly Anderson, Enid Haslam and Kelly Hoss against Wyeth in <u>Ross</u> are DISMISSED without prejudice.

       BY THE COURT:

          _Harvey Bartle_ /____ J.

-6-

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DIET DRUGS (Phentermine/ | : | |
| Fenfluramine/Dexfenfluramine) | : | MDL DOCKET NO. 1203 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : MAY 18 2004 | |
| ---------------------------- FILED | : | |
| LISA BISHOP, et al. | : | CIVIL ACTION NO. 03-20601 |
| v. | : | |
| TERRY LOWE, MD., et al. | : | |
| | : | |
| KAREN BATES, et al. | : | CIVIL ACTION NO. 03-20630 |
| v. | : | |
| DWALIA SOUTH, et al. | : | |
| | : | |
| GAITHER BELL, et al. | : | CIVIL ACTION NO. 03-20584 |
| v. | : | |
| DONALD BLACKWOOD, M.D., et al. | : | |
| | : | |
| PAM HARKINS, et al. | : | CIVIL ACTION NO. 03-20588 |
| v. | : | |
| PATRICK MCLAIN, M.D., et al. | : | |

**MEMORANDUM AND PRETRIAL ORDER NO. 3536**

Bartle, J.                                          May 18, 2004

Before the court are the motions of numerous class members in four separate actions to remand to the appropriate Mississippi state courts their claims against: (1) Wyeth[1]; (2) in-state physicians who have prescribed Wyeth's diet drugs Pondimin and/or Redux for plaintiffs; (3) Indevus Pharmaceuticals, a manufacturer of dexfenfluramine; (4) two named

---

1.  Wyeth was previously known as American Home Products Corporation ("AHP").

sales representative defendants; and (5) John Does 1-25, who
appear to be anonymous Mississippi resident sales representatives
of Wyeth.  The state court actions were captioned <u>Lisa Bishop, et
al. v. Terry Lowe, M.D., et al.</u> (Miss. Cir. Ct. Jones County,
filed Dec. 27, 2002); <u>Karen Bates, et al. v. Dwalia South, et al.</u>
(Miss. Cir. Ct. Lincoln County, filed Dec. 30, 2002); <u>Gaither
Bell, et al. v. Donald Blackwood, M.D., et al.</u> (Miss. Cir. Ct.
Sunflower County, filed Dec. 27, 2002); and <u>Pam Harkins, et al.
v. Patrick McLain, M.D., et al.</u> (Miss. Cir. Ct. Bolivar County,
filed Dec. 23, 2002).

    Plaintiffs in these actions, with the exceptions of Pam
Harkins, Sandra Naramore, and Peggy Brooks, have exercised their
right of intermediate or back-end opt-out under the Nationwide
Class Action Settlement Agreement ("Settlement Agreement") in
<u>Brown v. American Home Products Corporation</u>, CIV. A. No. 99-20593
(E.D. Pa. Aug. 28, 2000) (Pretrial Order ("PTO") No. 1415), which
encompassed persons who ingested Wyeth's diet drugs Pondimin and
Redux.  <u>See e.g.</u>, Settlement Agreement at § IV(A), (B), and
(D)(4).[2]  Under the Settlement Agreement, those who have
exercised an intermediate or back-end opt-out may sue Wyeth for

_____

2.  Wyeth alleges that plaintiffs Pam Harkins and Sandra Naramore
exercised initial opt-out rights and that plaintiff Peggy Brooks
exercised the accelerated implementation option under the
Settlement Agreement.  Plaintiffs' differing opt-out status has
no bearing on our decision regarding these plaintiffs' respective
motions to remand as detailed throughout this order.

compensatory damages in the tort system rather than obtain
benefits from the AHP Settlement Trust.

Plaintiffs filed their complaints in the Circuit Court
of Jones County, Lincoln County, Sunflower County and Bolivar
County, Mississippi respectively, in December, 2002.  Wyeth
timely removed these actions to the United States District Court
for the Southern District of Mississippi, asserting that
plaintiffs fraudulently joined the in-state physician and in-
state sales representative defendants in an attempt to defeat
federal diversity.  Thereafter, plaintiffs moved to remand these
actions under 28 U.S.C. § 1447(c).  The Mississippi federal
courts deferred ruling on plaintiffs' motions, and the cases were
then transferred to this court as part of MDL 1203, the mass tort
litigation involving Wyeth's diet drugs.  No federal claims for
relief are alleged.

I.

In brief summary, plaintiffs, all of whom are citizens
of Mississippi, filed suits for injuries sustained as a result of
their use of the diet drugs Pondimin and/or Redux.  The defendant
Wyeth, the manufacturer of Pondimin and Redux, and Indevus
Pharmaceuticals are parties of diverse citizenship from the
plaintiffs.  The defendant physicians who prescribed Pondimin
and/or Redux to plaintiffs in these matters and the defendant

-3-

sales representatives who allegedly promoted Pondimin and Redux
are purportedly citizens of Mississippi.

    Plaintiffs maintain that remand is appropriate because
complete diversity does not exist as required under
28 U.S.C. § 1332(a).  Wyeth counters that the non-diverse
physicians in these matters were fraudulently joined because the
applicable two-year statute of limitations bars plaintiffs'
claims against these non-diverse defendants.[3]  See MISS. CODE ANN.
§ 15-1-36 (West 2003).  As to the claims against the in-state
sales representative defendants, Wyeth asserts that plaintiffs'
strict liability and negligence claims fail because sales
representatives are not actually "sellers" of goods but merely
agents of Wyeth.  In addition, Wyeth argues that pursuant to the
learned intermediary doctrine, the sales representatives were
under no duty to warn plaintiffs about the risks associated with
the ingestion of diet drugs.  Thus, Wyeth maintains, plaintiffs'
claims against these non-diverse defendants should be disregarded
for purposes of determining diversity of citizenship of the
parties.  Plaintiffs respond that the statute of limitations has
not expired against the in-state physicians because they

_____

3.  The statute of limitations is not an issue in plaintiffs'
claims against Wyeth, which has waived its right to assert the
statute of limitations defense in return for the plaintiffs
giving up their right to sue Wyeth for "punitive, exemplary, or
multiple damages."  Settlement Agreement § IV.D.3.c; see PTO No.
2625 and PTO No. 2680.

-4-

discovered their injuries less than two years prior to filing their claims.  With regard to the claims against the in-state sales representative defendants, plaintiffs assert that the sales representative defendants are proper parties in these matters because they acted as agents of Wyeth and distributed diet drugs with knowledge of their dangerous propensities.

II.

This court addressed many of the same issues presented by plaintiffs' remand motions in PTO No. 3281 in <u>French, et al. v. Wyeth, et al.</u>, CIV. A. No. 03-20353 (E.D. Pa. Feb. 18, 2004), which is also part of the nationwide diet drug litigation.  In <u>French</u>, we laid out in detail the standards for removal based on diversity jurisdiction and fraudulent joinder.  <u>See</u> PTO No. 3281 at 2-4.  Because we examined the same legal issues as they applied to nearly identical facts in <u>French</u>, we need not revisit them here.

III.

With regard to the physician defendants in these actions, the key issue is whether they have been fraudulently joined solely for the purpose of destroying diversity of citizenship and preventing removal.  For the same reasons set forth in <u>French</u>, we find "no reasonable basis in fact or colorable ground" supporting plaintiffs' claims against the in-

-5-

state physicians.   <u>Boyer v. Snap-on Tools Corp.</u>, 913 F.2d 108,
111 (3d Cir. 1990).

      As discussed in greater detail in <u>French</u>, plaintiffs'
claims against the in-state physicians are time barred because
their complaints were clearly filed outside the two year statute
of limitations.   <u>See</u> MISS. CODE. ANN. § 15-1-36.   The statute began
running, "when the plaintiff[s] should have reasonably known of
some negligent conduct, even if the plaintiff[s did] not know
with absolute certainty that the conduct was legally negligent."
<u>Sarris v. Smith</u>, 782 So. 2d 721, 725 (Miss. 2001).   As we found
in <u>French</u>, the publicity surrounding the withdrawal of diet drugs
put plaintiffs on inquiry notice of their claims in September,
1997 or, at the very latest by March, 2000, at the height of
Wyeth's extensive media campaign.

      In light of the massive publicity concerning the health
risks associated with the use of diet drugs and the determination
by this court after a full hearing that diet drug injuries are
not latent, we find that plaintiffs in the exercise of reasonable
diligence should have discovered their injuries at the very
latest by March, 2000.   Thus, they needed to have filed their
complaints by March, 2002.   Because they did not do so until
December, 2002, their claims against the in-state physicians are
clearly time-barred.

-6-

In support of her contention that her claims are not
time barred, Sandra Naramore, a party in Harkins, et al., relies
on the results of her December, 2002 echocardiogram, which
allegedly revealed that she has valvular heart injury. Ms.
Naramore, however, does concede that the latest point in time she
could have ingested diet drugs was in 1997 when they were removed
from the market. Further, she does not dispute that the results
of her August, 2000 echocardiogram indicate that she had no heart
valve injury at that time. Accordingly, the only logical basis
for her position is that her injuries were latent.

This court also addressed the issue of latency in
French. There, we referred to this court's determination in PTO
No. 1415 that Pondimin and Redux did not cause latent heart valve
injuries but rather that any injury occurred at or near the time
of last use. This decision was made after receiving extensive
evidence on the latency issue at the fairness hearing in
connection to the Settlement Agreement. In the August 28, 2000
Order approving the Settlement Agreement, Judge Bechtle stated:
"[t]he absence of a latency period between the ingestion of [the
diet drug] and the development of clinically detectable [heart
disease] is ... confirmed by a number of studies ... , [each of
which finds] that there was no emergence of new disease after
some latency period." PTO No. 1415 at 46.

-7-

Accordingly, for the same reasons set forth in <u>French</u>, we find that the plaintiff Sandra Naramore is collaterally estopped from re-litigating the issue of latency.

IV.

Plaintiffs also assert that the statute of limitations is tolled against the physician defendants because the physicians have fraudulently concealed facts which would have alerted plaintiffs to the dangers associated with the use of diet drugs. We previously addressed this same issue in <u>Cockrell, et al. v. Wyeth, et al.</u> (E.D. Pa. Mar. 9, 2004). Where fraud or concealment of tortious conduct is alleged, Mississippi law specifies that "the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence should have been, first known or discovered." MISS. CODE ANN. § 15-1-36(2)(b).

As in <u>Cockrell</u>, we find that plaintiffs' complaints are devoid of facts, allegations, or information which would suggest that an affirmative act of concealment was perpetrated by the physician defendants to conceal the plaintiffs' alleged injuries. Thus, there is "no reasonable basis in fact or colorable ground" on which plaintiffs can invoke the fraudulent concealment saving provision to toll the statute of limitations because plaintiffs have failed to set forth the conduct that constitutes fraudulent concealment under Mississippi law. <u>Boyer</u>, 913 F.2d at 111; <u>see</u>

-8-

also <u>Reich v. Jesco, Inc.</u>, 526 So.2d 550, 552 (Miss. 1998)
(citations omitted).[4]

 Accordingly, we find that Wyeth has met its heavy
burden of showing that the in-state physician defendants are
fraudulently joined.

V.

 Plaintiffs also assert that the statute of limitations
defense is not applicable to the physician defendants under the
Settlement Agreement. We addressed this issue in PTO No. 3391,
in <u>Bobbie Amiker, et al. v. Wyeth, et al.</u>, CIV. A. No. 03-20343
(E.D. Pa. Apr. 2, 2004). For the same reasons stated in <u>Amiker</u>,
these defendants retain the benefit of the statute of limitations
defense pursuant to § IV.D.3.c of the nationwide Settlement
Agreement. <u>See</u> PTO No. 3391, at 7-9.

VI.

 Plaintiffs also bring claims in negligence and strict
liability against Wyeth's in-state sales representatives Forest
Bratley and Susan Bodney. Wyeth argues that these defendants are

---

4.  Plaintiffs assert that this court should remand their
respective actions because their fraud claims are governed by the
three year statute of limitations codified in MISS. CODE ANN. § 15-
1-49. We disagree. This statute provides a three year
limitations period for "[a]ll actions for which no other period
of limitation is prescribed." MISS. CODE ANN. § 15-1-49. As noted
above, plaintiffs have failed to establish a cause of action in
fraud. Plaintiffs' claims against the physicians are clearly
governed by the two-year statute of limitations codified in MISS.
CODE ANN. § 15-1-36.

-9-

fraudulently joined.  We note first that there is no indication
in plaintiffs' complaints that any of the plaintiffs, or any of
the plaintiffs' doctors, received any drugs from these sales
representative defendants.  Further, any allegations of
misrepresentation or fraud fall short of what is required under
both federal and Mississippi law.  See Fed. R. Civ. P. 9(b);
Miss. R. Civ. P. 9(b); Allen v. Mac Tools Inc., 671 So.2d 636,
642 (Miss. 1996); Brabham v. Brabham, 483 So. 2d 341, 342 (Miss.
1986).

        The Mississippi courts have clearly decided in the
prescription drug context that the duty to warn does not extend
to sales representatives.  See e.g., Johnson v. Parke-Davis, 114
F. Supp. 2d 522, 524-25 (S.D. Miss. 2000).  In addition, under
Mississippi law, sales representatives are not "sellers," but
rather employees of the businesses which are the sellers.
McCurtis v. Dolgencorp, Inc., 968 F. Supp. 1158, 1160-61 (S.D.
Miss. 1997).  As such, the employees are not liable for failure
to warn.  See id.  There is "no reasonable basis in fact or
colorable ground supporting the claim against" the sales
representative defendants.  Boyer, 913 F.2d at 111; see also
Johnson, 114 F. Supp. 2d at 524-25; In re Rezulin Prods. Liab.
Litig., 133 F. Supp. 2d 272, 288-90 (S.D.N.Y. 2001).

-10-

## VII.

Finally, plaintiffs bring claims against John Does 1-
25, who appear to be anonymous in-state sales representatives of
Wyeth.  Plaintiffs purportedly name these unidentified defendants
in an effort to defeat diversity.  However, the removal statute
provides that "the citizenship of defendants sued under
fictitious names shall be disregarded."  28 U.S.C. § 1441(a).
Thus, for the purposes of determining whether complete diversity
exists so that these actions may remain in federal court, the
citizenship of unidentified defendants is irrelevant.

## VIII.

Wyeth has clearly met its heavy burden of showing that
these defendants are fraudulently joined.  Accordingly, we will
deny the motions of the plaintiffs to remand these actions to the
Mississippi state courts and will dismiss the complaints as to the
in-state physicians and sales representative defendants.[5]

---

5.  We are only dismissing the claims against those defendant
physicians who appear on the MDL 1203 docket in these actions.

-11-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DIET DRUGS (Phentermine/ Fenfluramine/Dexfenfluramine) PRODUCTS LIABILITY LITIGATION | : : : | MDL DOCKET NO. 1203 |
| | : | |
| THIS DOCUMENT RELATES TO: | : | MAY 18 2004 |
| LISA BISHOP, et al.,        FILED v. TERRY LOWE, MD., et al., | : : : | CIVIL ACTION NO. 03-20601 |
| KAREN BATES, et al. v. DWALIA SOUTH, et al. | : : : | CIVIL ACTION NO. 03-20630 |
| GAITHER BELL, et al v. DONALD BLACKWOOD, M.D., et al., | : : : | CIVIL ACTION NO. 03-20584 |
| PAM HARKINS, et al. v. PATRICK MCLAIN, M.D., et al. | : : : | CIVIL ACTION NO. 03-20588 |

## PRETRIAL ORDER NO. 3536

AND NOW, this 18th day of May, 2004, for the reasons
set forth in the accompanying Memorandum, it is hereby ORDERED
that:

(1)  the motion of plaintiffs in Lisa Bishop, et al. v.
Terry Lowe, M.D., et al., CIV. A. No. 03-20601 (E.D. Pa.) to
remand to the Circuit Court of Jones County, Mississippi is
DENIED;

(2)  all claims in Bishop against Terry R. Lowe, Bruce
Pruett, Antonio Janchuck, Vance Z. Baucum, Jr., Adron Keith Lay,

Phillip Rogers, Laurence L. Dennis, David Greenshaw, Jay McDuffy, Unknown Patel, Thomas Pitt, Van De Castle, D.R. Patel, Unknown Alexander, Robert Tate, Robert L. Ray, Unknown Lambert, Ernest Reeves, Herbert H. Hicks, Forest Bratley, and Susan Bodney are DISMISSED;

(3)  the motion of plaintiffs in <u>Karen Bates, et al. v. Wyeth, et al.</u>, CIV. A. No. 03-20630 (E.D. Pa.) to remand to the Circuit Court of Lincoln County, Mississippi, is DENIED;

(4)  all claims in <u>Bates</u> against defendants, Dwalia S. South, Louis Owens, Burton Friedman, F. Lee Neal, Jr., J.J. Purdy, James Leak, Forest Bratley, and Susan Bodney are DISMISSED;

(5)  the motion of plaintiffs in <u>Gaither Bell, et al. v. Donald Blackwood, M.D., et al</u>, CIV. A. No. 03-20584 (E.D. Pa.) to remand to the Circuit Court of Sunflower County, Mississippi, is DENIED;

(6)  all claims in <u>Bell</u> against defendants, Donald J. Blackwood, M.D., Victor Anazia, M.D., Dr. "Unknown" Moore, Mark Allen, M.D., Jasper D. Moore, M.D., James Riser, M.D., David Moody, M.D., W.H. Rose, M.D., Charles A. Ozborn, M.D., D.L. Bolton, M.D., Steve Morris, M.D., Patrick G. McLain, M.D., Forest Bratley, and Susan Bodney are DISMISSED;

(7)  the motion of plaintiffs in <u>Pam Harkins, et al. v. Patrick McLain, M.D., et al.</u>, CIV. A. No. 03-20588 (E.D. Pa.) to

-2-

remand to the Circuit Court of Bolivar County, Mississippi, is
DENIED; and

       (8)   all claims in <u>Harkins</u> against defendants, Billy
Sollie, for the Estate of Patrick McLain, M.D., Manoj Rawal,
M.D., Forest Bratley, and Susan Bodney are DISMISSED.

                        BY THE COURT:

                             _Harvey Bartlett_, J.

ENTERED

MAY 1 8 2004

CLERK OF COURT

-3-

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DIET DRUGS (Phentermine/ | : | |
| Fenfluramine/Dexfenfluramine) | : | MDL DOCKET NO. 1203 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | **FILED** FEB 2 4 2004 |
| -------------------------------------: | | |
| JOYCE ANN ALLEN, et al. | : | |
| v. | : | CIVIL ACTION NO. 03-20310 |
| WYETH, et al. | : | |
| | : | |
| BRENDA BARNETT, et al. | : | |
| v. | : | CIVIL ACTION NO. 03-20239 |
| WYETH, et al. | : | |
| SARAH BROOKS, et al. | : | |
| v. | : | CIVIL ACTION NO. 03-20318 |
| WYETH, et al. | : | |
| LORETTA GRANT, et al. | : | |
| v. | : | CIVIL ACTION NO. 03-20330 |
| WYETH, et al. | : | |
| DAVID PICKERING, et al. | : | |
| v. | : | CIVIL ACTION NO. 03-20302 |
| WYETH, et al. | : | |
| BETTY RAMSHUR, et al. | : | |
| v. | : | CIVIL ACTION NO. 03-20333 |
| WYETH, et al. | : | |
| ROY SIMMONS, et al. | : | |
| v. | : | CIVIL ACTION NO. 03-20319 |
| WYETH, et al. | : | |
| TRINA WATERS, et al. | : | |
| v. | : | CIVIL ACTION NO. 03-20323 |
| WYETH, et al. | : | |
| ANTHONY WATSON, et al. | : | |
| v. | : | CIVIL ACTION NO. 03-20296 |
| WYETH, et al. | : | |
| DOROTHY WINTERS, et al. | : | |
| v. | : | CIVIL ACTION NO. 03-20170 |
| WYETH, et al. | : | |
| PAUL WOODCOCK, et al. | : | **ENTERED** |
| v. | : | CIVIL ACTION NO. 03-20273 |
| WYETH, et al. | : | FEB 2 5 2004 |

**CLERK OF COURT**

```
JAMIE WOODS, et al.            :
          v.                   :     CIVIL ACTION NO. 03-20272
WYETH, et al.                  :
_____   :
```

## MEMORANDUM AND PRETRIAL ORDER NO. 3305

Bartle, J.                                      February 24, 2004

          Before the court are the motions of numerous class

members in twelve separate actions to remand to the appropriate

Mississippi state courts their actions against defendants Wyeth[1]

and the physicians who have prescribed Wyeth's diet drugs

Pondimin and/or Redux for them.  The state court actions were

captioned Joyce Ann Allen, et al. v. Wyeth, et al., (Miss. Cir.

Ct. Copiah County filed Nov. 1, 2002); Sarah Brooks, et al. v.

Wyeth, et al., (Miss. Cir. Ct. Sharkey County filed Nov. 6,

2002); Brenda Barnett, et al. v. Wyeth, et al., (Miss. Cir. Ct.

Sunflower County filed Nov. 6, 2002); Loretta Grant, et al. v.

Wyeth, et al., (Miss. Cir. Ct. Holmes County filed Nov. 5, 2002);

David Pickering, et al. v. Wyeth, et al., (Miss. Cir. Ct. Jones

County filed Nov. 6, 2002); Betty Ramshur, et al. v. Wyeth, et

al., (Miss. Cir. Ct. Jones County filed Nov. 6, 2002); Roy

Simmons, et al. v. Wyeth, et al., (Miss. Cir. Ct. Claiborne

County filed Nov. 1, 2002); Trina Waters, et al. v. Wyeth, et

al., (Miss. Cir. Ct. Holmes County filed Nov. 5, 2002); Anthony

Watson, et al. v. Wyeth, et al., (Miss. Cir. Ct. Hinds County

filed Nov. 15, 2002); Dorothy Winters, et al. v. Wyeth, et al.,

_____

1.  Wyeth was previously known as American Home Products
Corporation ("AHP").

                              -2-

(Miss. Cir. Ct. Holmes County filed June 21, 2002); <u>Paul</u>
<u>Woodcock, et al. v. Wyeth, et al.</u>, (Miss. Cir. Ct. Humphreys
County filed Nov. 5, 2002); and <u>Jamie Woods, et al. v. Wyeth, et</u>
<u>al.</u>, (Miss. Cir. Ct. Sunflower County filed Nov. 5, 2002).

According to Wyeth, the plaintiffs in these actions
have exercised their right of intermediate opt-out under the
Nationwide Class Action Settlement Agreement ("Settlement
Agreement") in <u>Brown v. American Home Products Corporation</u>,
CIV. A. No. 99-20593 (E.D. Pa. Aug. 28, 2000) ("Pretrial Order
("PTO") No. 1415"), which encompassed persons who ingested
Wyeth's diet drugs Pondimin and Redux.  <u>See e.g.</u>, Settlement
Agreement at § IV(A), (B), and (D)(4).  Under the Settlement
Agreement, those who have exercised an intermediate or back-end
opt-out may sue Wyeth for compensatory damages in the tort system
rather than obtain benefits from the AHP Settlement Trust.
Unlike initial opt-outs, these plaintiffs were class members at
the time of the approval of the class action settlement and
continue to be so even though they now have separate lawsuits
pending.

There are 256 plaintiffs in these twelve actions, and
they are all represented by the same counsel.[2]  Their motions for
remand are before the undersigned as the transferee judge in MDL
1203, the mass tort litigation involving Wyeth's diet drugs
commonly known as fen-phen.  No federal claim for relief is

_____

2.  Some plaintiffs are derivative claimants suing for loss of
consortium.

-3-

alleged.  Because these motions present nearly identical legal
and factual issues, we will address them together.

I.

In brief summary, plaintiffs, all citizens of the state
of Mississippi, filed suits for injuries sustained as a result of
their use of the diet drugs known as Pondimin and/or Redux.  The
defendant Wyeth, the manufacturer of Pondimin and Redux, is a
party of diverse citizenship from the plaintiffs.  The defendant
physicians who prescribed Pondimin and/or Redux to plaintiffs are
alleged to be citizens of Mississippi.

Plaintiffs originally filed their complaints in
Mississippi Circuit Courts in June or November, 2002, more than
five years after fen-phen was withdrawn from the market in
September, 1997.  Wyeth timely removed the actions to the United
States District Court for the Southern District of Mississippi.
The Mississippi federal court deferred ruling on plaintiffs'
motions, and the cases were then transferred to this court as
part of MDL 1203.

The plaintiffs maintain that remand is appropriate
because complete diversity does not exist as required under
28 U.S.C. § 1332(a).  Wyeth counters that the non-diverse
physicians were fraudulently joined because the applicable two-
year statute of limitations bars plaintiffs' claims against these
non-diverse defendants.[3]  See MISS. CODE ANN. § 15-1-36 (West

---

3.  The statute of limitations is not an issue in plaintiffs'
claims against Wyeth, which has waived its right to assert the
(continued...)

-4-

2003).  Thus, Wyeth argues, plaintiffs' claims against these non-
diverse defendants should be disregarded for purposes of
determining diversity of citizenship of the parties.  Plaintiffs
respond that the statute of limitations has not expired because
they discovered their injuries less than two years prior to
filing their motions for judgment against the non-diverse
defendants.

II.

        This court addressed the identical issues presented by
plaintiffs' remand motions in PTO No. 3281 in French, et al. v.
Wyeth, et al., CIV. A. No. 03-20353 (E.D. Pa. Feb. 18, 2004), which
is also part of the nationwide diet drug litigation.  In French, we
laid out in detail the standards for removal based on diversity
jurisdiction and fraudulent joinder.  See PTO No. 3281 at 2-4.
Because we examined the same legal issues as they applied to nearly
identical facts in French, we need not revisit them here.

III.

        The key issue in these cases, as in French, is whether
the prescribing physicians, all purportedly Mississippi citizens,
were fraudulently joined as defendants for the purpose of
destroying diversity of citizenship and preventing removal.

───────────────

3.(...continued)
statute of limitations defense in return for the plaintiffs
giving up their right to sue Wyeth for "punitive, exemplary, or
multiple damages."  Settlement Agreement § IV.D.3.c; see PTO No.
2625 and PTO No. 2680.

-5-

Plaintiffs have brought claims for medical negligence against all of these non-diverse defendants.

Wyeth argues that plaintiffs' complaints do not state colorable claims against these defendants because plaintiffs' claims are barred by the Mississippi statute of limitations.  The statute provides in relevant part:

> For any claim accruing on or before June 30,
> 1998, and except as otherwise provided in
> this section, no claim in tort may be brought
> against a licensed physician, osteopath,
> dentist, hospital, institution for the aged
> or infirm, nurse, pharmacist, podiatrist,
> optometrist or chiropractor for injuries or
> wrongful death arising out of the course of
> medical, surgical or other professional
> services unless it is filed <u>within two (2)
> years from the date the alleged act, omission
> or neglect shall or with reasonable diligence
> might have been first known or discovered.</u>

MISS. CODE ANN. § 15-1-36(1) (emphasis added).  For any claim accruing on or after July 1, 1998, the statute of limitations is the same for all relevant purposes.[4]

In <u>French</u>, we set forth the standard for when an action "accrues" under Mississippi law.  <u>See</u> PTO No. 3281 at 6.  In short, an action accrues when a patient can reasonably be held to have knowledge of the injury itself, cause of injury, and the conduct of the medical practitioner.  <u>Fortenberry v. Mem'l Hosp. At Gulfport, Inc.</u>, 676 So.2d 252, 255 (Miss. 1996); <u>see also</u>

---

4.  The statute of limitations for claims accruing after July 1, 1998 adds tolling provisions for fraudulent concealment and instances when a foreign object is left in a patient's body.  <u>See</u> MISS. CODE. ANN. § 15-1-36(2)(a).(b).  Both provisions require a plaintiff to bring an action within two years of the time when the alleged injury or fraud should have been discovered, and no later than seven years after the alleged act of neglect.  <u>See</u> <u>id.</u>

-6-

First Trust Nat'l Ass'n v. First Nat'l Bank of Commerce, 220 F.3d
331, 336-37 (5th Cir. 2000); In re Catfish Antitrust Litig., 826
F. Supp. 1019, 1031 (N.D. Miss. 1993).

          Plaintiffs contend that they brought their actions
within two years "from the date the alleged act ... with
reasonable diligence might have been first known or discovered."
MISS. CODE. ANN. § 15-1-36(1). According to plaintiffs, they could
not have reasonably discovered their purported injuries until
their alleged heart problems were diagnosed after reviewing their
echocardiograms. Plaintiffs assert that their diagnoses occurred
less than two years prior to filing their complaint. Wyeth
counters that plaintiffs should have been on notice of their
stated injuries as a result of the widespread publicity
accompanying the withdrawal of the diet drugs from the market in
September, 1997. Wyeth further contends that plaintiffs should
have known about their alleged injuries at the very latest in
March, 2000, after Wyeth's extensive publicity campaign.

          This court also discussed in French supra, the massive
publicity in Mississippi and nationwide concerning the withdrawal
of the diet drugs from the market and their possible connection
to valvular heart disease. See PTO No. 3281 at 7-12. We find
that here, as in French, plaintiffs have not established that
they discovered their alleged injuries less than two years prior
to bringing their lawsuits. In light of this publicity,
plaintiffs, through the exercise of reasonable diligence, should
have discovered their alleged injuries at the very latest by

                              -7-

March, 2000.  However, their complaints were not filed until June
or November, 2002.  Thus, plaintiffs' claims against the in-state
physicians are clearly time barred, and Wyeth has established
that these in-state physicians are fraudulently joined.

        In response to Wyeth's contention that the statute of
limitations has lapsed for claims against in-state physician
defendants, thus barring all tort claims against in-state
physicians, plaintiffs cite Robinson v. Singing River Hospital,
732 So.2d 204 (Miss. 1999).  Plaintiffs rely on Robinson for the
proposition that the statute of limitations begins to run against
an in-state physician only when the plaintiff has knowledge of
his injury and the link between said injury and the in-state
physician's conduct.  In Robinson, the plaintiff received second
degree burns when heating pads were placed on his skin.  The
court determined that because the plaintiff was burned and
complained of his injury almost immediately, it was disingenuous
for him to assert that he was not aware of his injury until
another physician advised him that he was in fact injured.  The
court in Robinson found that "where the symptoms are not
immediately manifested, the cause of action does not accrue until
the [plaintiff] is aware or should be aware of his condition."
732 So.2d at 208 (citations omitted) (emphasis added).

        Similar to Robinson, the plaintiffs here allege that
they could not have been aware of their injury until the link
between their alleged injuries and the conduct of the in-state
physician was revealed after reviewing their echocardiograms.

-8-