Here, as in <u>French</u>, we will not entertain plaintiffs' argument
that any alleged diet drug related heart problems were latent.
<u>See</u> PTO No. 3281 at 12-13. We also reject the notion that
plaintiffs could not reasonably have been aware of their stated
injuries until their echocardiograms. As in <u>French</u>, we find that
plaintiffs can reasonably be held to have knowledge of their
injuries, the cause of their injuries and the conduct of their
prescribing physicians as early as September, 1997 and at the
latest by March, 2000. Thus, their actions accrued and the
statute of limitations began to elapse at that time. <u>See</u>
<u>Fortenberry</u>, 676 So.2d at 255.

V.

For the same reasons set forth in <u>French</u>, <u>supra</u>, Wyeth
has met its heavy burden of showing that the in-state physician
defendants are fraudulently joined. Accordingly, we will deny
the motions of the plaintiffs to remand these actions to the
several Mississippi state courts and will dismiss the complaints
as to these physician defendants.

-9-

FEB-25-2004  17:55        US DISTRICT COURT EDPA                          P.31/40

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DIET DRUGS (Phentermine/ | : | |
| Fenfluramine/Dexfenfluramine) | : | MDL DOCKET NO. 1203 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| --------------------------------- | : | |
| JOYCE ANN ALLEN, et al. | : | |
| v. | : | CIVIL ACTION NO. 03-20310 |
| WYETH, et al. | : | |
| | : | |
| BRENDA BARNETT, et al. | : | |
| v. | : | CIVIL ACTION NO. 03-20239 |
| WYETH, et al. | : | |
| SARAH BROOKS, et al. | : | |
| v. | : | CIVIL ACTION NO. 03-20318 |
| WYETH, et al. | : | |
| LORETTA GRANT, et al. | : | |
| v. | : | CIVIL ACTION NO. 03-20330 |
| WYETH, et al. | : | |
| DAVID PICKERING, et al. | : | |
| v. | : | CIVIL ACTION NO. 03-20302 |
| WYETH, et al. | : | |
| BETTY RAMSHUR, et al. | : | |
| v. | : | CIVIL ACTION NO. 03-20333 |
| WYETH, et al. | : | |
| ROY SIMMONS, et al. | : | |
| v. | : | CIVIL ACTION NO. 03-20319 |
| WYETH, et al. | : | |
| TRINA WATERS, et al. | : | |
| v. | : | CIVIL ACTION NO. 03-20323 |
| WYETH, et al. | : | |
| ANTHONY WATSON, et al. | : | |
| v. | : | CIVIL ACTION NO. 03-20296 |
| WYETH, et al. | : | |
| DOROTHY WINTERS, et al. | : | |
| v. | : | CIVIL ACTION NO. 03-20170 |
| WYETH, et al. | : | |
| PAUL WOODCOCK, et al. | : | |
| v. | : | CIVIL ACTION NO. 03-20273 |
| WYETH, et al. | : | |

JAMIE WOODS, et al.           :
        v.                    :    CIVIL ACTION NO. 03-20272
WYETH, et al.                 :
_____ :

## PRETRIAL ORDER NO. 3305

AND NOW, this 24th day of February, 2004, for the
reasons set forth in the accompanying Memorandum, it is hereby
ORDERED that:

(1)   the motion of plaintiffs in <u>Joyce Allen, et al.</u>
<u>v. Wyeth, et al.</u>, CIV.A. No. 03-20310 (E.D. Pa.) to remand to the
Circuit Court of Copiah County, Mississippi is DENIED;

(2)   all claims in <u>Allen</u> against defendants John Long,
M.D. and Fred J. McDonnel, M.D. are DISMISSED;

(3)   the motion of plaintiffs in <u>Brenda Barnett, et</u>
<u>al. v. Wyeth, et al.</u>, CIV.A. No. 03-20239 (E.D. Pa.) to remand to
the Circuit Court of Sunflower County, Mississippi is DENIED;

(4)   all claims in <u>Barnett</u> against defendants Walter
H. Rose, M.D., Joseph F. Roberts, M.D., Howard D. Clark, M.D.,
William A. Middleton, M.D., Ray A. Montalvo, M.D., Lloyd G.
Hopkins, M.D., Alfred McNair, M.D., Charles J. Gruich, M.D.,
Magdi Wassef, M.D., Robert B. Townes, M.D., Charles D. Guess,
M.D., Scott Jordan, M.D., Irvin H. Cronin, M.D., Michelle E.
Rivlin, M.D., William Nichols, M.D., Richard H. Corson, M.D.,
Barry Gillespie, M.D., Terry Jackson, M.D., Jasper D. Moore,
M.D., Paul Odom, M.D., W.M. Harris, M.D., and Patrick G. McLain,
M.D. are DISMISSED;

(5)   the motion of plaintiffs in <u>Sarah Brooks, et al.</u>
<u>v. Wyeth, et al.</u>, CIV.A. No. 03-20318 (E.D. Pa.) to remand to the
Circuit Court of Sharkey County, Mississippi is DENIED;

(6)   all claims in <u>Brooks</u> against defendants Kurt
Kooyer, M.D., Virginia Joyce Vittor, M.D., Calvin Hull, M.D., Jim
Roberts, M.D., Dan W. Jackson, D.O., Glenn F. Morris, M.D., Randy
Easterling, M.D., Douglas L. Conner, M.D., Andrea Phillips, M.D.,
S.A. Kumah, M.D., Andrew Murphy, M.D., Charles F. Brock, M.D.,
Eric D. Harding, M.D., S.J. Creekmore, M.D., F. Lee Neal, M.D.,
Marcus L. Hogan, M.D., Terry Jackson, M.D., and Patrick G.
McLain, M.D. are DISMISSED;

(7)   the motion of plaintiffs in <u>Loretta Grant, et al.</u>
<u>v. Wyeth, et al.</u>, CIV.A. No. 03-20330 (E.D. Pa.) to remand to the
Circuit Court of Holmes County, Mississippi is DENIED;

(8)   all claims in <u>Grant</u> against defendants John G.
Downer, M.D., Michael Braden, M.D., Herbert Hicks, M.D., Stephen
A. Tramill, D.O., Daniel Edney, M.D., H. Wade Westbrook, M.D.,
Hilton E. O'Neal, M.D., Edward O'Brien, M.D., James Riser, M.D.,
Keith Rushing, M.D., Mark B. Stanley, M.D., Edsel F. Stewart,
M.D., Gerald A. Turner, M.D., Jasper D. McDuffie, M.D., Patrick
G. McClain, M.D., William Munn, M.D., David Richardson, M.D.,
Howard Clark, M.D., Don Gibson, M.D., Harold J. Wheeler, M.D.,
Joseph Roberts, M.D., and James Leak, M.D. are DISMISSED;

-3-

(9)   the motion of plaintiffs in <u>David Pickering, et al. v. Wyeth, et al.</u>, CIV.A. No. 03-20302 (E.D. Pa.) to remand to the Circuit Court of Jones County, Mississippi is DENIED;

(10)   all claims in <u>Pickering</u> against defendant Terry Pitts, M.D. are DISMISSED;

(11)   the motion of plaintiffs in <u>Betty Ramshur, et al. v. Wyeth, et al.</u>, CIV.A. No. 03-20333 (E.D. Pa.) to remand to the Circuit Court of Jones County, Mississippi is DENIED;

(12)   all claims in <u>Ramshur</u> against defendant Hugh Stancill, M.D. are DISMISSED;

(13)   the motion of plaintiffs in <u>Roy Simmons, et al. v. Wyeth, et al.</u>, CIV.A. No. 03-20319 (E.D. Pa.) to remand to the Circuit Court of Claiborne County, Mississippi is DENIED;

(14)   all claims in <u>Simmons</u> against defendants Mark B. Stanley, M.D. and David M. Headley, M.D. are DISMISSED;

(15)   the motion of plaintiffs in <u>Trina Waters, et al. v. Wyeth, et al.</u>, CIV.A. No. 03-20323 (E.D. Pa.) to remand to the Circuit Court of Holmes County, Mississippi is DENIED;

(16)   all claims in <u>Waters</u> against defendants John G. Downer, M.D., Anita Tribble, M.D., Jasper Moore, M.D., T.B. Parson, M.D., G.A. Carmichael, M.D., Calvin Hull, M.D., David L. Richardson, M.D., Edward Bryant, M.D., Dwilia South, M.D., Dorothy Gillespie, M.D., Edsel Stewart, M.D., Wayne Johnson, M.D., Patrick G. McLain, M.D., Howard Clark, M.D., Ronnye Purvis, M.D., Don Blackwood, M.D., and Charles Ozborn, M.D. are DISMISSED;

(17)   the motion of defendant Edward Bryant, M.D. in
<u>Waters</u> (E.D. Pa.) to dismiss Trina Waters' claims (Doc. #11) is
DENIED as moot;

(18)   the motion of plaintiffs in <u>Anthony Watson, et
al. v. Wyeth, et al.</u>, CIV.A. No. 03-20296 (E.D. Pa.) to remand to
the Circuit Court of Hinds County, Mississippi is DENIED;

(19)   all claims in <u>Watson</u> against defendants Ron
Lewis, M.D., Andrea Phillips, M.D., and Jasper D. Moore, M.D. are
DISMISSED;

(20)   the motion of plaintiffs in <u>Dorothy Winters, et
al. v. Wyeth, et al.</u>, CIV.A. No. 03-20170 (E.D. Pa.) to remand to
the Circuit Court of Holmes County, Mississippi is DENIED;

(21)   all claims in <u>Winters</u> against S. Rao Rayuda,
M.D., Jasper Moore, M.D., John Downer, M.D., Michael O'Neal,
M.D., Keith Stanford, M.D., and Elias Abboud, M.D. are DISMISSED;

(22)   the motion of plaintiffs in <u>Paul Woodcock, et al.
v. Wyeth, et al.</u>, CIV.A. No. 03-20273 (E.D. Pa.) to remand to the
Circuit Court of Humphreys County, Mississippi is DENIED;

(23)   all claims in <u>Woodcock</u> against Karen Mullen,
M.D., Richard Carter, M.D., Edward Holmes, M.D., Douglas Conner,
M.D., David Richardson, M.D., Elmertha Burton, M.D., Jonn Mann,
M.D., Maria Soriano, M.D., Kent Darsey, M.D., Patrick G. McLain,
M.D., Mack Gorton, M.D., Robert Jordan, M.D., Dennis Simms, M.D.,
Edsel Stewart, M.D., Michael O'Neal, M.D., Keith Lay, M.D., David
Webber, M.D., Don Gibson, M.D., Sam Fillingame, M.D., Howard
Clark, M.D., David Richardson, M.D., Richard Warren, M.D., Robert

Cooper, M.D., Stephen A. Tramill, D.O., David Clippinger, M.D., and Buford Lambert, M.D. are DISMISSED;

(24)  the motion of plaintiffs in <u>Jamie Woods, et al v. Wyeth, et al.</u>, CIV.A. No. 03-20272 (E.D. Pa.) to remand to the Circuit Court of Sunflower County, Mississippi is DENIED; and

(25)  all claims in <u>Woods</u> against Howard Clark, M.D., Charles Borum, M.D., Patrick G. McLain, M.D., Bill Maddox, M.D., Obie McNair, M.D., Terry Lowe, M.D., Keith Stanford, M.D., Harold Wheeler, M.D., Edgar Donahoe, M.D., Rafe Armstrong, M.D., H. Todd Coulter, M.D., Keith R. Lay, M.D., Edmund Miller, M.D., Charles McClees, M.D., David Richardson, M.D., William Middleton, M.D., Gloria Butler, M.D., Frank Wade, M.D., Jasper Moore, M.D., W.L. Prichard, M.D., Virginia Vittor, M.D., F. Lee Neal, M.D., William B. Lucas, M.D., W. Paul Wilcox, M.D., Ben Sanford, M.D., and Margaret Powell, M.D. are DISMISSED.

BY THE COURT:

_Harvey Bartle_  J.

# EXHIBIT 5

LITDOCS/557004.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS                         :  MDL DOCKET NO. 1203
(PHENTERMINE, FENFLURAMINE,               :
DEXFENFLURAMINE) PRODUCTS                  :
LIABILITY LITIGATION                      :
                                          :
THIS DOCUMENT RELATES TO:                 :
_____           :
                                          :        **FILED**  FEB 2 4 2004
SAUNDRA WILLIAMS, et al.                  :
           v.                             :
WYETH, et al.                             :  CIVIL ACTION NO. 03-20244

JERRY STEVENS, et al.                     :
           v.                             :
WYETH, et al.                             :  CIVIL ACTION NO. 03-20248

DOROTHY HOUSE, et al.                     :
           v.                             :
WYETH, et al.                             :  CIVIL ACTION NO. 03-20247

PAULA FOWLER, et al.                      :
           v.                             :
WYETH, et al.                             :  CIVIL ACTION NO. 03-20255

LOIS BRADY, et al.                        :
           v.                             :
WYETH, et al.                             :  CIVIL ACTION NO. 03-20322

## MEMORANDUM AND PRETRIAL ORDER NO. 3304

Bartle, J.                                    February 24, 2004

          Before the court are the motions of class members in

these five actions to remand to the appropriate Mississippi state

courts their actions against defendants Wyeth,[1] the physicians

who have prescribed Wyeth's diet drugs Pondimin and/or Redux for

them, and John Does 1-50 -- anonymous detail persons and **ENTERED**

─────────────────

1.  Wyeth was previously known as American Home Products **FEB 2 5 2004**
Corporation ("AHP").

CLERK OF COURT

marketing representatives of Wyeth.  The state court actions were captioned:  <u>Saundra Williams, et al. v. Wyeth, et al.</u>, (Miss. Cir. Ct. Hinds County filed Dec. 30, 2002); <u>Jerry Stevens, et al. v. Wyeth, et al.</u>, (Miss. Cir. Ct. Jasper County filed Dec. 30, 2002); <u>Dorothy House, et al. v. Wyeth, et al.</u>, (Miss. Cir. Ct. Jasper County filed Dec. 30, 2002); <u>Paula Fowler, et al. v. Wyeth, et al.</u>, (Miss. Cir. Ct. Hinds County filed Feb. 24, 2003); and <u>Lois P. Brady, et al. v. Wyeth, et al.</u>, (Miss. Cir. Ct. Jones County filed Feb. 24, 2003).  The five actions have 39 plaintiffs in total.

According to Wyeth, the plaintiffs, with the exception of Charlotte Baughman,[2] have exercised their right of back-end or intermediate opt-out under the nationwide class action Settlement Agreement ("Settlement Agreement") in <u>Brown v. American Home Products Corporation</u>, CIV. A. No. 99-20593 (E.D. Pa. Aug. 28, 2000) ("Pretrial Order ("PTO") No. 1415"), which encompassed persons who ingested Wyeth's diet drugs Pondimin and Redux.  <u>See</u> <u>e.g.</u>, Settlement Agreement at § IV(A), (B), and (D)(4).  Under the Settlement Agreement, those who have exercised an intermediate or back-end opt-out may sue Wyeth for compensatory damages in the tort system rather than obtain benefits from the AHP Settlement Trust.  Unlike initial opt-outs, these plaintiffs were class members at the time of the approval of the class

---

2. Wyeth has submitted the declaration of Scott Monroe, an attorney for the law firm of Brown Greer, PLC, that plaintiff Baughman failed to exercise her back-end or intermediate opt-out rights.  We need not decide that issue here.

-2-

action settlement and continue to be so even though they now have
separate lawsuits pending.

There are 39 plaintiffs in these five actions, and they
are all represented by the same counsel.  Their motions for
remand are before the undersigned as the transferee judge in MDL
1203, the mass tort litigation involving Wyeth's diet drugs
commonly known as fen-phen.  No federal claim for relief is
alleged.  Because these motions present nearly identical legal
and factual issues, we will address them together.

I.

In brief summary, plaintiffs, all citizens of the state
of Mississippi, filed their lawsuits for injuries sustained as a
result of their use of the diet drugs known as Pondimin and/or
Redux.  The defendant Wyeth, the manufacturer of Pondimin and
Redux, is a party of diverse citizenship from the plaintiffs.
The defendant physicians who prescribed Pondimin and/or Redux to
plaintiffs are alleged to be citizens of Mississippi.  Finally,
plaintiffs aver that the John Does 1-50, fictitious detail
persons and marketing representatives, are adult citizens of
Mississippi.

Plaintiffs originally filed their complaints in
Mississippi Circuit Courts between December, 2002 and February,
2003, more than five years after fen-phen was withdrawn from the
market in September, 1997.  Wyeth timely removed the actions to
the United States District Court for the Southern District of
Mississippi.  The Mississippi federal court deferred ruling on

-3-

plaintiffs' remand motions, and the cases were then transferred
to this court as part of MDL 1203.

       The plaintiffs maintain that remand is appropriate
because complete diversity does not exist as required under
28 U.S.C. § 1332(a).  Wyeth counters that the non-diverse
physicians were fraudulently joined because the applicable two-
year statute of limitations bars plaintiffs' claims against these
non-diverse defendants.[3]  See MISS. CODE ANN. § 15-1-36 (West
2003).  Thus, Wyeth argues, plaintiffs' claims against these non-
diverse defendants should be disregarded for purposes of
determining diversity of citizenship of the parties.  Plaintiffs
respond that the statute of limitations has not expired because
they discovered their injuries less than two years prior to
filing their motions for judgment against the non-diverse
defendants.

                              II.

       This court addressed the identical issues presented by
plaintiffs' remand motions in PTO No. 3281 in French, et al. v.
Wyeth, et al., CIV. A. No. 03-20353 (E.D. Pa. Feb. 18, 2004),
which is also part of the nationwide diet drug litigation.  In
French, we laid out in detail the standards for removal based on
diversity jurisdiction and fraudulent joinder.  See PTO No. 3281

---

3.  The statute of limitations is not an issue in plaintiffs'
claims against Wyeth, which has waived its right to assert any
time bar in return for the plaintiffs giving up their right to
sue Wyeth for "punitive, exemplary, or multiple damages."
Settlement Agreement § IV.D.3.c; see PTO No. 2625 and PTO No.
2680.

                              -4-

at 2-4.  Because we examined the same legal issues as they
applied to nearly identical facts in <u>French</u>, we need not revisit
them here.

III.

The key issue in these cases, as in <u>French</u>, is whether
the prescribing physicians, all purportedly Mississippi citizens,
were fraudulently joined as defendants for the purpose of
destroying diversity of citizenship and preventing removal.
Plaintiffs have brought claims for medical negligence against all
of these non-diverse defendants.

Wyeth argues that plaintiffs' complaints do not state
colorable claims against these defendants because plaintiffs'
claims are barred by the Mississippi statute of limitations.  The
statute provides in relevant part:

> For any claim accruing on or before June 30,
> 1998, and except as otherwise provided in
> this section, no claim in tort may be brought
> against a licensed physician, osteopath,
> dentist, hospital, institution for the aged
> or infirm, nurse, pharmacist, podiatrist,
> optometrist or chiropractor for injuries or
> wrongful death arising out of the course of
> medical, surgical or other professional
> services unless it is filed <u>within two (2)</u>
> <u>years from the date the alleged act, omission</u>
> <u>or neglect shall or with reasonable diligence</u>
> <u>might have been first known or discovered.</u>

MISS. CODE ANN. § 15-1-36(1) (emphasis added).  For any claim
accruing on or after July 1, 1998, the statute of limitations is
the same for all relevant purposes.[4]

---

4.  The statute of limitations for claims accruing after July 1,
1998 adds tolling provisions for fraudulent concealment and
(continued...)

-5-

In <u>French</u>, we set forth the standard for when an action "accrues" under Mississippi law.  <u>See</u> PTO No. 3281 at 6.  In short, an action accrues when a patient can reasonably be held to have knowledge of the injury itself, cause of injury, and the conduct of the medical practitioner.  <u>Fortenberry v. Mem'l Hosp. At Gulfport, Inc.</u>, 676 So.2d 252, 255 (Miss. 1996); <u>see also</u> <u>First Trust Nat'l Ass'n v. First Nat'l Bank of Commerce</u>, 220 F.3d 331, 336-37 (5th Cir. 2000); <u>In re Catfish Antitrust Litig.</u>, 826 F. Supp. 1019, 1031 (N.D. Miss. 1993).

Plaintiffs contend that they brought their actions within two years "from the date the alleged act ... with reasonable diligence might have been first known or discovered." MISS. CODE. ANN. § 15-1-36(1).  According to plaintiffs, they could not have reasonably discovered their purported injuries until their alleged heart problems were diagnosed after reviewing their echocardiograms.  Plaintiffs assert that their diagnoses occurred less than two years prior to filing their complaint.  Wyeth counters that plaintiffs should have been on notice of their stated injuries as a result of the widespread publicity accompanying the withdrawal of the diet drugs from the market in September, 1997.  Wyeth further contends that plaintiffs should

---

(...continued)
instances when a foreign object is left in a patient's body.  <u>See</u> MISS. CODE. ANN. § 15-1-36(2)(a),(b).  Both provisions require a plaintiff to bring an action within two years of the time when the alleged injury or fraud should have been discovered, and no later than seven years after the alleged act of neglect.  <u>See id.</u>

-6-

have known about their alleged injuries at the very latest in
March, 2000, after Wyeth's extensive publicity campaign.

This court also discussed in <u>French</u> the massive
publicity in Mississippi and nationwide concerning the withdrawal
of the diet drugs from the market and their possible connection
to valvular heart disease.  <u>See</u> PTO No. 3281 at 7-12.  We find
that here, as in <u>French</u>, plaintiffs have not established that
they discovered their alleged injuries less than two years prior
to bringing their lawsuits.  In light of this publicity,
plaintiffs, through the exercise of reasonable diligence, should
have discovered their alleged injuries at the very latest by
March, 2000.  However, their complaints were not filed until
between December, 2002 and February, 2003.  Thus, plaintiffs'
claims against the in-state physicians are clearly time barred,
and Wyeth has established that these in-state physicians are
fraudulently joined.

In support of their contention that their injuries
occurred within two years of the filing of their complaints,
plaintiffs provide the court with affidavits from Dr. Oury and
Dr. Massing, board certified cardiologists both stating that they
are of the opinion that diet drug induced valvular heart disease
is a latent disease.  They do not opine as to when the disease
manifested itself in any of the plaintiffs.  These are the exact
same affidavits that the plaintiffs in <u>French</u> submitted.  In
<u>French</u>, we determined that class members are collaterally
estopped from relitigating the issue of latency because Judge

-7-

Louis C. Bechtle, after a full hearing on the issue, concluded that any injury related to the ingestion of the diet drugs occurred at or near the time of last use. See e.g., PTO No. 1415 at 104-08. For the same reasons set forth in French, we find that plaintiffs here are estopped from asserting that their alleged diet drug related heart problems were latent. See PTO No. 3281 at 12-13.

V.

Plaintiffs also bring claims against John Does 1-50 -- anonymous detail persons and marketing representatives of Wyeth whom plaintiffs believe to be citizens of Mississippi. Plaintiffs appear to join John Does 1-50 in an effort to defeat diversity. However, the removal statute provides that "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). Thus, for the purposes of determining whether complete diversity exists so that these actions may remain in federal court, the citizenship of John Does 1-50 is irrelevant.

VI.

For the same reasons set forth in French, Wyeth has met its heavy burden of showing that the in-state physician defendants are fraudulently joined. Accordingly, we will deny the motions of the plaintiffs to remand these actions to the several Mississippi state courts and will dismiss the complaints as to these physician defendants.

-8-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DIET DRUGS | : | MDL DOCKET NO. 1203 |
| (PHENTERMINE, FENFLURAMINE, | : | |
| DEXFENFLURAMINE) PRODUCTS | : | |
| LIABILITY LITIGATION | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |

| | | |
|---|---|---|
| SAUNDRA WILLIAMS, et al. | : | |
| v. | : | |
| WYETH, et al. | : | CIVIL ACTION NO. 03-20244 |
| | : | |
| JERRY STEVENS, et al. | : | |
| v. | : | |
| WYETH, et al. | : | CIVIL ACTION NO. 03-20248 |
| | : | |
| DOROTHY HOUSE, et al. | : | |
| v. | : | |
| WYETH, et al. | : | CIVIL ACTION NO. 03-20247 |
| | : | |
| PAULA FOWLER, et al. | : | |
| v. | : | |
| WYETH, et al. | : | CIVIL ACTION NO. 03-20255 |
| | : | |
| LOIS BRADY, et al. | : | |
| v. | : | |
| WYETH, et al. | : | CIVIL ACTION NO. 03-20322 |

PRETRIAL ORDER NO. 3304

AND NOW, this 24th day of February, 2004, for the
reasons set forth in the accompanying Memorandum, it is hereby
ORDERED that:

(1)   the motion of plaintiffs in Saundra Williams, et
al. v. Wyeth, et al., CIV.A. No. 03-20244 (E.D. Pa.) to remand to
the Circuit Court of Hinds County, Mississippi is DENIED;

(2)   the claims in <u>Williams</u> against defendants Michael Albert, M.D., Gary A. Nelson M.D., and David Robertson M.D. are DISMISSED;

(3)   the motion of plaintiffs in <u>Jerry Stevens, et al.</u> <u>v. Wyeth, et al.</u>, CIV.A. No. 03-20248 (E.D. Pa.) to remand to the Circuit Court of Japser County, Mississippi is DENIED;

(4)   the claims in <u>Stevens</u> against defendants Sawmanojkumar Singh, M.D., Arthur Wood, M.D., Steven Tramill, M.D., John Doe M.D., David Pate M.D., Calvin Ennis, M.D., Robert Cubberly, M.D., Prentice Walker, M.D., Charles D. Borum, M.D., John Doe, M.D., George Camatsos, M.D., Fitzhugh L. Neal, M.D., and Fred Duggan, M.D. are DISMISSED;

(5)   the motion of plaintiffs in <u>Dorothy House, et al.</u> <u>v. Wyeth, et al.</u>, CIV.A. No. 03-20247 (E.D. Pa.) to remand to the Circuit Court of Japser County, Mississippi is DENIED;

(6)   the claims in <u>House</u> against Maria Soriano, M.D., Arthur E. Wood III, M.D., James Riser, M.D., Louis Rubenstein, M.D., Ruben Morris, M.D., Patrick McClain, M.D., Reginald Stewart, M.D., Michael Richards, M.D., and Constance Goodyear, M.D. are DISMISSED;

(7)   the motion of plaintiffs in <u>Paula Fowler, et al.</u> <u>v. Wyeth, et al.</u>, CIV.A. No. 03-20255 (E.D. Pa.) to remand to the Circuit Court of Hinds County, Mississippi is DENIED;

(8)   the claims in <u>Fowler</u> against G.B. Shaw, M.D. and David Richardson, M.D. are DISMISSED;

02/25/04   11:30   ☎215 851 1499        REED SMITH                    ☒012/012

(9)  the motion of plaintiffs in <u>Lois P. Brady, et al.</u>

<u>v. Wyeth, et al.</u>, CIV.A. No. 03-20322 (E.D. Pa.) to remand to the

Circuit Court of Jones County, Mississippi is DENIED; and

(10)  the claims in <u>Brady</u> against Bruce Pruett, M.D.,

Arthur Wood, M.D., Mohammed Assaf, M.D., Terry Lowe, M.D., Earl

Lee Stewart, M.D., David Richardson, M.D., and Robert Gilliland,

M.D. are DISMISSED.

BY THE COURT:

Harvey Bartle J.

# EXHIBIT 6

LITDOCS/557004.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DIET DRUGS | : | MDL DOCKET NO. 1203 |
| (PHENTERMINE, FENFLURAMINE, | : | |
| DEXFENFLURAMINE) PRODUCTS | : | |
| LIABILITY LITIGATION | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |
| AUDREY ALEXANDER v. WYETH, et al. | : | CIVIL ACTION NO. 03-20206 |
| | : | |
| IDA HAYNES v. WYETH, et al. | : | CIVIL ACTION NO. 03-20143 |
| | : | |
| RUTH HIGGINBOTTOM v. WYETH, et al. | : | CIVIL ACTION NO. 03-20142 |
| | : | |
| THOMAS JARRELL v. WYETH, et al. | : | CIVIL ACTION NO. 03-20144 |
| | : | |
| CYNTHIA KANODE v. WYETH, et al. | : | CIVIL ACTION NO. 03-20145 |
| | : | |
| LINDA TRISVAN v. WYETH, et al. | : | CIVIL ACTION NO. 03-20141 |

**MEMORANDUM AND PRETRIAL ORDER NO. 3230**

Bartle, J.                                              January 29, 2004

Before the court are the motions of class members
Audrey Alexander, Ida Haynes, Ruth Higginbottom, Thomas Jarrell,
Cynthia Kanode, and Linda Trisvan to remand to the appropriate
Virginia state courts their actions against defendants Wyeth,[1]
the physicians who have prescribed Wyeth's diet drugs Pondimin
and/or Redux for them, the physicians' respective practice
groups, and John Does 1-3 -- anonymous detail persons and

---

1.  Wyeth was previously known as American Home Products
Corporation ("AHP").

marketing representatives of Wyeth.[2]  The state court actions
were captioned:  <u>Audrey Alexander v. Wyeth, et al.</u>, No. CL03-
023905-00 (Va. Cir. Ct. Lynchburg filed Feb. 24, 2003); <u>Ida
Haynes v. Wyeth, et al.</u>, No. LP-2596-1 (Va. Cir. Ct. Richmond
filed Oct. 30, 2002); <u>Ruth Higginbottom v. Wyeth, et al.</u>, No. LP-
2564-1 (Va. Cir. Ct. Richmond filed Oct. 25, 2002); <u>Thomas
Jarrell v. Wyeth, et al.</u>, No. LP-2664-4 (Va. Cir. Ct. Richmond
filed Nov. 7, 2002); <u>Cynthia Kanode v. Wyeth, et al.</u>, No. LP-
2577-3 (Va. Cir. Ct. Richmond filed Oct. 25, 2002); <u>Linda Trisvan
v. Wyeth, et al.</u>, No. CL024996 (Va. Cir. Ct. Greensville filed
Oct. 28, 2002).

        The plaintiffs in these actions have exercised their
right of back-end opt-out under the Nationwide Class Action
Settlement Agreement ("Settlement Agreement") in <u>Brown v.
American Home Products Corporation</u>, CIV.A. No. 99-20593 (E.D. Pa.
Aug. 28, 2000) ("Pretrial Order ("PTO") No. 1415"), which
encompassed persons who ingested Wyeth's diet drugs Pondimin and
Redux.  <u>See</u> <u>e.g.</u>, Settlement Agreement at § IV(A),(B), and
(D)(4).  Under the Settlement Agreement, those who have exercised
a back-end opt-out may sue Wyeth for compensatory damages in the
tort system rather than obtain benefits from the AHP settlement
trust.  Unlike initial opt-outs, these plaintiffs were class

---

2.  Plaintiffs Ruth Higginbottom, Cynthia Kanode, and Linda
Trisvan have also brought claims against Interneuron
Pharmaceuticals, Inc. ("Interneuron"), the Massachusetts-based
pharmaceutical company that promoted Redux.  Because plaintiffs
do not assert the joinder of Interneuron as a ground for remand,
we need not address plaintiffs' claims against Interneuron.

-2-

members at the time of the approval of the class action

settlement and continue to be so even though they now have

separate lawsuits pending.

These six plaintiffs are all represented by the same

counsel.  Their motions for remand are before the undersigned as

the transferee judge in MDL 1203, the mass tort litigation

involving Wyeth's diet drugs commonly known as fen-phen.  No

federal claim for relief is alleged.  Because these motions

present nearly identical legal and factual issues, we will

address them together.

I.

In brief summary, plaintiffs, all residents of the

Commonwealth of Virginia, filed suit for injuries sustained as a

result of their use of the diet drugs known as Pondimin and/or

Redux.  The defendant Wyeth, the manufacturer of Pondimin and

Redux, is a party of diverse citizenship from the plaintiffs.[3]

The defendant physicians[4] who have prescribed Pondimin and/or

---

3.  Plaintiffs in their original state court pleadings claim that
Wyeth is also a non-diverse defendant.  Wyeth responds, and we
agree, that at all relevant times, Wyeth was and still is a
citizen of Delaware, where it is incorporated, and of New Jersey,
where its principal place of business is located.  See Notice of
Removal at ¶ 6 (citing affidavit of John Alivernini, Assistant
Secretary of Wyeth-Ayerst Laboratories).  Plaintiffs provide no
evidence to the contrary.

4.  Specifically, plaintiffs have brought claims against the
following physicians and their practice groups:  Audrey Alexander
claims that Thomas W. Eppes, Jr., M.D. and Central Virginia
Family Physicians, Inc. prescribed Pondimin for her; Ida Haynes
claims that Vanessa O. Johnson, M.D. and U.S. Medical Weight Loss
Centers prescribed Pondimin for her; Ruth Higginbottom claims
that Eric Joel DeMaria, M.D. prescribed Pondimin for her; Thomas
(continued...)

Redux for plaintiffs are residents of Virginia while the
defendant physicians' respective practice groups also have their
principal places of practice there.  Finally, plaintiffs aver
that the John Does 1-3, fictitious detail persons and marketing
representatives, are adult citizens of Virginia.

Plaintiffs originally filed their motions for judgment[5]
in the Virginia state courts between October 2002 and February
2003, more than five years after fen-phen was withdrawn from the
market in September, 1997.  Wyeth timely removed the actions to
the several United States District Courts in Virginia.[6]  The
Virginia federal courts deferred ruling on plaintiffs' remand

---

4.(...continued)
Jarrell claims that James C. Barr, M.D. and Virginia Physicians,
Inc. prescribed Redux for him; Cynthia Kanode claims that John R.
Partridge, M.D., Corinne N. Tuckey-Larus, M.D., and Virginia
Physicians for Women, Ltd. prescribed Pondimin, Redux, and/or
Phentermine for her; and Linda Trisvan claims that Thomas Walker,
M.D. prescribed Redux for her.

5.   An action at law before a Virginia Circuit Court is commenced
by the filing of a "motion for judgment".  See Va. Sup. Ct. R.
3:3 (2003).

6.   The specific date and place of plaintiffs' filings of motions
for judgment and Wyeth's removal are as follows:   Audrey
Alexander filed on February 24, 2003 in the Circuit Court for the
City of Lynchburg, Virginia, and Wyeth removed this action to the
United States District Court for the Western District of Virginia
on March 19, 2003.   Ida Haynes, Ruth Higginbottom, Thomas
Jarrell, and Cynthia Kanode filed respectively on October 30,
2002, October 25, 2002, November 7, 2002, and October 25, 2002,
all in the Circuit Court for the City of Richmond, Virginia, and
Wyeth removed these actions to the United States District Court
for the Eastern District of Virginia between November 12 and
November 14, 2002.   Linda Trisvan instituted suit on October 28,
2002 in the Circuit Court for the County of Greensville,
Virginia, and Wyeth removed this action to the United States
District Court for the Eastern District of Virginia on
November 13, 2002.

motions, and the cases were then transferred to this court as part of MDL 1203.

The plaintiffs maintain that remand is appropriate because complete diversity does not exist as required under 28 U.S.C. § 1332(a).  Wyeth counters that the non-diverse physicians and physicians' practice groups were fraudulently joined because the applicable two-year statute of limitations bars plaintiffs' claims against these non-diverse defendants.[7] See VA. CODE ANN. § 8.01-243(A) (West 2003).  Thus, Wyeth argues, plaintiffs' claims against the non-diverse defendants should be disregarded for purposes of determining diversity of citizenship of the parties.  Plaintiffs respond that the statute of limitations has not expired because they discovered their injuries less than two years prior to filing their motions for judgment against the non-diverse defendants.

II.

Under the federal removal statute, " ... any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court .... "  28 U.S.C. § 1441(a).  Federal district courts have original jurisdiction over all civil actions between citizens of different

_____

7.  The statute of limitations is not an issue in plaintiffs' claims against Wyeth, which has waived its right to assert the statute of limitations defense in return for the plaintiffs giving up their right to sue Wyeth for "punitive, exemplary, or multiple damages."  Settlement Agreement § IV.D.3.c; see PTO No. 2625 and PTO No. 2680.

-5-

states if the amount in controversy exceeds $75,000, exclusive of
interest and costs. 28 U.S.C. § 1332(a)(1). Complete diversity,
of course, is required. <u>State Farm Fire & Cas. Co. v. Tashire</u>,
386 U.S. 523, 530-31 (1967). If an action originally instituted
in a state court could have been brought in federal court
pursuant to diversity jurisdiction, the defendants may remove it
to federal court provided certain procedures are followed and
certain conditions met. 28 U.S.C. §§ 1441 and 1446. Similarly,
if the federal court subsequently determines that it does not
have subject matter jurisdiction over a removed action, it must
remand the action to the state court where it originated.
28 U.S.C. § 1447(c). A plaintiff or a defendant may seek to
remand the case, or the court may do so on its own motion. <u>Am.
Fire & Cas. Co. v. Finn</u>, 341 U.S. 6, 16-19 (1951); 16 Moore's
Federal Practice, § 107.41[1][b][i] (Matthew Bender 3d ed.); <u>see
also</u> <u>Moses v. Ski Shawnee, Inc.</u>, 2000 WL 1053568, at *2 (E.D. Pa.
July 31, 2000).

The presence of a party fraudulently joined cannot
defeat removal. <u>Wilson v. Republic Iron & Steel Co.</u>, 257 U.S.
92, 97 (1921). Under our Court of Appeals' decision in <u>Boyer v.
Snap-on Tools Corporation</u>, 913 F.2d 108, 111 (3d Cir. 1990),
joinder is fraudulent "where there is no reasonable basis in fact
or colorable ground supporting the claim against the joined
defendant, or no real intention in good faith to prosecute the
action against the defendant or seek a joint judgment."

As an MDL court sitting within the Third Circuit, we must apply our Court of Appeals' fraudulent joinder standard. See In re Korean Airlines Disaster, 829 F.2d 1171, 1174 (D.C. Cir. 1987); In re Ikon Office Solutions, Inc. Secs. Litig., 86 F. Supp. 2d 481, 485 (E.D. Pa. 2000). As discussed above, we must decide whether there is a "reasonable basis in fact or colorable ground supporting the claim against the joined defendant." Boyer, 935 F.2d at 111.

We recognize that the burden on Wyeth to establish fraudulent joinder is a heavy one. See Wilson, 257 U.S. at 111. While we "must resolve all contested issues of substantive fact in favor of plaintiff," we do not take this to mean we must blindly accept whatever the party seeking remand may say no matter how incredible or how contrary to the overwhelming weight of the evidence. Id. We are also cognizant that the removal statute must be construed narrowly, and "all doubts should be resolved in favor of remand." Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987). The Supreme Court made it clear in Wilson that if a plaintiff contests a defendant's assertion that joinder of another defendant was a sham to defeat removal, the District Court must determine the facts from the evidence. Wilson, 257 U.S. at 98. We are not to decide automatically in favor of remand simply because some facts may be said to be in dispute.

On matters of substantive law, "[i]f there is even a possibility that a state court would find that the complaint

-7-

states a cause of action against any one of the resident
defendants, the federal court must find that joinder was proper
and remand the case to state court." Boyer, 913 F.2d at 111
(citation omitted). We are mindful that our inquiry into Wyeth's
claim of fraudulent joinder is less searching than that
permissible when a party seeks to dismiss a claim under Rule
12(b)(6) of the Federal Rules of Civil Procedure. Batoff v.
State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir. 1992); see also
Gaul v. Neurocare Diagnostic, Inc., No. 02-CV-2135, 2003 WL
230800, at *2 (E.D. Pa. Jan. 1, 2003). In other words, simply
because a claim against a party may ultimately be dismissed for
failure to state a claim does not necessarily mean that the party
was fraudulently joined. The test is whether this court thinks
there is a "reasonable basis" for finding the claim to be
colorable, that is, whether it is "wholly insubstantial and
frivolous." Batoff, 977 F.2d at 852.

### III.

The key issue for present purposes is whether the
prescribing physicians and their respective practice groups, all
purportedly Virginia citizens, were fraudulently joined as
defendants for the purpose of destroying diversity of citizenship
and preventing removal. Plaintiffs have brought claims for
medical negligence against all of these non-diverse defendants.

Wyeth argues that plaintiffs' motions for judgment do
not state colorable claims against these defendants because
plaintiffs' claims are barred by the Virginia statute of

-8-

limitations.  It reads in pertinent part that "every action for personal injuries, whatever the theory of recovery, and every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues." VA. CODE ANN. § 8.01-243(A).  The Virginia Code further provides that "[i]n every action for which a limitation period is prescribed, the right of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained in the case of injury to the person." VA. CODE ANN. § 8.01-230 (West 2003).  Virginia courts have found that the injury is deemed to occur and the statute of limitations begins to run whenever any injury, however slight, is sustained. St. George v. Pariser, 484 S.E.2d 888, 889 (Va. 1997) (citation omitted).  Moreover, even if a plaintiff suffers substantial effects from the injury only at a later date, the statute begins to run when the injury is first incurred. Lo v. Burke, 455 S.E.2d 9, 13 (Va. 1995).

Unlike some states that have adopted discovery rules, "Virginia law does not calculate statute of limitations in personal injury from the date of diagnosis." Wade v. Danek Medical Inc., 5 F. Supp. 2d 379, 382 (E.D. Va. 1998) (citations omitted).  Instead, "a cause of action can accrue before a disease ... manifests itself by symptoms, since it is the onset of the disease itself that triggers the running of the limitation period." Hollingsworth v. Shenandoah Med. Imaging, Inc., 1996 WL 1065478, at *5 (Va. Cir. Ct. Jan. 18, 1996) (citation omitted).

-9-