IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

00450018

LORRAINE MOORE,

    Plaintiff,

v.                                          CASE NO. 5:03cv301-RH

WYETH, etc., et al.,

    Defendants.

_____/

## ORDER OF REMAND TO STATE COURT

This is a personal injury action arising from Plaintiff's ingestion of a combination of drugs commonly known as "fen-phen." Plaintiff filed the action in state court and named as Defendants the drugs' manufacturer (Wyeth), three of the manufacturer's individual sales representatives (Richard Coe, Debra Ann Berry, and Leroy Peacock), and a retail pharmacist (Eckerd Corp.). Plaintiff, the sales representatives, and Eckerd are all citizens of Florida. Wyeth is a Delaware corporation with its principal place of business in New Jersey; Wyeth is thus a

citizen of those states. Wyeth removed the action to this court based on diversity of citizenship. The amount in controversy exceeds $75,000. Removal was proper if and only if, as Wyeth asserts, the sales representatives and Eckerd were fraudulently joined. Plaintiff has moved to remand. Because Plaintiff has stated a colorable claim against Eckerd under Florida law, I grant the motion and remand the action to state court.[1]

# I
## Fraudulent Joinder Standards

A defendant is fraudulently joined for diversity jurisdiction purposes "if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant." *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001). But "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983). Stated differently, "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a

---

[1] Wyeth also has moved to stay proceedings in this court—including adjudication of the motion to remand—pending transfer of the action to the Judicial Panel on Multidistrict Litigation. No purpose would be served by delaying the decision whether to remand. The motion to stay will be denied.

valid cause of action in order for the joinder to be legitimate," *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (emphasis in original), and "[w]hen considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Procedurally, a district court may look beyond the face of the complaint—even to consider affidavits—but must avoid a merits determination in doing so:

> [T]he plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant. For a remand, the plaintiff's burden is much lighter than that: after drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be "a reasonable basis for predicting that the state law *might* impose liability on the facts involved."
>
> In the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims. Although we have said that district courts may look beyond the face of the complaint, we emphasize that the district court is to stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent.

*Crowe*, 113 F.3d at 1541-42 (citations omitted) (emphasis in original). All doubts must be resolved in favor of remand. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

## II

## Plaintiff's Claims Against Eckerd

Plaintiff alleges he bought the drugs at issue from Eckerd. Plaintiff seeks to impose liability on Eckerd on two grounds. First, Plaintiff alleges that Eckerd *promoted* the sale of fen-phen. Second, Plaintiff alleges that Eckerd routinely provided patients with drug interaction information, thus advising patients of drugs that ought not be taken together; that Eckerd advertised this service as an inducement to patients to buy their prescription drugs from Eckerd; and that Eckerd negligently failed to flag the combination of drugs constituting fen-phen as drugs that should not be taken together. Nothing in this record establishes with the requisite level of certainty that Plaintiff will be unable to prove these factual allegations.[2]

The issue thus is whether Florida law gives Plaintiff "no possibility" of prevailing on the legal theories underlying these claims. This order addresses each of the claims in turn, and then addresses Wyeth's assertion that, even if Plaintiff could otherwise recover against Eckerd, her claims are clearly barred by the statute of limitations.

---

[2] Plaintiff also includes in her complaint a number of conclusions about Eckerd's motives or about legal theories on which Eckerd purportedly should be held liable, but there are no factual allegations supporting the conclusions or theories, and for present purposes they will be disregarded. The only substantive allegations against Eckerd—as opposed to empty conclusions—are those set forth in the text.

### A. *Promotion of Fen-Phen*

Under Florida law, a pharmacist who does no more than provide a lawfully prescribed drug to a patient is not, merely by virtue of providing the drug, liable for damage caused by a defect inherent in the drug. *See McLeod v. W.S. Merrell Co.*, 174 So. 2d 736, 739 (Fla. 1965). Whether the same is true of a pharmacy that affirmatively *promotes* the drug is an issue that has not been definitively resolved by the Florida courts. It cannot be said that there is "no possibility" that the Florida courts would recognize such a claim. *See, e.g., Oberoi v. Am. Home Prods. Corp.*, No. 99-2317-CIV-T-24C (M.D. Fla. Nov. 23, 1999) (holding that retail pharmacy alleged to have promoted fen-phen was not fraudulently joined); *Brown v. Am. Home Prods. Corp.*, No. 1:99-cv-240 MMP (M.D. Fla. Mar. 8, 2000) (same).[3]

### B. *Undertaking to Warn of Interaction Issues*

Also not definitively resolved in Florida is the issue of whether a pharmacy may be held liable for failing to warn of drug interaction dangers, at least if the pharmacy has touted its ability to do so. The Florida Supreme Court has not

---

[3] Other district courts have disagreed. But on this issue, *Oberoi* and *Brown* have the better of it.

addressed the issue, and there is a split in the District Courts of Appeal.

In *Johnson v. Walgreen Co.*, 675 So. 2d 1036 (Fla. 1st DCA 1996), the First District held that a pharmacy may not be held liable for failing to warn of an interaction risk. The court held further that §465.003(5), Fla. Stat. (Supp. 1986), now renumbered as §465.003(6), Fla. Stat. (2001), which requires a pharmacist to assess interaction before dispensing any drug, does not create a private cause of action for violation of that duty.

In *Sanderson v. Eckerd Corp.*, 780 So. 2d 930 (Fla. 5th DCA 2001), in contrast, the Fifth District reversed the dismissal of a complaint alleging that Eckerd negligently failed to warn of an interaction risk. The basis of the reversal was the allegation that Eckerd had voluntarily undertaken to advise patients of interaction issues—an allegation virtually identical to Plaintiff's allegation in the case at bar. The court cited the familiar principle that one who voluntarily undertakes to perform a function may be held liable for negligent performance. The court did not refer to §465.003(6) and gave no explanation for how performance of a statutorily required duty could be deemed a voluntary undertaking.

On balance, *Johnson* may be a correct reading of Florida law, but a plaintiff could hardly be faulted for pursuing the issue to the Florida Supreme Court, which might or might not agree. And *Sanderson* might not constitute a sound application

of the voluntary undertaking theory—the court may have overlooked the statute requiring a pharmacist to assess interaction issues—but again a plaintiff could hardly be faulted for pursuing a claim based on that decision. Indeed, *Sanderson* is the Florida appellate decision most closely on point with Plaintiff's allegations in the case at bar. *Sanderson* involved the very same practice of the very same pharmacy.

A plaintiff of course is free to pursue not only causes of action supported by existing case law, but also to pursue theories that might well be recognized when properly presented. And when, as here, the governing law is unsettled, it cannot be said that a plaintiff has "no possibility" of stating a cause of action. Under the standard set forth in such cases as *Tillman*, *Triggs*, and *Coker*, therefore, it cannot be said that Eckerd has been fraudulently joined.

## C. *Statute of Limitations*

Wyeth asserts, however, that the statute of limitations ran against Eckerd prior to the filing of this action. Wyeth bases the assertion on an agreement in a separate class action, made during Plaintiff's membership in the class, under which Wyeth waived the statute of limitations and the class representative agreed, on behalf of the class, that fen-phen injuries are not latent and thus are known when they occur. The benefit to the plaintiff class was Wyeth's waiver of the statute of

limitations. The benefit to Wyeth apparently was the elimination of claims for unknown injuries that might become known in the future.

Whether an agreement made under these circumstances is binding on a class member who (like Plaintiff in the case at bar) later opts out may be unclear. Also unclear is whether such an agreement runs not only in favor of the defendant who made the agreement, but also in favor of a stranger to the litigation (such as Eckerd in the case at bar). Thus on this issue, too, it cannot be said that Plaintiff has "no possibility" of success. Eckerd has not been fraudulently joined.

### III
### Conclusion

Plaintiff and Eckerd are both citizens of Florida. Because Eckerd has not been fraudulently joined, complete diversity of citizenship is absent. This action must be remanded to state court. Accordingly,

IT IS ORDERED:

Plaintiff's motion to remand (document 9) is GRANTED. Defendant's motion to stay (document 3) is DENIED. This action is remanded to the Circuit Court, Fourteenth Judicial Circuit, Bay County, Florida. The clerk shall take all steps necessary to effect the remand.

SO ORDERED this 9th day of January, 2004.

s/Robert L. Hinkle
United States District Judge