UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THERESA HRONCICH

             Plaintiff,

vs.                        Case No. 2:03-cv-659-FTM-29SPC

WYETH, f/k/a AMERICAN HOME
PRODUCTS CORPORATION; WYETH
PHARMACEUTICALS, f/k/a WYETH
AYERST LABORATORIES, INC.;
ECKERD CORPORATION; DANIEL GARVEY,
RAYMOND SARLO and GEORGE PECK, III,

             Defendants.

_____

**ORDER**

This matter comes before the Court on the following motions: (1) Defendant Wyeth's Motion to Stay All Proceedings Pending Transfer to MDL 1203 (Doc. #4); (2) plaintiff's Motion to Remand (Doc. #9); (3) Plaintiff's Motion for Attorney's Fees and Costs (Doc. #12); (4) Plaintiff's Motion For Consolidation (Doc. #17); and (5) Wyeth's Motion for Leave to File Its Response to Notice of Supplemental Authority and Request for Certification of Question for Appellate Review (Doc. #27). Responses were filed to all motions.

I.

Plaintiff alleges that she suffered serious and permanent injuries as a result of using the prescription diet medication Pondimin (fenfluramine), Phentermine, and Redux. The Complaint (Doc. #2) alleges state law claims of negligence, strict product liability,

fraud, and negligent misrepresentation against the manufacturers, three sales representatives, and a pharmacy. The Complaint was originally filed in the Circuit Court of the Thirteenth Judicial Circuit in Hillsborough County, Florida. It was removed to the Tampa Division of the United States District Court for the Middle District of Florida (Doc. #1), and subsequently transferred to the Fort Myers Division (Doc. #22).

Wyeth filed a Notice of Remand (Doc. #1) invoking this court's diversity of citizenship jurisdiction. While Wyeth recognized that there were three non-diverse defendants, the Notice of Removal asserted that these defendants were fraudulently joined and therefore should not be considered for diversity jurisdiction purposes. Plaintiff now seeks remand to state court, asserting that there is no diversity jurisdiction because the non-diverse parties were not fraudulently joined.

II.

Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity for removal. Triggs v. John Crumpa Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). An action may be removed despite the presence of a non-diverse party if the joinder of the non-diverse party was fraudulent, and the Eleventh Circuit has identified three situations where joinder has been deemed fraudulent. Id. Addressing the situation at issue here, the Eleventh Circuit summarized its standard as follows:

> Even if a named defendant is such a [non-diverse] citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. If there is even a possibility that a state court would

2

> find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court. The plaintiff need not have a wining case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.

Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001)(citations and quotations omitted). After the Alabama Supreme Court answered a certified question, the Eleventh Circuit re-iterated that "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003).

The determination of fraudulent joinder is made on the basis of plaintiff's pleadings at the time of removal, but the Court may consider the affidavits submitted in connection with the Notice of Removal. Cabalceta v. Standard Fruit Company, 883 F.2d 1553, 1561 (11th Cir. 1989). The Court's function, however, is limited, and plaintiff's burden is light. "[A]fter drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be a reasonable basis for predicting that the state law might impose liability on the facts involved." Crowe v. Coleman, 113 F.3d 1536, 1541-42 (11th Cir. 1997)(citation and quotation omitted).

Under this standard, the case must be remanded. While the

3

material factual matters alleged in the Complaint are contested, these factual disputes must be resolved in favor of plaintiff at this stage of the proceedings. Additionally, Florida law recognizes a cause of action in fraud against pharmaceutical sales representatives. Albertson v. Richardson-Merrell, Inc., 441 So.2d 1146 (Fla. 4th DCA 1983). The Court finds that Wyeth has not shown that plaintiff has no reasonable possibility of stating a valid cause of action as to the three non-diverse defendants. Therefore, the three individual defendants were not fraudulently joined, and complete diversity is absent.

Accordingly, it is now

**ORDERED:**

(1) Defendant Wyeth's Motion to Stay All Proceedings Pending Transfer to MDL 1203 (Doc. #4) is **DENIED;**

(2) Plaintiff's Motion to Remand (Doc. #9) is **GRANTED.** The Clerk of the Court is directed to remand this case to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

(3) Plaintiff's Motion for Attorney's Fees and Costs (Doc. #12) is **DENIED;**

(4) Plaintiff's Motion For Consolidation (Doc. #17) is **DENIED;**

(5) Wyeth's Motion for Leave to File Its Response to Notice of Supplemental Authority (Doc. #27) is **GRANTED,** and the Clerk shall file

the attached Response.

(6) Wyeth's Request for Certification of Question for Appellate Review (Doc. #27) is **DENIED**.

(7) The Clerk is directed to close this case and terminate any other pending motion as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this ___ day of January, 2004.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record
DCRD
Hillsborough County