(AEMLD), failure to warn, breach of warranty of merchantability, negligence, wantonness and fraud, misrepresentation and suppression arising from her use of the diet drugs fenfluramine (Pondimin) and dexfenfluramine (Redux). These diet drugs were removed from the market in 1997 due to their association with medical problems such as primary pulmonary hypertension and heart valve defects. Complaint, ¶¶ 14, 25-49. Defendant Wyeth removed this action from the Circuit Court of Walker County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332 and that the individual defendants were fraudulently joined as the plaintiff has no reasonable possibility of prevailing on any of her claims against them. Notice of Removal, ¶¶ 4, 7.

"Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity – every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996), rev'd on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). *See also Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 94 L.Ed.2d 615 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship); citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806).

The only means by which this case may remain in this court is if the lack of diversity which appears on the face of the complaint is through the fraudulent joinder

of the non-diverse party, as alleged by the defendant. Joinder is fraudulent when "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir.1993).

> "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998).

The defendant, as the party removing the action to federal court, have the burden to establish federal jurisdiction. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996). All doubts (and uncertainties) about federal court jurisdiction must be resolved in favor of a remand to state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)); *Diaz*, 85 F.3d at 1505. "The burden of the removing defendant is a 'heavy one.'" To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must

resolve any uncertainties in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997) (citation omitted).[2]

Plaintiff alleges in her complaint that each of the defendants promoted, detailed, distributed, sold, and/or marketed and made representations to Dr. Jerry V. Mosely, the plaintiff's physician, concerning these drugs. Complaint, ¶ 8. Based on these representations, the plaintiff was prescribed these drugs by her physician. *Id.* Defendant Wyeth argues that the individual defendants never promoted Pondimin and hence, said individual defendants can not be liable for the plaintiffs' injuries from Pondimin. Defendant's opposition, at 4. However, this argument goes to the merits of the plaintiff's claim against the individual defendants, which is not the issue before this court. The fact that plaintiff may not ultimately prevail against any of the individual defendants is not a proper inquiry for this court in considering a motion to remand. Rather, this court may only consider whether the plaintiff has the possibility of stating a valid cause of action against the non-diverse defendants. *Triggs*, 154 F.3d at 1287. The individual defendants admit that they promoted Redux to physicians based on information provided to them by Wyeth. *See e.g.*, Affidavit

_____

[2]This court is cognizant of the Eleventh Circuit's admonition in *Burns v. Windsor Insurance Company*, 31 F.3d 1092, 1095 (11th Cir.1994), where the Court stated "Federal courts are courts of limited jurisdiction. While a defendant does have a right, by statute, to remove in certain situations, plaintiff is still the master of his own claim (citations omitted). Defendant's right to remove and plaintiff's right to chose his own forum are not on equal footing ... removal statutes are construed narrowly ... uncertainties are resolved in favor of remand (citations omitted)."

of defendant Wurm, ¶ 5, 7. Because the court need only find one possible valid cause of action against the non-diverse defendants, the court considers only the plaintiff's claim of fraud, misrepresentation and suppression (Count VI), which the plaintiff has pleaded against all defendants.[3]

To establish misrepresentation under Alabama law, irrespective of whether the misrepresentation was made willfully, recklessly, or mistakenly, the plaintiff must prove (1) a false representation, (2) that the false representation concerned an existing material fact, (3) that the plaintiff relied on the false representation, and (4) that the plaintiff was damaged as a proximate result of the reliance. *Chase v. Kawasaki Motors Corp*, 140 F.Supp.2d 1280, 1291 (M.D.Ala.2001). The fact that the representation was made to a different individual than the one suffering the injury is not fatal to a claim for misrepresentation under Alabama law. *See Thomas v. Halstead*, 605 So.2d 1181, 1184 (Ala.1992) ("if a third person is injured by the deceit, he may recover against the one who made possible the damages to him by practicing the deceit in the first place"); *Chase*, 140 F.Supp.2d at 1291, n. 8 ("The court notes that under Alabama law it is not always required that a plaintiff prove that a misrepresentation was made directly to him, so long as his injuries resulted from the

---

[3] The court has not considered whether Counts I-V state possibly valid causes of action against the individual defendants. Rather, as only one stated cause of action must have a possibility of validity to destroy diversity jurisdiction, the court makes no judgment as to any cause of action stated in the complaint other than the count for misrepresentation.

misrepresentation"). Thus "there is a duty not to make a false representation to those to whom a defendant intends, for his own purposes, to reach and influence by the representation." *Wheelan v. Sessions*, 50 F.Supp.2d 1168, 1174 (M.D.Ala.1999) (quoting *Colonial Bank of Ala. v. Ridley & Schweigert*, 551 So.2d 390, 396 (Ala.1989).

Common sense dictates that the reason drug representatives make representations to physicians is to encourage physicians to prescribe the products the representatives promote to the physicians' patients. In other words, the drug representatives should have reasonably foreseen that the physicians' reliance on their representations would cause the prescription by the physicians of the products they promote to the physicians' patients for their consumption. There can be no other purpose to promote said products to physicians. Such a situation is clearly within Alabama law on third party standing in misrepresentation cases. "[T]he entire basis for third party standing in misrepresentation cases is that the deceiver contemplated that the third party would be induced to act by the deceiver's misstatements made to someone else." *Chase*, 140 F.Supp.2d at 1293, citing *Sims v. Tigrett*, 229 Ala. 486, 158 So. 326, 330 (1934). *See also Ex parte Grand Manor Inc.*, 778 So.2d 173, 182 (Ala.2000) ("If the fraudulent statement is made with the intent and expectation that the one to whom it is made will pass the statement on to the plaintiff, then the plaintiff

is entitled to rely on that statement, even if it is not made personally or directly to the plaintiff"); 37 Am.Jur.2d § 292 ("Third parties may recover damages for a fraudulent misrepresentation if they can establish that they relied upon the misrepresentation to their detriment and that the defendant intended the misrepresentation to be conveyed to them"). The court is therefore of the opinion that the plaintiff has stated a cause of action for misrepresentation against the non-diverse defendants.

Under Alabama law, this meets the requirement of "a possibility" of stating a valid cause of action. That is all that is necessary for joinder not to be fraudulent. The allegation that the individual defendants misrepresented material facts about Pondimin and Redux to a physician, who thereafter, and in reliance on said representations, prescribed these medications to a patient who was injured by them, possibly states a valid cause of action. The fact that the drug representatives made no attempt to ascertain the truth of the facts they presented is not a bar to liability under Alabama law. Rather, even an innocent misrepresentation made in good faith may constitute a legal fraud is such misrepresentation is of a material fact. *See Goggans v. Realty Sales & Mortgage*, 675 So.2d 441, 443 (Ala.Civ.App.1979).

Having reviewed the allegations set forth in Count VI of the plaintiff's complaint, the court finds such allegations do state a possible cause of action against the resident defendants. The plaintiff need not have a winning case against the

7

allegedly fraudulent defendant; she need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate. *Triggs*, 154 F.3d at 1287. That possibility exists in the pleadings before this court.

Having found that the plaintiff has stated a claim against the non-diverse defendants, this court finds that complete diversity between all parties is lacking. *See* 28 U.S.C. §§ 1332 and 1441(b)("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought"). Thus, the court finds that the joinder was proper and must remand the case to the state court. *See Coker*, 709 F.2d at 1440-41.

The court having considered the foregoing and finding that this case has been improvidently removed, the court shall grant the plaintiff's motion to remand this case to the Circuit Court of Walker County, Alabama, by separate Order.

DONE this the ___25___ day of February, 2004.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

8

FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

04 MAR -9 AM 8: 29

U.S. DISTRICT COURT
N.D. OF ALABAMA

WILMA SUE EATON, et al.,       }
                           }

      Plaintiffs,          }
                           }

v.                           }      Case No.: CV 04-P-380-M
                           }

WYETH, et al.,            }
                           }      **ENTERED**

      Defendants.        }      **MAR - 9 2004**

## ORDER

    This case is before the court on Plaintiffs' Emergency Motion to Remand (Doc. # 9) filed on

February 27, 2004; Defendant Wyeth's Motion for Entry of Briefing Schedule (Doc. # 10) filed March

2, 2004; and Defendant Wyeth's Motion to Stay to Allow Transfer to the Multi-District Litigation

Proceeding (Doc. # 11) filed on March 4, 2004. Plaintiffs' motion is **GRANTED**, and this case is

**REMANDED** to the Circuit Court of Marshall County. *See, e.g., Martha M. Davis v. Wyeth, et al.,*

United States District Court for the Northern District of Alabama, Jasper Division, CV 03-J-3167-J,

February 25, 2004 (Doc. #17); *Ann McGowan, et al. v. Wyeth, Inc., et al.,* United States District Court

for the Northern District of Alabama, Southern Division, CV 04-TMP-298-S, February 24, 2004

(Doc. #12); *Juanita Johnson, et al. v. Wyeth, et al.,* United States District Court for the Northern

District of Alabama, Southern Division, CV 04-TMP-224-S, February 23, 2004 (Doc. #11); *Jevenari*

*Marshal, et al. v. Wyeth, Inc., et al.,* United States District Court for the Northern District of

Alabama, Southern Division, CV 04-TMP-179-S, February 18, 2004 (Doc. #17). Defendant Wyeth's

motions for entry of briefing schedule (Doc. # 10) and motion to stay (Doc. # 11) are **DENIED**.



DONE and ORDERED this _____ 8th _____ day of March, 2004.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
### Northern District of Alabama
Office of the Clerk
Room 140, 1729 5th Avenue North
Birmingham, Alabama 35203
(205) 731-1700

Perry Mathis
Clerk

Sharon Harris
Chief Deputy Clerk

March 9, 2004

Sherry Griep
Marshall County Circuit Clerk
P. O. Box 248
Guntersville, AL 35976-0248

Case Number:  CV-04-P-0380-M
Marshall County Circuit Court
Case No. CV-04-24-J

Dear Ms. Griep:

In accordance with the order of this court entered March 9, 2004, the above-entitled civil action is remanded back to your court for further litigation. Enclosed is a certified copy of the order and a certified copy of the docket entries. Please acknowledge receipt on the attached copy of this letter.

Sincerely,

PERRY D. MATHIS, CLERK

By: _____
Deputy Clerk

PDM:ksp
Enclosures

xc:    Counsel

SENT BY: MORRIS & MCANNALLY L.L.C.;    334 569 1821;    OCT-21-03  5:11PM;    PAGE 2

FILED

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

03 OCT 20 PM 3: 49

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| PAMELA FLOYD, STACIE H. RICHARDS, and ANN RUTLEDGE, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Civil Action Number ) 03-C-2564-M |
| WYETH, a corporation; STACY STUBBLEFIELD, an individual; MICHAEL T. SULLIVAN, an individual; and BETSY R. WEAVER, an individual, | ) ) ) ) |
| Defendants. | ) ) |

ENTERED

OCT 2 0 2003

## REMAND ORDER

Because the removing Defendant has failed to carry its heavy burden of proof of fraudulent joinder, and the attendant lack of complete diversity of the parties, this case is hereby REMANDED to the Circuit Court of Marshall County, Alabama, from whence it was improvidently removed.

The costs of this action are hereby taxed against the removing Defendant.

Done this _20th_ day of October, 2003.

_____
Chief United States District Judge
U.W. Clemon

10

FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA 04 MAR 16 PM 3:14
WESTERN DIVISION
U.S. DISTRICT COURT
N.D. OF ALABAMA

CYNDY GOUGH,                          ]
                                      ]
     Plaintiff(s),                    ]
                                      ]
vs.                                   ]  CV04-CO-00135-W
                                      ]
WYETH, INC.,                          ]                ENTERED
                                      ]
     Defendant(s).                    ]            MAR 1 6 2004

ORDER

In accord with the memorandum of opinion issued contemporaneously

herewith, it is hereby ORDERED, ADJUDGED, and DECREED:

1.  Plaintiff's Emergency Motion to Remand is GRANTED;

2.  Defendant's Motion to Stay to Allow Transfer to the Multi-

    District Litigation Proceeding is DENIED;

3.  Plaintiff's Motion for Oral Argument is DENIED;

4.  This case is REMANDED to the Circuit Court of Pickens County,

    whence it was improvidently removed; and

5.  Costs are TAXED against Defendant Wyeth, Inc. and in favor of

    Plaintiff.



Done, this _____ 16 _____ of  March, 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

03/11/2004    10:14    MCKENZIE TAYLOR → 9167449                                    NO.489    P02

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

MICHAL HALL and
GARY HALL,

     Plaintiffs,

v.

WYETH, et al.,

     Defendants.

Case No. CV 04-J-0434-NE



**ENTERED**

MAR -9 2004

## MEMORANDUM OPINION

This matter is before the court *sua sponte*. The court finds that it lacks subject matter jurisdiction over the above-entitled removed case because the removing defendant has failed to carry its heavy burden of proof of fraudulent joinder and the attendant lack of complete diversity of the parties. The court finds as follows:

Plaintiffs filed suit in the Circuit Court of Madison County against defendant Wyeth, Inc. ("Wyeth"), and two of defendant Wyeth's pharmaceutical sales representatives, Stacy Stubblefield ("Stubblefield") and Michael Sullivan ("Sullivan"). The parties do not dispute that at least one of the sales representatives, Stubblefield, is an Alabama resident. The plaintiffs assert claims under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), negligence, breach of warranties, misrepresentation and suppression, civil conspiracy and loss of consortium arising from plaintiff Michal Hall's use of the diet drug Pondimin alone

5

and/or in combination with Phentermine. Defendant Wyeth removed this action from the Circuit Court of Madison County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332 and that the individual defendant Stubblefield was fraudulently joined as the plaintiffs have no reasonable possibility of prevailing on any of their claims against him. Notice of Removal, ¶¶ 4, 8.

"Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity – every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). *See also Carden v. Arkoma Assocs.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 94 L.Ed.2d 615 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship.").

The only means by which this case may remain in this court is if the lack of diversity which appears on the face of the complaint is through the fraudulent joinder of the non-diverse party, as alleged by the defendant. Joinder is fraudulent when "there is no possibility that the plaintiff would be able to establish a cause of action against the resident [non-diverse] defendant." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993).

2

> "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

The defendant, as the party removing the action to federal court, has the burden to establish federal jurisdiction. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). All doubts (and uncertainties) about federal court jurisdiction must be resolved in favor of a remand to state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Diaz*, 85 F.3d at 1505. "The burden of the removing defendant is a 'heavy one.' To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted).[1]

---

[1] This court is cognizant of the Eleventh Circuit's admonition in *Burns v. Windsor Insurance Company*, 31 F.3d 1092, 1095 (11th Cir. 1994), where the Court stated "Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim. [citations omitted] Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; ... removal statutes are construed narrowly; ... uncertainties are resolved in favor of remand. [citations omitted]"

3

Plaintiffs allege in their complaint that each of the individual defendants promoted, distributed, sold, and/or marketed Pondimin and Redux and made representations to plaintiff Michal Hall's prescribing physician concerning these drugs. Complaint, ¶¶ 16, 19, 37-40, 71-88. Based on these representations, the plaintiff was prescribed these drugs by her physician. *Id.* Defendant Wyeth asserts that the non-diverse defendant never promoted Pondimin and hence, said individual defendant can not be liable for the plaintiffs' injuries from Pondimin. Notice of Removal, ¶ 10. However, this argument goes to the merits of the plaintiffs' claims against the non-diverse defendant, which is not the issue before this court. The fact that plaintiffs may not ultimately prevail against any of the individual defendants is not a proper inquiry for this court in considering a motion to remand.

Rather, this court may only consider whether the plaintiffs have the possibility of stating a valid cause of action against the non-diverse defendant. *Triggs*, 154 F.3d at 1287. Stubblefield does not deny that he made representations concerning Pondimin or Redux to physicians based on information provided to him by Wyeth. Affidavit of defendant Stubblefield.[2] Because the court need only find one possible valid cause of action against the non-diverse defendant, the court considers only the

---

[2]The court notes that defendant Stubblefield's affidavit omits a heading indicating what County and State in which the notary public serves. The court further notes that the affidavit of defendant Sullivan has the style of a different case.

4

plaintiffs' claim of fraudulent misrepresentation and suppression, which the plaintiff
has pleaded against all defendants.

To establish misrepresentation under Alabama law, irrespective of whether the
misrepresentation was made willfully, recklessly, or mistakenly, the plaintiff must
prove: "(1) a false representation; (2) that the false representation concerned an
existing material fact; (3) that the plaintiff relied on the false representation; and (4)
that the plaintiff was damaged as a proximate result of the reliance." *Chase v.
Kawasaki Motors Corp.*, 140 F. Supp. 2d 1280, 1291 (M.D. Ala. 2001). The fact that
the representation was made to a different individual than the one suffering the injury
is not fatal to a claim for misrepresentation under Alabama law. *See Thomas v.
Halstead*, 605 So. 2d 1181, 1184 (Ala. 1992) ("if a third person is injured by the
deceit, he may recover against the one who made possible the damages to him by
practicing the deceit in the first place"); *Chase*, 140 F. Supp. 2d at 1291, n. 8 ("The
court notes that under Alabama law it is not always required that a plaintiff prove that
a misrepresentation was made directly to him, so long as his injuries resulted from the
misrepresentation."). Thus "there is a duty not to make a false representation to those
to whom a defendant intends, for his own purposes, to reach and influence by the
representation." *Wheelan v. Sessions*, 50 F. Supp. 2d 1168, 1174 (M.D. Ala. 1999)

(quoting *Colonial Bank of Ala. v. Ridley & Schweigert*, 551 So. 2d 390, 396 (Ala. 1989)).

Common sense dictates that the reason drug representatives make representations to physicians is to encourage physicians to prescribe the products the representatives promote to the physicians' patients. In other words, a drug representative should reasonably foresee that physicians' reliance on his representations will cause physicians to prescribe the products he promotes to the physicians' patients for their consumption. There can be no other purpose for the promotion of said products to physicians. Such a situation is clearly within Alabama law on third party standing in misrepresentation cases. "[T]he entire basis for third party standing in misrepresentation cases is that the deceiver contemplated that the third party would be induced to act by the deceiver's misstatements made to someone else." *Chase*, 140 F. Supp. 2d at 1293 (citing *Sims v. Tigrett*, 229 Ala. 486, 158 So. 326, 330 (1934)). *See also Ex parte Grand Manor Inc.*, 778 So. 2d 173, 182 (Ala. 2000) ("If the fraudulent statement is made with the intent and expectation that the one to whom it is made will pass the statement on to the plaintiff, then the plaintiff is entitled to rely on that statement, even if it is not made personally or directly to the plaintiff."); 37 AM. JUR. 2D § 292 ("Third parties may recover damages for a fraudulent misrepresentation if they can establish that they relied upon the

misrepresentation to their detriment and that the defendant intended the misrepresentation to be conveyed to them."). The court is therefore of the opinion that the plaintiffs have stated a cause of action for misrepresentation against the non-diverse defendant.

Under Alabama law, this meets the requirement of "a possibility" of stating a valid cause of action. That is all that is necessary for joinder not to be fraudulent. The allegation that the individual defendants misrepresented material facts about Pondimin and Redux to a physician, who thereafter, and in reliance on said representations, prescribed these medications to a patient who was injured by them, possibly states a valid cause of action. The fact that the drug representatives made no attempt to ascertain the truth of the facts they presented is not a bar to liability under Alabama law. Rather, even an innocent misrepresentation made in good faith may constitute a legal fraud if such misrepresentation is of a material fact. *See Goggans v. Realty Sales & Mortgage*, 675 So. 2d 441, 443 (Ala. Civ. App. 1979).

Having reviewed the allegations set forth in the plaintiffs' complaint, the court finds such allegations do state a possible cause of action against the resident defendant. The plaintiffs need not have a winning case against the allegedly fraudulent defendant; they need only have a possibility of stating a valid cause of

action in order for the joinder to be legitimate. *Triggs*, 154 F.3d at 1287. That possibility exists in the pleadings before this court.

Having found that the plaintiffs have stated a claim against the non-diverse defendant, this court finds that complete diversity between all parties is lacking. *See* 28 U.S.C. §§ 1332 and 1441(b) ("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought."). Thus, the court finds that the joinder was proper and must remand the case to the state court. *See Coker*, 709 F.2d at 1440-41.

The court having considered the foregoing and finding that this case has been improvidently removed,  the court shall grant the plaintiff's motion to remand this case to the Circuit Court of Madison County, Alabama, by separate Order.

**DONE** this the ___9___ day of March, 2004.


INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

8

IN THE UNITED STATES DISTRICT COURT  FILED
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION                     04 MAR -5 PM 2:02

                                      U.S. DISTRICT COURT
                                       N.D. OF ALABAMA

DEBRA HOUGH, et al.,            )

     PLAINTIFF,                 )

VS.                            )

WYETH, et al.,                  )      CV-04-H-393-S

     DEFENDANTS.               )      ENTERED

                                      MAR 05 2004

                    ORDER OF REMAND

     The court has before it plaintiffs' emergency motion to
remand filed March 2, 2004 and the response thereto of Wyeth
filed on March 4, 2004 titled "Wyeth's Motion to Stay to Allow
Transfer to the Multi-District Litigation Proceeding."  Wyeth's
motion includes a memo addressing the merits of a possible stay,
and in paragraph one of Wyeth's motion counsel discusses a number
of cases out of the three district courts in Alabama confronted
with the same or a related issue with which this court is
confronted.  It is interesting to note that none of the ten very
recent orders of Judges Clemon, Johnson, Bowdre, Proctor, and
Acker, and Magistrate Judges Putnam and Armstrong of the Northern
District of Alabama listed in footnote 3, *infra*, are included in
the otherwise exhaustive list of relevant cases.  The court also

has before it plaintiffs' opposition to Wyeth's motion to stay.[1]

It is clear to the undersigned that jurisdictional issues in a removed case should be decided as quickly as possible. The failure to do so may allow an improperly removed case to languish for many, many months before being remanded to state court.[2] Where a motion to remand is founded only on a claim of fraudulent joinder as is the circumstance before this court,[3] the motion can be resolved quickly. The court is to consider whether the removing party has met the onerous burden[4] of showing that "there

---

[1] Interestingly, plaintiff's opposition was filed on March 2, 2004 in "anticipation" of defendant's March 4, 2004 motion.

[2] It is not irrelevant that on February 20, 2004, the Chairman of the Judicial Panel on Multidistrict Litigation, District Judge Wm. Terrell Hodges, sent a letter to all judges involved with MDL-1203 - In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation. In this letter, the Judicial Panel on Multidistrict Litigation encouraged judges to issue rulings on pending motions and in particular, motions to remand.

[3] Plaintiff's emergency motion to remand is based on the same issue recently addressed by the following judges in this district: Chief Judge U.W. Clemon (CV-03-C-2564-M), Judge William Acker (CV-04-AR-0297-J), Judge Karon Bowdre (CV-03-BE-2876-S and CV-04-BE-27-E), Judge Inge Johnson (CV-03-J-3167-J), Judge David Proctor (CV-03-P-3157-M and CV-04-P-226-M), Magistrate Judge Robert Armstrong (CV-03-RRA-3378-E), and Magistrate Judge Michael Putnam (CV-04-TMP-179-S and CV-04-TMP-298-S). All of these judges have entered remand orders in factually similar cases to the one with which this court is presented. However, the application of the law pertinent to removal and fraudulent joinder is particularly well stated in Judge Putnam's orders of remand, and therefore it is Magistrate Putnam's orders to remand which this court follows most closely.

[4] The standard facing the removing party is an onerous one because absent fraudulent joinder, plaintiffs have the absolute right to choose their forum.

is no possibility that the plaintiff can establish a cause of action against the resident defendant."[5]  Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997).  The merits of the claim against a diversity destroying defendant must not be weighed by the federal court; rather the task for the court is merely to determine whether the claim against a non-diverse defendant is a possible one under applicable state law.  See id.  The court must find joinder proper and remand to state court if there is *any possibility* that, on the facts as pled, the complaint states a cause of action against any non-diverse defendant.  See Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983) (emphasis added).

For the foregoing reasons, Wyeth's motion to stay is DENIED. And upon review of the record, the court is persuaded that under Alabama law the plaintiffs have stated a legally possible claim against the non-diverse defendants, Lavender and Cherry.[6]

_____

[5] The removing party may also succeed in a claim for fraudulent joinder by proving that "the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court."  Crowe, 113 F.3d at 1538.  Defendant Wyeth does not attempt to show fraudulent joinder by use of this second method.

[6] Lavender and Cherry have given affidavits stating that they never advertised, assembled, created, designed, detailed, distributed, labeled, made, manufactured, marketed, packaged, promoted, sold, sterilized, supplied, tested, or warranted the drug Pondimin.  They also state that they never assembled, created, designed, distributed, labeled, made, manufactured, packaged, sold, sterilized, supplied, tested, or warranted the drug Redux.  They assert that they were not aware of any alleged association between Pondimin and Redux and/or valvular heart disease until the time such an allegation was publicized.

Therefore, plaintiff's emergency motion to remand is **GRANTED** and this case is **REMANDED** to the Circuit Court of Blount County, Alabama for all further proceedings.

DONE this _5th_ day of March, 2004.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

Nevertheless, Lavender and Cherry's alleged innocent misrepresentations understating the risks associated with the use of the combination of drugs for weight loss constitutes a possible cause of action under Alabama law. See Ala. Code § 6-5-101 (Michie 1993); see also Ala. Pattern Jury Instructions Civil, 2d., APJI 18.03 (1993).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 APR -6 AM 10: 06

**ENTERED**

APR 0 6 2004

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JUANITA JOHNSON, et al. | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CV-04-TMP-224-S |
| | ) |
| WYETH, a corporation; et al. | ) |
| | ) |
| Defendants. | ) |

<u>ORDER</u>

In accordance with the accompanying memorandum opinion, the order of remand entered by the magistrate judge on February 23, 2004, is AFFIRMED.  Plaintiff's motion for sanctions pursuant to 28 U.S.C. § 1441(c) and Rule 11 is REFERRED to the magistrate judge.

DONE this __6th__ day of April, 2004.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 APR -6 AM 10: 06

**ENTERED**

J. ..... ..OURT
N.D. OF ALABAMA

JUANITA JOHNSON, et al.

    Plaintiffs,

vs.

WYETH, a corporation; et al.

    Defendants.

)
)  APR 0 6 2004
)
)
)  Case No. CV-04-TMP-224-S
)
)
)
)

## MEMORANDUM OPINION

By order entered February 23, 2004, the magistrate judge to whom this case is assigned remanded the case to the Circuit Court of Jefferson County, Alabama, finding that the non-diverse individual defendant was not fraudulently joined and, therefore, that complete diversity was lacking. The remand order explicitly stayed its implementation for a period of fifteen (15) days in order to provide the parties with the opportunity to seek review of his non-dispositive order provided by Rule 72(a), F.R.Civ.P. Defendants availed themselves of that opportunity, filing objections on March 8, 2004. Although the court agrees with the magistrate judge's analysis and disposition of the remand issue, one aspect of the defendants' objections requires discussion, namely, whether a magistrate judge has the authority to order remand under 28 U.S.C. § 636(b)(1)(A). This court believes that he does.

15

At the outset, the court acknowledges that there is a split of authority on this question.  Many courts have held that a remand order is not "dispositive" of any claim or defense, and thus, is a pretrial matter that a magistrate judge may "hear and determine," subject to review by a district judge.  In fact, some do not even discuss the right of review.  See Williams v. Conseco, Inc., 57 F. Supp. 2d 1311, 1312-13 (S.D. Ala. 1999); Bristol-Meyers Squibb Co. v. Safety National Casualty Corp., 43 F. Supp. 2d 734, 737 (E.D. Tex. 1999); Wyatt v. Walt Disney World, Co., 1999 WL 33117255 (W.D.N.C. 1999); Campbell v. International Business Machines, 912 F. Supp. 116 (D.N.J. 1996); North Jersey Savings & Loan Association v. Fidelity & Deposit Co. of Maryland, 125 F.R.D. 96 (D.N.J. 1988); MacLeod v. Dalkon Shield Claimants Trust, 886 F. Supp. 16 (D. Or. 1995); Vaquillas Ranch Co., Ltd. v. Texaco Exploration and Production, Inc., 844 F. Supp. 1156 (S.D. Tex. 1994); Banbury v. Omnitrition Int'l, Inc., 818 F. Supp. 276 (D. Minn. 1993); White v. State Farm Mut. Auto. Ins. Co., 153 F.R.D. 639 (D.Neb. 1993); Long v. Lockheed Missiles & Space Co., 783 F. Supp. 249, 251 (D.S.C. 1992); Winners Corp. v. Lafayette Life Ins. Co., 734 F. Supp. 812, 813 (M.D. Tenn. 1989).  On the other hand, three circuit courts of appeals (not including the Eleventh Circuit) have held that remand orders are "dispositive" and beyond the authority of a magistrate judge to enter.  See In re U.S. Healthcare, 159 F.3d 142 (3rd Cir. 1998); Vogel v. U.S. Office Products Co., 258 F.3d 509 (6th Cir.

2

2001); <u>First Union Mortgage Corp. v. Smith</u>, 229 F.3d 992 (10th Cir. 2000).  This court finds the reasoning of the above-cited district courts more persuasive than the reasoning of the above-cited courts of appeal.  Without binding authority, this court goes with the district courts who, like this one, regularly rely on their magistrate judges.

Generally the courts favoring remand authority for magistrate judges look to the specific language of § 636(b)(1)(A) and note that remands are not listed as one of the pretrial matters not entrusted to magistrate judges.  If Congress had wanted to place remand of removed cases beyond the "hear and determine" authority of magistrate judges, it could, should and would have listed it as one of the matters expressly excluded from that authority.  Despite several amendments to the Federal Magistrate's Act over the years, Congress has not seen fit to insert such a limitation in magistrate judge authority.  Aside from the artificial labels of "dispositive" and "non-dispositive" (which terms themselves do not appear anywhere in these provisions), nothing in §§ 636(b)(1)(A) and (B) limits the power of a magistrate judge to order a remand, unless it is the right of the parties to seek a review or "reconsideration" of a magistrate judge's order by the district court.  As long as the remand order secures this right to seek a review by an Article III judge, there is certainly no constitutional infirmity, much less any policy reason, precluding the vesting of remand authority

3

in magistrate judges.[1]  Where such an opportunity is preserved, no party can complain about the remand if he fails to avail himself of the opportunity for review by a district judge.  There would be no purpose to be served by requiring a report and recommendation to the district judge and a subsequent order of remand by the district judge instead of a final order of remand by the magistrate judge subject to review by the district judge.  Why should the district judge be involved at all if no party timely objects to the order of remand?

The reasoning of the Supreme Court in the recent case of Roell v. Withrow, 538 U.S. 580, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003), illustrates the point.  There, the Court held that the parties had implicitly consented to the exercise of full dispositive authority by a magistrate judge when they failed to object to the magistrate judge's conducting a trial and entering final judgment.  The Court reasoned:

_____

[1]    It should be noted that in at least two of the cases rejecting remand authority for magistrate judges, no provision had been made (or it was ignored) for securing the right of the parties to seek a review by a district judge.  In In re U.S. Healthcare, 159 F.3d 142 (3rd Cir. 1998), a local rule providing for a fifteen day objection period was violated when the case was remanded immediately upon entry of the magistrate judge's order, and in Vogel v. U.S. Office Products Co., 258 F.3d 509 (6th Cir. 2001), the remand order failed entirely to provide the opportunity for review.  Such immediate remand clearly does raise constitutional concerns about maintaining the Article III judge's duty to oversee the work of the magistrate judge.  Such a concern does not exist in this case, however, because the magistrate judge's remand order contained a stay to allow just such an opportunity for either party to seek a review before an Article III judge.

4

> When, as here, a party has signaled consent to the
> magistrate judge's authority through actions rather than
> words, the question is what outcome does better by the
> mix of congressional objectives.  On the one hand, the
> virtue of strict insistence on the express consent
> requirement embodied in § 636(c)(2) is simply the value
> of any bright line: here, absolutely minimal risk of
> compromising the right to an Article III judge.  But
> there is another risk, and insisting on a bright line
> would raise it: the risk of a full and complicated trial
> wasted at the option of an undeserving and possibly
> opportunistic litigant.

Id. at ___, 123 S. Ct. at 1705.  The same risk is involved in cases

like this one.  Even though the explicit language of § 636(b)(1)(A)

does not limit the authority of a magistrate judge to remand a

case, the rationale used in cases disfavoring remand by magistrate

judges would allow opportunistic litigants to wait and raise

objections to a remand months or even years after the case was

returned to state court by arguing that the magistrate judge's

remand order was invalid for want of authority.  The Supreme

Court's opinion in Roell rejects such an outcome, making plain that

inaction by a litigant can be taken as a waiver of rights or,

indeed, a consent to particular action.

   Roell casts a new light on those cases disfavoring remand by

magistrate judges by emphasizing not only that courts must look to

the explicit language of the statutes dealing with magistrate

authority, but also that such statutes should be read in light of

the practical goal of vesting magistrate judges with sufficient

authority to enable them to assist effectively in managing the

heavy caseload borne by the district courts. Reading § 636(b)(1)(A) as allowing magistrate judges to remand cases, subject to review by the district court, meets both goals. Such a reading of the statute relies on its express language, not the artificial label of whether something is "dispositive" or "non-dispositive," while also preserving the duty of the Article III judiciary to review and supervise the work of magistrate judges. Cases disfavoring remand authority for magistrate judges, therefore, are less persuasive after _Roell_, particularly given _Roell_'s practical reading of the text of the Federal Magistrate Act.

This court also believes that the reasoning used by courts disfavoring remand authority for magistrate judges is flawed. Those cases rely upon the artificial distinction between "dispositive" and "non-dispositive" matters, a distinction that simply does not exist in the statute. Clearly some of the pretrial matters excluded from a magistrate judge's "hear and determine" authority are not case or claim dispositive (e.g., whether to grant or deny class certification), which is indicative of the meaninglessness of such a distinction. Labeling § 636(b)(1)(A) as concerned with "non-dispositive" matters, and § 636(b)(1)(B) as covering "dispositive" matters, does nothing more than to allow cases disfavoring remand authority to create a "straw man" argument that remand is the functional equivalent of a "dispositive" ruling

that magistrate judges cannot finally enter.  No such test exists in the statute, however.  Rather, Congress explicitly listed those matters, if any, it believed magistrate judges should not decide, leaving open for practical experience to teach what other matters should not be entrusted to magistrate judges.  Remanding an improvidently removed case, subject to review by a district judge, is not one of those things Congress precluded magistrate judges from doing.  *Expressio unius est exclusio alterius.*

The court believes that the magistrate judge in this case was within the authority granted him by § 636(b)(1)(A) to order remand as long as an opportunity was provided for any party to seek a Rule 72 review of the order.  That was done in this case.  Having reviewed the magistrate judge's remand order, the court cannot say that it is clearly erroneous or contrary to law, and thus, it will be affirmed by separate order.[2]

DONE this _____6ᵗʰ_____ day of April, 2004.


WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

[2]    Even if the court were to undertake a *de novo* review of the remand order, treating it only as a report and recommendation, the court would still find it correct and would accept the magistrate judge's recommendation to remand the case.  See Carter v. Wyeth, CV-04-AR-0446-S, March 30, 2004.

7

F I L E D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 FEB 23  PM 3: 34

U.S. DISTRICT COURT
N.D. OF ALABAMA

**ENTERED**

FEB 2 3 2004

| | |
|---|---|
| JUANITA JOHNSON, LORETTA SUE KERCE, MYRTICE D. MILLS, VICKI N. PARSONS, DEENA L. PHILLIPS, LINDA J. PIPER, BRENDA J. ROTH, ALLISON L. WEST, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. CV-04-TMP-224-S ) |
| WYETH, a corporation; DAVID WURM, an individual, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND REMAND ORDER

This cause is before the court on the plaintiffs' motion to remand and for sanctions (Doc. 8) filed February 10, 2004, as well as defendant Wyeth's motion to stay pending transfer to the Multi-District Litigation court (Doc. 10), filed February 17, 2004. For the reasons expressed below, the court finds that the motion for remand is due to be granted, the motion for sanctions denied, and the motion for a stay denied.

### Procedure History

Plaintiffs filed their joint complaint against defendants Wyeth and one of Wyeth's pharmaceutical salesmen, David Wurm, in the Circuit Court of Jefferson County, Alabama, on January 5, 2004. They allege claims under the Alabama Extended Manufacturers Liability Doctrine ("AEMLD") and for product liability–failure to warn, breach of the implied warranty of

11

merchantability, negligence, wantonness, fraud, misrepresentation, and suppression, all arising from the plaintiffs' use of one or both of certain diet medications manufactured and distributed by Wyeth, formerly known as American Home Products, Inc. In particular, the complaint alleges that Wyeth manufactured, marketed, and distributed two drugs, Pondimin (fenfluramine) and Redux (dexfenfluramine), which later were recognized as associated with several medical problems, including primary pulmonary hypertension and valvular heart disease. Plaintiffs allege that their doctors prescribed one or both of these drugs to them and, consequently, have suffered medical injuries due to that use. With respect to defendant Wurm, plaintiffs contend that this salesmen was one of the primary sources by which Wyeth communicated to physicians the risks and benefits associated with use of these medications and, further, that he either innocently, negligently, or recklessly failed to reveal to plaintiffs' physicians all of the information known about the risks of using Pondimin and Redux.

Defendants timely removed the action to this court on February 4, 2004, contending that the court has original diversity jurisdiction because Wurm is fraudulently joined and should be dismissed for purposes of establishing subject-matter jurisdiction. Plaintiffs have replied in their motion to remand that Wurm is not fraudulently joined and that the removal to this court was intended to do nothing more than delay the case long enough for it to be transferred to the Eastern District of Pennsylvania to be joined with an MDL case pending there. Hence, the plaintiffs have requested the court to consider their remand motion on an expedited basis before the case can be transferred to the MDL court.

2

## Fraudulent Joinder

The parties agree that the case involves more than $75,000 in controversy and that the plaintiffs' citizenship is diverse from that of Wyeth. They also agree that Wurm, a pharmaceutical representative employed by Wyeth and its predecessor, American Home Products, Inc., is an Alabama resident and, therefore, not diverse from the plaintiffs. Plaintiffs assert for that reason that no diversity jurisdiction exists, the court lacks subject matter jurisdiction, the removal was improper, and the case is due to be remanded to the state circuit court. Defendants maintain, however, that Wurm was fraudulently joined by plaintiffs simply to defeat diversity jurisdiction and, therefore, his presence in the case should be ignored for jurisdictional purposes. As the basis for this contention, defendants have offered evidence that Wurm did not sell or promote the drug Pondimin at all and that he knew nothing about the medical risks associated with Redux. Consequently, defendants argue, there is no possibility of a recovery against Wurm, making his joinder in this action fraudulent.

The Eleventh Circuit Court of Appeals addressed the issue of removal grounded on diversity jurisdiction when it is alleged that a non-diverse defendant has been fraudulently joined in Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997). There the court stated:

> In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the removing party is a 'heavy one.' B. Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A 1981).

Id. at 1538. The standard is onerous because, absent fraudulent joinder, the plaintiffs have the absolute right to choose their forum. Courts must keep in mind that the plaintiff is the master of

3

his complaint and has the right to choose how and where he will fight his battle.

> This consequence makes sense given the law that "absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." Parks v. The New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962). The strict construction of removal statutes also prevents "exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal," see Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc., 507 F. Supp. 740, 744 (S.D. Ga.1981)(quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3721), a result that is costly not only for the plaintiff, but for all the parties and for society when the case must be re-litigated.

Id.

To establish fraudulent joinder of a resident defendant, the burden of proof on the removing party is a "heavy one," requiring clear and convincing evidence. Although affidavits and depositions may be considered, the court must not undertake to decide the merits of the claim while deciding whether there is a *possibility* a claim exists. The Crowe court reiterated:

> While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' [B. Inc., v. Miller Brewing Co., 663 F.2d 545, 549, n.9 (5th Cir., Unit A 1981)], the jurisdictional inquiry 'must not subsume substantive determination.' Id. at 550. Over and over again, we stress that 'the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.' Id. at 548-49. **When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.** See id. 'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.' Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in* Georgetown Manor, Inc. v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir. 1993).

Id. (Emphasis added).

More recently, in Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001), the court of appeals emphasized the limits of the fraudulent joinder analysis, saying:

4

> For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds as stated in* Wilson v. General Motors Corp., 888 F.2d 779 (11th Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F.3d at 1287 (emphasis in original).

Id.; see also Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003)("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court."). Clearly, the fraudulent joinder issue does not permit the court to examine the merits of the claim asserted against a non-diverse defendant beyond seeking to determine whether there is "a possibility" that a state court might find a valid claim to be stated.

In this case, the court is persuaded that the plaintiffs have stated a legally possible claim against the non-diverse defendant, Wurm, in the form of a negligent fraud claim. To state such a possible claim, the plaintiffs need only allege that Wurm misrepresented certain material facts about the risks associated with use of Pondimin[1] and Redux and that plaintiffs, through their physicians,

---

[1] Wurm has filed an affidavit in which he states that he never sold, marketed, or promoted the drug Pondimin. Even if these plaintiffs all used only Pondimin, there is a "possible" basis for Wurm's liability. Wurm admits that when questioned by physicians about Pondimin, he attempted to provide answers based on the information he received from Wyeth. Thus, it remains "possible," as alleged in the complaint, that he made misstatements about the risks of using Pondimin, as well as Redux. Whether that "possibility" is something that can be developed factually goes to the merits of the claim and is beyond the fraudulent joinder analysis the court must undertake.

reasonably relied upon such misrepresentations. It is unimportant that Wurm did not know of the risks and, therefore, did not *intentionally* misrepresent the risks associated with these drugs. Alabama law recognizes an action for innocent or negligent misrepresentation as well as for reckless and intentional misrepresentations. For example, the Alabama Court of Civil Appeals has explained:

> An innocent misrepresentation is as much a legal fraud as an intended misrepresentation. The good faith of a party in making what proves to be a material misrepresentation is immaterial as to whether there was an actionable fraud. Smith v. Reynolds Metals Co., 497 So. 2d 93 (Ala. 1986). Under the statute, even though a misrepresentation be made by mistake and innocent of any intent to deceive, if it is a material fact and is acted upon with belief in its truth by the one to whom it is made, it may constitute legal fraud. Mid-State Homes, Inc. v. Startley, 366 So. 2d 734 (Ala. Civ. App. 1979).

Goggans v. Realty Sales & Mortgage, 675 So. 2d 441, 443 (Ala. Civ. App., 1996); see also Cain v. Saunders, 813 So. 2d 891 (Ala. Civ. App. 2001).

Even if the court assumes that Wurm did not know of the PPH and valvular heart disease risks associated with these drugs and, therefore, did not recklessly or intentionally misstate what *he* knew, his innocent misrepresentations, at least as alleged by the complaint, understating the risks constitute a "possible" cause of action in Alabama. As long as it is possible that a state court may find that the complaint states a claim against the non-diverse defendant, even if it is a claim with poor prospects of ultimate success, the non-diverse defendant has not been fraudulently joined and the case must be remanded for lack of proper diversity jurisdiction.

The court is persuaded that the defendants have not carried the "heavy burden" of showing fraudulent joinder of Wurm. There is a possibility that the plaintiffs can state a claim against him,

as a sales representative who met with physicians and answered questions regarding the risks and benefits of these drugs, for negligently or innocently misrepresenting the material facts concerning the risks associated with the drugs. At the very least, the claim against Wurm is not so clearly lacking in substance that the court assuredly has subject-matter jurisdiction of this case. Questions must be resolved in favor of remand. In a contested removal, a presumption exists in favor of remanding the case to state court; accordingly, all disputes of fact must be resolved in favor of the plaintiff and all ambiguities of law must be resolved in favor of remand. Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997); Whitt v. Sherman International Corp., 147 F.3d 1325 (11th Cir. 1998). Because Wurm, a non-diverse defendant, is not fraudulently joined in this action, diversity jurisdiction is lacking and the court must remand the case to the state court.

Order

Based on the foregoing considerations, it is therefore, ORDERED that the plaintiffs' motion to remand is due to be and hereby is GRANTED. Upon the expiration of fifteen (15) days from the date of this Order, the Clerk is DIRECTED to REMAND this action to the Circuit Court of Jefferson County, unless stayed by further Order of the court.

The defendants' motion to stay is DENIED.

Any party may seek a review of this Order pursuant to Federal Rule of Civil Procedure 72(a) within ten (10) days after entry of this Order. Failure to seek a review may be deemed consent to the entry of this Order. See Roell v. Withrow, ___ U.S. ___, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003).

7

The Clerk is DIRECTED to forward a copy of the foregoing to all counsel of record.

DONE this _25_ day of February, 2004.

T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE