IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

04 APR -9 PM 3: 38

JULIE JOHNSON and HELEN TALLEY,

Plaintiffs,

vs.

WYETH, MARY LOU REYNOLDS, and NIKKI N. STIDHAM,

Defendants.

CIVIL ACTION NO. 04-RRA-0236-W

ENTERED
APR 09 2004

ORDER

(Re: Plaintiff's Motion to Remand and for Sanctions, ct. doc. 8, and Defendants' Motion to Stay to Allow Transfer to Multi-District Litigation Proceeding, ct doc. 11)

In *Tolbert v. Wyeth*, CV-04-RRA-0034-S, and *Johnson v. Wyeth*, CV-04-RRA-0236-W, oral argument was heard on April 7, 2004, on the defendants' motions for this court to allow the MDL judge to rule on the motions for remand to state court, and on the motions to remand themselves. In *Johnson*, the plaintiff has filed a motion for sanctions. The parties' written and oral discussions were intensely thorough.

The individual defendants in these cases are Wyeth's sales representatives. In both complaints it is alleged that they made representations concerning the safeness of the drugs in question. According to plaintiff Vicki Tolbert's affidavit, she was told that one of the physicians who prescribed her diet pills told her that a sales representative assured Dr. Thomas that the drugs were safe and effective for long-term use. The defendant objects to



Tolbert's statements as being hearsay.[1] The defendants assert that even if such statements were made, "those who are only conduits through which faulty information is supplied by one person to a third person cannot be liable for fraud unless they acted in bad faith." *Fisher v. Comer Plantation, Inc.*, 772 So.2d 445, 463 (Ala. 2000).[2]

The defendants might be correct in that more is required under Alabama's innocent misrepresentation law than merely making an incorrect representation. Judge Hancock, however, in one of his cases dealing with this issue, *Hough v. Wyeth*, CV-04-H-393-S, stated that

> alleged innocent misrepresentations understating the risk associated with the use of the combination of drugs for weight loss constitutes a possible cause of action under Alabama law. *See* Ala. Code § 6-5-101 (Michie 1993; *see also* Ala. Pattern Jury Instructions Civil, 2d., APJI 18.03 (1993).

Also, it is noted that, in over thirty cases, every federal judge in the state of Alabama who has ruled on this issue has ordered remand.[3] Additionally, the plaintiffs allege actual fraud. Although the defendants contend that there is no evidence of actual fraud, the plaintiffs counter that there has been no discovery in either of these cases.[4] Also, during oral argument Johnson's counsel set out facts which he thinks could establish knowledge on the part of the

---

[1]The plaintiff has not, however, conducted discovery in this case.

[2]In a previous case, *Cash v. Wyeth*, CV-03-RRA-3378-E, the undersigned decided in favor of remand on the fact that "[t]he defendants' argument against remand [was] premised upon the evidence being uncontroverted that Cherry did not promote or market or make any representation to Dr. Khalaf about Pondimin," and the evidence was not uncontroverted on that point.

[3]Although the undersigned will make his own decision, such unanimity of opinion is enough to give pause.

[4]The defendants state that there has been extensive discovery in other cases.

sales representatives.

The motion to stay this action for the MDL judge to rule on the motion to remand is DENIED. Further, it is determined that it cannot be determined, at this point, that there is not a real possibility that the plaintiffs can state a claim against the sales representative, and, therefore, the motion to remand is GRANTED, for lack of subject matter jurisdiction, and the Clerk is hereby ORDERED to return this case to the state court from which it was removed. The motion for sanctions is DENIED.

The parties are directed to Rule 72(b), *Federal Rules of Civil Procedure,* and the General Order of Referrals of Civil Matters to United States Magistrate Judges at paragraph 5. The Clerk is INSTRUCTED not to effect remand before the expiration of ten (10) days from the date this order is filed, the time within which the parties may file objections.

DONE this 9th day of April, 2004.

Robert R. Armstrong, Jr.
United States Magistrate Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
04 APR 27 AM 9:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 27 2004

CARL LEGG and DOROTHY LEGG,

Plaintiffs,

vs.

WYETH, *et al.*,

Defendants.

Civil Action No. CV-04-S-0435-NE

## ORDER OF REMAND

This action is before the court on plaintiffs' motion to remand (doc. no. 14). In accordance with the memorandum opinion entered contemporaneously herewith, the motion is GRANTED. This action is remanded to the Circuit Court of Madison County, Alabama, from which it was removed. The clerk is directed to send a certified copy of this order of remand to the clerk of the state court. Costs incurred herein are taxed to defendant Wyeth. The clerk is directed to close the file.

DONE this 27th day of April, 2004.

United States District Judge



FILED
04 APR 27 AM 9:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

ENTERED
APR 27 2004

CARL LEGG and DOROTHY LEGG,

Plaintiffs,

vs.

WYETH, *et al.*,

Defendants.

Civil Action No. CV-04-S-0435-NE

## MEMORANDUM OPINION

Plaintiffs, Carl and Dorothy Legg, commenced this action in the Circuit Court of Madison County, Alabama, on February 2, 2004, asserting claims of product liability under the Alabama Extended Manufacturer's Liability Doctrine, negligence, breach of warranty, fraudulent misrepresentation and suppression, negligent and/or reckless misrepresentation and suppression, and civil conspiracy, all arising from injuries plaintiff Carl Legg allegedly suffered as a result of taking the diet drug Redux.[1] Plaintiff Dorothy Legg also asserts a claim for loss of consortium.[2] Plaintiffs named as defendants Wyeth, Wyeth Pharmaceuticals, and Indevus Pharmaceuticals, Inc., the alleged manufacturers of Redux; and, Stacy Stubblefield, Michael Sullivan, and Betsy Weaver, sales representatives employed by Wyeth who allegedly promoted

---

[1]Complaint, appended to Notice of Removal (doc. no. 1).

[2]*Id.* at Count VII.

19

and sold Redux to Carl Legg's physician.[3] Defendant Wyeth removed the action to this court on March 3, 2004, based upon diversity jurisdiction.[4] In the notice of removal, Wyeth asserted that defendants Stacy Stubblefield and Betsy Weaver, who are residents of Alabama, as are plaintiffs, were fraudulently joined as defendants.[5]

Plaintiffs filed a motion to remand this action to state court on March 26, 2004, contesting Wyeth's assertion that Stubblefield and Weaver were fraudulently joined.[6] That motion presently is before the court. Defendants failed to file a response to the motion, as required by Section IV(A)(3) of the Initial Order Governing All Further Proceedings entered in this action on March 12, 2004.[7]

## I. STANDARD OF REVIEW

Federal district courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 409 (11th

---

[3]*See* complaint.

[4]Notice of removal (doc. no. 1). On the date of removal, defendants Michael Sullivan and Stacy Stubblefield had not been served with a copy of the summons and complaint.

[5]*Id.* at 4-8. All other defendants are residents of states other than Alabama. Wyeth and Wyeth Pharmaceuticals both are Delaware corporations with their principal places of business in New Jersey; Indevus Pharmaceuticals, Inc., is a Delaware corporation with its principal place of business in Massachusetts; and, Michael Sullivan is an individual resident of Georgia. *Id.* at 3.

[6]Doc. no. 14.

[7]Doc. no. 10.

Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)); *see also, e.g., Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000) ("Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases.") (citing *University of South Alabama*, 168 F.3d at 409-10). Accordingly, removal statutes must be construed narrowly, and "all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

## II. DISCUSSION

Jurisdiction under 28 U.S.C. § 1332 requires "complete diversity" — the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *See, e.g., Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1564 (11th Cir. 1994) (citing *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 L. Ed. 435 (1806)). An action may nevertheless be removable if the joinder of non-diverse parties is deemed to have been "fraudulent": *i.e.*, for the purpose of defeating federal jurisdiction. *See, e.g., Wilson v. Republic Iron and Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 66 L. Ed. 144 (1921) (holding that a diverse defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy"); *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th

Cir.1983).

The filing of a frivolous or other illegitimate claim against a non-diverse defendant is characterized as "fraudulent joinder," and a district court may disregard the citizenship of such defendants. *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979).[8] The doctrine of fraudulent joinder thus is an exception to the requirement that parties must be completely diverse, and provides that an action may be removed from state court, despite a lack of complete diversity of citizenship among the parties, if the plaintiff's joinder of a non-diverse party was fraudulent. *See, e.g., Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Traditionally, courts have deemed a joinder to be "fraudulent" in two situations: "The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. . . . The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts." *Triggs*, 154 F.3d at 1287; *see also, e.g., Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) ("In a removal case alleging fraudulent joinder, the removing party has the burden of proving either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional

[8]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

facts to bring the resident defendant into state court.") (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)); *Coker*, 709 F.2d at 1440. The Eleventh Circuit also has identified a third type of fraudulent joinder: when "a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs*, 154 F.3d at 1287 (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)).

Defendants rely only on the first ground to support their allegation of fraudulent joinder: *i.e.*, that there is no possibility plaintiffs can establish a cause of action against the resident defendants. Under this standard,

> "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir.1983), *superceded by statute on other grounds as stated in Wilson v. General Motors Corp.*, 888 F.2d 779 (11th Cir.1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287 (emphasis in original).

*Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (*per curiam*) (emphasis in original) (affirming district court's dismissal of five individual defendants who had been employed by R.J. Reynolds in the promotion, advertising, and sale of

cigarettes within Alabama as fraudulently joined for purpose of defeating diversity jurisdiction).

The burden of proving fraudulent joinder rests with the removing defendant. *See Coker*, 709 F.2d at 1440. The claim must be supported by clear and convincing evidence. *Parks v. New York Times*, 308 F.2d 474, 478 (5th Cir. 1962). When determining whether a defendant has been fraudulently joined, the court must examine the plaintiffs' pleadings on the date the notice of removal was filed,[9] although it also may consider affidavits and deposition testimony submitted by the parties. *See, e.g., Pacheco de Perez*, 139 F.3d at 1380. However, "the jurisdictional inquiry 'must not subsume substantive determination.' . . . When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe*, 113 F.3d at 1538 (citing *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548-49 (5th Cir. Unit A 1981)). Further, as with a Rule 56 motion for summary judgment, courts must evaluate all the evidence in the light most favorable to the plaintiff — the party opposing removal — resolving any uncertainties about the applicable laws in the plaintiff's favor. *See Pacheco de Perez*,

---

[9]As in all other issues concerning removal, "[j]urisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal*." *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 n.13 (11th Cir. 1994) (emphasis in original) (citations omitted); *see also, e.g., Coker*, 709 F.2d at 1440 ("Removability should be determined 'according to the plaintiff's pleading at the time of the petition for removal.'") (citations omitted); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989) (same).

139 F.3d at 1380.

It follows from the foregoing propositions that a defendant's burden when seeking to establish fraudulent joinder is a heavy one: "where a plaintiff states *even a colorable claim* against the resident defendant, joinder is proper and the case should be remanded to state court." *Id.* (emphasis supplied) (citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)); *see also Coker*, 709 F.2d at 1440-41 ("If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court *must find* that joinder was proper and remand to that state court.") (emphasis supplied).[10]

Applying the foregoing principles, the court concludes that plaintiff states a *possible* cause of action for fraud against non-diverse defendants Weaver and Stubblefield.[11] In order to state a claim for fraudulent misrepresentation under Alabama law, plaintiffs must demonstrate: "(1) a false misrepresentation; (2) concerning a material existing fact; (3) which is relied upon by the plaintiff; and, (4) damage to the plaintiff as a proximate result of the false representation." *Dickinson*

---

[10]Wyeth urges the court to follow the standard, adopted by the Fifth Circuit, that it must only show that there is no *reasonable* basis for predicating liability against the fraudulently joined defendant. Notice of Removal (doc. no. 1), at 5; *see Travis v. Irby*, 326 F.3d 644, 647-48 (5th Cir. 2003). Because the standard proffered by Wyeth differs from that set forth in controlling Eleventh Circuit precedent, this court will not follow it.

[11]Plaintiffs' complaint includes two separate fraud counts. Count IV is for "Fraud: Misrepresentation and Suppression," and Count V is for "Negligent and Reckless Misrepresentation/ Suppression." *See* complaint, appended to Notice of Removal (doc. no. 1), at ¶¶ 63-88.

*v. Moore,* 468 So. 2d 136, 137-38 (Ala. 1985). These elements must be proven regardless of whether the misrepresentation was intentional or unintentional, because under Alabama law, "[a]n innocent misrepresentation is as much a legal fraud as an intended misrepresentation." *Goggans v. Realty Sales & Mortgage,* 675 So. 2d 441, 443 (Ala. Civ. App. 1996). *See also Dodd v. Nelda Stephenson Chevrolet, Inc.,* 626 So. 2d 1288, 1291 (Ala. 1993) (discussing negligent misrepresentation); *Burlington Northern R. Co. v. Warren,* 574 So. 2d 758, 766-67 (Ala. 1990) (discussing reckless misrepresentation).

Further, a plaintiff may recover for a misrepresentation made to a third party, as long as the plaintiff suffers injury as a result of the misrepresentation. *See, e.g., Thomas v. Halstead,* 605 So. 2d 1181, 1184 (Ala. 1992) ("If a third person is injured by the deceit, he may recover against the one who made possible the damages to him by practicing the deceit in the first place.").

Defendants argue that plaintiffs cannot prevail on their fraud claims because they did not plead fraud with particularity, as required by Alabama Rule of Civil Procedure 9(b).[12] Defendants misstate the standard of review. For the fraudulent joinder analysis, the court need not determine that plaintiffs ultimately will prevail on their fraud claims, or even that plaintiffs state a legally viable fraud claim. Rather, the

[12]Notice of removal (doc. no. 1), at ¶ 15.

court only must determine that plaintiffs *might possibly prevail* on their fraud claims, as the claims are stated in the complaint.

Nonetheless, plaintiffs' complaint contains allegations sufficient to survive even the heightened standard of pleading fraud with particularity. Alabama law requires that a plaintiff pleading a fraud claim "must state the place, the time, the contents of the false misrepresentations, the fact misrepresented, and an identification of what has been obtained." *Lyde v. United Insurance Co. of America,* 628 So. 2d 665, 670 (Ala. Civ. App. 1993) (citing *Robinson v. Allstate Ins. Co.*, 399 So. 2d 288 (Ala. 1981)). In the fraud counts of their complaint, which are alleged against all defendants, plaintiffs state that defendants' misrepresentations occurred "in the State of Alabama and throughout the United States," and more particularly, in the office of plaintiff Carl Legg's physician.[13] Further, plaintiffs identify eighteen exact dates on which the sales representatives allegedly visited the office of Carl Legg's physician to promote and sell Redux.[14] The contents of the alleged misrepresentations include

> among other things, express and implied statements, publicly disseminated misinformation provided to regulatory agencies, inadequate, incomplete and misleading warnings about Redux, failure to disclose important safety and injury information, regarding Redux while having a duty to disclose to Plaintiff's prescribing physician, Plaintiff, and others such information, and elaborate marketing, promotional, and advertising

---

[13]Complaint, appended to Notice of Removal (doc. no. 1), at ¶¶ 74-75.

[14]*Id.* at ¶ 75.

activities designed to conceal and mislead about the safety of Redux.[15] The fact misrepresented was "that Redux was safe to ingest and that the utility of Redux outweighed any risk in use for the intended purpose of weight loss or control."[16] Finally, as a result of their misrepresentations, defendants gained revenue and/or sales commissions from the sale of Redux.[17]

Defendants also allege that plaintiffs cannot establish a fraud claim against any of the individual defendants in their individual capacities.[18] Defendants rely on the affidavits submitted by the individual defendants to support their allegation. Defendant Betsy Weaver states in her affidavit that she promoted Redux to healthcare providers based solely on information provided to her by Wyeth.[19] Defendant Stacy Stubblefield states that she never promoted or sold Redux at all.[20] The questions of whether the individual defendants actually sold or promoted Redux, and whether the individual defendants actually conveyed incorrect or misleading information to plaintiff Carl Legg's healthcare providers, both go to the merits of plaintiffs' claims. Plaintiffs may not ultimately prevail on their claims against the individual defendants;

---

[15] *Id.* at ¶ 76.

[16] *Id.* at ¶ 83; *see also id.* at ¶ 73.

[17] *Id.* at ¶¶ 64, 77, 87.

[18] Notice of removal (doc. no. 1), at ¶ 15.

[19] *Id.* at Exhibit B.

[20] *Id.* Defendant Michael Sullivan also submitted an affidavit. However, Sullivan's affidavit is not relevant to the fraudulent joinder analysis, because he is a diverse party.

however, that fact is not relevant to the jurisdictional analysis. *See Crowe,* 113 F.3d at 1542 ("Although we have said that district courts may look beyond the face of the complaint, we emphasize that the district court is to stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent."). The fact that plaintiffs have stated a *possible* cause of action for fraud against non-diverse individual defendants Weaver and Stubblefield is sufficient to overcome defendants' allegation of fraudulent joinder.[21]

## III. CONCLUSION

In summary, the court finds that plaintiffs have stated a possible cause of action for fraud against non-diverse defendants Weaver and Stubblefield. Accordingly, those defendants were not fraudulently joined, and complete diversity of citizenship has not been established. Because there is no federal jurisdiction, this action will be remanded to state court. An appropriate order will be entered contemporaneously herewith.[22]

DONE this 27th day of April, 2004.

[signature]
United States District Judge

---

[21]For the fraudulent joinder analysis, the court must only decide whether plaintiffs have possibly stated a *single* cause of action against any one of the non-diverse individual defendants. Thus, the court will not address the merits, or possible merits, of any of plaintiffs' other claims.

[22]Because there is no federal jurisdiction, the court will not consider any of the other pending motions in this case.

04 FEB 18 PM 1:56
U.S. D... N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ENTERED
FEB 18 2004

JEVENARI MARSHAL, DIANE POLITO, and MAXINE SMITHEY,

Plaintiffs,

vs.

WYETH, INC., WYETH PHARMACEUTICALS, INC., BEN LAVENDER, and WILLIAM OWEN,

Defendants.

Case No. CV-04-TMP-179-S

ORDER OF REMAND

This cause is before the court on the plaintiffs' emergency motion to remand, filed January 30, 2004. The motion has been briefed by both sides, and the court finds that the action is due to be remanded.

Procedure History

Plaintiffs Marshal, Polito, and Smithey filed their joint complaint against defendants Wyeth, Inc., and Wyeth Pharmaceuticals, Inc., (hereinafter collectively "Wyeth") and two of Wyeth's pharmaceutical salesmen, Lavender and Owen, in the Circuit Court of Jefferson County, Alabama, on December 30, 2003. It alleges claims for "strict liability (defective product)," "strict liability—failure to warn," "strict liability—failure to test," negligence, breach of warranties, fraud and misrepresentation, negligent and reckless misrepresentation, and conspiracy to defraud and fraudulently conceal, all arising from the plaintiffs' use of one or both of certain diet medications manufactured and distributed by Wyeth, formerly known as American Home Products, Inc. In particular, the complaint alleges that Wyeth manufactured, marketed, and distributed two drugs,

Pondimin (fenfluramine) and Redux (dexfenfluramine), which later were recognized as associated with several medical problems, including primary pulmonary hypertension and heart valve defects. Plaintiffs allege that their doctors prescribed one or both of these drugs to them and, consequently, have suffered medical injuries due to that use. With respect to defendants Lavender and Owen, plaintiffs contend that these salesmen were one of the primary sources by which Wyeth communicated to physicians the risks and benefits associated with use of these medications and, further, that these defendants either innocently, negligently, or recklessly failed to reveal to physicians all of the information known about the risks of using Pondimin and Redux.

Defendants timely removed the action to this court on January 29, 2004, contending that the court has original diversity jurisdiction because Lavender and Owen, both Alabama residents, are fraudulently joined and should be dismissed for purposes of establishing subject-matter jurisdiction. Plaintiffs have replied in their emergency motion, filed the next day, that Lavender and Owen are not fraudulently joined and that the removal to this court was intended to do nothing more than delay the case long enough for it to be transferred to the Eastern District of Pennsylvania to be joined with an MDL case pending there. Hence, the plaintiffs have requested the court to consider their remand motion on an expedited basis before the case can be transferred to the MDL court.

<u>Fraudulent Joinder</u>

The parties agree that the case involves more than $75,000 in controversy and that the plaintiffs' citizenship is diverse from that of Wyeth. They also agree that Lavender and Owen are Alabama residents and, therefore, not diverse from the plaintiffs. Plaintiffs assert for that reason that no diversity jurisdiction exists, the court lacks subject matter jurisdiction, the removal was improper,

and the case is due to be remanded to the state circuit court. Defendants maintain, however, that Lavender and Owens were fraudulently joined by plaintiffs simply to defeat diversity jurisdiction and, therefore, their presence in the case should be ignored for jurisdictional purposes. As the basis for this contention, defendants have offered evidence that Lavender and Owen did not sell or promote the drug Pondimin at all and that they knew nothing about the medical risks associated with Redux. Consequently, defendants argue, there is no possibility of a recovery against either Lavender or Owen, making their joinder in this action fraudulent.

The Eleventh Circuit Court of Appeals addressed the issue of removal grounded on diversity jurisdiction when it is alleged that a non-diverse defendant has been fraudulently joined in Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997). There the court stated:

> In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the removing party is a 'heavy one.' B, Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A 1981).

Id. at 1538. The standard is onerous because, absent fraudulent joinder, the plaintiffs have the absolute right to choose their forum. Courts must keep in mind that the plaintiff is the master of his complaint and has the right to choose how and where he will fight his battle.

> This consequence makes sense given the law that "absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." Parks v. The New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962). The strict construction of removal statutes also prevents "exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal," see Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc., 507 F. Supp. 740, 744 (S.D. Ga.1981)(quoting 14A C. Wright, A. Miller & E.

> Cooper, Federal Practice and Procedure § 3721), a result that is costly not only for the plaintiff, but for all the parties and for society when the case must be re-litigated.

Id.

To establish fraudulent joinder of a resident defendant, the burden of proof on the removing party is a "heavy one," requiring clear and convincing evidence. Although affidavits and depositions may be considered, the court must not undertake to decide the merits of the claim while deciding whether there is a *possibility* a claim exists. The Crowe court reiterated:

> While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' [B. Inc. v. Miller Brewing Co., 663 F.2d 545, 549, n.9 (5th Cir., Unit A 1981)], the jurisdictional inquiry 'must not subsume substantive determination.' Id. at 550. Over and over again, we stress that 'the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.' Id. at 548-49. **When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.** See id. 'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.' Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in* Georgetown Manor, Inc. v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir. 1993).

Id. (Emphasis added).

More recently, in Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001), the court of appeals emphasized the limits of the fraudulent joinder analysis, saying:

> For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker v. Amoco

> Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds as stated in* Wilson v. General Motors Corp., 888 F.2d 779 (11th Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F.3d at 1287 (emphasis in original).

See also Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003)("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court."). Clearly, the fraudulent joinder issue does not permit the court to examine the merits of the claim asserted against a non-diverse defendant beyond seeking to determine whether there is "a possibility" that a state court might find a valid claim to be stated.

In this case, the court is persuaded that the plaintiffs have stated a legally possible claim against the non-diverse defendants, Lavender and Owen, in the form negligent fraud claims. To state such a possible claim, the plaintiffs need only allege that Lavender and Owens misrepresented certain material facts about the risks associated with use of Pondimin[1] and Redux and that plaintiffs, through their physicians, reasonably relied upon such misrepresentations. It is unimportant that Lavender and Owen did not know of the risks and, therefore, did not *intentionally* misrepresent the risks associated with these drugs. Alabama law recognizes an action for innocent or negligent

---

[1] Lavender and Owen have given affidavits in which they state they never sold, marketed, or promoted the drug Pondimin. They reason from this and the fact that plaintiff Smithey took only Pondimin that there is no possibility that, at the very least, Smithey has any claim against them. They nonetheless admit that when questioned by physicians about Pondimin, they attempted to provide answers based on the information they received from Wyeth. Thus, it remains "possible," as alleged in the complaint, that they made misstatements about the risks of use of Pondimin as well as Redux. Whether that "possibility" is something that can be developed factually goes to the merits of the claim and is beyond the fraudulent joinder analysis the court must undertake.

misrepresentation as well as for reckless and intentional misrepresentations. For example, the Alabama Court of Civil Appeals has explained:

> An innocent misrepresentation is as much a legal fraud as an intended misrepresentation. The good faith of a party in making what proves to be a material misrepresentation is immaterial as to whether there was an actionable fraud. Smith v. Reynolds Metals Co., 497 So. 2d 93 (Ala. 1986). Under the statute, even though a misrepresentation be made by mistake and innocent of any intent to deceive, if it is a material fact and is acted upon with belief in its truth by the one to whom it is made, it may constitute legal fraud. Mid-State Homes, Inc. v. Startley, 366 So. 2d 734 (Ala. Civ. App. 1979).

Goggans v. Realty Sales & Mortgage, 675 So. 2d 441, 443 (Ala. Civ. App., 1996); see also Cain v. Saunders, 813 So. 2d 891 (Ala. Civ. App. 2001).

Even if the court assumes that Lavender and Owen did not know of the PPH and valvular heart disease risks associated with these drugs and, therefore, did not recklessly or intentionally misstate what *they* knew, their innocent misrepresentations, at least as alleged by the complaint, understating the risks constitute a "possible" cause of action in Alabama. As long as it is possible that a state court may find that the complaint states a claim against the non-diverse defendant, even if it is a claim with poor prospects of ultimate success, the non-diverse defendant has not been fraudulently joined and the case must be remanded for lack of proper diversity jurisdiction.

The court is persuaded that the defendants have not carried the "heavy burden" of showing fraudulent joinder of Lavender and Owen. There is a possibility that the plaintiffs can state a claim against them, as sales representatives who met with physicians and answered questions regarding the risks and benefits of these drugs, for negligently or innocently misrepresenting the material facts concerning the risks associated with the drugs. At the very least, the claim against Lavender and

Owen is not so clearly lacking in substance that the court assuredly has subject-matter jurisdiction of this case. Questions must be resolved in favor of remand. In a contested removal, a presumption exists in favor of remanding the case to state court; accordingly, all disputes of fact must be resolved in favor of the plaintiff and all ambiguities of law must be resolved in favor of remand. Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997); Whitt v. Sherman International Corp., 147 F.3d 1325 (11th Cir. 1998). Because Lavender and Owen are not fraudulently joined in this action, diversity jurisdiction is lacking and the court must remand the case to the state court.

Order

Based on the foregoing considerations, it is therefore, ORDERED that the plaintiffs' motion to remand is due to be and hereby is GRANTED. Upon the expiration of fifteen (15) days from the date of this Order, the Clerk is DIRECTED to REMAND this action to the Circuit Court of Jefferson County, unless stayed by further Order of the court.

Any party may seek a review of this Order pursuant to Federal Rule of Civil Procedure 72(a) within ten (10) days after entry of this Order. Failure to seek a review may be deemed consent to the entry of this Order. See Roell v. Withrow, ___ U.S. ___, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003).

The Clerk is DIRECTED to forward a copy of the foregoing to all counsel of record.

DONE this 18th day of February, 2004.

T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

FILED
04 MAR 16 PM 3:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| VONCEIL MARSHAND, | ] | |
| Plaintiff, | ] | |
| vs. | ] | CV-03-CO-3195-W |
| WYETH, et al., | ] | |
| Defendants. | ] | |




MEMORANDUM OF OPINION

Presently before the court is Plaintiff's Motion to Remand and Motion for Sanctions, filed on December 22, 2003, [Doc. # 12.], Wyeth's Opposition to Remand [Doc. # 15], Plaintiff's Motion to Strike [Doc. # 18], Wyeth's Motion to Stay to Allow Transfer to the Multi-District Litigation Proceeding [Doc. # 19], and Plaintiff's Motion for Emergency Hearing and/or Ruling [Doc. # 22]. Upon due consideration, and for the reasons that follow, Plaintiff's Motion to Remand and Motion For Sanctions [Doc. # 12.] will be granted in part and denied in part. Plaintiff's Motion to Strike [Doc. # 18] is denied. Wyeth's Motion to Stay to Allow Transfer to the Multi-District





Litigation Proceeding [Doc. # 19] is denied and Plaintiff's Motion for Emergency Hearing and/or Ruling [Doc. # 22] is granted to the extent that a ruling will be entered.

On the 30th day of October 2003, Plaintiff, Vonceil Marshand, filed her complaint against the defendants in the Circuit Court of Sumter County, Alabama. Defendant, Wyeth, removed this action on the 1st day of December 2003. Wyeth asserts in its notice of removal [Doc. # 1] that this court has original jurisdiction of this case under 28 U.S.C. § 1332 based on the diversity of citizenship of the parties. 28 U.S.C. § 1332 does confer jurisdiction on the Federal District Courts in cases between citizens of different states when the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Triggs* v. *John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

It is clear from the complaint and the lack of argument from the plaintiff that the jurisdictional amount is met. This court will therefore turn to the question of diversity. Because the defendants removed this action, they have the burden of establishing the propriety of subject-matter jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

Plaintiff argues that the case should be remanded because Mary Lou Carnaggio and Nikki N. Windham ("individual defendants") did not join in the removal and because complete diversity does not exist. Plaintiff asserts that the inclusion of the individual defendants in the originally filed complaint destroyed complete diversity. Plaintiff and each of the individual defendants are citizens of Alabama. Wyeth asserts that the individual defendants should not be considered in determining diversity because they were fraudulently joined to avoid diversity.

"A party fraudulently joined to defeat removal need not join in a removal petition, and is disregarded in determining diversity of citizenship." *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983). The determination of the issue of fraudulent joinder will thus determine whether the joinder of the individual defendants in the removal was necessary.

*Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553 (11th Cir. 1989) sets forth the test to be applied when it is alleged that a non-diverse party is fraudulently joined.

> The test for determining whether or not a defendant has been fraudulently joined is twofold: (1) look to see whether there is no possibility the plaintiff can

> establish any cause of action against the resident defendant; and (2) look to see whether plaintiff has fraudulently pled jurisdictional facts in order to bring the resident defendant into state court.

*Cabalceta*, 883 F.2d at 1561.

This is indeed a difficult burden for the removing party to meet. The height of the bar is raised further by the fact that "[i]n addressing the issue of fraudulent joinder, the district court should resolve all questions of fact and controlling law in favor of the plaintiff. . . ." *Id.* at 1561.

Defendants do not contend that the plaintiff fraudulently pled jurisdictional facts in their complaint but instead rely on the first prong of the test described in *Cabalceta*. Therefore, the question presented to this court is whether the defendants carry the burden of proving that "there is no possibility the plaintiff can establish any cause of action against the resident defendant[?]" "[T]he question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Crowe v. Coleman*, 113 F.3d 1536, 1540 (11th Cir. 1997). "For a Plaintiff to present an arguable claim against an in-state defendant and, therefore, to require a case removed to federal court to be

remanded to state court, the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant." *Crowe*, 113 F.3d at 1541.

The Eleventh Circuit has gone as far as to require that "[d]oubts as to whether removal of an action is permissible should be resolved against removal." *Key Bank U.S.A., N.A. v. First Union Nat'l Bank of Florida*, 234 B.R. 827, 829 (M.D. Fla. 1999) (citing *Roe v. O'Donohue*, 38 F.3d 298, 303 (7th Cir. 1994)).

In Count VI, the plaintiff asserts a claim for "Fraud, Misrepresentation and Suppression." Under Alabama law, "[t]he elements of fraud are (1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation." *Ex parte Michelin N. Am., Inc.*, 795 So. 2d 674, 678-79, (Ala. 2001). Plaintiff alleges that the defendants made misrepresentations both "directly and /or indirectly" [Compl. ¶ 86] and that "[t]he Defendants knew or should have known that these representations were false and made the representations with the intent or purpose that the Plaintiff and/or Plaintiff's physician would rely on him, [sic] leading to the use of the drug

by the Plaintiff." [Compl. ¶ 87]. Plaintiff also alleges that the individual defendants "promoted, detailed, sold, and/or marketed and made representations to Dr. Reese M. Holliefield regarding Pondimin and/or Redux." [Compl. ¶ 8]. Plaintiff also contends that "[b]ased on the representations made to Dr. Holliefield by the Defendant [sic] Carnaggio and Windham, and the Wyeth Defendant, through its agents, Plaintiff Marshand was prescribed Pondimin and/or Redux."[Compl. ¶ 8].

Wyeth contends through affidavit and deposition testimony that none of its sales force detailed or promoted Pondimin and that they "with respect to Redux . . . merely promoted the medication to licensed healthcare providers based on information provided to them by Wyeth." [Doc. # 15, Opp'n to Remand at 5]. Considering such evidence would require an analysis of the merits of the plaintiff's claim.

> In the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims. Although [the] . . . district courts may look beyond the face of the complaint, . . . the district court is to stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent.

*Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997).

At least with regard to Count VI, Plaintiff has not asserted "obviously fraudulent or frivolous claims" against the individual defendants and thus their joinder is not fraudulent. The court is of the opinion that it does not have diversity jurisdiction over the claims against the defendants. This case will be remanded to the Circuit Court of Sumter County, Alabama. A separate order will be entered.

Done, this 16 day of March, 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE