IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 FEB 24  AM 10: 15

U.S. DISTRICT COURT
N.D. OF ALABAMA

ANN McGOWAN, BECKY PARTINGTON, )
and LAURA STANFIELD, )
)
    Plaintiffs, )
)
vs. )
)
WYETH, INC., WYETH )
PHARMACEUTICALS, INC., )
BEN LAVENDER, and ANTHONY )
CHERRY, )
)
    Defendants. )

**ENTERED**

FEB 2 4 2004

Case No. CV-04-TMP-298-S

<u>MEMORANDUM OPINION AND ORDER OF REMAND</u>

This cause is before the court on the plaintiffs' emergency motion to remand, filed February 17, 2004, to which defendants responded with a motion to stay pending transfer to the MDL proceedings on February 19, 2004. The motion has been briefed by both sides, and the court finds that the action is due to be remanded.

<u>Procedure History</u>

Plaintiffs McGowan, Partington, and Stanfield filed their joint complaint against defendants Wyeth, Inc., and Wyeth Pharmaceuticals, Inc., (hereinafter collectively "Wyeth") and two of Wyeth's pharmaceutical salesmen, Ben Lavender and Anthony Cherry, in the Circuit Court of Jefferson County, Alabama, on January 16, 2004. The complaint alleges claims for "strict liability–defective product," "strict liability–failure to warn," "strict liability–failure to test," negligence, breach of warranties, fraud and misrepresentation, negligent and reckless misrepresentation, and conspiracy to defraud and fraudulently conceal, all arising from the plaintiffs' use of one or both of certain diet

medications manufactured and distributed by Wyeth, formerly known as American Home Products, Inc. In particular, the complaint alleges that Wyeth manufactured, marketed, and distributed two drugs, Pondimin (fenfluramine) and Redux (dexfenfluramine), which later were recognized as associated with several medical problems, including primary pulmonary hypertension and valvular heart disease. Plaintiffs allege that their doctors prescribed one or both of these drugs to them and, consequently, they have suffered medical injuries due to that use. With respect to defendants Lavender and Cherry, plaintiffs contend that these salesmen were one of the primary sources by which Wyeth communicated to physicians the risks and benefits associated with the use of these medications and, further, that these defendants either innocently, negligently, or recklessly failed to reveal to physicians all of the information known about the risks of using Pondimin and Redux.

Defendants timely removed the action to this court[1] on February 13, 2004, contending that the court has original diversity jurisdiction because Lavender and Cherry, both Alabama residents, are fraudulently joined and should be dismissed for purposes of establishing subject-matter jurisdiction. Plaintiffs have replied in their emergency motion, filed the next day, that Lavender and Cherry are not fraudulently joined and that the removal to this court was intended to do nothing more than delay the case long enough for it to be transferred to the Eastern District of Pennsylvania to be joined with an MDL case pending there. Hence, the plaintiffs have requested the court to consider their remand motion on an expedited basis before the case can be transferred to the MDL court.

---

[1] There has been a spate of these removals in the last few weeks. The undersigned himself has dealt with two earlier removals in Marshal, et al., v. Wyeth, Inc., et al., CV-04-TMP-179-S, and Johnson, et al., v. Wyeth, et al., CV-04-TMP-224-S. Consequently, the court is thoroughly familiar with the positions and arguments of the parties.

### Fraudulent Joinder

The parties agree that the case involves more than $75,000 in controversy and that the plaintiffs' citizenship is diverse from that of Wyeth. They also agree that Lavender and Cherry are Alabama residents and, therefore, not diverse from the plaintiffs. Plaintiffs assert for that reason that no diversity jurisdiction exists, the court lacks subject matter jurisdiction, the removal was improper, and the case is due to be remanded to the state circuit court. Defendants maintain, however, that Lavender and Cherry were fraudulently joined by plaintiffs simply to defeat diversity jurisdiction and, therefore, their presence in the case should be ignored for jurisdictional purposes. As the basis for this contention, defendants have offered evidence that Lavender and Cherry did not sell or promote the drug Pondimin at all and that they knew nothing about the medical risks associated with Redux. Consequently, defendants argue, there is no possibility of a recovery against either Lavender or Cherry, making their joinder in this action fraudulent.

The Eleventh Circuit Court of Appeals addressed the issue of removal grounded on diversity jurisdiction when it is alleged that a non-diverse defendant has been fraudulently joined in Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997). There the court stated:

> In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the removing party is a "heavy one." B. Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A 1981).

Id. at 1538. The standard is onerous because, absent fraudulent joinder, the plaintiffs have the absolute right to choose their forum. Courts must keep in mind that the plaintiff is the master of his complaint and has the right to choose how and where he will fight his battle.

3

> This consequence makes sense given the law that "absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." Parks v. The New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962). The strict construction of removal statutes also prevents "exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal," see Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc., 507 F. Supp. 740, 744 (S.D. Ga.1981)(quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3721), a result that is costly not only for the plaintiff, but for all the parties and for society when the case must be re-litigated.

Id.

To establish fraudulent joinder of a resident defendant, the burden of proof on the removing party is a "heavy one," requiring clear and convincing evidence. Although affidavits and depositions may be considered, the court must not undertake to decide the merits of the claim while deciding whether there is a *possibility* a claim exists. The Crowe court reiterated:

> While "the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' [B. Inc., v. Miller Brewing Co., 663 F.2d 545, 549, n.9 (5th Cir., Unit A 1981)], the jurisdictional inquiry 'must not subsume substantive determination.' Id. at 550. Over and over again, we stress that 'the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.' Id. at 548- 49. When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. See id. 'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.' Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in* Georgetown Manor, Inc. v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir. 1993).

Id. (Emphasis added).

More recently, in Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001), the court of appeals emphasized the limits of the fraudulent joinder analysis, saying:

4

> For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), superceded by statute on other grounds as stated in Wilson v. General Motors Corp., 888 F.2d 779 (11th Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F.3d at 1287 (emphasis in original).

Id.; see also Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003)("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court."). Clearly, the fraudulent joinder issue does not permit the court to examine the merits of the claim asserted against a non-diverse defendant beyond seeking to determine whether there is "a possibility" that a state court might find a valid claim to be stated.

In this case, the court is persuaded that the plaintiffs have stated a legally possible claim against the non-diverse defendants, Lavender and Cherry, in the form negligent fraud claims. To state such a possible claim, the plaintiffs need only allege that Lavender and Cherry misrepresented certain material facts about the risks associated with use of Pondimin[2] and Redux and that plaintiffs,

---

[2] Lavender and Cherry have given affidavits in which they state they never sold, marketed, or promoted the drug Pondimin. Even if these plaintiffs all used only Pondimin, there is a "possible" basis for Lavender's and Cherry's liability. They admit that when questioned by physicians about Pondimin, they attempted to provide answers based on the information they received from Wyeth. Thus, it remains "possible," as alleged in the complaint, that they made misstatements about the risks of use of Pondimin as well as Redux. Whether that "possibility" is something that can be developed factually goes to the merits of the claim and is beyond the fraudulent joinder analysis the court must

through their physicians, reasonably relied upon such misrepresentations. It is unimportant that

Lavender and Cherry did not know of the risks and, therefore, did not *intentionally* misrepresent the

risks associated with these drugs. Alabama law recognizes an action for innocent or negligent

misrepresentation as well as for reckless and intentional misrepresentations. For example, the

Alabama Court of Civil Appeals has explained:

> An innocent misrepresentation is as much a legal fraud as an intended
> misrepresentation. The good faith of a party in making what proves to be a material
> misrepresentation is immaterial as to whether there was an actionable fraud. Smith
> v. Reynolds Metals Co., 497 So. 2d 93 (Ala. 1986). Under the statute, even though
> a misrepresentation be made by mistake and innocent of any intent to deceive, if it
> is a material fact and is acted upon with belief in its truth by the one to whom it is
> made, it may constitute legal fraud. Mid-State Homes, Inc. v. Startley, 366 So. 2d
> 734 (Ala. Civ. App. 1979).

Goggans v. Realty Sales & Mortgage, 675 So. 2d 441, 443 (Ala. Civ. App., 1996); see also Cain v.

Saunders, 813 So. 2d 891 (Ala. Civ. App. 2001).

Even if the court assumes that Lavender and Cherry did not know of the PPH and valvular

heart disease risks associated with these drugs and, therefore, did not recklessly or intentionally

misstate what *they* knew, their innocent misrepresentations, at least as alleged by the complaint,

understating the risks constitute a "possible" cause of action in Alabama. As long as it is possible

that a state court may find that the complaint states a claim against the non-diverse defendant, even

if it is a claim with poor prospects of ultimate success, the non-diverse defendant has not been

fraudulently joined and the case must be remanded for lack of proper diversity jurisdiction.

---

undertake.

The court is persuaded that the defendants have not carried the "heavy burden" of showing fraudulent joinder of Lavender and Cherry. There is a possibility that the plaintiffs can state a claim against them, as sales representatives who met with physicians and answered questions regarding the risks and benefits of these drugs, for negligently or innocently misrepresenting the material facts concerning the risks associated with the drugs. At the very least, the claim against Lavender and Cherry is not so clearly lacking in substance that the court assuredly has subject-matter jurisdiction of this case. Uncertainties must be resolved in favor of remand. In a contested removal, a presumption exists in favor of remanding the case to state court; accordingly, all disputes of fact must be resolved in favor of the plaintiff and all ambiguities of law must be resolved in favor of remand. Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997); Whitt v. Sherman International Corp., 147 F.3d 1325 (11th Cir. 1998). Because Lavender and Cherry are not fraudulently joined in this action, diversity jurisdiction is lacking and the court must remand the case to the state court.

## Order

Based on the foregoing considerations, it is therefore, ORDERED that the plaintiffs' motion to remand is due to be and hereby is GRANTED. Upon the expiration of fifteen (15) days from the date of this Order, the Clerk is DIRECTED to REMAND this action to the Circuit Court of Jefferson County, unless stayed by further order of the court.

The defendants' motion to stay is DENIED.

Any party may seek a review of this Order pursuant to Federal Rule of Civil Procedure 72(a) within ten (10) days after entry of this Order. Failure to seek a review may be deemed consent to

the entry of this Order. See Roell v. Withrow, ___ U.S. ___, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003).

The Clerk is DIRECTED to forward a copy of the foregoing to all counsel of record.

DONE this _____ day of February, 2004.

T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

8

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

FILED

MAR 18 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

BRENDA NELSON, )
)
    Plaintiff, )
)
    v. ) CIVIL ACTION NO. 04-T-077-S
WYETH, et al., )
)
    Defendants. )

ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiff's motion to remand. The court agrees with plaintiff that this case should be remanded to state court. First, there has not been <u>fraudulent joinder</u> of any resident defendant (that is, plaintiff has colorable claims against such a defendant), <u>see</u> <u>Coker v. Amoco Oil Co.</u>, 709 F.2d 1433, 1440 (11th Cir. 1983); <u>Cabalceta v. Standard Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989). Second, there has not been <u>fraudulent misjoinder</u> of any resident defendant (that is, plaintiff has reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), <u>see</u> <u>Tapscott v. MS Dealer Service Corp.</u>, 77 F.3d 1353, 1360 (11th Cir. 1996).

EOD   03/18/04

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motions to remand, filed on February 10, 2004 (doc. no. 7), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Coffee County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 18th day of March, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

JOHN PATRICK,                          ]
                                       ]
        Plaintiff(s),                  ]
                                       ]
    vs.                                ] CV04-CO-00296-W
                                       ]
WYETH, INC.,                           ]
                                       ]
        Defendant(s).                  ]

ENTERED
MAR 16 2004

ORDER

In accord with the memorandum of opinion issued contemporaneously

herewith, it is hereby ORDERED, ADJUDGED, and DECREED:

1.    Plaintiff's Emergency Motion to Remand will be GRANTED;

2.    Defendant's Motion to Suspend Duties Under Federal Rule of

      Civil Procedure 26(f) and Local Rule 26.1(d) and to Stay to Allow

      Transfer to the Multi-District Litigation Proceeding is DENIED;

3.    Plaintiff's Motion for Oral Argument is DENIED;

4.    Defendant's Motion for Entry of Briefing Schedule is DENIED;

5.    This case is REMANDED to the Circuit Court of Tuscaloosa

      County, whence it was improvidently removed; and



6.   Costs are TAXED against Defendant Wyeth, Inc. and in favor of

Plaintiff.


Done, this _____ 16 ___ of  March, 2004.

                              L. SCOTT COOGLER
                        UNITED STATES DISTRICT JUDGE

FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

04 MAR 16 PH 3: 14

U.S. DISTRICT COURT
N.D. OF ALABAMA

JOHN PATRICK, et al.,                    ]
                                         ]
        Plaintiffs,                      ]
                                         ]
vs.                                      ]    CV-04-CO-0296-W
                                         ]
WYETH, et al.,                           ]
                                         ]
        Defendants.                      ]

ENTERED

MAR 16 2004

MEMORANDUM OF OPINION

Presently before the court is Plaintiff's Emergency Motion to Remand,

filed on February 23, 2004 [Doc. # 13], Wyeth's Motion to Suspend Duties

Under Federal Rule of Civil Procedure 26(f) and Local Rule 26.1(d), and to

Stay to Allow Transfer to the Multi-District Litigation Proceeding [Doc. # 11],

Plaintiff's Motion for Oral Argument [Doc. # 14], and Wyeth's Motion for

Entry of Briefing Schedule [Doc. # 15]. Upon due consideration, and for the

reasons that follow, Plaintiff's Emergency Motion to Remand [Doc. # 13] will

be granted. Wyeth's Motion to Suspend Duties Under Federal Rule of Civil

Procedure 26(f) and Local Rule 26.1(d), and to Stay to Allow Transfer to the

Multi-District Litigation Proceeding [Doc. # 11] is denied.  Plaintiff's Motion

for Oral Argument [Doc. # 14] is denied and Wyeth's Motion for Entry of

Briefing Schedule [Doc. # 15] is denied.

The claims, facts and arguments asserted in this case are extremely

similar to those in *Marshand v. Wyeth, et al.*, CV-03-CO-3195-W (N.D. Ala.

filed March 16, 2004).  The differences are not material to the consideration

of the pending motions.  The court by reference adopts the analysis set

forth in that opinion.

The court is of the opinion that it does not have diversity jurisdiction

over the claims against the defendants. This case will be remanded to the

Circuit Court of Tuscaloosa County, Alabama.  A separate order will be

entered.

Done, this 12 day of March, 2003.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

**FILED**

MAR 1 8 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

JANICE PATTERSON, et al.,            )
                                     )
        Plaintiffs,                  )
                                     )
    v.                               )    CIVIL ACTION NO. 04-T-081-N
                                     )
WYETH, et al.,                       )
                                     )
        Defendants.                  )

ORDER

This lawsuit, which was removed from state to federal
court based on diversity-of-citizenship jurisdiction, 28
U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs'
motion to remand.  The court agrees with plaintiffs that this
case should be remanded to state court.  First, there has not
been <u>fraudulent joinder</u> of any resident defendant (that is,
plaintiffs have colorable claims against such a defendant), <u>see</u>
<u>Coker v. Amoco Oil Co.</u>, 709 F.2d 1433, 1440 (11th Cir. 1983);
<u>Cabalceta v. Standard Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir.
1989).  Second, there has not been <u>fraudulent misjoinder</u> of any
resident defendant (that is, plaintiffs have reasonably joined
such a defendant with other defendants pursuant to Rule 20 of

**EOD** _3-18-04_



the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on February 11, 2004 (doc. no. 9), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 18th day of March, 2004.

_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

FILED

MAR 8 2004

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

JOAN REEDER,                    )
                               )
       Plaintiff,              )
                               )
       v.                      )        CIVIL ACTION NO.
                               )        04-T-066-N
WYETH, a corporation,          )
et al.,                        )
                               )
       Defendants.             )

## ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiff's motion to remand. The court agrees with plaintiff that this case should be remanded to state court. First, there has not been fraudulent joinder of any resident defendant (that is, plaintiff has colorable claims against such a defendant), see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). Second, there has not been fraudulent misjoinder of any resident

EOD  3/8/04

defendant (that is, plaintiff has reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motions to remand, filed on January 30, 2004 (doc. no. 8), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Elmore County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 8th day of March, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

04 FEB 27 PM 3: 26

U.S. DISTRICT COURT
N.D. OF ALABAMA

JOHN W. SMITH,

    Plaintiff,

v.

WYETH, et al.,

    Defendants.

}
}
}
}
}
}
}
}
}

Case No.: CV 04-P-226-M

**ENTERED**

FEB 2 7 2004

## ORDER

On February 16, 2004, the court entered an Order staying this litigation pending action by the Judicial Panel on Multidistrict Litigation. *See In re Diet Drugs (Phentermine/Fenfluramine /Dexfenfluramine) Products Liability Litigation*, MDL-1203. (Doc. #11). Based upon the analysis set forth in recent related remand decisions by other judges of this court, the stay is **LIFTED**, Plaintiffs' Motion to Remand (Doc. #8) filed on February 10, 2004, is **GRANTED**, and this case is **REMANDED** to the Circuit Court of DeKalb County. *See, e.g., Martha M. Davis v. Wyeth, et al.*, United States District Court for the Northern District of Alabama, Jasper Division, CV 03-J-3167-J, February 25, 2004 (Doc. #17); *Ann McGowan, et al. v. Wyeth, Inc., et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-298-S, February 24, 2004 (Doc. #12); *Juanita Johnson, et al. v. Wyeth, et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-224-S, February 23, 2004 (Doc. #11); *Jevenari Marshal, et al. v. Wyeth, Inc., et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-179-S, February 18, 2004 (Doc. #17).

Plaintiffs' Motion for Sanctions (Doc. #8) is **DENIED**.

**DONE** and **ORDERED** this ___27th___ day of February, 2004.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA    04 JAN 30 PM 3: 46
EASTERN DIVISION

DISTRICT COURT
N.D. OF ALABAMA

SANDRA STOREY,                    ]
                                  ]
        Plaintiff,                ]
                                  ]
V.                                ]
                                  ]        CV-04-BE-274-E
WYETH, INC., WYETH                ]
PHARMACEUTICAL, and               ]
ANTHONY CHERRY,                   ]
                                  ]        ENTERED
        Defendants.               ]        JAN 3 0 2004
                                  ]
                                  ]

## MEMORANDUM OPINION AND ORDER REMANDING CASE TO STATE COURT

The case comes before the court on the plaintiff's "Motion to Remand" (Doc. 5). Having reviewed the entirety of the pleadings and briefs of counsel, the court hereby GRANTS the motion to remand. The court is not persuaded that the plaintiff failed to state a viable claim against the non-diverse defendant, or that the non-diverse defendant was fraudulently joined, and, thus, is not persuaded that the case was properly removed for the reasons stated below.

The defendants removed this case to federal court on January 7, 2004, from the Circuit Court of Calhoun County, Alabama. Although the complaint purports to state claims against corporate defendants who admittedly are not Alabama residents, it also names as a defendant Anthony Cherry, admittedly a resident of Alabama, whose presence precludes removal under 28 U.S.C. § 1441. Defendants argue, however, that Mr. Cherry is fraudulently joined.

The standard for successfully removing a case from state to federal court is a high one,

and the burden rests heavily upon the removing party to establish that federal jurisdiction exists. See Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989); Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983). This burden is especially high when the defendants allege fraudulent joinder as the basis for subject matter jurisdiction. See Pacheco de Perez v. AT&T Company, 139 F.3d 1368, 1381 (11th Cir. 1983). In making the fraudulent joinder determination, a district court "must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in plaintiff's favor." Pacheco de Perez, 139 F.3d at 1380.

To establish fraudulent joinder, the removing party must show either (a) that the plaintiff would have no possibility of establishing a cause of action against a non-diverse defendant in state court, or (b) that the plaintiff's pleading of jurisdictional facts has been made fraudulently. Cabalceta, 883 F.2d at 1561. Furthermore, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." Coker, 709 F.2d at 1440-41; see also Pacheco de Perez, 139 F.3d at 1380 ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court.").

This court must construe removal jurisdiction narrowly, *with all doubts resolved in favor of remand*. See University of So. Ala. v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). In making its determination, the court should not speculate about the futility of the plaintiff's claim in state court. Id.

Although whether the plaintiff will be able to successfully prove Mr. Cherry's liability is unclear, this court will not speculate that the plaintiff has no possibility of establishing its claims

of negligence and fraud against this non-diverse defendant. Little, if any, discovery has been done to date in this case; thus, this court cannot make rash decisions regarding actions made by the defendants and their resulting consequences. Nor can the court conclusively determine that the plaintiff would not be successful in urging her various theories under Alabama law.

Similarly, the court is not prepared to conclude that the plaintiff's fraud claims should be struck for lack of specificity. While the complaint is indicative of a "form" pleading, it adequately informs the defendants of the nature of the fraud.

Because the defendants have not clearly proven that this court has jurisdiction based on diversity under 28 U.S.C. § 1332, and because this court must resolve all doubts in favor of remand, the Plaintiff's Motion to Remand is hereby GRANTED. The clerk is ordered to transfer the file on this case back to the Circuit Court of Calhoun County, Alabama.

DONE and ORDERED this 30 day of January, 2004.

KARON OWEN BOWDRE
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 DEC 12 PH 2:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

STEPHANIE TERRELL, et al.,        ]
                                  ]
        Plaintiffs,               ]
                                  ]
v.                                ]        CV-03-BE-2876-S
                                  ]
WYETH, et al.,                    ]
                                  ]        ENTERED
        Defendants.               ]
                                  ]        DEC 1 2 2003
                                  ]
                                  ]
                                  ]
                                  ]
                                  ]

MEMORANDUM OPINION AND ORDER REMANDING CASE TO STATE COURT

The case comes before the court on Plaintiff's Motion to Remand (Doc. 10). Having reviewed the pleadings and briefs of counsel, the court is not persuaded that the plaintiffs failed to state a viable claim against the non-diverse defendant, or that the non-diverse defendant was fraudulently joined, and, therefore, the court is not persuaded that the case was properly removed for the reasons stated below.

The defendants removed this case to federal court on October 23, 2003 from the Circuit Court of Jefferson County, Alabama. Although the complaint purports to state claims against corporate defendants who admittedly are not Alabama residents, it also names as a defendant Pam Parker, admittedly a resident of Alabama, whose presence precludes removal under 28 U.S.C. § 1441. Defendants argue, however, that Ms. Parker is fraudulently joined.

1

The standard for successfully removing a case from state to federal court is a high one, and the burden rests heavily upon the removing party to establish that federal jurisdiction exists. See Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989); Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983). This burden is especially high when the defendants allege fraudulent joinder as the basis for subject matter jurisdiction. See Pacheo de Perez v. AT&T Company, 139 F.3d 1368, 1381 (11th Cir. 1983). In making the fraudulent joinder determination, a district court "must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in plaintiff's favor." Pacheco de Perez, 139 F.3d at 1380.

To establish fraudulent joinder, the removing party must show either (a) that the plaintiff would have no possibility to establish a cause of action against non-diverse defendants in state court, or (b) that the plaintiff's pleading of jurisdictional facts have been made fraudelently. Cabelcata, 883 F.2d at 1561. Furthermore, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." See Coker, 709 F.2d at 1440-41; see also Pacheo de Perez, 139 F.3d at 1380 ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court.").

This court must construe removal jurisdiction narrowly, *with all doubts resolved in favor of remand.* See University of So. Ala. v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (emphasis added). In making its determination, the court should not speculate about the futility of the plaintiff's claim in state court. Id.

2

Although the plaintiffs' claims against defendant Parker appear to raise novel questions of Alabama state law, this court will not speculate that the plaintiffs have *no* possibility of establishing a cause of action against this non-diverse defendant. Little, if any, discovery has been done to date in this case; thus, it would be premature for this court to make rash decisions regarding the nature and timing of the injuries sustained by the plaintiffs, or the employment history of defendant Parker. Nor can the court conclusively determine that the plaintiffs would not be successful in urging its various theories under Alabama law.

Because the defendants have not clearly proven that this court has jurisdiction based on diversity under 28 U.S.C. § 1332, and because this court must resolve *all* doubts in favor of remand, the Plaintiffs' Motion to Remand is hereby GRANTED. The clerk is ordered to transfer the file on this case back to the Circuit Court of Jefferson County, Alabama.

DONE and ORDERED this _____ day of December, 2004.

KARON OWEN BOWDRE
UNITED STATES DISTRICT COURT

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 APR -9 PM 3: 38

U.S. ...
H.D ...

VICKI TOLBERT,                              )
                                            )
        Plaintiff,                          )
                                            )
vs:                                         )    CIVIL ACTION NO. 04-RRA-0034-S
                                            )
WYETH, INC., fka American Home              )
Products Corporation; WYETH                 )
PHARMACEUTICALS, INC.; and                  )
BEN LAVENDER,                               )    **ENTERED**
                                            )    APR 0 9 2004
        Defendants.                         )

## ORDER

(Re: Plaintiff's Emergency Motion to Remand, ct. doc. 8, and Defendants'
Motion to Stay to Allow Transfer to Multi-District Litigation Proceeding, ct. doc. 16)

        In *Tolbert v. Wyeth*, CV-04-RRA-0034-S, and *Johnson v. Wyeth*, CV-04-RRA-0236-

W, oral argument was heard on April 7, 2004, on the defendants' motions for this court to

allow the MDL judge to rule on the motions for remand to state court, and on the motions

to remand themselves. In *Johnson*, the plaintiff has filed a motion for sanctions. The parties'

written and oral discussions were intensely thorough.

        The individual defendants in these cases are Wyeth's sales representatives. In both

complaints it is alleged that they made representations concerning the safeness of the drugs

in question. According to plaintiff Vicki Tolbert's affidavit, she was told that one of the

physicians who prescribed her diet pills told her that a sales representative assured Dr.

Thomas that the drugs were safe and effective for long-term use. The defendant objects to

Tolbert's statements as being hearsay.[1] The defendants assert that even if such statements were made, "those who are only conduits through which faulty information is supplied by one person to a third person cannot be liable for fraud unless they acted in bad faith." *Fisher v. Comer Plantation, Inc.*, 772 So.2d 445, 463 (Ala. 2000).[2]

The defendants might be correct in that more is required under Alabama's innocent misrepresentation law than merely making an incorrect representation. Judge Hancock, however, in one of his cases dealing with this issue, *Hough v. Wyeth*, CV-04-H-393-S, stated that

> alleged innocent misrepresentations understating the risk associated with the use of the combination of drugs for weight loss constitutes a possible cause of action under Alabama law. *See* Ala. Code § 6-5-101 (Michie 1993; *see also* Ala. Pattern Jury Instructions Civil, 2d., APJI 18.03 (1993).

Also, it is noted that, in over thirty cases, every federal judge in the state of Alabama who has ruled on this issue has ordered remand.[3] Additionally, the plaintiffs allege actual fraud. Although the defendants contend that there is no evidence of actual fraud, the plaintiffs counter that there has been no discovery in either of these cases.[4] Also, during oral argument Johnson's counsel set out facts which he thinks could establish knowledge on the part of the

---

[1] The plaintiff has not, however, conducted discovery in this case.

[2] In a previous case, *Cash v. Wyeth*, CV-03-RRA-3378-E, the undersigned decided in favor of remand on the fact that "[t]he defendants' argument against remand [was] premised upon the evidence being uncontroverted that Cherry did not promote or market or make any representation to Dr. Khalaf about Pondimin," and the evidence was not uncontroverted on that point.

[3] Although the undersigned will make his own decision, such unanimity of opinion is enough to give pause.

[4] The defendants state that there has been extensive discovery in other cases.

sales representatives.

The motion to stay this action for the MDL judge to rule on the motion to remand is DENIED. Further, it is determined that it cannot be determined, at this point, that there is not a real possibility that the plaintiffs can state a claim against the sales representative, and, therefore, the motion to remand is GRANTED, for lack of subject matter jurisdiction, and the Clerk is hereby ORDERED to return this case to the state court from which it was removed.

The parties are directed to Rule 72(b), *Federal Rules of Civil Procedure*, and the General Order of Referrals of Civil Matters to United States Magistrate Judges at paragraph 5. The Clerk is INSTRUCTED not to effect remand before the expiration of ten (10) days from the date this order is filed, the time within which the parties may file objections.

DONE this 9ᵗʰ day of April, 2004.

Robert R. Armstrong, Jr.
United States Magistrate Judge