## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY ANDRUS; ELEANOR ARCHAMBEAU; DIANE BONNEAU; LERTIS CALDWELL; PRISCILLA COTE; THERESA DEJOY; LAURAL FANKHAUSER; NANCY KENNEDY; BARBARA WILLIAMS; LUCINDA YOUELL,<br><br>PLAINTIFFS,<br><br>v.<br><br>INDEVUS PHARMACEUTICALS, INC., F/K/A INTERNEURON PHARMACEUTICALS, INC.; WYETH, INC; F/K/A AMERICAN HOME PRODUCTS CORPORATION; WYETH PHARMACEUTICALS, INC F/K/A WYETH-AYERST PHARMACEUTICALS, INC.; A DIVISION OF AMERICAN HOME PRODUCTS CORPORATION; AND BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.,<br><br>DEFENDANTS. | CIVIL ACTION<br>NO. 04-10911 GAO |

**WYETH'S REPLY IN SUPPORT**
**OF ITS MOTION FOR A STAY**

Plaintiffs' opposition to Wyeth's motion for a stay of this case and other diet drug cases removed to this Court is founded on misstatements concerning the nature of the issues presented by the remand motions and the law recognizing the desirability of a stay. None of plaintiffs' arguments has merit.

Plaintiffs contend that this Court, rather than the MDL Court, should decide the motions for remand because the motions supposedly "hinge on a determination of Massachusetts law," which this Court "is in a better position to quickly and efficiently decide." Pl. Mem. at 3-4. But there are no difficult issues of Massachusetts law to "determine" because the Massachusetts discovery rule has been clearly articulated in numerous judicial decisions. Instead, the key issue is how that clearly defined legal rule

559340_1.DOC

applies to the *facts* of the diet drug cases. The resolution of that issue hinges on the nature of diet drug heart valve injuries, the fact that such injuries are not latent, and the extent and nature of publicity concerning heart valve injuries associated with the use of diet drugs. Wyeth Mem. at 6-7. Plaintiffs' arguments in support of remand also raise issues about the proper interpretation of the Settlement Agreement and prior MDL Court orders, including (i) whether the MDL Court's prior rulings that diet drug heart valve injuries are not latent are correct, (ii) whether the diet drug Settlement Agreement prohibits Wyeth from relying on those findings, and (iii) whether plaintiffs are estopped from contesting those findings because they were adequately and fairly represented in prior MDL Court proceedings. *Id*. at 6-8. The MDL Court is already thoroughly knowledgeable about these issues. Further, deferring to the MDL Court will ensue that these issues are decided in a manner consistent with the way they have been decided in other cases.[1]

In their desperation to avoid the MDL Court, plaintiffs blatantly mischaracterize the law with respect to the propriety of this Court staying proceedings. Plaintiffs state that "the prevailing trend in multi-district litigation is to have the transferor court decide motions to remand." Pl. Mem. at 7. There is no such "trend." Plaintiffs cite an outdated edition of the Manual for Complex Litigation, which makes the unremarkable observation that a transferor court may decide a remand motion "raising issues unique to the particular case." *Id.* As demonstrated above, the issues raised in these cases are not

---

[1] Plaintiffs attempt to divert attention from the issues by accusing Wyeth of mechanically removing cases without basis. Pl. Mem. at 1-2. The fact that courts have denied remand in hundreds of cases involving thousands of plaintiffs conclusively demonstrates that just the opposite is true. Wyeth Mem. at 2-5.

2

unique to any one case or even this set of diet drug cases.  Further, the current edition of the manual observes that staying decision of remand motions frequently is the preferred course:

> A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well.

Manual For Complex Litigation, 4th ed. § 22.35.  Wyeth has provided numerous examples of orders staying proceedings pending transfer.  *See* Exhibit 11 to Wyeth Mem.  Further, as illustrated by the MDL decisions attached to Wyeth's opening memorandum, some judges, such as many judges in Mississippi, have let the MDL Court decide motions without the formality of entering a stay.

Plaintiffs mischaracterize a letter by the Judicial Panel on Multidistrict Litigation ("JPML") attached to their papers.  Plaintiffs say that "[i]n response" to Wyeth's removals in the diet drug litigation the JPML "encouraged" transfer courts to decide remand motions.  Pl. Mem. at 2.  However, Wyeth understands that the letter at issue is a form letter that the Panel routinely sends to transferor courts in *all* MDL proceedings, not just diet drug cases.  Further, plaintiffs are wrong when they assert that the letter "encourages" courts to rule on all motions to remand.  In fact, the letter encourages transferor courts to rule "*unless you conclude that the motion raises issues likely to arise in other actions in the transferee court,* should we order transfer, *and would best be decided there*."  Exhibit 1 to Pl. Mem.  Here, the motions for remand raise a multitude of issues that have arisen, and will continue to arise, in other cases.  These issues include whether (i) a reasonable diet drug user would have visited a doctor as a result of massive

3

publicity about diet drugs; (ii) whether a reasonable examination would have revealed any injury, and (iii) whether plaintiffs are estopped from contesting the MDL Court's no-latency findings.  The MDL Court has already addressed these issues in numerous cases, some of which are attached to Wyeth's opening papers.  The MDL Court just recently addressed these issues again in denying remand of 146 cases removed from Texas state courts finding, among other things, that doctors were fraudulently joined based on the expiration of the statute of limitations.  *Accadia v. Wyeth*, No. 03-20546, PTO 3666 (E.D. Pa. June 29, 2004) (Exhibit A).

Plaintiffs are incorrect when they say that the MDL Court wishes for transferor courts to decide remand motions.  Plaintiffs take out of context a few lines of give-and-take that the MDL Court had with counsel during the course of two oral arguments.  They ignore completely the MDL Court's *subsequent* and unambiguous holding that the MDL Court is uniquely positioned to decide remand motions and that the need to decide such motions efficiently and consistently was a key reason for continuing the MDL:

> [W]e are continuing to address the fraudulent joinder of individual physicians and pharmacies as defendants as a means to prevent removal.  Many of these issues have common patterns as well as ramifications far beyond any specific case.  *Again, we believe these issues are best resolved in a uniform manner through the coordinated proceedings of MDL 1203.*

*In re Diet Drugs*, MDL 1203, Pretrial Order No. 2984, slip op. at 6-7 (E.D. Pa. Aug. 25, 2003) (emphasis added) (Exhibit 10 to Wyeth's opening memorandum).

Plaintiffs' suggestion that the pendency of a summary judgment motion by Indevus in the *Sawyer* case in Middlesex County counsels against a stay is misguided.  *See* Pl. Mem. at 3.  The MDL Court can consider the effect of the state court's decision,

4

whatever that effect might be, just as easily as this Court can.  Further, Indevus' summary judgment motion does not address plaintiffs' lack of good faith intent to pursue a claim, which is an independent issue implicated by the remand motions.

    The Court should stay the diet drug cases pending transfer to the MDL Court.

Respectfully submitted this 6th day of July, 2004.

        /s/ Janice W. Howe_____
        William A. McCormack, BBO # 329580
        Janice W. Howe, BBO # 242190
        David Yamin, BBO # 562216
        Bingham McCutchen LLP
        150 Federal Street
        Boston, MA 02110
        (617) 951-8000

**CERTIFICATE OF SERVICE**

      This is to certify that I have on this 6th day of July, 2004, served Defendant Wyeth's Reply in Support of It's Motion For Stay, upon all parties to the above-captioned action by hand, by United States First Class Mail, postage prepaid, or by Federal Express to the following:

*Counsel for Plaintiffs in Andrus et al v. Indevus Pharmaceuticals, Inc. et al*

Edward J. Barshak (BBO No. 032040)
Michael S. Appel (BBO No. 543898)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114

Samuel W. Lanham, Jr.
Cuddy & Lanham, P.A.
470 Evergreen Woods
Bangor, ME 04401

Neil D. Overholtz
Aylstock, Witkin & Sasser, P.L.C.
55 Baybridge Drive
PO Box 1147
Gulf Breeze, FL 32562-1147

*Counsel of Record in other Massachusetts State Court Diet Drug Actions filed in Middlesex County*

Russell T. Abney
Watts Law Firm, LLP
The Mellie Esperson Building, 16th Floor
815 Walker Street
Houston, TX 77002
(713) 225-0500
(713) 225-0566 fax

Donald G. Beebe
William K. Grisham
Donald G. Beebe, P.C.
P.O. Drawer 85029
Mobile, AL 36685-0249

*Counsel for Defendants Indevus Pharmaceuticals, Inc. and Boehringer Ingelheim Pharmaceuticals, Inc. in Andrus et al v. Indevus Pharmaceuticals, Inc. et al*

Matthew J. Matule (BBO #632075)
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, Massachusetts 02108

T. Bryan Akin, III
Watts Law Firm, LLP
The Mellie Esperson Building, 16th Floor
815 Walker Street
Houston, TX 77002
(713) 225-0500
(713) 225-0566 fax

Robert J. Binstock (SBN 02328350)
Reich & Binstock, LLP
4265 San Felipe Street, Suite 1000
Houston, TX 77027
(713) 622-7271

Riley L. Burnett  
Johnson, Burnett & Chang, L.L.P.  
5005 Riverway, Suite 250  
Houston, TX  77056  

Michael P. Friedman (BBO No. 180200)  
Brickley, Sears & Sorett, P.A.  
75 Federal Street  
Boston, MA  02110  
(617) 542-0896  

Steven W. Harris  
Harris Law Firm  
4407 Parliament Drive  
Alexandria, LA  71315-3701  
(318) 487-1978  

K. Stephen Jackson  
Joseph L. Tucker  
K. Stephen Jackson, P.C.  
2229 First Avenue North  
Birmingham, AL  35203  
(205) 252-3535  

Dana G. Kirk (SBN 11507500)  
Kirk Law Firm  
4265 San Felipe Street, Suite 1450  
Houston, TX  77027  
(713) 651-0050  

Michael A. Lee  
Stuart V. Kusin  
Susman Godfrey L.L.P.  
1000 Louisiana, Suite 5100  
Houston, TX  77002  
(713) 651-9366  

Greg McEwen  
McEwen Law Firm Ltd.  
5850 Blackshire Path  
Inver Grove Heights, MN  55076  

J. Robert Davis  
Mignon Angelette Gill  
Law Offices of J. Robert Davis, LLP  
440 Louisiana, Suite 1930  
Houston, TX  77002  
(713) 425-5255  

William R. Gray  
John A. Purvis  
Patrick T. Murphy  
Purvis, Gray & Murphy, LLP  
1050 Walnut Street, Suite 501  
Boulder, CO  80302  

J. Christopher Ide  
Miller & Associates  
105 North Alfred Street  
Alexandria, VA  22314  

Keith M. Jensen  
Law Offices of Keith M. Jensen, P.C.  
514 E. Belknap  
Fort Worth, TX 76102  
(817) 334-0762  

David P. Matthews (Texas Bar No. 13206200)  
Julie L. Rhoades (Texas Bar No. 16811710)  
Abraham, Watkins, Nichols,  
   Sorrels, Matthews & Friend  
800 Commerce Street  
Houston, TX  77002-1776  

J. Michael Moore  
Guerra & Moore, Ltd., LLP  
440 Louisiana, Suite 1510  
Houston, TX  77002  
(713) 223-4311  

Dante G. Mummolo (BBO No. 360980)  
Iannella and Mummolo  
One Boston Place, Suite 3615  
Boston, MA  02108  
(617) 742-1388  
(617) 742-1424 fax

| | |
|---|---|
| John R. Oldham<br>Faddis, Oldham & Smith, P.A.<br>2709 W. Fairbank Avenue, Suite 200<br>Winter Park, FL  32789 | Napoli Kaiser Bern & Associates, LLP<br>3500 Sunrise Highway<br>Suite T-207<br>Great River, NY  11739<br>(631) 224-1133 |
| Adam Pulaski<br>Pulaski & Middleman, L.L.C.<br>1177 West Loop South, Suite 400<br>Houston, TX  77027 | W. Paul Wilkins<br>LeBlanc & Waddell<br>Essen Centre, Suite 420<br>Baton Rouge, LA  70809 |
| Edward A. Williamson<br>Fenton B. Deweese, II<br>Tashia R. Shannon<br>The Edward A. Williamson Law Firm<br>509 Church Avenue<br>Philadelphia, MS  39350<br>(601) 656-5634 | |

/s/ Janice W. Howe_____
Janice W. Howe
*Counsel for Defendants Wyeth
and Wyeth Pharmaceuticals, Inc.*