# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DIET DRUGS (Phentermine/<br>Fenfluramine/Dexfenfluramine)<br>PRODUCTS LIABILITY LITIGATION | : | MDL DOCKET NO. 1203 |
| THIS DOCUMENT RELATES TO: | : | FILED  JUN 2 9 2004 |

| | | |
|---|---|---|
| MELISSA ACCADIA<br>v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20546 |
| TANYA ADKINSON<br>v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20811 |
| MARY ANDERS<br>v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20791 |
| BEVERLY ANDERSON<br>v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20756 |
| KATHY ANDERSON<br>v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20774 |
| BETTY ARNOLD<br>v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20778 |
| PATRICIA BARGER<br>v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20632 |
| JACKIE BATSON<br>v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20660 |
| SHIRLEY BATSON<br>v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20372 |
| SANDRA BEATY<br>v.<br>WYETH, et al. | : | CIVIL ACTION NO. 04-20009 |
| ELVA BENAVIDES<br>v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20653 |
| SHIRLEY BOOTHE<br>v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20831 |
| BOBBIE BREWER<br>v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20649 |

| | | |
|---|---|---|
| JILL BREWER | : | |
| v. | : | CIVIL ACTION NO. 03-20784 |
| WYETH, et al. | : | |
| VERONICA BURGOS-ARCAY | : | |
| v. | : | CIVIL ACTION NO. 03-20796 |
| WYETH, et al. | : | |
| DIANE BUTLER | : | |
| v. | : | CIVIL ACTION NO. 03-20561 |
| WYETH, et al. | : | |
| PATRICIA CANTERBURY | : | |
| v. | : | CIVIL ACTION NO. 03-20571 |
| WYETH, et al. | : | |
| BETTE CARPENTER | : | |
| v. | : | CIVIL ACTION NO. 03-20789 |
| WYETH, et al. | : | |
| RONALD CERVINI | : | |
| v. | : | CIVIL ACTION NO. 03-20431 |
| WYETH, et al. | : | |
| MARILYN (MADELYN) CHUBB | : | |
| v. | : | CIVIL ACTION NO. 03-20502 |
| WYETH, et al. | : | |
| NANCY COLEMAN | : | |
| v. | : | CIVIL ACTION NO. 03-20386 |
| WYETH, et al. | : | |
| DEANNA CONN | : | |
| v. | : | CIVIL ACTION NO. 03-20779 |
| WYETH, et al. | : | |
| SHARON J. COOK | : | |
| v. | : | CIVIL ACTION NO. 03-20771 |
| WYETH, et al. | : | |
| JOEL COWARD | : | |
| v. | : | CIVIL ACTION NO. 03-20646 |
| WYETH, et al. | : | |
| CARROLL CREECH | : | |
| v. | : | CIVIL ACTION NO. 03-20810 |
| WYETH, et al. | : | |
| EDITH CUNNINGHAM | : | |
| v. | : | CIVIL ACTION NO. 03-20806 |
| WYETH, et al. | : | |
| DEREMA DALTON | : | |
| v. | : | CIVIL ACTION NO. 03-20420 |
| WYETH, et al. | : | |
| MARILYN DATZ | : | |
| v. | : | CIVIL ACTION NO. 03-20072 |
| WYETH, et al. | : | |
| VICKEY DEARMAN | : | |
| v. | : | CIVIL ACTION NO. 03-20781 |
| WYETH, et al. | : | |
| SUSAN DIXON | : | |
| v. | : | CIVIL ACTION NO. 03-20037 |
| WYETH, et al. | : | |

| | | |
|---|---|---|
| LINDA DOODEHEEFVER | : | |
| v. | : | CIVIL ACTION NO. 03-20790 |
| WYETH, et al. | : | |
| SHERRON DREW | : | |
| v. | : | CIVIL ACTION NO. 03-20382 |
| WYETH, et al. | : | |
| JOAN DUHON | : | |
| v. | : | CIVIL ACTION NO. 03-20075 |
| WYETH, et al. | : | |
| JEANETTE ERHART | : | |
| v. | : | CIVIL ACTION NO. 03-20652 |
| WYETH, et al. | : | |
| JUDY EVANS | : | |
| v. | : | CIVIL ACTION NO. 03-20505 |
| WYETH, et al. | : | |
| PATRICIA FITZGERALD | : | |
| v. | : | CIVIL ACTION NO. 03-20795 |
| WYETH, et al. | : | |
| JOHN FOLLIS | : | |
| v. | : | CIVIL ACTION NO. 03-20760 |
| WYETH, et al. | : | |
| LORI FOLLIS | : | |
| v. | : | CIVIL ACTION NO. 03-20759 |
| WYETH, et al. | : | |
| MARY GALVAN | : | |
| v. | : | CIVIL ACTION NO. 03-20800 |
| WYETH, et al. | : | |
| OLGA GARCIA | : | |
| v. | : | CIVIL ACTION NO. 03-20793 |
| WYETH, et al. | : | |
| SYLVIA GARCIA | : | |
| v. | : | CIVIL ACTION NO. 03-20777 |
| WYETH, et al. | : | |
| ROBIN GARRETT | : | |
| v. | : | CIVIL ACTION NO. 03-20650 |
| WYETH, et al. | : | |
| CARLOS GONZALES | : | |
| v. | : | CIVIL ACTION NO. 04-20007 |
| WYETH, et al. | : | |
| PATSY GRAHAM | : | |
| v. | : | CIVIL ACTION NO. 03-20422 |
| WYETH, et al. | : | |
| MICHAEL GUARINO | : | |
| v. | : | CIVIL ACTION NO. 03-20658 |
| WYETH, et al. | : | |
| RENE GUYTON | : | |
| v. | : | CIVIL ACTION NO. 03-20648 |
| WYETH, et al. | : | |
| JANICE HALE-HOBBY | : | |
| v. | : | CIVIL ACTION NO. 03-20514 |
| WYETH, et al. | : | |

-3-

| | | |
|---|---|---|
| SHELLY HALL | : | |
| v. | : | CIVIL ACTION NO. 03-20786 |
| WYETH, et al. | : | |
| LINDA HANKS | : | |
| v. | : | CIVIL ACTION NO. 04-20068 |
| WYETH, et al. | : | |
| ELENA HEFFERNAN | : | |
| v. | : | CIVIL ACTION NO. 03-20792 |
| WYETH, et al. | : | |
| SHEDRA HENDERSON | : | |
| v. | : | CIVIL ACTION NO. 03-20663 |
| WYETH, et al. | : | |
| GRACE HINES | : | |
| v. | : | CIVIL ACTION NO. 03-20301 |
| WYETH, et al. | : | |
| RUBY HOLDER | : | |
| v. | : | CIVIL ACTION NO. 03-20387 |
| WYETH, et al. | : | |
| NAN HOWELL | : | |
| v. | : | CIVIL ACTION NO. 03-20395 |
| WYETH, et al. | : | |
| MARY JEFFERSON | : | |
| v. | : | CIVIL ACTION NO. 04-20077 |
| EON LABS, INC., et al. | : | |
| JUDITH JEFFREY | : | |
| v. | : | CIVIL ACTION NO. 03-20803 |
| WYETH, et al. | : | |
| DIANA JOHNSON | : | |
| v. | : | CIVIL ACTION NO. 03-20657 |
| WYETH, et al. | : | |
| STEVE KENNARD | : | |
| v. | : | CIVIL ACTION NO. 04-20067 |
| WYETH, et al. | : | |
| CAROL KLINE | : | |
| v. | : | CIVIL ACTION NO. 03-20636 |
| WYETH, et al. | : | |
| NANCY LAYTON | : | |
| v. | : | CIVIL ACTION NO. 03-20773 |
| WYETH, et al. | : | |
| LINDY LEON | : | |
| v. | : | CIVIL ACTION NO. 04-20064 |
| WYETH, et al. | : | |
| RUTH LLANES | : | |
| v. | : | CIVIL ACTION NO. 03-20525 |
| WYETH, et al. | : | |
| LULA M. LONG | : | |
| v. | : | CIVIL ACTION NO. 04-20166 |
| WYETH, et al. | : | |
| MIA LOWERY | : | |
| v. | : | CIVIL ACTION NO. 03-20371 |
| WYETH, et al. | : | |

| | | |
|---|---|---|
| DEBRA MARRIOTT | : | |
| v. | : | CIVIL ACTION NO. 03-20554 |
| WYETH, et al. | : | |
| LINDSEY MARSH | : | |
| v. | : | CIVIL ACTION NO. 03-20642 |
| WYETH, et al. | : | |
| WILFREDO MARTINEZ | : | |
| v. | : | CIVIL ACTION NO. 03-20637 |
| WYETH, et al. | : | |
| LINDI MASSEY | : | |
| v. | : | CIVIL ACTION NO. 03-20501 |
| WYETH, et al. | : | |
| ANNIE MATT | : | |
| v. | : | CIVIL ACTION NO. 03-20544 |
| WYETH, et al. | : | |
| DEBRA McGINLEY | : | |
| v. | : | CIVIL ACTION NO. 03-20639 |
| WYETH, et al. | : | |
| ROBERT McMILLIAN | : | |
| v. | : | CIVIL ACTION NO. 03-20574 |
| WYETH, et al. | : | |
| JOICE McRIMMON | : | |
| v. | : | CIVIL ACTION NO. 03-20567 |
| WYETH, et al. | : | |
| ANDREW MENDEZ | : | |
| v. | : | CIVIL ACTION NO. 03-20820 |
| WYETH, et al. | : | |
| MARIO MENDEZ | : | |
| v. | : | CIVIL ACTION NO. 03-20829 |
| WYETH, et al. | : | |
| LINDA MIKESKA | : | |
| v. | : | CIVIL ACTION NO. 03-20644 |
| WYETH, et al. | : | |
| DONNA MILLER | : | |
| v. | : | CIVIL ACTION NO. 04-20076 |
| WYETH, et al. | : | |
| JANICE MINTER | : | |
| v. | : | CIVIL ACTION NO. 03-20801 |
| WYETH, et al. | : | |
| BRENDA MIXON | : | |
| v. | : | CIVIL ACTION NO. 03-20799 |
| WYETH, et al. | : | |
| GLENDA MOORE | : | |
| v. | : | CIVIL ACTION NO. 03-20563 |
| WYETH, et al. | : | |
| LINDA MORIN | : | |
| v. | : | CIVIL ACTION NO. 03-20423 |
| WYETH, et al. | : | |
| DELORIS MOSLEY | : | |
| v. | : | CIVIL ACTION NO. 03-20775 |
| WYETH, et al. | : | |

-5-

| | | |
|---|---|---|
| IRMA MULCAHEY | : | |
| v. | : | CIVIL ACTION NO. 03-20659 |
| WYETH, et al. | : | |
| LuANNE NAPOLEON | : | |
| v. | : | CIVIL ACTION NO. 03-20769 |
| WYETH, et al. | : | |
| CYNTHIA NEWTON | : | |
| v. | : | CIVIL ACTION NO. 03-20383 |
| WYETH, et al. | : | |
| SHARON NORTON | : | |
| v. | : | CIVIL ACTION NO. 03-20798 |
| WYETH, et al. | : | |
| TERESA ORLANDO | : | |
| v. | : | CIVIL ACTION NO. 03-20643 |
| WYETH, et al. | : | |
| PEGGY ORTIZ | : | |
| v. | : | CIVIL ACTION NO. 03-20654 |
| WYETH, et al. | : | |
| DONNA OTWELL | : | |
| v. | : | CIVIL ACTION NO. 03-20827 |
| WYETH, et al. | : | |
| ORALIA PALACIOS | : | |
| v. | : | CIVIL ACTION NO. 03-20604 |
| WYETH, et al. | : | |
| SHARON PARK | : | |
| v. | : | CIVIL ACTION NO. 03-20503 |
| WYETH, et al. | : | |
| JULIE PARKER | : | |
| v. | : | CIVIL ACTION NO. 03-20807 |
| WYETH, et al. | : | |
| LONNA PARKER | : | |
| v. | : | CIVIL ACTION NO. 03-20506 |
| WYETH, et al. | : | |
| PATSY PARKINSON | : | |
| v. | : | CIVIL ACTION NO. 03-20804 |
| WYETH, et al. | : | |
| R.M. "PAT" PATRICK | : | |
| v. | : | CIVIL ACTION NO. 03-20808 |
| WYETH, et al. | : | |
| THOMAS PATTERSON | : | |
| v. | : | CIVIL ACTION NO. 03-20770 |
| WYETH, et al. | : | |
| DIANA PELTON | : | |
| v. | : | CIVIL ACTION NO. 03-20638 |
| WYETH, et al. | : | |
| EARLINE PEREZ | : | |
| v. | : | CIVIL ACTION NO. 03-20828 |
| WYETH, et al. | : | |
| GARY AND SHERRY PHARES | : | |
| v. | : | CIVIL ACTION NO. 03-20507 |
| WYETH, et al. | : | |

| | | |
|---|---|---|
| MARTHA PIPKIN | : | |
| v. | : | CIVIL ACTION NO. 03-20783 |
| WYETH, et al. | : | |
| MICCA PIRTLE | : | |
| v. | : | CIVIL ACTION NO. 03-20576 |
| WYETH, et al. | : | |
| PRISCILLA PITTS | : | |
| v. | : | CIVIL ACTION NO. 03-20634 |
| WYETH, et al. | : | |
| SONYA PORRAS | : | |
| v. | : | CIVIL ACTION NO. 03-20655 |
| WYETH, et al. | : | |
| ROSYE PORTALES | : | |
| v. | : | CIVIL ACTION NO. 03-20797 |
| WYETH, et al. | : | |
| DORA RAMIREZ | : | |
| v. | : | CIVIL ACTION NO. 03-20809 |
| WYETH, et al. | : | |
| WANDA RICHISON | : | |
| v. | : | CIVIL ACTION NO. 03-20568 |
| WYETH, et al. | : | |
| DEVORA RICO | : | |
| v. | : | CIVIL ACTION NO. 03-20645 |
| WYETH, et al. | : | |
| ARLENE RIGGS | : | |
| v. | : | CIVIL ACTION NO. 03-20640 |
| WYETH, et al. | : | |
| FRANCINE ROBERTS | : | |
| v. | : | CIVIL ACTION NO. 03-20768 |
| WYETH, et al. | : | |
| PAM ROBERTSON | : | |
| v. | : | CIVIL ACTION NO. 03-20578 |
| WYETH, et al. | : | |
| IRENE RODRIGUEZ | : | |
| v. | : | CIVIL ACTION NO. 04-20066 |
| WYETH, et al. | : | |
| MARTHA ROSE | : | |
| v. | : | CIVIL ACTION NO. 03-20596 |
| WYETH, et al. | : | |
| CHRIS RUSHING | : | |
| v. | : | CIVIL ACTION NO. 04-20062 |
| WYETH, et al. | : | |
| RENEE RUTHERFORD | : | |
| v. | : | CIVIL ACTION NO. 03-20782 |
| WYETH, et al. | : | |
| SALIM SAAD | : | |
| v. | : | CIVIL ACTION NO. 03-20830 |
| WYETH, et al. | : | |
| CONNIE SADDLER | : | |
| v. | : | CIVIL ACTION NO. 03-20662 |
| WYETH, et al. | : | |

| | | |
|---|---|---|
| LINDA SALINAS | : | |
| v. | : | CIVIL ACTION NO. 03-20761 |
| WYETH, et al. | : | |
| SHEILA SCHATTE | : | |
| v. | : | CIVIL ACTION NO. 04-20071 |
| WYETH, et al. | : | |
| A. MICHELLE SCHOOLING | : | |
| v. | : | CIVIL ACTION NO. 03-20570 |
| WYETH, et al. | : | |
| BETTY SEGREST | : | |
| v. | : | CIVIL ACTION NO. 03-20832 |
| WYETH, et al. | : | |
| DIANA SHUGAR | : | |
| v. | : | CIVIL ACTION NO. 03-20661 |
| WYETH, et al. | : | |
| SANDRA SIMMONS | : | |
| v. | : | CIVIL ACTION NO. 03-20776 |
| WYETH, et al. | : | |
| GERALDINE SMITH | : | |
| v. | : | CIVIL ACTION NO. 04-20079 |
| WYETH, et al. | : | |
| WILLIAM SOLLOWS | : | |
| v. | : | CIVIL ACTION NO. 03-20573 |
| WYETH, et al. | : | |
| JANICE SPARKS | : | |
| v. | : | CIVIL ACTION NO. 03-20772 |
| WYETH, et al. | : | |
| MARY STUBBLEFIELD | : | |
| v. | : | CIVIL ACTION NO. 03-20788 |
| WYETH, et al. | : | |
| WILLIAM E. THOMAS, JR. | : | |
| v. | : | CIVIL ACTION NO. 03-20787 |
| WYETH, et al. | : | |
| PAMELA TOOKE | : | |
| v. | : | CIVIL ACTION NO. 04-20074 |
| WYETH, et al. | : | |
| BARBARA TRBULA | : | |
| v. | : | CIVIL ACTION NO. 03-20633 |
| WYETH, et al. | : | |
| NANCY TUCKER | : | |
| v. | : | CIVIL ACTION NO. 03-20785 |
| WYETH, et al. | : | |
| DONNA TURNER | : | |
| v. | : | CIVIL ACTION NO. 03-20433 |
| WYETH, et al. | : | |
| KELLY TURNER | : | |
| v. | : | CIVIL ACTION NO. 03-20569 |
| WYETH, et al. | : | |
| SHARON TYMNIAK | : | |
| v. | : | CIVIL ACTION NO. 03-20647 |
| WYETH, et al. | : | |

| | | |
|---|---|---|
| KEVIN VAN HOOK | : | |
| v. | : | CIVIL ACTION NO. 03-20373 |
| WYETH, et al. | : | |
| BETTY A. VARGO | : | |
| v. | : | CIVIL ACTION NO. 03-20805 |
| WYETH, et al. | : | |
| MARTHA VINEYARD | : | |
| v. | : | CIVIL ACTION NO. 03-20577 |
| WYETH, et al. | : | |
| ELWANDA WAGNER | : | |
| v. | : | CIVIL ACTION NO. 03-20421 |
| WYETH, et al. | : | |
| LINDA WARNEKE | : | |
| v. | : | CIVIL ACTION NO. 04-20010 |
| WYETH, et al. | : | |
| JULIE WEAVER | : | |
| v. | : | CIVIL ACTION NO. 03-20656 |
| WYETH, et al. | : | |
| CAROL WELLS | : | |
| v. | : | CIVIL ACTION NO. 03-20822 |
| WYETH, et al. | : | |
| SHARON WHEELER | : | |
| v. | : | CIVIL ACTION NO. 03-20794 |
| WYETH, et al. | : | |
| JOSEPHINE WILLARD | : | |
| v. | : | CIVIL ACTION NO. 03-20521 |
| WYETH, et al. | : | |
| DEVORAH WILLIS | : | |
| v. | : | CIVIL ACTION NO. 03-20418 |
| WYETH, et al. | : | |
| SYLVIA WITT | : | |
| v. | : | CIVIL ACTION NO. 03-20575 |
| WYETH, et al. | : | |
| VICKIE WRIGHT | : | |
| v. | : | CIVIL ACTION NO. 03-20380 |
| WYETH, et al. | : | |
| SHELBY YOUNG | : | |
| v. | : | CIVIL ACTION NO. 03-20802 |
| WYETH, et al. | : | |
| MARTHA ZUMWALT | : | |
| v. | : | CIVIL ACTION NO. 03-20780 |
| WYETH, et al. | : | |

## MEMORANDUM AND PRETRIAL ORDER NO. 3666

Bartle, J.                                                    June 29, 2004

        Before the court are the motions of 147 plaintiffs to
remand their 146 complaints to various Texas state courts on the

-9-

grounds that complete diversity of citizenship is lacking and that, even if not, certain diverse defendants failed to consent to removal. <u>See</u> 28 U.S.C. § 1332; <u>Balazik v. County of Dauphin</u>, 44 F.3d 209, 213 (3d Cir. 1995). The motions to remand are before the undersigned as transferee judge in MDL 1203, the mass tort litigation involving Wyeth's diet drugs Pondimin and Redux.

With the exception of one case filed by a husband and wife, each action was filed by an individual plaintiff. All of the plaintiffs are citizens of Texas. They have sued a number of diverse defendants, including Wyeth, the manufacturer of Pondimin and Redux, as well as pharmacies, Wyeth sales representatives, and phentermine manufacturers. Plaintiffs have also brought claims against non-diverse defendants: their prescribing physicians, various other pharmacies, and numerous other sales representatives of Wyeth or of a co-promoter of the diet drugs, Interneuron, now known as Indevus.

Plaintiffs assert claims for negligence, intentional and/or malicious conduct, strict liability (design defect and failure to warn), and misrepresentation against Wyeth and the phentermine manufacturers. In addition, plaintiffs appear to bring claims for fraudulent concealment against their prescribing physicians and for strict liability and negligent misrepresentation against the sales representatives and pharmacies. No federal claim for relief is alleged.

Plaintiffs in these actions are all represented by the same counsel. By permission of court and with plaintiffs'

-10-

consent, Wyeth has filed a consolidated response in opposition to the pending motions to remand.  Because these motions present nearly identical legal and factual issues, we will address them together.

Plaintiffs exercised their right of intermediate opt-out under the Nationwide Class Action Settlement Agreement ("Settlement Agreement") in Brown v. American Home Products Corporation, CIV.A. No. 99-20593 (E.D. Pa. Aug. 28, 2000) (Pretrial Order ("PTO") No. 1415), which encompassed the claims of persons who ingested Wyeth's diet drugs Pondimin and Redux. See e.g., Settlement Agreement at § IV(A), (B), and (D)(4). Under the Settlement Agreement, those who have exercised an intermediate or back-end opt-out may sue Wyeth for compensatory but not punitive damages in the tort system rather than obtain benefits from the AHP Settlement Trust.  See Settlement Agreement § IV.D.3.c.  In return for the prohibition against punitive damages, Wyeth has waived the statute of limitations. See Settlement Agreement § IV.D.3.c.

The complaints were originally filed in the Texas state courts in May, June, and July, 2003, more than five years after Pondimin and Redux were withdrawn from the market in September, 1997.  Wyeth timely removed the actions to the appropriate federal district courts in Texas.  In addition, Wyeth also filed motions to stay all proceedings pending transfer to MDL 1203.  In many instances, plaintiffs filed motions to remand and Wyeth responded to these motions before the cases were transferred to

-11-

this court. In thirteen of the cases, the federal transferor courts denied the remand motions prior to transfer.[1] As to these, plaintiffs appear to be seeking reconsideration. All of these cases were then transferred to this court as part of MDL 1203.

I.

Under the removal statute, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court ...." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over all civil actions between citizens of different states if the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a). Complete diversity is required. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996); Strawbridge v.

---

1. Plaintiffs in these thirteen cases have refiled their remand motions in this court despite the fact that they had already been denied by the federal transferor courts. These actions are: Tanya Adkinson v. Wyeth, et al., CIV.A. No. 03-20811 (E.D. Pa.), Shirley Boothe v. Wyeth, et al., CIV.A. No. 03-20831 (E.D. Pa.), Nancy Coleman v. Wyeth, et al., CIV.A. No. 03-20386 (E.D. Pa.), Mary Galvan v. Wyeth, et al., CIV.A. No. 03-20800 (E.D. Pa.), Olga Garcia v. Wyeth, et al., CIV.A. No. 03-20793 (E.D. Pa.), Ruby Holder v. Wyeth, et al., CIV.A. No. 03-20387 (E.D. Pa.), Linda Mikeska v. Wyeth, et al., CIV.A. No. 03-20644 (E.D. Pa.), Donna Miller v. Wyeth, et al., CIV.A. No. 04-20076 (E.D. Pa.), Deloris Mosley v. Wyeth, et al., CIV.A. No. 03-20775 (E.D. Pa.), Devora Rico v. Wyeth, et al., CIV.A. No. 03-20645 (E.D. Pa.), Sheila Schatte v. Wyeth, et al., CIV.A. No. 04-20071 (E.D. Pa.), Sandra Simmons v. Wyeth, et al., CIV.A. No. 03-20776 (E.D. Pa.), Pamela Tooke v. Wyeth, et al., CIV.A. No. 04-20074 (E.D. Pa.).
    We urge counsel not to refile remand motions here when the transferor court has already decided the issue prior to transfer.

Curtiss, 7 U.S. 267 (1806). If an action originally filed in a
state court could have been brought in federal court pursuant to
diversity jurisdiction, the defendants may remove it to federal
court if they are not citizens of the state in which the action
was originally filed. 28 U.S.C. §§ 1441(a) & (b), 1446. If a
federal court subsequently determines that it does not have
subject matter jurisdiction over a removed action or the proper
removal procedures were not followed, it must remand the action
to the state court. See 28 U.S.C. § 1447(c); Balazik, 44 F.3d at
213.

    Wyeth seeks to have the court ignore the citizenship of
non-diverse defendants on the ground that they were fraudulently
joined. Wyeth bears a heavy burden in this regard. See Boyer v.
Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). In
determining whether Wyeth has met its burden, the court must
"resolve all contested issues of substantive fact in favor of the
plaintiff." Id. We are also cognizant of the fact that the
removal statute must be construed narrowly, and "all doubts
should be resolved in favor of remand." Steel Valley Auth. v.
Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)
(citation omitted). The heavy burden placed upon Wyeth to
establish fraudulent joinder does not mean we must accept blindly
whatever plaintiffs may assert no matter how incredible or how
contrary to the overwhelming weight of the evidence. The Supreme
Court made it clear in Wilson v. Republic Iron & Steele Co., 257
U.S. 92 (1921), that if a plaintiff contests a defendant's

-13-

assertion that joinder of another defendant was a sham to defeat removal, the District Court must determine the facts from the evidence. <u>Wilson</u>, 257 U.S. at 98. We are not to decide automatically in favor of remand simply because some facts may be in dispute.

As an MDL court sitting within the Third Circuit, we must apply our Court of Appeals' fraudulent joinder standard. <u>See</u> <u>In re</u> <u>Korean Airlines Disaster</u>, 829 F.2d 1171, 1174 (D.C. Cir. 1987); <u>In re Ikon Office Solutions, Inc.</u>, 86 F. Supp. 2d 481, 485 (E.D. Pa. 2000). This court must decide whether there is "a reasonable basis in fact or colorable ground supporting the claim against the joined defendant." <u>Boyer</u>, 935 F.2d at 111.

On matters of substantive law, "[i]f there is even a possibility that a state court would find that a plaintiff's complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." <u>Boyer</u>, 913 F.2d at 111 (citation omitted). We are mindful that our inquiry into Wyeth's claim of fraudulent joinder is less searching than that permissible when a party seeks to dismiss a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. <u>Batoff v. State Farm Ins. Co.</u>, 977 F.2d 848, 852 (3d Cir. 1992); <u>see also</u>, <u>Gaul v. Neurocare Diagnostic, Inc.</u>, No. 02-CV-2135, 2003 WL 230800, at *2 (E.D. Pa. Jan. 3, 2003). Simply because a claim against a party may ultimately be dismissed for failure to state a claim does not necessarily mean that the party was fraudulently

-14-

joined.  The test is whether a claim is colorable, that is, not
"wholly insubstantial and frivolous."  <u>Batoff</u>, 977 F.2d at 852.

II.

We will first address whether plaintiffs' prescribing
physicians, all purportedly citizens of Texas, were fraudulently
joined solely for the purpose of destroying diversity of
citizenship and preventing removal.  Plaintiffs have brought
claims for medical negligence against these physician
defendants.[2]

Wyeth argues that plaintiffs' complaints do not state
colorable claims against these physicians because their claims
are barred by the Texas statute of limitations, which provides

> [n]otwithstanding any other law, no health
> care liability claim may be commenced unless
> the action is filed within two years from the
> occurrence of the breach or tort or from the
> date the medical or health care treatment
> that is the subject of the claim or
> hospitalization for which the claim is made
> is completed.

TEX. REV. CIV. STAT. ANN. ART. 4590, § 10.01 (West & Supp. 2004).
Under this statute, the limitations period begins to run "from
one of three dates:  (1) the occurrence of the breach or tort,
(2) the last date of the relevant course of treatment, or (3) the

---

2.  We note that in four of the cases, the physician defendants
were already dismissed prior to transfer, either on the federal
transferor court's own motion or at the request of the plaintiff.
These cases are: <u>Joel Coward v. Wyeth, et al.</u>, CIV.A. No. 03-
20646 (E.D. Pa.); <u>Lindsay Marsh v. Wyeth, et al.</u>, CIV.A. No. 03-
20642 (E.D. Pa.); <u>Elwanda Wagner v. Wyeth, et al.</u>, CIV.A. No. 03-
20421 (E.D. Pa.); <u>Martha Zumwalt v. Wyeth et al.</u>, CIV.A. No. 03-
20780 (E.D. Pa.).

-15-

last date of the relevant hospitalization." <u>Shah v. Moss</u>, 67
S.W.3d 836, 841 (Tex. 2001) (citations omitted). Texas courts
have held that "a plaintiff may not choose the most favorable
date that falls within [these] three categories." <u>See</u> <u>e.g.</u>, <u>id.</u>
(citations omitted). Instead, "if the date the alleged tort
occurred is ascertainable, limitations must begin on that date.
And if the date is ascertainable, further inquiry into the second
and third categories is unnecessary." <u>Id.</u> (citations omitted).
For a malpractice action against a doctor who prescribed a drug
that allegedly caused harm, the statute of limitations begins to
run on the date of the last drug treatment and ends two years
later. <u>See</u> <u>Rowntree v. Hunsucker</u>, 833 S.W.2d 103, 105 (Tex.
1992).

        As noted above, the diet drugs were withdrawn from the
market on September 15, 1997. Therefore, this is the last date
on which the defendant physicians could have prescribed Pondimin
or Redux for these plaintiffs. The complaints here were not
filed until 2003, which was clearly beyond the applicable two-
year statute of limitations. <u>See</u> TEX. REV. CIV. STAT. ANN. ART.
4590, § 10.01.

        Plaintiffs assert that their complaints are not barred
by the statute of limitations because they could not have
discovered that the diet drugs caused their injury until the
results of their echocardiograms revealed their alleged heart
problems. Plaintiffs contend that their echocardiograms were
performed less than two years before their actions were

-16-

instituted. However, a plaintiff need not have "actual knowledge of the particulars of the cause of action." See Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 403 (5th Cir. 1998) (citations omitted). Instead, the clock begins to tick when a plaintiff has "knowledge of facts which would cause a reasonable person to diligently make inquiry to determine his or her legal rights." Id. (citations omitted). Thus, "the tolling period may expire and the statute of limitations begin to run before a plaintiff subjectively learns the details of the evidence by which to establish [his or her] cause of action." Id. (citations omitted).

Plaintiffs also maintain that they could not have reasonably discovered their injuries within the limitations period because they experienced no symptoms of heart problems, or, in cases where plaintiffs experienced heart problems prior to their echocardiograms, they did not attribute their symptoms to fen-phen. Plaintiffs claim that their diagnosis occurred less than two years prior to filing their complaint. Wyeth counters that plaintiffs should have been on notice of their stated injuries as a result of the widespread publicity accompanying the withdrawal of the diet drugs from the market in September, 1997. Wyeth further contends that plaintiffs should have known about their alleged injuries at the very latest by the end of March, 2000, at the height of Wyeth's extensive publicity campaign.

The publicity began on September 15, 1997. At 5:00 p.m., the Houston CBS news affiliate started the broadcast with a

-17-

report that Wyeth's diet drugs had been pulled from the market,
announcing that the Food and Drug Administration ("FDA") is
urging millions of dieters to stop taking them as "[t]hey have
been linked to serious heart problems. Similar newscasts kicked
off the five o'clock news for both the ABC and NBC affiliate
station in the Houston area. These news reports and the headline
news in the papers the following day warned viewers and readers
of the evidence indicating that the diet drugs could seriously
damage the heart. The stories were also carried on Houston radio
stations. They informed listeners that fen-phen had been pulled
from the market because of evidence linking the drugs to heart
problems. Within a week, lawyers began running ads in the
Houston Chronicle advising potential plaintiffs of the life-
threatening problems that could result from the use of the diet
drugs.

        The publicity in the Dallas/Fort Worth, San Antonio,
Waco, and El Paso areas was just as pervasive. See Wyeth's Mem.
in Consolidated Resp. to Pl.'s Mot. to Remand, Ex. B, 1-6. For
example, on September 15, 1997, the CBS affiliate station in
Dallas reported on the 6:00 p.m. news that the diet drugs had
been withdrawn from the market "because of concerns that they can
cause serious heart damage ... The FDA recommends that you stop
taking the drug and contact your doctor." The Dallas Morning
News ran frequent ads from plaintiffs' attorneys, including ones
that warned potential plaintiffs that they may have significant
injuries even though they might have no obvious symptoms. In San

-18-

Antonio, all of the local television news shows covered the withdrawal of the diet drugs on September 15, 1997.  The next day, the news made front page headlines in the <u>San Antonio Express-News</u>, and the Waco and El Paso newspapers also ran articles which reported the withdrawal of the diet drugs.  In addition, the <u>Waco Herald-Tribune</u> and the <u>El Paso Times</u> also ran frequent ads from plaintiffs' attorneys warning diet drug users that the drugs may cause serious injury or death, "even though [users] have no obvious symptoms."

Media coverage of the withdrawal of the diet drugs from the market was not limited to local news outlets.  Reports about the withdrawal were the leading stories on major television network news programs, including NBC Nightly News, CBS Evening News and the Today Show.  <u>USA Today</u>, a daily newspaper with a national readership, ran a front-page story regarding the withdrawal of diet drugs, its effects, and the response by various organizations throughout the United States regarding the news.  The article went so far as to report that potential litigation was imminent and people who had taken diet drugs were signing up with attorneys to take part in a large class action lawsuit.

Wyeth also informed consumers about the recall of its diet drugs.  Immediately after removing the drugs from the market on September 15, 1997, Wyeth issued a press release advising patients who had used diet drugs to consult their physicians.  It included the same message in full page ads that it purchased in

-19-

leading national and regional newspapers. These ads led with a
banner in large print, stating "An Important Message To Patients
Who Have Used Pondimin or Redux." Furthermore, Wyeth sent a
"Dear Health Care Provider Letter" to approximately 450,000
physicians and pharmacists in which it informed them of the
withdrawal of the drugs from the market and of the potential
association between use of the drugs and instances of valvular
heart disease.

Even if the plaintiffs were somehow not apprized of
their potential claims as a result of this extensive publicity,
they certainly were put on notice by the end of March, 2000, by
the comprehensive publicity campaign surrounding the nationwide
class action Settlement Agreement with Wyeth. See PTO No. 997 at
7 (E.D. Pa. Nov. 23, 1999).[3] This notice program "employed
sophisticated media techniques and was designed to reach all
class members" to make them "aware of the potential risks posed
by Pondimin and Redux." PTO No. 1415 at 79-80. This court
described the exhaustive and far-reaching nature of this notice
campaign in PTO No. 1415:

> A television commercial was developed ...
> [which] broadcast 106 times over a period of
> five weeks on network television. The
> television commercial message was also
> broadcast 781 times, for six consecutive
> weeks on various cable networks.
>
> A summary notice was prepared for use in the
> print media. The summary notice appeared
> repeatedly in several magazines between

---

3.  See also PTO No. 1415 at 62-66 (E.D. Pa. Aug. 28, 2000).

-20-

January and March 2000.  The summary notice
appeared as a one-third page black and white
ad in four national newspapers, 77 local
newspapers, 3 newspapers distributed
throughout the U.S. Territories and four
newspapers targeted to the Hispanic market.
These newspapers were selected because they
were national publications, or because they
represented the principal newspapers in the
top 15 markets in the United States, or
because they were published in geographic
areas having the highest usage of Pondimin
and Redux, and/or because they were targeted
to African-American or Spanish speaking
populations.  In addition, the summary form
of notice was published in a variety of
publications targeted to healthcare providers
and pharmacists.  Banner ads were also
developed for use on the Internet, directing
potential class members to the official
settlement website where class members could
receive information concerning the settlement
and obtain a notice package.  These banner
advertisements were placed within several
media categories on a variety of Internet
publishers.

In addition to the above, notice was
transmitted by mail to all pharmacists in the
United States and to doctors who were likely
to have prescribed Pondimin or Redux or
treated patients for complications resulting
from the use of those drugs.  Notices to
these healthcare providers contained a
"notice package," a letter of explanation and
a counter card reflecting the summary form of
notice described above, which pharmacists and
physicians could display to alert patients
about the existence of the settlement and the
opportunity to obtain a "notice package" by
contacting the 1-800 number or official web
site ....  Such mailings were transmitted to
784,128 physicians and to 108,288
pharmacists.

Id. at 80-82 (citations and footnotes omitted).

The court also explained that the summary notice
appeared ten times between January and February, 2000 in the form