of a full page black and white advertisement in Parade, People,
and Time magazine. A full page black and white version of the
summary notice was inserted into eight monthly magazines during
February, 2000, including Better Homes & Gardens, Ladies Home
Journal, Family Circle, McCalls, Women's Day, Redbook, Good
Housekeeping and Ebony. Additional insertions of the summary
notice appeared as full page black and white ads in the March
editions of Better Homes & Gardens and Good Housekeeping.
Finally, a two-page black and white version of the summary notice
was placed in Reader's Digest during February and March, 2000.

This court found that the media program concerning the
proposed settlement was "highly successful" at reaching targeted
women. PTO No. 1415 at 83. It explained:

> 97% of women between the ages of 25 and 54
> viewed one or more forms of televised or
> printed notice an average of 10 times. A
> reach and frequency analysis indicated that
> almost 80% of women between the ages of 25
> and 54 were exposed to the messages contained
> in televised or printed forms of notice a
> minimum of five times .... In addition, a
> reach and frequency analysis indicated that
> the settlement message reached 97% of women
> 35 years and older an average of 11.4 times
> and that it reached 81% of women 35 years and
> older a minimum of five times. With respect
> to African-American women between the ages of
> 25 and 54, the reach and frequency analysis
> shows that the settlement message reached 97%
> of those women an average of 10.2 times and
> that 79% of African-American women between
> the ages of 25 and 54 viewed the message a minimum of
> five times.

Id. at 83 n.16 (citations omitted).

In support of plaintiffs' contention that their injuries occurred within two years of the filing of their complaint, 119 of the 146 plaintiffs have each submitted an affidavit stating "I did not know that I had suffered a fen-phen related injury until after [the date of the plaintiff's echocardiogram]. I could not have discovered that information any sooner, as I did not exhibit any signs or symptoms that would have alerted me to the fact that I suffered a heart valve injury attributable to fen-phen." See Wyeth's Mem. in Consolidated Resp. to Pl.'s Mot. to Remand, Ex. H, 1-119.

Wyeth, on the other hand, points out that our then colleague Judge Louis C. Bechtle,[4] in PTO No. 1415, determined that Pondimin and Redux did not cause latent heart valve injuries but that the injury occurred at or near the time of last use. In the August 28, 2000 Order approving the Settlement Agreement, Judge Bechtle stated:  "[t]he absence of a latency period between the ingestion of [the diet drug] and the development of clinically detectable [heart disease] is ... confirmed by a number of studies ... , [each of which finds] that there was no emergence of new disease after some latency period." PTO No. 1415 at 46.

The plaintiffs here are class members and as such were parties to the Settlement Agreement. The issue of latency was

_____

4.  Judge Bechtle was the original MDL 1203 judge who presided over the class action settlement in Brown.  He retired on June 30, 2001.

actually litigated in the fairness hearing and is one of the same issues that the plaintiffs are now raising in an attempt to defeat the bar of the statute of limitations. Judge Bechtle's determination of no latency, that is that the class members' injuries occurred within a short time after ingesting fen-phen, was an essential finding, for it directly affected the adequacy of class representation. See PTO No. 1415 at 104-08. PTO No. 1415, in which Judge Bechtle approved the Settlement Agreement, is a final and valid judgment, upheld on appeal. Thus, plaintiffs are collaterally estopped from re-litigating the issue of latency through their own affidavits.

While plaintiffs concede that their respective physicians were not sued within the applicable statute of limitations, they further argue that the statute of limitations is tolled because of the open courts doctrine, fraudulent concealment, and PTO No. 1415. Therefore, plaintiffs claim, the joinder of their in-state physicians as proper defendants to these actions defeats diversity and thereby requires this court to remand these actions to the state courts.

The open courts provision of the Texas Constitution provides: "All courts shall be open, and every person for an injury done him, and his lands, goods, person or reputation, shall have remedy by due course of law." See TEX. CONST. art. I, § 13. This state constitutional provision creates an exception to the two-year statute of limitations on medical malpractice claims only in instances where "it would be impossible or

-24-

exceedingly difficult to discover the alleged wrong" within the limitations period. <u>O'Reilly v. Wiseman</u>, 107 S.W.3d 699, 702 (Tex. App. 2003) (citations omitted).

In light of the excessive publicity surrounding the withdrawal of the diet drugs, plaintiffs, through the exercise of reasonable diligence, should have discovered their alleged injuries by the end of March, 2000, at the latest. All of the media coverage surrounding the withdrawal of the diet drugs and Wyeth's publicity campaign that ran through March, 2000 put plaintiffs on inquiry notice that their alleged heart problems would be detectable through an echocardiogram. Because it was not "impossible or exceedingly difficult" for plaintiffs to discover their purported injuries, plaintiffs cannot rely on the open courts doctrine to toll the statute of limitations for the claims against their physicians. <u>Id.</u>

Plaintiffs further maintain that the statute of limitations is tolled as to their physicians because the physicians have fraudulently concealed facts which would alert plaintiffs about the dangers associated with the use of diet drugs. Under Texas law, the statute of limitations may be tolled in cases where a defendant fraudulently conceals his or her wrongful conduct from a plaintiff. "[P]roof of fraudulent concealment requires more than evidence that the physician failed to use ordinary care; it also requires evidence that the defendant actually knew the plaintiff was in fact wronged, and concealed that fact to deceive the plaintiff." <u>Earle v. Ratliff</u>,

-25-

998 S.W.2d 882, 888 (Tex. 1999). Where a plaintiff establishes
fraudulent concealment, the statute of limitations is tolled
"until the plaintiff learns or in the exercise of reasonable
diligence should have learned of the facts that give rise to [his
or her] cause of action." Santanna Natural Gas Corp. v. Hamon
Operating Co., 954 S.W.2d 885, 891 (Tex. App. 1997).

        Here, plaintiffs have failed to meet their burden of
proof to establish fraudulent concealment. See Nichols v. Smith
507 S.W.2d 518, 521 (Tex. 1974). They have not come forward with
any evidence that their prescribing physicians actually knew that
the plaintiffs were injured by the diet drugs or that their
physicians willfully concealed the fact of plaintiffs' purported
injuries in order to deceive plaintiffs. Moreover, even if
plaintiffs could establish that their physicians willfully
concealed information about the dangerous propensities of the
diet drugs, it would not excuse plaintiffs from ignoring
information that would put a reasonable person on notice of his
or her injury. See Santanna Natural Gas Corp., 954 S.W.2d at
891.

        Plaintiffs also contend that Wyeth's removal of their
actions violates the Settlement Agreement because the physicians
have waived the right to rely on the statute of limitations as a
defense to plaintiffs' claims. We disagree. We addressed this
same argument in PTO No. 3391, in Amiker, et al. v. Wyeth, et al.
CIV.A. No. 03-20343 (E.D. Pa. Apr. 2, 2004). There, we decided
that the Settlement Agreement did not obviate the physicians'

-26-

statute of limitations defense. None of the physician defendants in these actions was a party to the Settlement Agreement. Thus, neither the Settlement Agreement nor this court's approval of it in PTO No. 1415 waived the statute of limitations defense for the physician defendants in these actions. In support of their position that PTO No. 1415 tolls the statute of limitations as to the physician defendants, plaintiffs cite the injunction section of PTO No. 1415. See PTO No. 1415 at ¶ 7. This section simply enjoins class members from filing suit if they have not followed the Settlement Agreement's procedures to "opt-out" of settlement benefits. PTO No. 1415 does not limit or bar a plaintiff who timely and properly exercises one of the downstream opt-out rights from timely suing his or her physician.

In light of the massive publicity concerning the health risks associated with the use of the diet drugs, the comprehensive notice program associated with the settlement, and this court's determination that diet drug induced valvular heart disease is not a latent disease, we find that plaintiffs, through the exercise of reasonable diligence, should have discovered their alleged injuries at the very latest by the end of March, 2000. Since plaintiffs did not file these actions until May, June, or July of 2003, their claims against their prescribing physicians are clearly time barred.

### III.

Plaintiffs have brought claims in strict liability and negligence against several Texas and out-of-state pharmacies that

-27-

allegedly filled their prescriptions for the diet drugs. Wyeth
argues that these defendants were fraudulently joined because
under Texas law pharmacies have no duty to warn patients of
potential risks or side effects of prescriptions that these
pharmacies fill. <u>Morgan v. Wal-Mart Stores, Inc.</u>, 30 S.W.3d 455,
469 (Tex. App. 2000). Wyeth also argues that even if plaintiffs
had legitimate claims against the pharmacies, these claims are
barred by applicable two-year statute of limitations. <u>See</u> TEX.
CIV. PRAC. & REM. CODE § 16.0003(a).

          Texas courts have refused to impose upon pharmacies a
legal duty to warn patients of the adverse effects of
prescription drugs. <u>See e.g.</u>, <u>Morgan</u>, 30 S.W.3d at 467. "The
imposition of a generalized duty to warn would unnecessarily
interfere with the relationship between physician and patient by
compelling pharmacists seeking to escape liability to question
the propriety of every prescription they fill." <u>Id.</u> Texas
pharmacists owe a duty beyond accurately filling prescriptions
for their customers only in instances where there are additional
factors present that would alert a reasonably prudent pharmacist
to a potential problem, such as the pharmacist's knowledge of a
customer's preexisting health problem that contraindicated the
use of a drug. <u>Id.</u> at 465 (citations omitted).

          Here, there is no credible evidence that any of the
pharmacy defendants had specialized knowledge that would impose
upon them a duty to warn the plaintiffs. Because a pharmacy has
no duty to warn under Texas law except in limited circumstances

-28-

that do not apply here, it necessarily follows that plaintiffs'
claims against the pharmacies must fail.[5]

In light of the above analysis, as well as the thorough
and well reasoned analysis of the same issue in In re Rezulin
Prods. Liab. Litig., 133 F. Supp. 2d 272, 288-90 (S.D.N.Y. 2001),
we conclude that there is no "reasonable basis in fact"
supporting plaintiffs' claims against the pharmacy defendants
under Texas law.  See Boyer, 913 F.2d at 111.  Thus, we find that
the defendant pharmacies are fraudulently joined.

IV.

Plaintiffs have also brought claims against sales
representatives of Wyeth alleging that they failed to warn
plaintiffs through their prescribing physicians, negligently
misrepresented the safety and efficacy of the diet drugs, and
negligently distributed, marketed, advertised and/or promoted the
diet drugs.  Wyeth contends that these sales representatives are
fraudulently joined due to the lack of any duty owed to
plaintiffs.  See Leitch v. Hornsby, 935 S.W.2d 114, 117 (Tex.
1996).

Under Texas law, a party owes no duty of care with
respect to a product unless it designed, manufactured or sold the
product.  Firestone Steel Prods. Co. v. Barajas, 927 S.W.2d 608,
613 (Tex. 1996).  Plaintiffs do not contend that the sales

_____

5.  Because we find that the pharmacy defendants had no duty to
warn in these cases, we need not address whether plaintiffs'
claims against them are barred by the statute of limitations.

-29-

representative defendants designed or manufactured the diet drugs. While the product's "seller" owes the consumer a duty to warn of a product's dangers, Wyeth, and not the sales representatives, was the "seller". <u>Jaimes v. Fiesta Mart, Inc.</u>, 21 S.W.3d 301, 305 (Tex. App. 1999). It was Wyeth which was "engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof." TEX. CIV. PRAC. & REM. CODE § 82.001(3). Accordingly, the sales representatives owed no independent duty to warn under Texas law.

The sales representatives, as employees of Wyeth, do not assume individual liability merely by participating in their employer's purported failure to provide adequate information. <u>Leitch</u>, 935 S.W.2d at 117. Nevertheless, the sales representatives could be found individually liable for knowingly participating in fraudulent or tortious conduct. <u>See Kingston v. Helm</u>, 82 S.W.3d 755, 759 (Tex. App. 2002). Here, plaintiffs allege that the sales representative defendants provided information to the pharmacy and physician defendants regarding the safety of the diet drugs which went beyond what the FDA had approved in the labeling of the product and which went beyond what Wyeth had authorized the sales representatives to do in regards to the marketing, promotion, sales and distribution of the diet drugs. However, plaintiffs do not set forth any facts to support their conclusory allegations. Moreover, plaintiffs' apparent attempt to allege fraud falls fall short of what is

-30-

required under federal or Texas law. See Fed. R. Civ. P. 9(b);
Tex. R. Civ. P. 91.

Moreover, as to plaintiffs' negligent misrepresentation
theory, a defendant's liability under Texas law is limited to the
direct recipient of the statement and to "known parties" to whom
the alleged fraudulent information is transferred "for a known
purpose." McCamish, Martin, Brown & Loeffler v. F.E. Appling
Interests, 991 S.W.2d 787, 794 (Tex. 1999). Thus, a sales
representative would have to have actual knowledge of a
plaintiff's identity and a specific intent that the plaintiff
would rely on the alleged misrepresentation. Trans-Gulf Corp. v.
Performance Aircraft Services, Inc., 82 S.W.3d 691, 696 (Tex.
App. 2002). Plaintiffs do not contend that the sales
representative defendants were aware of plaintiffs' specific
identities. Accordingly, any allegations of misrepresentation
falls short of what is required under Texas law. See Trans-Gulf
Corp., 82 S.W.3d at 696.

Plaintiffs cite Miller v. Keyser, 90 S.W.3d 712 (Tex.
2002), to support their misrepresentation claims against the
sales representatives. In Miller, the Texas Supreme Court held
that a real estate agent was personally liable to the buyer for
fraudulent misrepresentations. In reaching this result, the
Miller court relied on the state Deceptive Trade Practices
Consumer Protection Act. TEX. BUS & COM. CODE ANN. § 17.50.
However, under the terms of the Settlement Agreement, a
downstream opt-out plaintiff may not rely on such a statute in

-31-

any lawsuit.  See Settlement Agreement at §§ IV(D)(3)(c) and
I(53)(e).

     Significantly, the Texas transferor courts that have
denied remand in MDL 1203 cases prior to transfer have found the
joinder of the sales representative defendants to be fraudulent.
Judge Lee Rosenthal in the Southern District of Texas found that
"there is no allegation nor presentation of any facts that would
create an independent duty owing from these individual [sales
representatives] to the plaintiffs."  Coward v. Wyeth, et al.,
CIV.A. No. 03-2458 (S.D. Tex. Sept. 17, 2003).  Similarly, Judge
Sam Sparks in the Western District of Texas found in at least
seven different cases that plaintiffs have failed to allege that
the defendant sales representatives knowingly participated in a
misrepresentation on the part of Wyeth.[6]  Altogether, sales
representatives have been dismissed or found to be fraudulently
joined in 129 cases before Texas federal courts as of April 7,
2004.

     Finally, in thirty of the cases in which plaintiffs
have brought claims against sales representative defendants,
Wyeth has submitted uncontradicted evidence that the sales

---

6.  See Budd v. Wyeth, CIV.A. No. A-03-CA-465-§, slip op. at 6
(W.D. Tex. Sept. 17, 2003); Dionne v. Wyeth, CIV.A. No. A-03-CA-
467-§ (W.D. Tex. Sept. 17, 2003); Leonard v. Wyeth, CIV.A. No. A-
03-CA-463-§ (W.D. Tex. Sept. 17, 2003); Palomino v. Wyeth, CIV.A.
No. A-03-CA-464-§ (W.D. Tex. Sept. 17, 2003); Stoker v. Wyeth,
CIV.A. No. A-03-CA-462-§ (W.D. Tex. Sept. 17, 2003); Swinehart v.
Wyeth, CIV.A. No. A-03-CA-461-§ (W.D. Tex. Sept. 17, 2003);
Turner v. Wyeth, CIV.A. No. A-03-CA-466-§ (W.D. Tex. Sept. 17,
2003).

representatives never promoted Wyeth's diet drugs at all, never called upon the particular plaintiff's prescribing physician, or never called upon the particular plaintiff's prescribing physician until after plaintiff had stopped taking the diet drugs. <u>See</u> Wyeth's Mem. in Resp. to Pl.'s Mot. to Remand, App. 2.

We agree with the majority of federal district courts in Texas that there is "no reasonable basis in fact or colorable ground" supporting plaintiffs claims against the sales representative defendants. <u>Boyer</u>, 913 F.2d at 111. The sales representatives are fraudulently joined.

V.

We next turn to the issue of fraudulent joinder of the phentermine defendants, against which plaintiffs bring claims in strict liability, negligence, and misrepresentation. Plaintiffs allege that remand is proper because the phentermine defendants failed to consent to removal. 28 U.S.C. § 1446; <u>Balazik</u>, 44 F.3d at 213. In addition, plaintiffs contend that they intend to pursue claims against these defendants. Wyeth responds that because the phentermine defendants are fraudulently joined, their consent for removal was not required.

We addressed the same issue in PTO No. 2567 in <u>Anderson v. American Home Products Corp., et al.</u>, CIV.A. No. 01-20182 (E.D. Pa. Aug. 13, 2002). This court has found, after evidentiary hearings on the matter, that there is no support for the position that phentermine contributes to injuries allegedly

-33-

caused by fen-phen. See PTO Nos. 1351 and 2567. Thus, for the same reasons articulated in Anderson, we find that Wyeth has met its heavy burden of persuasion that plaintiffs have no real good faith intention to seek a judgment against the phentermine defendants. See Boyer, 913 F.2d at 111; Wilson, 257 U.S. at 98. As a result, these defendants are fraudulently joined in this action, and their lack of consent is irrelevant in determining the propriety of removal. See Lewis v. Rego, 757 F.2d 66, 68 (3d Cir. 1985).

## VI.

Plaintiffs assert that Wyeth's removal was procedurally defective because other co-defendants in addition to the phentermine defendants did not consent to removal. We are not persuaded. In order to remove an action to federal court, it is well settled that all defendants served at the time of removal must consent to the removal. Balazik, 44 F.3d at 213 (citations omitted). As explained above, the unanimity rule is not applicable with respect to any defendant fraudulently joined. Id. at 213 n.4 (citations omitted); Anderson v. Am. Home. Prods. Corp., 220 F. Supp. 2d 414, 424 (E.D. Pa. 2002). We have already determined that the physicians, pharmacies and sales representatives are all fraudulently joined because there is "no reasonable basis in fact or colorable ground" supporting plaintiffs' claims against them. Boyer, 935 F.2d at 111. Thus, the failure of these parties to consent to removal cannot serve as a basis for remand. Moreover, in several of the cases,

-34-

Wyeth's co-defendants had not been served at the time of removal, and therefore their consent was not required.  See <u>Lewis</u>, 757 F.2d at 68.

VII.

For all of the reasons stated above, Wyeth has clearly demonstrated that the physician, sales representative, pharmacy, and phentermine defendants are all fraudulently joined. Accordingly, we will deny the motions of the plaintiffs to remand these action to the various Texas state courts where they originated and will dismiss the complaints as to all defendants except Wyeth and its related companies.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DIET DRUGS (Phentermine/<br>Fenfluramine/Dexfenfluramine)<br>PRODUCTS LIABILITY LITIGATION | : | MDL DOCKET NO. 1203 |
| THIS DOCUMENT RELATES TO: | : | FILED JUN 2 9 2004 |

| | | |
|---|---|---|
| MELISSA ACCADIA<br>v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20546 |
| TANYA ADKINSON<br>v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20811 |
| MARY ANDERS<br>v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20791 |
| BEVERLY ANDERSON<br>v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20756 |
| KATHY ANDERSON<br>v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20774 |
| BETTY ARNOLD<br>v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20778 |
| PATRICIA BARGER<br>v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20632 |
| JACKIE BATSON<br>v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20660 |
| SHIRLEY BATSON<br>v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20372 |
| SANDRA BEATY<br>v.<br>WYETH, et al. | : | CIVIL ACTION NO. 04-20009 |
| ELVA BENAVIDES<br>v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20653 |
| SHIRLEY BOOTHE<br>v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20831 |
| BOBBIE BREWER<br>v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20649 |

| | | |
|---|---|---|
| JILL BREWER | : | |
| v. | : | CIVIL ACTION NO. 03-20784 |
| WYETH, et al. | : | |
| VERONICA BURGOS-ARCAY | : | |
| v. | : | CIVIL ACTION NO. 03-20796 |
| WYETH, et al. | : | |
| DIANE BUTLER | : | |
| v. | : | CIVIL ACTION NO. 03-20561 |
| WYETH, et al. | : | |
| PATRICIA CANTERBURY | : | |
| v. | : | CIVIL ACTION NO. 03-20571 |
| WYETH, et al. | : | |
| BETTE CARPENTER | : | |
| v. | : | CIVIL ACTION NO. 03-20789 |
| WYETH, et al. | : | |
| RONALD CERVINI | : | |
| v. | : | CIVIL ACTION NO. 03-20431 |
| WYETH, et al. | : | |
| MARILYN (MADELYN) CHUBB | : | |
| v. | : | CIVIL ACTION NO. 03-20502 |
| WYETH, et al. | : | |
| NANCY COLEMAN | : | |
| v. | : | CIVIL ACTION NO. 03-20386 |
| WYETH, et al. | : | |
| DEANNA CONN | : | |
| v. | : | CIVIL ACTION NO. 03-20779 |
| WYETH, et al. | : | |
| SHARON J. COOK | : | |
| v. | : | CIVIL ACTION NO. 03-20771 |
| WYETH, et al. | : | |
| JOEL COWARD | : | |
| v. | : | CIVIL ACTION NO. 03-20646 |
| WYETH, et al. | : | |
| CARROLL CREECH | : | |
| v. | : | CIVIL ACTION NO. 03-20810 |
| WYETH, et al. | : | |
| EDITH CUNNINGHAM | : | |
| v. | : | CIVIL ACTION NO. 03-20806 |
| WYETH, et al. | : | |
| DEREMA DALTON | : | |
| v. | : | CIVIL ACTION NO. 03-20420 |
| WYETH, et al. | : | |
| MARILYN DATZ | : | |
| v. | : | CIVIL ACTION NO. 03-20072 |
| WYETH, et al. | : | |
| VICKEY DEARMAN | : | |
| v. | : | CIVIL ACTION NO. 03-20781 |
| WYETH, et al. | : | |
| SUSAN DIXON | : | |
| v. | : | CIVIL ACTION NO. 03-20037 |
| WYETH, et al. | : | |

| | | |
|---|---|---|
| LINDA DOODEHEEFVER | : | |
| v. | : | CIVIL ACTION NO. 03-20790 |
| WYETH, et al. | : | |
| SHERRON DREW | : | |
| v. | : | CIVIL ACTION NO. 03-20382 |
| WYETH, et al. | : | |
| JOAN DUHON | : | |
| v. | : | CIVIL ACTION NO. 03-20075 |
| WYETH, et al. | : | |
| JEANETTE ERHART | : | |
| v. | : | CIVIL ACTION NO. 03-20652 |
| WYETH, et al. | : | |
| JUDY EVANS | : | |
| v. | : | CIVIL ACTION NO. 03-20505 |
| WYETH, et al. | : | |
| PATRICIA FITZGERALD | : | |
| v. | : | CIVIL ACTION NO. 03-20795 |
| WYETH, et al. | : | |
| JOHN FOLLIS | : | |
| v. | : | CIVIL ACTION NO. 03-20760 |
| WYETH, et al. | : | |
| LORI FOLLIS | : | |
| v. | : | CIVIL ACTION NO. 03-20759 |
| WYETH, et al. | : | |
| MARY GALVAN | : | |
| v. | : | CIVIL ACTION NO. 03-20800 |
| WYETH, et al. | : | |
| OLGA GARCIA | : | |
| v. | : | CIVIL ACTION NO. 03-20793 |
| WYETH, et al. | : | |
| SYLVIA GARCIA | : | |
| v. | : | CIVIL ACTION NO. 03-20777 |
| WYETH, et al. | : | |
| ROBIN GARRETT | : | |
| v. | : | CIVIL ACTION NO. 03-20650 |
| WYETH, et al. | : | |
| CARLOS GONZALES | : | |
| v. | : | CIVIL ACTION NO. 04-20007 |
| WYETH, et al. | : | |
| PATSY GRAHAM | : | |
| v. | : | CIVIL ACTION NO. 03-20422 |
| WYETH, et al. | : | |
| MICHAEL GUARINO | : | |
| v. | : | CIVIL ACTION NO. 03-20658 |
| WYETH, et al. | : | |
| RENE GUYTON | : | |
| v. | : | CIVIL ACTION NO. 03-20648 |
| WYETH, et al. | : | |
| JANICE HALE-HOBBY | : | |
| v. | : | CIVIL ACTION NO. 03-20514 |
| WYETH, et al. | : | |

| | | |
|---|---|---|
| SHELLY HALL | : | |
| v. | : | CIVIL ACTION NO. 03-20786 |
| WYETH, et al. | : | |
| LINDA HANKS | : | |
| v. | : | CIVIL ACTION NO. 04-20068 |
| WYETH, et al. | : | |
| ELENA HEFFERNAN | : | |
| v. | : | CIVIL ACTION NO. 03-20792 |
| WYETH, et al. | : | |
| SHEDRA HENDERSON | : | |
| v. | : | CIVIL ACTION NO. 03-20663 |
| WYETH, et al. | : | |
| GRACE HINES | : | |
| v. | : | CIVIL ACTION NO. 03-20301 |
| WYETH, et al. | : | |
| RUBY HOLDER | : | |
| v. | : | CIVIL ACTION NO. 03-20387 |
| WYETH, et al. | : | |
| NAN HOWELL | : | |
| v. | : | CIVIL ACTION NO. 03-20395 |
| WYETH, et al. | : | |
| MARY JEFFERSON | : | |
| v. | : | CIVIL ACTION NO. 04-20077 |
| EON LABS, INC., et al. | : | |
| JUDITH JEFFREY | : | |
| v. | : | CIVIL ACTION NO. 03-20803 |
| WYETH, et al. | : | |
| DIANA JOHNSON | : | |
| v. | : | CIVIL ACTION NO. 03-20657 |
| WYETH, et al. | : | |
| STEVE KENNARD | : | |
| v. | : | CIVIL ACTION NO. 04-20067 |
| WYETH, et al. | : | |
| CAROL KLINE | : | |
| v. | : | CIVIL ACTION NO. 03-20636 |
| WYETH, et al. | : | |
| NANCY LAYTON | : | |
| v. | : | CIVIL ACTION NO. 03-20773 |
| WYETH, et al. | : | |
| LINDY LEON | : | |
| v. | : | CIVIL ACTION NO. 03-20064 |
| WYETH, et al. | : | |
| RUTH LLANES | : | |
| v. | : | CIVIL ACTION NO. 03-20525 |
| WYETH, et al. | : | |
| LULA M. LONG | : | |
| v. | : | CIVIL ACTION NO. 04-20166 |
| WYETH, et al. | : | |
| MIA LOWERY | : | |
| v. | : | CIVIL ACTION NO. 03-20371 |
| WYETH, et al. | : | |

-4-

| | | |
|---|---|---|
| DEBRA MARRIOTT | : | |
| v. | : | CIVIL ACTION NO. 03-20554 |
| WYETH, et al. | : | |
| LINDSEY MARSH | : | |
| v. | : | CIVIL ACTION NO. 03-20642 |
| WYETH, et al. | : | |
| WILFREDO MARTINEZ | : | |
| v. | : | CIVIL ACTION NO. 03-20637 |
| WYETH, et al. | : | |
| LINDI MASSEY | : | |
| v. | : | CIVIL ACTION NO. 03-20501 |
| WYETH, et al. | : | |
| ANNIE MATT | : | |
| v. | : | CIVIL ACTION NO. 03-20544 |
| WYETH, et al. | : | |
| DEBRA McGINLEY | : | |
| v. | : | CIVIL ACTION NO. 03-20639 |
| WYETH, et al. | : | |
| ROBERT McMILLIAN | : | |
| v. | : | CIVIL ACTION NO. 03-20574 |
| WYETH, et al. | : | |
| JOICE McRIMMON | : | |
| v. | : | CIVIL ACTION NO. 03-20567 |
| WYETH, et al. | : | |
| ANDREW MENDEZ | : | |
| v. | : | CIVIL ACTION NO. 03-20820 |
| WYETH, et al. | : | |
| MARIO MENDEZ | : | |
| v. | : | CIVIL ACTION NO. 03-20829 |
| WYETH, et al. | : | |
| LINDA MIKESKA | : | |
| v. | : | CIVIL ACTION NO. 03-20644 |
| WYETH, et al. | : | |
| DONNA MILLER | : | |
| v. | : | CIVIL ACTION NO. 04-20076 |
| WYETH, et al. | : | |
| JANICE MINTER | : | |
| v. | : | CIVIL ACTION NO. 03-20801 |
| WYETH, et al. | : | |
| BRENDA MIXON | : | |
| v. | : | CIVIL ACTION NO. 03-20799 |
| WYETH, et al. | : | |
| GLENDA MOORE | : | |
| v. | : | CIVIL ACTION NO. 03-20563 |
| WYETH, et al. | : | |
| LINDA MORIN | : | |
| v. | : | CIVIL ACTION NO. 03-20423 |
| WYETH, et al. | : | |
| DELORIS MOSLEY | : | |
| v. | : | CIVIL ACTION NO. 03-20775 |
| WYETH, et al. | : | |

-5-

| | | |
|---|---|---|
| IRMA MULCAHEY | : | |
| v. | : | CIVIL ACTION NO. 03-20659 |
| WYETH, et al. | : | |
| LuANNE NAPOLEON | : | |
| v. | : | CIVIL ACTION NO. 03-20769 |
| WYETH, et al. | : | |
| CYNTHIA NEWTON | : | |
| v. | : | CIVIL ACTION NO. 03-20383 |
| WYETH, et al. | : | |
| SHARON NORTON | : | |
| v. | : | CIVIL ACTION NO. 03-20798 |
| WYETH, et al. | : | |
| TERESA ORLANDO | : | |
| v. | : | CIVIL ACTION NO. 03-20643 |
| WYETH, et al. | : | |
| PEGGY ORTIZ | : | |
| v. | : | CIVIL ACTION NO. 03-20654 |
| WYETH, et al. | : | |
| DONNA OTWELL | : | |
| v. | : | CIVIL ACTION NO. 03-20827 |
| WYETH, et al. | : | |
| ORALIA PALACIOS | : | |
| v. | : | CIVIL ACTION NO. 03-20604 |
| WYETH, et al. | : | |
| SHARON PARK | : | |
| v. | : | CIVIL ACTION NO. 03-20503 |
| WYETH, et al. | : | |
| JULIE PARKER | : | |
| v. | : | CIVIL ACTION NO. 03-20807 |
| WYETH, et al. | : | |
| LONNA PARKER | : | |
| v. | : | CIVIL ACTION NO. 03-20506 |
| WYETH, et al. | : | |
| PATSY PARKINSON | : | |
| v. | : | CIVIL ACTION NO. 03-20804 |
| WYETH, et al. | : | |
| R.M. "PAT" PATRICK | : | |
| v. | : | CIVIL ACTION NO. 03-20808 |
| WYETH, et al. | : | |
| THOMAS PATTERSON | : | |
| v. | : | CIVIL ACTION NO. 03-20770 |
| WYETH, et al. | : | |
| DIANA PELTON | : | |
| v. | : | CIVIL ACTION NO. 03-20638 |
| WYETH, et al. | : | |
| EARLINE PEREZ | : | |
| v. | : | CIVIL ACTION NO. 03-20828 |
| WYETH, et al. | : | |
| GARY AND SHERRY PHARES | : | |
| v. | : | CIVIL ACTION NO. 03-20507 |
| WYETH, et al. | : | |

| | | |
|---|---|---|
| MARTHA PIPKIN | : | |
| v. | : | CIVIL ACTION NO. 03-20783 |
| WYETH, et al. | : | |
| MICCA PIRTLE | : | |
| v. | : | CIVIL ACTION NO. 03-20576 |
| WYETH, et al. | : | |
| PRISCILLA PITTS | : | |
| v. | : | CIVIL ACTION NO. 03-20634 |
| WYETH, et al. | : | |
| SONYA PORRAS | : | |
| v. | : | CIVIL ACTION NO. 03-20655 |
| WYETH, et al. | : | |
| ROSYE PORTALES | : | |
| v. | : | CIVIL ACTION NO. 03-20797 |
| WYETH, et al. | : | |
| DORA RAMIREZ | : | |
| v. | : | CIVIL ACTION NO. 03-20809 |
| WYETH, et al. | : | |
| WANDA RICHISON | : | |
| v. | : | CIVIL ACTION NO. 03-20568 |
| WYETH, et al. | : | |
| DEVORA RICO | : | |
| v. | : | CIVIL ACTION NO. 03-20645 |
| WYETH, et al. | : | |
| ARLENE RIGGS | : | |
| v. | : | CIVIL ACTION NO. 03-20640 |
| WYETH, et al. | : | |
| FRANCINE ROBERTS | : | |
| v. | : | CIVIL ACTION NO. 03-20768 |
| WYETH, et al. | : | |
| PAM ROBERTSON | : | |
| v. | : | CIVIL ACTION NO. 03-20578 |
| WYETH, et al. | : | |
| IRENE RODRIGUEZ | : | |
| v. | : | CIVIL ACTION NO. 04-20066 |
| WYETH, et al. | : | |
| MARTHA ROSE | : | |
| v. | : | CIVIL ACTION NO. 03-20596 |
| WYETH, et al. | : | |
| CHRIS RUSHING | : | |
| v. | : | CIVIL ACTION NO. 04-20062 |
| WYETH, et al. | : | |
| RENEE RUTHERFORD | : | |
| v. | : | CIVIL ACTION NO. 03-20782 |
| WYETH, et al. | : | |
| SALIM SAAD | : | |
| v. | : | CIVIL ACTION NO. 03-20830 |
| WYETH, et al. | : | |
| CONNIE SADDLER | : | |
| v. | : | CIVIL ACTION NO. 03-20662 |
| WYETH, et al. | : | |

| | | |
|---|---|---|
| LINDA SALINAS<br>      v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20761 |
| SHEILA SCHATTE<br>      v.<br>WYETH, et al. | : | CIVIL ACTION NO. 04-20071 |
| A. MICHELLE SCHOOLING<br>      v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20570 |
| BETTY SEGREST<br>      v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20832 |
| DIANA SHUGAR<br>      v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20661 |
| SANDRA SIMMONS<br>      v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20776 |
| GERALDINE SMITH<br>      v.<br>WYETH, et al. | : | CIVIL ACTION NO. 04-20079 |
| WILLIAM SOLLOWS<br>      v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20573 |
| JANICE SPARKS<br>      v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20772 |
| MARY STUBBLEFIELD<br>      v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20788 |
| WILLIAM E. THOMAS, JR.<br>      v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20787 |
| PAMELA TOOKE<br>      v.<br>WYETH, et al. | : | CIVIL ACTION NO. 04-20074 |
| BARBARA TRBULA<br>      v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20633 |
| NANCY TUCKER<br>      v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20785 |
| DONNA TURNER<br>      v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20433 |
| KELLY TURNER<br>      v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20569 |
| SHARON TYMNIAK<br>      v.<br>WYETH, et al. | : | CIVIL ACTION NO. 03-20647 |

| | | |
|---|---|---|
| KEVIN VAN HOOK | : | |
| v. | : | CIVIL ACTION NO. 03-20373 |
| WYETH, et al. | : | |
| BETTY A. VARGO | : | |
| v. | : | CIVIL ACTION NO. 03-20805 |
| WYETH, et al. | : | |
| MARTHA VINEYARD | : | |
| v. | : | CIVIL ACTION NO. 03-20577 |
| WYETH, et al. | : | |
| ELWANDA WAGNER | : | |
| v. | : | CIVIL ACTION NO. 03-20421 |
| WYETH, et al. | : | |
| LINDA WARNEKE | : | |
| v. | : | CIVIL ACTION NO. 04-20010 |
| WYETH, et al. | : | |
| JULIE WEAVER | : | |
| v. | : | CIVIL ACTION NO. 03-20656 |
| WYETH, et al. | : | |
| CAROL WELLS | : | |
| v. | : | CIVIL ACTION NO. 03-20822 |
| WYETH, et al. | : | |
| SHARON WHEELER | : | |
| v. | : | CIVIL ACTION NO. 03-20794 |
| WYETH, et al. | : | |
| JOSEPHINE WILLARD | : | |
| v. | : | CIVIL ACTION NO. 03-20521 |
| WYETH, et al. | : | |
| DEVORAH WILLIS | : | |
| v. | : | CIVIL ACTION NO. 03-20418 |
| WYETH, et al. | : | |
| SYLVIA WITT | : | |
| v. | : | CIVIL ACTION NO. 03-20575 |
| WYETH, et al. | : | |
| VICKIE WRIGHT | : | |
| v. | : | CIVIL ACTION NO. 03-20380 |
| WYETH, et al. | : | |
| SHELBY YOUNG | : | |
| v. | : | CIVIL ACTION NO. 03-20802 |
| WYETH, et al. | : | |
| MARTHA ZUMWALT | : | |
| v. | : | CIVIL ACTION NO. 03-20780 |
| WYETH, et al. | : | |

## PRETRIAL ORDER NO. 3666

AND NOW, this 19th day of June, 2004, for the reasons
set forth in the accompanying Memorandum, it is hereby ORDERED
that:

-9-

(1)   the motions of plaintiffs in <u>Tanya Adkinson v.</u>
<u>Wyeth, et al.</u>, CIV.A. No. 03-20811 (E.D. Pa.), <u>Shirley Boothe v.</u>
<u>Wyeth, et al.</u>, CIV.A. No. 03-20831 (E.D. Pa.), <u>Nancy Coleman v.</u>
<u>Wyeth, et al.</u>, CIV.A. No. 03-20386 (E.D. Pa.), <u>Mary Galvan v.</u>
<u>Wyeth, et al.</u>, CIV.A. No. 03-20800 (E.D. Pa.), <u>Olga Garcia v.</u>
<u>Wyeth, et al.</u>, CIV.A. No. 03-20793 (E.D. Pa.), <u>Ruby Holder v.</u>
<u>Wyeth, et al.</u>, CIV.A. No. 03-20387 (E.D. Pa.), <u>Linda Mikeska v.</u>
<u>Wyeth, et al.</u>, CIV.A. No. 03-20644 (E.D. Pa.), <u>Donna Miller v.</u>
<u>Wyeth, et al.</u>, CIV.A. No. 04-20076 (E.D. Pa.), <u>Deloris Mosley v.</u>
<u>Wyeth, et al.</u>, CIV.A. No. 03-20775 (E.D. Pa.), <u>Devora Rico v.</u>
<u>Wyeth, et al.</u>, CIV.A. No. 03-20645 (E.D. Pa.), <u>Sheila Schatte v.</u>
<u>Wyeth, et al.</u>, CIV.A. No. 04-20071 (E.D. Pa.), <u>Sandra Simmons v.</u>
<u>Wyeth, et al.</u>, CIV.A. No. 03-20776 (E.D. Pa.), and <u>Pamela Tooke</u>
<u>v. Wyeth, et al.</u>, CIV.A. No. 04-20074 (E.D. Pa.), are DENIED as
moot for the reason that the federal transferor courts have
already ruled on these motions;

(2)   the motions of plaintiffs to remand in the
remaining actions are DENIED;

(3)   all defendants in the 146 above-captioned actions
except Wyeth, Wyeth Pharmaceuticals, Wyeth-Ayerst International,
Inc., and Wyeth-Ayerst Pharmaceuticals, Inc., are DISMISSED; and

(4)   the motion of defendant Arthur Hadley for leave to
file first amended original answers is DENIED as moot in the
following actions: <u>Jackie Batson v. Wyeth, et al.</u>, CIV.A. No. 03-
20789; <u>Bette Carpenter v. Wyeth, et al.</u>, CIV.A. No. 03-20789
(E.D. Pa.); <u>Michael Guarino v. Wyeth, et al.</u>, CIV.A. No. 03-20658

-10-

(E.D. Pa.); <u>Diana Johnson v. Wyeth, et al.</u>, CIV.A. No. 03-20657

(E.D. Pa.); <u>Linda Mikeska v. Wyeth, et al.</u> CIV.A. No. 03-20644

(E.D. Pa.); <u>William E. Thomas, Jr. v. Wyeth, et al.</u>, CIV.A. No.

03-20787 (E.D. Pa.); <u>Nancy C. Tucker v. Wyeth, et al.</u>, CIV.A. No.

03-20785 (E.D. Pa.); and <u>Sharon S. Tymniak v. Wyeth, et al.</u>,

CIV.A. No. 03-20647 (E.D. Pa.).

BY THE COURT:

_Harvey Bartle_, J.

ENTERED
JUN 3 0 2004
CLERK OF COURT

-11-