UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUL -2 P 4: 33

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Susan E. Willette; Laura Belles and Jeff Belles; David M. Cohen and Shirley Cohen; Jan Courier; Ricardo Guzman; Debra A. King and Robert E. King; Maria M. Laessig and Robert E. Laessing; Helen Cruz Madla; Maryann McGovran and Harley Duane McGovran; H. Kenneth Roseberry, Jr. and Kristina Roseberry; Jerry E. Smith; Diana Lynn Spector and James R. Spector, II; Yvonne K. Stankey; Ronald A. Waller and Harriet Waller; Susan R. Weiszbrod; Connie L. Weygandt; and Beverly McDuffie Whitaker<br><br>    Plaintiffs<br><br>v.<br><br>Indevus Pharmaceuticals, Inc., F/K/A Interneuron Pharmaceuticals, Inc.; Wyeth, Inc., F/K/A American Home Products Corporation; Wyeth Pharmaceuticals, Inc F/K/A Wyeth-Ayerst Pharmaceuticals, Inc., A Division Of American Home Products Corporation; and Boehringer Ingelheim Pharmaceuticals, Inc.; and James A. Edmondson; Linda L. Gonzales (a/k/a Linda L. McElroy); Arturo I. Gonzalez; Andrew D. Morton; Patricia M. Ulrich; Christine K. Wagner; Mark A. Conrad; Mae O. Hence; Dennis L. Westfall; Elutherio Farias; Virginia F. Riley; Phillip Crawford; Jennifer J. Froelich; Michael Topalian; Donna M. Williams; Lisa Elek; Joseph Potter, III; Karen L. Symon; Don LeCocke; Richard E. Martinez; Alberto Rodriguez, I; Debbie K. Anderes; Michael B. Barks; David P. Cauwels; Thomas Meehan; David R. Mrosko; Patricia M. Tessendore; Michael T. Matanguihan; Charles J. Reinert; Kimberle Karen Maddox; Marjorie T. Rylee; Daniel B. Burke; Dean L. Marusak; A. Durwood Neie; Joseph Boswell; James V. Nash; Lisa Sabbagh; Gina M. Sanders; Gregory Garner; Jennifer L. Koelz; Rodney D. Miller; David E. Anderson; Mark D. Cook; Bruce R. Stewart; Paul D. Bowers; Dwane Lyle Hanson; Shanna Midland; David J. Schade; and Anthony J. Cain,<br><br>    Defendants | 1:2004cv11429 |

## PLAINTIFFS' OPPOSITION TO WYETH'S MOTION TO STAY THIS CASE

PLAINTIFFS' OPPOSITION TO WYETH'S MOTION TO STAY THIS CASE AND ALL OTHER DIET DRUG
CASES REMOVED TO THIS COURT - Page 1

## AND ALL OTHER DIET DRUG CASES REMOVED TO THIS COURT

Plaintiffs, by and through their attorneys, file this response in opposition to Wyeth's motion to stay, and would show the Court as follows:

### I. INTRODUCTION

Wyeth improperly removed Plaintiffs' claims, and now moves this Court to ignore any motion to remand filed by Plaintiffs and sit idly while Plaintiffs' claims are shipped to a MDL court already clogged with thousands of cases. Wyeth's motion to stay is based upon a single argument – that entrance of the stay and transfer of these cases to the MDL will promote judicial economy and consistency. *See* Wyeth's Motion to Stay, p.2. Meanwhile, Wyeth disregards the methodology used by other courts when deciding whether a motion to remand takes precedence over a motion to stay, ignores the strict requirements of a stay motion, and even fails to show that a stay would actually promote judicial economy and consistency – the sole basis for Wyeth's motion. For these failures, this Court should refuse to consider Wyeth's motion until Plaintiffs' Motion for Remand can be heard or deny Wyeth's request for a stay.

### II. Unless Wyeth Shows that the Remand Issues in this Case are Both Difficult and Identical to Those Already Before the MDL, This Court Should Decide Whether Wyeth Properly Removed Before Hearing Wyeth's Motion to Stay.

The First Circuit has not addressed the precise question presented by Wyeth's motion. Federal courts addressing the issue have concluded, however, that the best course of action is to at least consider the merits of a motion to remand before entertaining a motion to stay. *See Board of Trustees of the Teachers' Retirement System of the State of Ill. v. Worldcom, Inc.*, 244 F. Supp.2d 900, 902-03 (N.D. Ill. 2002); *Farkas v. Bridgestone/Fireston, Inc.*, 113 F. Supp.2d 1107, 1115 n.8 (W.D. Ky. 2001); *see also, Nauheim v. Interpublic Group of Companies, Inc.*, 2003 WL 1888843, *2 (N.D. Ill. April 16,

2003).

In *Board of Trustees*, an Illinois district court was asked to stay the claims pending transfer to a MDL before hearing the plaintiffs' motion for remand. 244 F. Supp.2d at 902. The court found that when the merits of the jurisdictional issues are easy or when the remand motion raises unique issues of law or fact not already before the consolidated court, the court should decide whether to remand the case before hearing a motion to stay. *Id.* at 903; *Farkas*, 113 F. Supp.2d at 1115 n.8 (stating that the jurisdictional issue must be resolved before deciding whether to stay or transfer the case to the MDL panel). Only if the remand issues are "**both** difficult **and** similar or identical" to those before the MDL court should the district court even consider defendant's motion to stay. *Board of Trustees*, 244 F. Supp.2d at 903. (emphasis supplied); *see, e.g., In re Consolidated Fen-Phen Cases*, 2003 WL 2268440, at *2 (E.D. N.Y. Nov. 12, 2003) (stating that the court would decide the remand issue in a fen-phen case instead of allowing it to be transferred to the MDL Court for consideration because uniformity would not be served by allowing the MDL Court to decide the issue).

Wyeth attempts to circumvent this analysis by filing its motion to stay **before** it improperly removed Plaintiffs' claims and before Plaintiffs had an opportunity to file a motion for remand.[1] Wyeth's attempt to avoid the proper examination of this issue should fail. Even assuming that the only issues that will be raised by Plaintiffs' motion to remand will be a response to Wyeth's claims that Indevus Pharmaceuticals, Inc., F/KA Interneuron Pharmaceuticals, Inc. (hereinafter "Indevus") was fraudulently joined in Plaintiffs' complaint, this Court should consider the factors weighed in *Board of Trustees* and refuse to consider

---

[1] Wyeth's Motion to Stay was filed on June 18, 2004 but not served on Plaintiffs until June 24, 2004. Wyeth's Notice of Removal was filed on June 23, 2004. Plaintiffs will file a motion to remand by July 23, 2004, the deadline under 28 U.S.C.A. §1447(c).

PLAINTIFFS' OPPOSITION TO WYETH'S MOTION TO STAY THIS CASE AND ALL OTHER DIET DRUG CASES REMOVED TO THIS COURT - Page 3

Wyeth's motion to stay until Plaintiffs' motion for remand can be heard.

The issues raised by Wyeth's claim of fraudulent joinder are not difficult. Further, the issues raised by a motion to remand where Wyeth claims the non-diverse defendants were fraudulently joined "turn on an interpretation of state law." *Kohl v. Am. Home Prods. Corp.*, 78 F. Supp.2d 885, 888 (W.D. Ark. 1999). To decide Plaintiffs' Motion to Remand, this Court must only determine whether the Massachusetts discovery rule has delayed the Plaintiffs' cause of action against Indevus. This Court, not a court in Pennsylvania, is better suited to apply Massachusetts law and determine if Plaintiffs state a cause of action *under Massachusetts law* against Indevus in this case.

Moreover, because Indevus was sued only in cases filed in Massachusetts State Court, transfer of this issue to the MDL will not even serve efficiency purposes. Wyeth's removal of these claims based upon fraudulent joinder of Indevus raises issues specific to Massachusetts law that the MDL Court has never considered. Indeed the MDL Court has never been asked to consider the cause of action against Indevus. Under the analysis adopted by *Board of Trustees*, Plaintiffs should be given the opportunity to file a motion to remand and have that motion heard before Wyeth's motion to stay is even considered by this Court.

## III. Equity and Fairness Require Denial of Wyeth's Motion to Stay.

Even if this Court finds that the remand questions at issue in this case are difficult and duplicative of issues already before the MDL, the court should deny Wyeth's motion because the balance of interests weighs heavily against a stay. *Amersham Intern v. Corning Glass Works*, 108 F.R.D. 71, 72 (D.Mass. 1985). To be given a stay of this cause until transfer to a MDL, Wyeth "must demonstrate a clear case of hardship." *Id.* As Justice Cardozo wrote nearly 70 years ago, "if there is even a fair possibility" that the

stay will prejudice the non-moving party, the applicant "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. North Am. Co.,* 299 U.S. 248, 255 57 S. Ct. 163, 167 (1936).

Wyeth neglects to make any showing of the hardship or inequity it will face by going forward in this action. On the other hand, Plaintiffs will be severely prejudiced by a stay of their action. Plaintiffs' case will fall in line behind 23,000 other cases, many of which are awaiting a remand decision. Even discovery will be stalled until Plaintiffs' case is assigned a discovery initiation date, which given the volume of cases already in the MDL, could take several months up to a year or more. Conversely, the only "hardship or inequity" Wyeth would endure by proceeding is to litigate this case in a Massachusetts court.

Because the issues in this case turn on Massachusetts law and the MDL court has not considered claims against Indevus, even the MDL Panel advises this Court to deny Wyeth's motion for stay. The MDL Panel instructed all "diet drug" courts: "If you have a motion pending before you in the action – particularly a motion to remand to state court you are encouraged to rule on the motion unless you conclude that the motion raises issues likely to arise in other actions in the transferee court, should we order transfer, and would best be decided there." Sept. 24, 2003 Ltr. from MDL Panel, attached hereto as Exhibit C.

## IV. CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that this Court refuse to consider Wyeth's motion for stay until Plaintiffs have the opportunity to file and be heard on their motion to remand. In the alternative, Plaintiffs ask that this Court simply deny Wyeth's motion for stay.

Plaintiffs,
by their Attorneys,

_MTM_

David C. Strouss, (BBO # 546253)
Marilyn T. McGoldrick, (BBO # 561766)
THORNTON & NAUMES, LLP
100 Summer Street, 30th Fl.
Boston, MA 02110
(617) 720-1333

Ellen A. Presby (Texas State Bar # 16249600)
Amy M. Carter (Texas State Bar # 24004580)
Amy J. Shahan (Texas State Bar # 00797564)
Jory D. Lange, Jr. (Texas State Bar # 24041294)
BARON & BUDD, A PROFESSIONAL CORPORATION
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605

DATED: July 2, 2004.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document, Plaintiffs' Opposition To Wyeth's Motion To Stay This Case And All Other Diet Drug Cases Removed To This Court, was served upon Indevus Pharmaceuticals, Inc., Boehringer Ingelheim Pharmaceuticals, Inc., and Wyeth, Inc., and their counsel of record, by first class mail, postage prepaid, on 2 July 2004.

_Michael A. Lesser_
Michael A. Lesser, (BBO# 631128)
THORNTON & NAUMES LLP
100 Summer Street, 30th Fl.
Boston, MA 02110
(617) 720-1333