UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

In Re Massachusetts Diet Drug Litigation:

Mary Andrus; Eleanor Archambeau;
Diane Bonneau; Lertis Caldwell;
Priscilla Cote; Theresa DeJoy;
Laural Fankhauser; Nancy Kennedy;
Barbara Williams; Lucinda Youell,

    Plaintiffs

v.

Indevus Pharmaceuticals, Inc., F/K/A
Interneuron Pharmaceuticals, Inc.;
Wyeth, Inc., F/K/A American Home
Products Corporation;
Wyeth Pharmaceuticals, Inc F/K/A
Wyeth-Ayerst Pharmaceuticals,
Inc., A Division Of American Home Products
Corporation; and Boehringer Ingelheim
Pharmaceuticals, Inc.,

    Defendants

C.A. NO. 04-10911 GAO

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL
AUTHORITY IN OPPOSITION TO WYETH'S MOTION TO STAY AND IN
SUPPORT OF PLAINTIFFS' MOTION TO REMAND THIS CASE AND ALL
OTHER DIET DRUG CASES REMOVED TO THIS COURT**

Pursuant to Local Rule 7.1(B)(3), plaintiffs hereby seek leave to file supplemental authority in opposition to Wyeth's motion to stay and in support of plaintiffs' motions to remand. In particular, plaintiffs attach hereto as Exhibit 1, the July 21, 2004, Memorandum of Decision and Order on Defendant's Motion for Summary Judgment, issued by the Honorable Raymond J. Brassard of the Superior Court of Massachusetts in the case of *Sawyer v. Indevus Pharmaceuticals* (Civil Action No. 03-5028-B). In that decision, the court **denied** a motion for summary judgment in which Indevus, with Wyeth

supporting the motion as *amicus curiae,* contended that the statute of limitations barred plaintiffs' claims against Indevus, which licensed the right to market and develop Redux, the drug at issue in this case.

Plaintiffs have discussed the potential significance of this decision in earlier memoranda submitted to this Court while the *Sawyer* decision was still pending. As Wyeth has conceded, its argument for fraudulent joinder is virtually identical to Indevus's and its own argument for summary judgment in *Sawyer*. Thus, even under the standard for fraudulent joinder espoused by Wyeth, Judge Brassard's denial of summary judgment for Indevus shows that plaintiffs' claims have a reasonable basis in law and fact and, therefore, that the removal of plaintiffs' actions to federal court was improper. As this Court has previously stated, "if the Court would not grant summary judgment on the present record, it should not form the slightly more drastic conclusion that the claims against [the defendant] are so meritless that an inference of fraudulent joinder is warranted." *Mill-Bern Associates, Inc. v. Dallas Semiconductor Corporation,* 69 F.Supp. 2d 240, 245 (D.Mass. 1999).

Judge Brassard's extensively reasoned memorandum simplifies the task of this Court and also removes any justification for staying a ruling on plaintiffs' remand motions. In the *Sawyer* decision, Judge Brassard held that Indevus misconstrued Massachusetts law, while plaintiffs applied the proper test for the discovery rule (Ex. 1, at 24-25).

Significantly, Judge Brassard's ruling did not hinge upon whether VHD is or is not latent. *Id.* at 24-25 & n.20, 31 & n.23. Instead, issues of material fact precluded summary judgment because, (1) none of the so-called extensive media coverage relied

upon by Wyeth ever advised the plaintiffs to obtain an echocardiogram (*Id.* at 7); (2) Wyeth itself discouraged diet drug users from obtaining echocardiograms (*Id.* at 9); (3) valvular heart disease is often asymptomatic and progressive (*Id.* at 16); and (4) a jury could find that the plaintiffs, exercising reasonable diligence, received no information from which they could have discovered that they had been injured by Indevus's conduct (*Id.* at 30).

In addition, as a separate basis for his decision in *Sawyer*, Judge Brassard rejected the argument that plaintiffs were collaterally or judicially estopped from challenging the contention that VHD is not latent. In reaching this conclusion, Judge Brassard relied upon both Massachusetts law and the recent Third Circuit decision of *In re Diet Drugs*, 369 F.3d 293, 308 (3rd Cir. 2004), which strictly construed the settlement agreement against those seeking to restrict class members from pursuing individual claims (Ex. 1, at 34).

Because the denial of Indevus's motion for summary judgment short-circuits any claim of fraudulent joinder, Wyeth's motion to stay should not be entertained. *See Meyers v. Bayer, AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001) (finding in the context of a motion to stay and motion to remand that court should not consider motion to stay if preliminary scrutiny of motion to remand suggests that removal was improper); *Conroy v. Fresh Del Monte Produce, Inc.*, 2004 WL 1638044, *3 (N.D. Cal. 2004) (same). In this case, a stay would merely postpone the inevitable remand of these cases to Massachusetts Superior Court.

Quite apart from the unfairness of staying a decision where it is clear that the jurisdiction of this Court should not be exercised, any delay would prejudice the

plaintiffs, deny them the forum of their choice and be a wasteful use of judicial resources. *See Aetna U.S. Healthcare Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d 1042, 1047-1048 (D. Kan. 1999) (holding that unlike MDL court, local court is well versed in Kansas law, issues are fully briefed and judicial economy demanded immediate ruling on remand issue). In any event, the MDL Court has no experience in determining whether Indevus is properly joined under the Massachusetts discovery rule. *See In re Fen-Phen Cases*, 2003 WL 22682440 (E.D.N.Y. 2003) (denying motion to stay, in part because MDL Court had not previously decided on the joinder of an entity marketing Fen-Phen in foreign countries). In short, the unique issues of Massachusetts law and the merits of a claim against Indevus militate against postponing a ruling on plaintiffs' motions to remand.

Wyeth's fraudulent joinder claim has been decisively rejected as the result of a ruling by the Massachusetts Superior Court. The inevitable consequences of Judge Brassard's decision in *Sawyer* are that Wyeth's motion to stay should be denied, and plaintiffs' motions for remand should be granted.

> The Plaintiffs
>
> By their attorneys,
>
> /s/   Edward J. Barshak
> Edward J. Barshak (BBO # 032040)
> Michael S. Appel (BBO # 543898)
> Samuel M. Furgang (BBO # 559062)
> Sugarman, Rogers, Barshak & Cohen, P.C.
> 101 Merrimac Street, 9th Floor
> Boston, MA 02114
> (617) 227-3030
>
> Samuel W. Lanham, Jr.
> Cuddy & Lanham, P.A.
> 470 Evergreen Woods

4

Bangor, ME 04401
(207) 942-2898

Neil D. Overholtz
Aylstock, Witkin & Sasser, P.L.C.
55 Baybridge Drive
P.O. Box 1147
Gulf Breeze, FL 32562-1147
(850) 916-7450

DATED: August 4, 2004
352495