# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: MASSACHUSETTS DIET DRUG ) <br> LITIGATION, CONSOLIDATED DOCKET ) <br> *Andrus, et al. v. Idevus Pharmaceuticals, Inc.* ) <br> _____ ) / | Civil Action No.: <br> 04-10911-GAO |
| MARY ANDRUS, *et al*, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WYETH, INC.; WYETH PHARMACEUTICALS, ) <br> INC.; WYETH-AYERST INTERNATIONAL, INC.; ) <br> and INDEVUS PHARMACEUTICALS, INC. F/K/A ) <br> INTERNEURON PHARMACEUTICALS, INC. ) <br> ) <br> Defendants. ) | REMOVED FROM THE <br> MIDDLESEX COUNTY <br> SUPERIOR COURT <br> CAUSE NO. 04-1771-Q <br> <br> <br> Civil Action No. <br> 04-11375-GAO |

## PLAINTIFF MARY MULLANEY'S
## BRIEF IN SUPPORT OF HER MOTION TO REMAND
## And FOR SANCTIONS PURSUANT TO F.R.Civ.P. RULE 11

*NOTE TO CLERK:*
*THIS PLEADING REFERS ONLY TO PLAINTIFF MARY MULLANEY, CIVIL ACTION NO. 04-11375-GAO, BUT PER ORDER OF JUDGE O'TOOLE IS TO BE FILED IN THE ABOVE CAPTIONED MATTER.*

Plaintiff respectfully requests that this Court remand this case to state court and would respectfully show the Court as follows:

### I. INTRODUCTION

Determined to move this state tort claim into federal court under any available pretext,

PLAINTIFFS' MOTION TO REMAND, FOR SANCTIONS, AND BRIEF IN SUPPORT THEREOF –

PAGE 3

Indevus and Wyeth (defendant) initially removed this case to this federal court. Defendants improperly removed the case to the District Court of Massachusetts based on its questionable interpretation of diversity jurisdiction based on "fraudulent joinder." Defendants' removal of this case is part of a longstanding pattern of improper removals to federal courts across the country. However, in this case, their actions are particularly egregious, in light of the fact that both the Plaintiff and one of the properly joined defendants are not only residents of the same state, but are actually residents of the same *county*. The Defendants have not – and cannot – meet their burden of proving federal jurisdiction over this case under any theory.

More disturbingly, in open court, at the status conference held on July 13, 2004, counsel for the Plaintiff addressed the Court and announced his intention to seek Rule 11 Sanctions against the counsel for the defense, should they not immediately take a voluntary remand of the case which they jointly fraudulently removed to the Federal system.

It is also worth mentioning that the removal *preceded* the service of process in this case, and that the defendants had not yet been technically joined to the action, at the time of the removal.

## II. ARGUMENTS AND AUTHORITIES

A.  **The Massachusetts Defendant Was Not Fraudulently Joined, No Jurisdiction Lies in this Court to Hold the Proceedings Back From Just Adjudication Before the State Courts.**

   1.  **Defendant Bears the Burden of Proving Fraudulent Joinder by Clear and Convincing Evidence.**

It is beyond argument, that the party invoking federal jurisdiction has the burden of showing that such jurisdiction exists. *Manqual v. Rotget-Sabat*, 317 F.3d 45 (1st Cir, 2003).

See also, *Sallen v. Corinthians Licenciamentos LTDA*, 273 F.3d 14 (C.A.1, 2001), The triad of injury in fact, causation, and redressability comprises the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence; *Bull HN Information Systems, Inc. v. Hutson*, 229 F.3d 321 (C.A.1, 2000), The party asserting federal jurisdiction, once challenged on the issue, bears the burden of demonstrating its existence; U.S.C.A. Const. Art. 3, § 2, cl. 1. As the Fifth Circuit explained in *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981), "[t]he burden of persuasion placed upon those who cry "fraudulent joinder" is indeed a heavy one. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts. " *Id.* at 549. The district court must "evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff. Moreover, the district court must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Id.* (citations omitted). The question is not "whether the plaintiff will actually or even probably prevail on the merits" but whether the court can find "a possibility that he may do so." : *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). The claim of fraudulent joinder must be pled with particularity and supported by clear and convincing evidence. *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962); *Ferguson v. Security Life of Denver Ins. Co.*, 996 F.Supp. 597, 603 (N.D. Tex.), *aff'd*, 162 F.3d 1160 (5th Cir. 1998). When a defendant argues fraudulent joinder based on an

affirmative defense, such as the statute of limitations, the case must be remanded if there is "any possibility" that the plaintiff "might survive the affirmative defenses." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 753 (5th Cir. 1996).

> 2. **This Court should remand this action without further delay, upon its own initiative, and before irreparable harm is sustained by the within plaintiff.**

This case should never have been removed. No issue, within the four corners of the complaint can rebut the fact that there is simply no diversity of citizenship, therefore, no jurisdiction in this Honorable Court. Accordingly, it is a proper exercise of this Court's power to Remand this case to the Superior Court of Middlesex County, upon its own initiative. Case law clearly supports this reasonable request. In the case, *American Policyholders Ins. Co. v. Nyacol Products, Inc.*, 989 F.2d 1256 (C.A.1, 1993), the First Circuit held that "as part of their unflagging duty to ensure that they possess subject matter jurisdiction over case, *federal courts are obliged to address propriety of removal as threshold matter*, even though neither party has raised question in that regard." (emphasis added). Indeed, there is authority that demonstratres that this case should have already been remanded, without necessitating this Motion, in the first place. *In re MacNeil Bros. Co.*, 259 F.2d 386 (C.A.1, 1958) [District Court would be **under duty to examine on its own motion** question whether case removed to it should be remanded to state court, without waiting for motion to remand.]

If this case is not remanded by This Court, and remanded *forthwith*, the plaintiff will suffer great and irreparable harm. If this case is allowed to languish on the docket for much longer, it will be swept into the "tag along cases" in the Diet Drug MDL, in Philadelphia. Once

it is included in the Judicial Panel on Multidistrict Litigations Conditional Transfer Order, it will take months, if not more (potentially a year or more), before it is remanded to Middlesex County, Massachusetts. Mrs. Mullaney is in bad health, and needs resolution of her case in a fair and equitable manner. In order to remand this case, once this Honorable Court loses its power over the file to the JPMDL, the plaintiff's counsel will have to file many more pleadings, and forcing delay of this sick woman's day in court.

### B. The Defendants' Refusal to Voluntarily Remand This Action, Notwithstanding Counsel For the Plaintiff's Plea, Is Sanctionable Misconduct, Under F.R.Civ.P. Rule 11

During the Status Conference held on July 23, 2004, Plaintiffs' counsel addressed the Court and the Defendants, raising the issue that the removal was so improper, and so egregious, that he intended to file a Motion for Sanctions, if the defendants did not voluntarily assent to remand. Instead of addressing the issue square on, defense counsel saw fit to lecture the plaintiff's counsel on the meaning of the word "fraudulent." Upon completing the personally insulting diatribe, counsel for the defense failed to assent to the request of the plaintiff's counsel. Accordingly, this motion is augmented by a request that the Defendants be sanctioned for their abuse of judicial proceedings.

The defendants are banking on the fact that this case, involving a plaintiff that lives under 13 miles from the principal place of business of one of the defendants, not only in the same state, but in the same county, will be swept up by the MDL court as a result of a Conditional Transfer Order; and that the threat of an imminent trial will be removed, forcing the plaintiff to file very

costly motions and to potentially be forced to travel to Pennsylvania, to the MDL Court, in order to win remand.

Rule 11 provides, *inter alia*: By presenting to the court ... a pleading ..., or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law ...;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery....

F.R.Civ.P. Rule 11(b).

The court is empowered to determine appropriate sanctions for breach of this Rule. As to sanctions, the Rule states:

> **(c) Sanctions.**
>
> If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
>
>> (1) How Initiated....
>>
>>> (B) On Court's Initiative. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

The plaintiff asks that immediate relief be granted, under Rule 11, and that the Court, on its own

initiative, issue the show-cause order sought by the plaintiff, and that the initiation under Rule 11(c)(1)(A) be forgone in favor of that method. In addition, the Court should be mindful of the statutory provision, 28 USC §1927. That statute states:

§1927 Counsel's liability for excessive costs

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so **multiplies the proceedings in any case unreasonably and vexatiously** may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct

The actions of the defendant in removal of this particular case can be construed in no other way than being unreasonable and vexatious. Particularly, in light of the comments made at the Status Conference, discussed above.

### III. CONCLUSION

Defendant has fallen far short of proving fraudulent joinder. Plaintiffs respectfully request that the Court remand this case to state court forthwith.

Dated: July 23, 2004

Respectfully Submitted,
The Plaintiff,
By her attorneys:

_____
Michael R. Hugo, Esq.
BBO # 243890
LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS
95 Commercial Wharf
Boston, Massachusetts 02110
Tel. (617) 973-9777
e/m mhugo@lopez-hodes.com