IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE MASSACHUSETTS DIET DRUG LITIGATION<br><br>*Andrus, et al. v. Indevus Pharmaceuticals, Inc., et al.*<br><br>Civil Action No. 04-10911 GAO<br><br>Holly Marie Malzahn and Frederick Charles Malzahn; Kathleen Adele Ailey; Suzanne Ayer; Donna Fay Bische; Jacqueline Brulee; Mary Lou Doeppenschmidt; Fernando I. Dominguez and Mary O. Dominguez; Frederic B. Eisenberg and Patricia Eisenberg; Bert L. Head and Cheryl Head; Connie Klein and Bruce A. Klein; Suzan M. Lamar and Gary Phillip Lamar; Patti J. Luebbert and Dennis C. Luebbert, Sr.; Judith L. Moon and Billy D. Moon; Peggy Moon; Vickie Schultz-Crow and Lester Don Crow; Dorothy Steward; Sylvia B. Thomason; and Theresa A. Waymire,<br><br>    Plaintiffs.<br><br>v.<br><br>Indevus Pharmaceuticals, Inc., F/K/A Interneuron Pharmaceuticals, Inc.; Wyeth, Inc., F/K/A American Home Products Corporation; Wyeth Pharmaceuticals, Inc F/K/A Wyeth-Ayerst Pharmaceuticals, Inc., A Division Of American Home Products Corporation; and Boehringer Ingelheim Pharmaceuticals, Inc.; Patti A. Barker; Gary A. Jones; Kenneth E. Jones; John W. Walker; Keith Cunniff; John E. Mitchell; Susan K. Atherton; Keith H. Kraps; M. Gilberto Olivarez; Angela M. Johnson; Rafael Sanchez; Jill M. Hicks; Susan G. Hanover; Joseph Hartnett; James J. Sgroi, Jr.; Todd E. Meredith; Kari Plaschke Scott; Craig S. Englert; Mitchell J. Hanning; Monica T. Gulyas; Robert L. McCann; Timothy S. Smith; Evangelin Zelios; J. Don Preston; Daniel B. Burke; Mindy N. Fey; A. Durwood Neie; Rodney L. Scott; D. Craig McIntyre; Barbara St. George; Madeline Andress; Andrew B. Biaggi; and Franchesca V. Williams,<br><br>    Defendants. | PLAINTIFFS'<br>MEMORANDUM IN<br>SUPPORT OF THEIR<br>MOTION TO<br>REMAND<br><br>Civil Action No.<br>04-11428-GAO |

# **PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO REMAND**

## I. INTRODUCTION

Seeking compensation for injuries caused by the defective drug Redux, Plaintiffs filed this action in Massachusetts state court against several defendants, including Indevus Pharmaceuticals, Inc., f/k/a Interneuron Pharmaceuticals, Inc. ("Indevus"). It is undisputed that Indevus designed and marketed Redux, the drug at issue in this case. It is also undisputed that Plaintiffs have asserted valid tort claims against Indevus and that Indevus is a citizen of Massachusetts.[1] Defendants Wyeth, Inc. and Wyeth Pharmaceuticals, Inc. (collectively referred to as "Wyeth") removed this action in violation of 28 U.S.C. § 1441(b). Wyeth claims that Indevus was "fraudulently joined" based on Wyeth's proposed interpretation of the Massachusetts statute of limitations. Wyeth's claims, however, are inconsistent with its own actions. During the pendency of the consolidated diet drug proceedings in Massachusetts, Wyeth filed cross claims against Indevus, seeking contractual and common-law indemnity against Indevus for any and all injuries sustained by the various plaintiffs. (See Exhibit 1, *In re Diet Drug Litigation* Docket, at 11-12). Assuming that Wyeth's cross-claims were filed in good faith, they are further evidence that plaintiffs' claims against Indevus are not "sham" proceedings.

Under Massachusetts law, the statute of limitations does not begin running until an injury manifests itself, such that the plaintiff knows or should know of some injury. Wyeth does not contend that any of the Plaintiffs experienced any symptoms or other outward manifestations of injury. Indeed, Wyeth essentially acknowledges that Plaintiffs' injuries can be uncovered only through specialized medical testing. Wyeth asserts that once the dangers of Redux were publicized, Plaintiffs were required

---

[1] Plaintiffs also sued various sales representatives, but Plaintiffs have agreed to dismiss those claims. Because Indevus is a citizen of Massachusetts, those claims are not material to Plaintiffs' request for remand.

2

to undergo these specialized medical tests, regardless of whether they experienced any symptoms indicating that they had been injured. No Massachusetts court has ever held that a plaintiff is required to have such tests performed in the absence of any symptoms or other indications of physical injury.

Rather than articulating a colorable basis for removal, Wyeth begins with a lengthy and ultimately irrelevant attack on alleged fraudulent joinder in other cases, none of which involve claims against Indevus. Wyeth's speculations about the Plaintiffs' intentions or motives are fundamentally irrelevant. *See Mills v. Allegiance Healthcare Corp.*, 178 F.Supp.2d 1, 6 (D. Mass. 2001) ("So long as the plaintiffs have an objectively valid basis for joining [the resident defendant] in the complaint, their subjective motivations are largely irrelevant."); *C. Pappas Co., Inc. v. E. & J. Gallo Winery*, 1984 WL 2930, *3 (D. Mass. 1984) (attached as Exhibit 2) ("It is immaterial that joinder is intended to defeat federal jurisdiction as long as there exists a good faith claim against the nondiverse defendant.").

Moreover, Wyeth's assertions are simply inaccurate. Wyeth claims that Plaintiffs had "no legitimate reason" to sue Indevus in Massachusetts, even though Indevus is based in Massachusetts and Indevus did in fact design and market the drug that caused Plaintiffs' injuries. Wyeth asserts that Plaintiffs were required to file these cases in their home states but does not cite a single statute or case to support such a claim. Apart from its self-serving and inaccurate characterizations of the litigation, Wyeth has simply offered no valid basis for federal jurisdiction in this case.

## II. THE "HEAVY BURDEN" OF PROVING FRAUDULENT JOINDER

Although Wyeth claims that Plaintiffs must bear the burden of proof, this Court has consistently held that "[t]he burden of establishing that joinder is fraudulent is on the party seeking removal to federal court, and the burden is a heavy one." *Fabiano Shoe Co., Inc. v. Black Diamond*

3

*Equipment, Ltd.*, 41 F.Supp.2d 70, 71 (D. Mass. 1999). The removing defendant must "demonstrate, by **clear and convincing evidence**, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court." *Mills v. Allegiance Healthcare Corp.*, 178 F.Supp.2d 1, 5 (D. Mass. 2001) (emphasis added). The plaintiff "need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate. Moreover, in determining whether the plaintiff has the possibility of stating a valid cause of action, the court is to resolve all disputed questions of fact, and any ambiguities in the controlling state law, in favor of the non-removing party." *Fabiano Shoe Co., Inc. v. Black Diamond Equipment, Ltd.*, 41 F.Supp.2d 70, 72 (D. Mass. 1999).

Wyeth attempts to shift the burden of proof to Plaintiffs by citing *Doe v. Creighton*, 439 Mass. 281, 786 N.E.2d 1211 (Mass. 2003), which addressed the burdens of proof in a summary judgment proceeding involving the statute of limitations. The burden-shifting discussed in *Doe* does not apply in the context of a fraudulent joinder claim, in which the removing defendant bears the sole burden of proof. *See, e.g., Ross v. Wyeth*, 2004 WL 220861, *5 (E.D. Pa. 2004) (attached as Exhibit 3) ("[I]f there is 'at the least a realistic possibility that the statute of limitations has been tolled by . . . [a] state law exception to the statute of limitations, the defendant cannot meet its burden of establishing fraudulent joinder and removal is not proper.") (citing *Gaul v. Neurocare Diagnostic, Inc.* 2003 WL 230800 (E.D.Pa. 2003)) (attached as Exhibit 4). In order to prove fraudulent joinder, Wyeth must prove by clear and convincing evidence that no state court could apply an exception to the statute of limitations with respect to claims against Indevus.

### III. APPLICATION OF THE "COMMON DEFENSE RULE"

4

This Court has held that the expiration of the statute of limitations does not provide a basis for a claim of fraudulent joinder. In *In re New England Mut. Life Ins. Co. Sales Practices Litig.*, 2004 WL 1567871 (D. Mass. 2004) (attached as Exhibit 5), defendants asserted fraudulent joinder on the grounds that the statute of limitations barred the claims against the resident defendant. This Court observed that "[s]ome question exists as to whether statutes of limitation can be invoked in the fraudulent joinder context" but nonetheless considered the claim of fraudulent joinder on its merits. The Court held that the defendants' claim of fraudulent joinder was barred by the "common defense rule" recognized in *Chesapeake & O. R. Co. v. Cockrell*, 232 U.S. 146 (1914), which "clarifies and, in effect, narrows the doctrine of fraudulent joinder." *Id.* Under the common defense rule, a defendant cannot claim fraudulent joinder based on a defense "that goes to 'the merits of the action as an entirety'" because such an assertion "does not show that the non-diverse defendants were 'wrongfully brought into a controversy which did not concern them.'" *In re New England Mut. Life Ins. Co. Sales Practices Litig.*, 2004 WL 1567871 (D. Mass. 2004) (citations omitted). In this case, the statute of limitations defense is not unique to Indevus. The defense is common to all defendants.

Wyeth may argue that the "common defense rule" is inapplicable because it has waived its statute of limitations defense, but such waiver is immaterial:

> Whether all or some of defendants elect to raise the defense . . ., there is no precedent indicating removal is appropriate by virtue of a fraction of defendants less than unity asserting the defense substantiating the fraudulent joinder claim. Emphasis has always been placed on analysis of the joinder of a defendant or defendants defeating diversity in the context of the entire action and not to 'the merits of the action as an entirety.' *Chesapeake & Ohio Ry. v. Cockrell*, 232 U.S. 146, 153, 34 S.Ct. 278, 58 L.Ed. 544 (1914). It would be a peculiar result indeed if a motion to remand could be defeated by virtue of one or several defendants refraining from asserting a defense to avoid the label common.

*Davila v. American Home Products Corp.*, 2004 WL 557176 (W.D. Tex. 2004) (attached as Exhibit 6). A defendant cannot unilaterally create federal jurisdiction by waiving a common defense, and Wyeth's waiver of its statute of limitations defense does not rescue its claim of fraudulent joinder. While Wyeth would no doubt prefer a more expansive view of fraudulent joinder, this Court has interpreted *Cockrell* to "keep[] the doctrine of fraudulent joinder within narrow limits and thus reduce[] the ability of defendants to escape from state courts. It is important to remember . . . that the doctrine of fraudulent joinder is a judicially-created exception to the complete diversity rule. It is both prudent and appropriate to keep the doctrine within narrow limits rather than to expand it." *In re New England Mut. Life Ins. Co. Sales Practices Litig.*, 2004 WL 1567871 (D. Mass. 2004) (citations omitted).

## IV. WYETH HAS NOT ESTABLISHED FRAUDULENT JOINDER

Even assuming that Wyeth could convince this Court to take a more liberal view of fraudulent joinder, Wyeth has not met its burden of proof under any standard. This Court has upheld claims of fraudulent joinder only in cases in which the pleadings or undisputed facts negated liability on the part of the resident defendant. In *Mills v. Allegiance Healthcare Corp.*, 178 F.Supp.2d 1 (D. Mass. 2001), this Court upheld a claim of fraudulent joinder based on uncontroverted evidence that the resident defendant did not begin to distribute the defective products until after the plaintiff was injured, making it impossible for that defendant to be held liable. *See id.* at 7. In this case, Wyeth does not dispute that Indevus did in fact develop and market Redux during the time that the Plaintiffs were injured.

In *Coughlin v. Nationwide Mut. Ins. Co.*, 776 F.Supp. 626 (D. Mass. 1991), this Court upheld a claim that the Massachusetts Commissioner of Insurance was fraudulently joined, observing that the plaintiffs had not alleged any tortious conduct on the Commissioner's part. *Id.* at 629. By contrast, in this case Wyeth does not challenge the adequacy of Plaintiffs' pleadings with respect to

6

Indevus. Wyeth's only claim is that Indevus may be able to assert a statute of limitations defense, but the possibility of such a defense cannot support Wyeth's claim of fraudulent joinder.

Any factual or legal uncertainties about the application of the statute of limitations are "questions best left for the . . . state court on remand." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1441 n.3 (11th Cir. 1983), *superseded by statute on other grounds as stated in Georgetown Manor v. Ethan Allen*, 991 F.2d 1533 (11th Cir.1993). In the very few cases that have permitted claims of fraudulent joinder based on the statute of limitations, the courts relied on undisputed facts and well-settled law. For example, in *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir.1998), the court found that Ritchey had actual knowledge of his injury was "several years before he brought his action." *Id.* at 1320; *see also Brazina v. Paul Revere Life Ins. Co.*, 271 F.Supp.2d 1163, 1170 (N.D. Cal. 2003) (noting that *Ritchey* involved "a uniquely egregious situation.").

The application of particular exceptions is largely beyond the scope of a fraudulent joinder inquiry:

> The question of whether one of these two exceptions [to the statute of limitations] applies to the case at hand is not properly before this court. Rather, what must be determined is whether there is a possibility that one or both of the exceptions apply. In making this determination, one must remember that '[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction.' Without delving deeply into the case law surrounding the parties' claims, I find that either of the two exceptions to the statutory period could apply.

*Gaul v. Neurocare Diagnostic, Inc.*, 2003 WL 230800 (E.D.Pa. 2003) (citations omitted); *see also Ross v. Wyeth*, 2004 WL 220861, *5 (E.D.Pa. 2004) ("[T]he statute of limitations defense may support a fraudulent joinder claim where the statute of limitations 'unquestionably' precludes the possibility of relief."). In *Ross*, the court upheld the fraudulent joinder claim because the plaintiff had

7

failed to plead any exceptions to the statute of limitations. By contrast, Plaintiffs in this case have pleaded every element of the relevant exceptions to the statute of limitations.

Under Massachusetts law, the statute of limitations does not begin to run until the plaintiff knows or reasonably should know of both the injury and its likely cause. *See Errichiello v. Eli Lilly and Co.*, 618 F.Supp. 484, 486 (D. Mass. 1985). This principle, known as the "discovery rule," implicates two distinct types of knowledge: "The plaintiffs must have, first, an awareness of the injury and, second, an awareness that the defendants caused the injury." *Zamboni v. Aladan Corp.*, 304 F.Supp.2d 218, 223 (D. Mass. 2004). Wyeth focuses on the second type of knowledge ("awareness that the defendants caused the injury") but ignores the first ("awareness of the injury"). "Notice of injury" means "notice of appreciable harm," an inquiry that necessarily depends on the "nature and extent of [the plaintiff's] symptoms." *Cornell v. E.I. Dupont de Nemours & Co., Inc.*, 841 F.2d 23, 25 (1st Cir. 1988); *see also Anderson v. W.R. Grace & Co.*, 628 F.Supp. 1219, 1225 (D. Mass. 1986) (cause of action accrues "when an insidious disease manifests itself").

In each of the cases cited by Wyeth, the plaintiffs experienced some symptom or manifestation of injury. In *Bowen v. Eli Lilly & Co., Inc.*, 408 Mass. 204, 205, 557 N.E.2d 739, 740 (Mass. 1990), the plaintiff had "a malignant vaginal tumor" which required "a colostomy . . . as well as a radical hysterectomy." *Id.* at 205, 740. Not surprisingly, the court concluded that the plaintiff "was always well aware that she had sustained substantial physical harm. The question is whether she was sufficiently on notice as to the cause of her physical harm." *Id.* at 207, 741; *see also Fidler v. Eastman Kodak Co.*, 714 F.2d 192, 194 (1st Cir. 1983) (plaintiff suffered "crushing" facial and head pains, putting him on notice that he had sustained some injury); *Sheila S. v. Commonwealth*, 57 Mass.App.Ct. 423, 426, 783 N.E.2d 868, 872 (Mass. App. Ct. 2003) (plaintiff experienced severe eating disorder as a

result of sexual abuse). Other cases upholding a statute of limitations defense are likewise premised on some symptom or manifestation of physical injury. *See, e.g., Cornell v. E.I. Dupont de Nemours & Co., Inc.* 841 F.2d 23 (1st Cir. 1988) (chest pains and breathing difficulties); *Kay v. Johnson & Johnson*, 722 F.Supp. 874 (D. Mass. 1989) (darkening of skin); *Shea v. Keuffel & Esser of New Jersey, Inc.*, 668 F.Supp. 41 (D. Mass. 1986) ("severe skin eruptions").

Wyeth's argument simply skips over the threshold inquiry: whether the plaintiff had notice or knowledge of any physical harm, irrespective of its underlying cause. Wyeth attempts to bridge this gap by arguing that although Plaintiffs' injuries were asymptomatic, they could have had specialized medical tests to uncover their condition. The crux of Wyeth's argument, which has never been adopted by a Massachusetts court, is that reasonable consumers are required to undergo medical testing after any extensive media coverage of a potentially dangerous product. If a news report links cell phones with brain tumors, all reasonable cell phone users must have CAT scans. If the media publicize potential harms associated with diet drugs, all consumers must have echocardiograms, whether such tests appear medically necessary or not.

In support of this novel interpretation of the discovery rule, Wyeth cites a handful of inapplicable cases involving media coverage. Only one of these cases even involves a physical injury, and in that case the plaintiff's cancer had already manifested itself even before the media coverage of the alleged cause, Agent Orange. *Winters v. Diamond Shamrock Chemical Co.* 149 F.3d 387, 404 (5th Cir. 1998) (noting that plaintiff was diagnosed with cancer in 1983 and that subsequent media reports should have alerted her to the possible cause of her cancer). The court in *Winters* did not hold that all Vietnam veterans were required to submit to cancer screening based on media reports. The two other cases cited by Wyeth *United Klans of America v. McGovern*, 621 F.2d 152 (5th Cir.

9

1980) and *Hughes v. Vanderbilt University*, 215 F.3d 543 (6th Cir. 2000) – involved civil rights claims in which the government's allegedly illegal conduct was uncovered through media reports, triggering the statute of limitations. None of these cases even suggests that media reports can create an affirmative duty to undergo medical testing, or that failure to do so is unreasonable as a matter of law.

The application of the discovery rule should be left to the trier of fact. *See, e.g., Wolinetz v. Berkshire Life Ins. Co.*, 361 F.3d 44, 48 (1st Cir. 2004) ("Factual disputes concerning the date on which the plaintiff knew or should have known of his cause of action are resolved by a jury."); *Cambridge Plating Co., Inc. v. Napco, Inc.*, 991 F.2d 21, 30 (1st Cir. 1993) (setting aside summary judgment and holding that plaintiff's exercise of reasonable diligence is "a matter for jury deliberation"); *Taygeta Corp. v. Varian Associates, Inc.*, 436 Mass. 217, 229, 763 N.E.2d 1053, 1063 (Mass. 2002) ("In most instances, the question when a plaintiff knew or should have known of its cause of action is one of fact that will be decided by the trier of fact."). Even when there is no dispute as to "to the essential evidentiary facts – what [plaintiff] was told at various times about her injuries and their cause," the ultimate conclusions to be drawn "shall be left to the trier of fact 'in all but the most exceptional cases.'" *Fidler*, 714 F.2d at 198.

This case involves an unresolved legal issue: whether a plaintiff can be charged with knowledge of an injury in the absence of any symptoms or outward manifestations of harm. As a matter of federalism and comity, such a restriction of the discovery rule should be addressed in the first instance by the state court. *See Collins v. Nuzzo*, 244 F.3d 246, 253 (1st Cir. 2001) (noting that facts did not "easily fit within" prior case law applying discovery rule and concluding "we think it better to let the Massachusetts courts decide this issue."); *see also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir. 1992) ("A claim which can be dismissed only after an intricate analysis of state law is not so

10

wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."). Even assuming that the issues may be resolved in a summary proceeding, such a proceeding should be conducted by the state court. This Court has previously disapproved of presenting summary judgment arguments in federal court "disguised as a fraudulent joinder claim." *Mill-Bern Associates, Inc. v. Dallas Semiconductor Corp.*, 69 F.Supp.2d 240, 246 (D. Mass. 1999). "Perhaps they should be given credit for their ingenuity, but it should not surprise them that a federal court, careful of the limits of its diversity jurisdiction, is, in the circumstances, unwilling to indulge the masquerade." *Id.*

## V. EQUITABLE TOLLING

Although the Court need not reach this issue, the fact that the statute of limitations was tolled under the principle of equitable tolling provides an alternative and additional ground for concluding that Wyeth has failed to meet its heavy burden of proof. *See American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353-354, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983). Despite numerous pages in its brief on the class action tolling issue, Wyeth fails to demonstrate either (1) that Massachusetts does not recognize class action tolling under *American Pipe*, or (2) that plaintiffs' claims would not be covered by any class action filed in Massachusetts or in another jurisdiction.

Under the fraudulent joinder standard, the court "must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3rd Cir. 1992), quoting *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3rd Cir. 1990). Wyeth espouses the opposite standard by seeking to have this Court resolve in its favor any uncertainties or gaps in Massachusetts class-tolling law.

11

Contrary to Wyeth's arguments, Massachusetts *has* recognized the principles of class action tolling set out in *American Pipe* and *Crown Cork*. As stated by the Appeals Court in *Dicerbo v. Commissioner of the Dept. of Employment and Training*, 54 Mass. App. Ct. 128, n.13 (2002), "as to putative class members who wish to intervene, the statute of limitations is tolled upon the filing of the complaint," citing both *American Pipe* and *Crown Cork*.

The Supreme Judicial Court of Massachusetts has also adopted to the holding of *American Pipe* in the context of class actions. *See Baldissari v. Public Finance Trust*, 369 Mass. 33 (1975). In *Baldissari*, the Court specifically stated:

> [W]e think he and others similarly situated may join in a class action to redress that injury and similar injuries caused by the same act or practice. Multiple demands for relief need not be filed on behalf of all the members of the class. If no reasonable tender of settlement is made in response to the first demand, further demands are not likely to serve any useful purpose and are not required. The modern class action is **'designed to avoid, rather than encourage, unnecessary filing of repetitious papers and motions.'** *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 550, 94 S.Ct. 756, 765, 38 L.Ed.2d 713 (1974).

*Id.* at 707 (emphasis in original)

Defendant's only citation to Massachusetts law regarding class action tolling in no way stands for the proposition for which it is cited, namely — that Massachusetts does not recognize class tolling. *See Mass. Elec. Co. v. Mass. Comm'n Against Discrimination*, 375 Mass, 160, 165 n.2 (1978). The Court in that case merely decided that it need not reach that issue. In fact, by indicating that such a determination could be made, the *Mass. Elec.* court implicitly recognized that Massachusetts had adopted the principles of *American Pipe*. Wyeth's briefing on this issue misses the mark in framing the

issue as whether Massachusetts would recognize class action tolling.[2] This issue has already been answered in the affirmative by the Supreme Judicial Court in *Baldissari*.

Wyeth offers a convoluted discussion of the various contours of class action tolling, but this simply illustrates Wyeth's inability to meet the straightforward test for fraudulent joinder. "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Batoff*, 977 F.2d at 853. Apart from the rule of *Baldissari*, the very complexity of Wyeth's argument dooms it to failure.

## VI. CONCLUSION

Wyeth has not and can not meet its burden of proving fraudulent joinder by clear and convincing evidence. Plaintiffs respectfully request that this Court remand this case to state court without further delay.

---

[2] Wyeth addresses this argument by discussing whether Massachusetts courts would certify a personal injury class action. However, the question of whether a class is ultimately certified is not dispositive of the issue of whether potential class members' claims would be tolled until such time as certification was denied.

THE PLAINTIFFS,
BY THEIR ATTORNEYS,

*[signature]*

David C. Strouss, (BBO # 546253)
Marilyn T. McGoldrick, (BBO # 561766)
THORNTON & NAUMES, LLP
100 Summer Street, 30th Fl.
Boston, MA 02110
(617) 720-1333

Ellen A. Presby (Texas State Bar # 16249600)
Amy M. Carter (Texas State Bar # 24004580)
Amy J. Shahan (Texas State Bar # 00797564)
Jory D. Lange, Jr. (Texas State Bar # 24041294)
BARON & BUDD, A PROFESSIONAL CORPORATION
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605

DATED: July 23, 2004.